UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                              :
In Re: DEPARTMENT OF VETERANS    :
AFFAIRS (VA) DATA THEFT              :
LITIGATION                                    :
_____:    Misc. Action No. 06-0506 (JR)
                                              :    MDL Docket No. 1796
This Document Relates To:              :
ALL CASES                                   :
_____:

## PLAINITFFS' PROPOSED SCHEDULING ORDER

Pursuant to the Court's January 23, 2007, Order, counsel for all parties have met and conferred several times regarding the possibility of an agreed schedule in the above-captioned matter. The parties, however, have not been able to agree on an acceptable schedule. Plaintiffs, therefore, submit the attached proposed Scheduling Order to govern the initial matters in this coordinated litigation and disposition of the previously submitted motions.

Based on our discussions, all the parties agree that a Master Coordinated Complaint combining and focusing Plaintiffs' claims would benefit the parties and the Court in timely resolving this matter. Unlike Defendants' schedule as proposed to us, however, Plaintiffs' proposed schedule recognizes and addresses the normal path that this coordinated, multi-district litigation will present to the Court following submittal of the Master Coordinated Complaint. Plaintiffs' schedule will not require the Court to repetitively insert itself into routine pre-trial matters or force the filing of submittals that all parties agree will be outdated, if not entirely moot, when, or shortly after, they are submitted. Proceeding on Plaintiffs' proposed schedule allows a timely narrowing of the

1

issues, avoids significant wasted effort by both sides, and conserves judicial resources. For all of these reasons, the Court should adopt Plaintiffs' proposed schedule for proceeding in this case.

Plaintiffs respectfully suggest that, in light of the parties' differences, it may be useful for the Court to hold a scheduling conference before ruling on the matter.

WHEREFORE, the Plaintiffs respectfully request that the Court enter the attached Scheduling Order.

Respectfully submitted,

_____/s/_____
Donald A. Cockrill
Douglas J. Rosinski
Ogletree, Deakins, Nash,
  Smoak & Stewart, P.C.
1320 Main Street, Suite 600
Columbia, SC  29201
(803) 252-1300

Marc D. Mezibov
Christian A. Jenkins
Mezibov & Jenkins LLP
401 E. Court Street
Suite 600
Cincinnati, Ohio  45202
(513) 723-1600

Mark D. Smilow
Weiss & Lurie
551 Fifth Avenue, Suite 1600
New York, NY  10176
(212) 682-3025

John C. Murdock
Jeffrey S. Goldenberg
Murdock Goldenberg
  Schneider & Groh, LPA
35 E. 7th Street, Suite 600
Cincinnati, Ohio  45202
(513) 345-8291

Gary Mason
The Mason Law Firm
1225 19th Street, N.W.
Washington, D.C.  20036
(202) 429-2290

Dated: February 20, 2007.

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| In Re: DEPARTMENT OF VETERANS AFFAIRS (VA) DATA THEFT LITIGATION | : : : : : |
| This Document Relates To: ALL CASES | : : : : |

Misc. Action No. 06-0506 (JR)
MDL Docket No. 1796

## [Proposed] SCHEDULING ORDER

Pursuant to the order of the Court entered on January 23, 2007, (the "January Order") and after consideration of the submittals of the parties, the Court hereby enters the following limited scheduling order:

1. Plaintiffs shall have leave to file a Master Consolidated Complaint no later than 30 days after the entry of this Order.

2. Defendants shall file an Answer or otherwise respond to the Master Consolidated Complaint, to include re-filing any motions referenced in Paragraph 4 of the January Order on the master docket file, no later than 45 days after the date of filing of the Master Consolidated Complaint.

3. Plaintiffs may jointly file any motion for summary judgment on Privacy Act violations, including, but not limited to the filing of the Vietnam Veterans of America motion referenced in Paragraph 4 of the January Order, on the master docket file no later than 45 days after the date of filing of the Master Consolidated Complaint.

4. The parties shall hold a conference pursuant to Fed. R. Civ. P. 26(f) no later than 30 days after the date of the filing of the Master Consolidated Complaint and

1

upon doing so shall report in writing to the Court pursuant to Rule 16(b) within <u>15 days</u> of such conference. The report shall apprise the Court of any proposed amendments to this limited Scheduling Order.

5.  In view of the procedural posture of these actions prior to the issuance of this limited Scheduling Order, discovery may be conducted prior to the Rule 26(f) conference as to matters pertaining to class certification and as to the following additional matters:

> a.  Audio and visual recordings and transcripts of interviews, testimony, records, documents, and other material and information obtained or created by agents of the Department of Veterans Affairs ("VA") Office of Inspector General ("OIG") subsequent to May 3, 2006, as further described on page 2 of VA Report No. 06-02238-163, "Review of Issues Related to the Loss of VA Information Involving the Identity of Millions of Veterans" (Jul. 11, 2006);
>
> b.  The factual bases for John Doe's purported authorization to access VA Privacy Act records including, but not limited to, any VA relevant guidance documents, applicable procedures, background checks, position or information sensitivity level designations and associated forms and documents;
>
> c.  The factual bases for the safeguards implemented by VA to protect Privacy Act records under the agency's control including, but not limited to legal requirements, applicable industry and government standards, security assessments, threat assessments, and implementation of

administrative, software, and hardware safeguards;

d. The role of VA employees in obtaining veterans' social security numbers and other information from Westat, Inc. and transferring that information to the hard drive that was stolen on May 3, 2006;

e. The role of VA employees in using VA Privacy Act records to identify veterans promised anonymity in the 2001 National Survey of Veterans.

f. The accuracy of the Federal Register notice describing the BIRLs system of records;

g. Examination by any Plaintiffs' experts of the original storage media, and any related computer, computer hardware, computer system, computer device and/or software, containing the private and personal veteran information at issue in these actions, including, but not limited to any such information that is or was in the possession of, or utilized, by VA employee "John Doe," a person identified as such in VA Report No. 06-02238-163, and;

h. Possible spoliation of evidence through the destruction or erasure of media believed to contain Privacy Act records removed from the VA workplace by John Doe.

6. The parties shall file any opposition or other response to the dispositive motions set forth above in Paragraphs 2 and 3 no later than <u>30 days</u> after the completion of the discovery as agreed to between the parties, including discovery set forth in Paragraphs 5(a) through (g), or as may be further ordered by the Court as a result of any report or amendments to this Order pursuant to Paragraph 4 above.

3

7.      The parties shall file any replies in support of their motion no later than 30 days after the filing of any opposition or response pursuant to Paragraph 6 above.

8.      Plaintiffs shall have leave in which to file any Motion for Class Certification either (1) no later than 60 days after the Court rules on the last pending dispositive motion set forth above or, (2) in the event Defendants do not file any dispositive motions, no later than 120 days after the Fed. R. Civ. P. 26(f) report is filed, unless some other date is later set by the Court.  By virtue of this limited Scheduling Order which now governs these proceedings, the previously filed motion for class certification in the action *Hackett, et al. v. United States Department of Veterans Affairs, et al.,* Case No. 06-144-WOB, before the United States District Court, Eastern District of Kentucky, is hereby withdrawn.

**SO ORDERED.**

Dated: _____          _____
                                                                JAMES ROBERTSON
                                                                United States District Judge