≥AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

__EASTERN__ District of __NEW YORK__

MICHAEL ROSATO, MURRY B. MOSKOWITZ, and BRUCE OUELLETTE, on their own behalf and on behalf of all others similarly situated,

V.

R. JAMES NICHOLSON, in his Official Capacity as Secretary of Veterans Affairs, 810 Vermont Avenue, NW., (see attachment)

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER: CV 06 3086

VITALIANO, J.

AZRACK, J.

TO: (Name and address of Defendant)

R. James Nicholson, in his Official Capacity as Secretary of Veterans Affairs and United States Department of Veterans Affairs, 810 Vermont Avenue, NW, Washington, DC 20420

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

WEISS & LURIE
551 Fifth Avenue
New York, New York 10176

an answer to the complaint which is served on you with this summons, within __20__ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

ROBERT C. HEINEMANN

CLERK

_[signature]_
(By) DEPUTY CLERK

DATE   JUN 21 2006

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

MICHAEL ROSATO, MURRY B. MOSKOWITZ, )
and BRUCE OUELLETTE, on their own behalf and )
on behalf of all others similarly situated, )
)   CIVIL ACTION NO.
)
Plaintiffs, )
)
v. )
)   COMPLAINT
)
R. JAMES NICHOLSON, in his Official Capacity )
 as Secretary of Veterans Affairs, )
810 Vermont Avenue, NW, )
Washington, DC  20420, and )   JURY TRIAL DEMANDED
)
)
UNITED STATES DEPARTMENT OF )
VETERANS AFFAIRS, )
810 Vermont Avenue, NW, )
Washington, DC 20420, )
)
Defendants. )
)
)

CV 06 3086

VITALIANO, J

AZRACK, J

FILED

       COME NOW PLAINTIFFS, Michael Rosato, Murry B. Moskowitz and Bruce Ouellette, and in support of their Complaint herein allege as follows:

NATURE OF THE ACTION

       1.    This is a class action for declaratory and injunctive relief and money damages for the violations of the Administrative Procedures Act and the Privacy Act of 1974 and the Fourth and Fifth Amendments to the United States Constitution under the authority of *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Plaintiffs represent approximately 26.5 million individuals who are both veterans and active service members of the Armed Services of the United States who have suffered emotional trauma, have been placed in fear of identity theft, destruction of credit and financial fraud, and who have had their private and personal health care information compromised because of Defendants'

intentional, willful and reckless disregard for the security and privacy of these citizens' basic personal information.

2. Defendant Nicholson failed to properly perform the duties of his position as Secretary of Veterans Affairs ("Secretary") and did not protect the privacy rights of Plaintiffs and the other class members and failed to institute and enforce procedures mandated by law for the protection of veterans' and service members' private and personal information.

3. Defendant United States Department of Veterans Affairs ("Department" or "VA") also did not assure that class members' privacy rights were protected, failed to institute and enforce procedures mandated by law for the protection of veterans' and service members' private and personal information, and flagrantly disregarded the privacy rights of virtually all armed service members by illegally maintaining a database of personal information unrelated to claims for benefits and by requiring that veterans' and service members' records be maintained and accessed through their individual, private and personal social security numbers or other identifiers that were required by law to be kept confidential.

4. Defendants compounded their disregard for veterans' and service members' privacy rights by recklessly failing to make even the most rudimentary effort to safeguard this trove of personally identifiable information from unauthorized disclosure. In fact, the information was unencrypted, easily copied, and, apparently, available to anyone aware of its existence. Defendants' failures, despite repeated calls for correction of these long-standing, fundamental security deficiencies, allowed millions of citizens' private information to be compromised and disclosed to unknown individuals for unknown purposes.

5. Defendants improperly, unlawfully, willfully and intentionally disclosed the private and personal information of Plaintiffs and the Class in at least three ways: (1) through

VA employees' improper access and removal of data files containing the private personal information of 26.5 million veterans and active service members from the VA; (2) through the transfer by VA personnel of the data to external and unprotected disks and/or computers; and (3) through the alleged theft of these disks and/or computers by a third party or parties, whose identity may never be known.

6. The result of Defendants' reckless disregard of the privacy rights of the Class was the largest unauthorized disclosure of Social Security numbers, addresses, telephone numbers and health information in history.

7. Defendants' actions and inactions have inflicted serious harm and will continue to inflict real costs and emotional pain and suffering on Plaintiffs and every other living veteran and their families whose identities and other personal and private information have been compromised.

8. Defendants' willful and intentional failure to establish and enforce appropriate safeguards to ensure the security and privacy of veteran records and to protect against any known or anticipated threats or hazards to the security and integrity of these records is in violation of 5 U.S.C. § 552a(e)(10) and other laws. Furthermore, subsequent to learning of the foregoing unauthorized disclosures, Defendants were deliberately indifferent in failing to take reasonable corrective action, including but not limited to, providing prompt and accurate notification of the disclosures to law enforcement and the affected veterans despite knowledge of the substantial risk of serious harm to the personal and financial security of the affected veterans as result of the disclosures.

## JURISDICTION AND VENUE

9. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 because this is a civil action arising under the laws of the United States. Jurisdiction is also invoked pursuant to 5 U.S.C. §§ 552a(g)(5) because this is a civil action to enforce a liability created under 5 U.S.C. § 552a after September 27, 1975.

10. Venue is appropriate pursuant to 5 U.S.C. § 552a(g)(5) and 28 U.S.C. § 1391(e).

11. Plaintiff Michael Rosato is a veteran of the United States Armed Services honorably discharged from service. He is a resident of Suffolk County, New York.

12. Plaintiff Murry B. Moskowitz is a veteran of the United States Armed Services honorably discharged from service. He is a resident of Fairfax County, Virginia.

13. Plaintiff Bruce Ouellette is a disabled Vietnam combat veteran and a current resident of Yavapai County, Arizona.

14. Defendant R. James Nicholson is the Secretary of Veterans Affairs and is the official responsible for the proper execution and administration of all laws administered by the Department and for the control, direction, and management of the Department.

15. Defendant VA is an executive department of the federal government and is, therefore, an "agency" for purposes of the Privacy Act of 1974.

## STATEMENT OF FACTS

16. Upon information and belief, VA employees were able to easily access computer files containing private Personal Information of millions of veterans and copy the files from the VA's system onto external disks and their personal computers. Upon further information and belief, VA employees had, in fact, been removing the data from the VA facility for a period of three years in a practice expressly or implicitly ratified by the VA. VA employees' access to and

4

duplication of this information was a disclosure in violation of 5 U.S.C. 552a(b) and the result of Defendants' willful and intentional failure to establish appropriate safeguards to ensure the security and confidentiality of veteran records and to protect against any anticipated threats or hazards to the security and integrity of these records in violation of 5 U.S.C. § 552a(e)(10).

17.     On May 3, 2006, a laptop computer and external data storage device or devices were reportedly stolen from the Aspen Hill, Maryland home of John Doe, a VA employee. The laptop computer and data storage device or devices contained a copy of a collection or grouping of information pertaining to approximately 26.5 million persons (the "Personal Information"), including military veterans and approximately 2.2 million current active service members and their spouses (or nearly 80 percent of the active duty force). The Personal Information contained individual identifying information including, but not limited to, names, addresses, phone numbers, social security numbers, dates of birth and health information. In addition, at least three hundred of the records contained disability information and information related to possible exposure to biological and chemical agents. None of the information was encrypted or similarly protected.

18.     Upon information and belief, John Doe had removed the VA files containing the private personal information of 26.5 million veterans from the VA facility and taken it to his home shortly before the theft described in the prior paragraph. John Doe then copied the files onto his computer and/or external disks for an unspecified purpose. John Doe's computer and/or disks were allegedly stolen during a burglary of his home. Upon information and belief, these items have not been recovered as of the date of the filing of this Complaint. They were not encrypted or password protected and are easily accessed and duplicated.

5

19.     John Doe reported the Personal Information theft to one or more VA officials. These VA officials were aware of the unlawful disclosure of the Personal Information soon after the occurrence, yet these VA officials willfully and intentionally decided to conceal the disclosure and did not report the incident to other VA officials, federal law enforcement, or inform the individuals whose Personal Information had been disclosed without authorization. These failures exhibit Defendants' reckless disregard for Plaintiffs' privacy rights, intentional and willful violations of the Privacy Act, and were otherwise not in accordance with law.

**20.**     No VA official charged with protecting the Personal Information pursuant to the Privacy Act and who knew of the unauthorized disclosure informed Defendant VA's Inspector General George Opfer of the disclosure. The Inspector General only learned of the incident through an offhand remark on May 10, 2006. Then, the Inspector General further demonstrated VA's reckless disregard for the privacy rights of Plaintiffs and the Class and an intentional and willful disregard for Privacy Act requirements by failing to interview the employee in question until May 15, 2006, five days later.

21.     Defendant Nicholson was informed of the patently unlawful disclosure on May 16, 2006, and the Federal Bureau of Investigation ("FBI") was contacted on May 17, 2006. Defendant Nicholson did not publicly inform Plaintiffs or any other individuals of VA's patently unlawful disclosure of the Personal Information until May 22, 2006, 19 days after the reported theft.

22.     Defendants' actions and inactions in failing to report the unauthorized disclosure of the Personal Information were arbitrary, capricious and without observance of procedures required by law.

23. Defendant VA has been repeatedly informed of recurring, systemic, and fundamental deficiencies in its information security, but failed to effectively respond. VA's own Inspector General has for years criticized the Department for lax information security. Despite the repeated identification of problems, VA has been unable or unwilling to properly secure the personal information under its control. These repeated failures to correct known vulnerabilities of VA's safeguards for Plaintiffs' and class members' Personal Information demonstrated a reckless disregard for privacy rights and intentional or willful violations of the Privacy Act.

24. VA flagrantly disregarded the privacy of Plaintiffs and the Class and caused them adverse effects by failing to observe the procedures required by law for disclosure of private information, including the Personal Information, without the prior written consent of the affected individuals.

25. VA flagrantly disregarded the privacy of Plaintiffs and the Class and caused them adverse effects by disclosing, or allowing disclosure of, the Personal Information to officials and employees who did not have a need for such records and information in the performance of their duties.

26. VA flagrantly disregarded the privacy of Plaintiffs and the Class and caused them adverse effects by failing to keep or maintain an accurate accounting of the disclosures of the Personal Information.

27. VA also flagrantly disregarded the privacy of Plaintiffs and the Class and caused them adverse effects by assembling and maintaining the Personal Information in a system of records although the information was not relevant and necessary to accomplish a purpose required by statute or by executive order of the President.

28.   Defendants knew or should have known that their computer security practices were not in compliance with 5 U.S.C. § 552a as well as other federal laws relating to information security. In 2003, a study conducted by the General Accounting Office ("GAO") gave the VA a failing grade for its computer security practices. In March 2006, the United States House of Representative's Committee on Government Reform gave the VA an "F" in its annual report card relating to information security. Despite this ample and specific notice of noncompliance and the potential adverse effect of random and unauthorized disclosures of Personal Information, Defendants failed to establish appropriate safeguards to ensure the security and confidentiality of veteran records and to protect against any anticipated threats or hazards to the security and integrity of these records in violation of 5 U.S.C. § 552a(e)(10).

29.   An <u>Associated Press</u> article published on June 14, 2006, concerning that day's testimony in Congressional hearings on the compromise of privacy laws at the VA, reported:

> In testimony to Congress, the Government Accountability Office and Veterans inspector general detailed ignored warnings, weak management and lax rules in their review of VA information security following the theft of 26.5 million military personnel's private data last month.
>
> They found that the Veterans Affairs Department routinely failed to control and monitor employee access to private information, did not restrict users to "need-to-know" data and often waited too long to terminate accounts when an employee quit or was fired.
>
> The investigators also said the VA lacked a clear chain of command in enforcing security, noting the agency will need dramatically stronger leadership under VA Secretary Jim Nicholson to force reform after five years of repeated warnings about security.
>
> "Much work remains to be done," Linda Koontz, a director on information management at GAO, told the House Veterans Affairs Committee. "Only through strong leadership, sustained management commitment and effort, disciplined processes, and consistent oversight can VA address its persistent, long-standing control weaknesses."

8

30. The testimony of June 14 made clear, according to the foregoing article, that:

> government investigators said the problem was long-standing and much more widespread. They pointed to repeated occasions in the last year in which VA employees passed along veterans' medical information via unencrypted e-mail or were allowed to freely log into the VA secure network in their off-duty hours or even after they've been terminated.
>
> In other instances, files were not adequately segregated or password-protected, making it easy for hackers to access the sensitive information.

31. Finally, the article underscored the fact that the defendants were aware of their privacy laws deficiencies for a very long time.

> When the VA was told of problems over the years, often it would make spotty improvements but fail to address reform agency-wide. The agency also has yet to put in place a security response program to monitor suspicious log-on activity, said Michael Staley, an assistant VA inspector general, in testimony.
>
> . . .
>
> "These conditions place sensitive information, including financial data and sensitive veteran medical and benefit information, at risk, possibly without detection of inadvertent or deliberate misuse, fraudulent use, improper disclosure or destruction," Staley said.

32. The unauthorized and unconsented disclosure of an individual's name, address, date of birth, health and/or disability status and Social Security number creates a substantial risk of identity theft and an invasion of privacy. An individual's Social Security number is the most useful identifier for retrieving information from public record databases, financial institutions and credit bureaus. Armed with an individual's name, address, date of birth and Social Security number, an identity thief is able to quickly and easily steal an identity, whereas, without such information, the task is difficult, time consuming and costly. Moreover, the unauthorized disclosure of an individual's health or disability status invades the privacy of information protected under law.

33. Recent nationwide studies confirm that, on average, victims of identity theft spend hundreds of hours in personal time and hundreds of dollars in personal funds to resolve their credit issues. *See* www.idtheftcenter.org; www.ftc.org.

34. Defendants' unauthorized and unconsented disclosures of private Personal Information and the imminent and substantial risk of identity theft to which the Class has been exposed is the direct result of Defendants' failure to: (1) establish appropriate administrative, technical and physical safeguards to ensure the security and confidentiality of records; (2) to protect against any anticipated threats or hazards to the security and integrity of these records; and (3) to promptly take reasonable measures to correct the disclosures, including but not limited to, providing law enforcement and the affected veterans with prompt and accurate notice of the disclosures, and free ongoing monitoring of class members' health and financial reports.

35. As a direct and proximate result of Defendants' acts and omissions, the Class has been exposed to a risk of substantial harm and inconvenience, and has incurred actual damages in purchasing comprehensive credit reports and/or monitoring of their identity and credit. Furthermore, their individual privacy has been invaded through the disclosure of their private and personal health information.

36. Defendant Nicholson was ultimately responsible for control, direction, and management of VA's processes, policies, and procedures for compliance with the Privacy Act of 1974 and other privacy laws, rules and regulations, but failed to ensure those processes, policies, and procedures were adequately implemented by his subordinates. Defendant Nicholson knew, or should have known, that VA had long-standing information security deficiencies that threatened the privacy rights of Plaintiffs and the Class, but did not ensure correction or mitigation of those deficiencies.

37. Defendant Nicholson flagrantly disregarded the privacy rights of Plaintiffs and the Class and caused them adverse effects by failing to establish and ensure lawful compliance by his subordinates with appropriate administrative, technical, and physical safeguards to insure the security and confidentiality of records and to protect against anticipated threats or hazards to the records security or integrity, which could result in substantial harm, embarrassment, inconvenience, or unfairness to any individual on whom information was maintained.

38. Each of Defendants' failures complained of caused adverse effects to the Class including, but not limited to, embarrassment, inconvenience, unfairness, mental distress, emotional trauma, pecuniary damages and the threat of current and future substantial harm from identity theft. In testimony to Congress on or about June 12, 2006, Defendant Nicholson said that although he remained hopeful that the theft from the VA employee in Maryland was random, he and the VA could not count on the fact that no use of the stolen data was or would be made by unauthorized persons.

39. The real threat of identity theft and similar adverse effects of VA's illegal actions and Privacy Act violations requires affirmative actions by the Class to recover peace of mind, emotional stability, and personal security including, but not limited to, frequently obtaining and reviewing credit reports, bank statements, and other similar information, obtaining credit watch services, and closing financial accounts. The Class has, and will continue to, suffer tangible and intangible damages for the foreseeable future.

40. In Congressional hearings held after the disclosure of the Personal Information discussed herein, Representative Henry Waxman of California berated defendant Nicholson for his conduct and malfeasance:

"Secretary Nicholson, you blame this on an employee who was fired, on a culture, on people doing what they're not supposed to be doing. That doesn't sound like we're getting to the heart of this with passing the buck."

## CLASS ACTION ALLEGATIONS

41. This action is maintainable as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(1)-(3).

42. The Class consists of all persons who have been adversely effected by Defendants' violations of the privacy of class members' personal and private identifying information.

43. This action is properly maintainable as a class action for the following reasons:

   a. The Class is so numerous that joinder of all members is impractible. The class size is approximately 26,500,000, which is the number of individuals whose information Defendants admit was collected and maintained in the missing system of records.

   b. Joinder of class members' individual actions is impractical because of the geographical diversity of class members, the limited ability of individual class members to institute separate suits, and the general nature of the underlying action and relief sought.

   c. Plaintiffs are committed to the vigorous prosecution of this action and have retained counsel qualified and experienced to represent the Class and familiar with class litigation. Plaintiffs' claims are typical of the claims of other members of the Class and plaintiffs have no interest that are adverse or antagonistic to the interests of the Class. Plaintiffs are military veterans listed in one or more VA system of records who have had their personal information improperly maintained and disclosed by Defendants.

   d. The representative Plaintiffs will fairly and adequately protect the interests of the Class.

e. There are substantial questions of fact and law common to all class members. The issues raised include whether Defendants acted or failed to act commensurate with their duties to protect the personal, private and confidential information of Plaintiffs and class members, whether such conduct violated the privacy and other laws, whether said violations were willful, wanton and/or reckless and whether such conduct gives rise to the various forms of relief requested and/or damages. The foregoing issues are common to all class members. Similarly, the relief Plaintiffs seek is dominated by equitable remedies. The facts, circumstances, and merits of the case, therefore, apply equally to all class members.

f. Defendants have acted and refused to act on grounds generally applicable to the Class, making appropriate final injunctive and declaratory relief with respect to the Class as a whole.

g. The prosecution of separate actions by individual class members would create a risk of inconsistent results that could establish incompatible standards of conduct for Defendants.

h. Defendants' liability for damages can be established by facts and circumstances common to the Class as a whole and do not require the examination of Plaintiffs' individual circumstances.

i. Questions of law and fact common to members of the Class predominate over any questions affecting only individual members.

j. A class action is superior in this case to other methods for a fair and efficient adjudication of the controversy because the common interests of the class members predominate over any individual interest in controlling prosecution or control of separate actions and because concentrating the litigation in this Court is appropriate to ensure appropriate,

consistent, and efficient resolution of the legal and constitutional issues raised in the district where the offending conduct occurred, continues to occur, and could occur in the future.

## FIRST CLAIM FOR RELIEF

44.  Plaintiffs reassert the allegations set forth in Paragraphs 1 through 43 above and incorporate them by reference into this First Claim for Relief.

45.  Defendant VA possesses personal information of Plaintiffs and millions of other veterans and active service members. VA has repeatedly demonstrated an inability or unwillingness to implement, or callous disregard for, fundamental procedures to provide minimally acceptable safeguards for the personal and private information in its possession.

46.  Defendant Nicholson is ultimately responsible in his official capacity for safeguarding citizen's private information under VA control pursuant to applicable laws, including the Privacy Act of 1974 and the Administrative Procedures Act, but has been unable or unwilling to require compliance with those laws.

47.  Defendants' actions and inactions in failing to safeguard Plaintiffs' private information were arbitrary, capricious, and otherwise not in accordance with law.

48.  Plaintiffs suffered, and continue to suffer, harm as a result of Defendants' actions and from actions improperly withheld or unreasonably delayed.

49.  The Class is entitled to monetary and equitable relief for Defendants' violation of plaintiffs' rights pursuant to the Administrative Procedures Act.

50.  The foregoing acts and omissions of Defendant VA constitute an unauthorized, nonconsensual, and inappropriate disclosure of Social Security numbers and private health information of the Class in violation of 5 U.S.C. § 552a(b).

## SECOND CLAIM FOR RELIEF

51. Plaintiffs repeat and reaffirm the assertions of fact contained in paragraphs 1 through 50 hereinabove.

52. The foregoing acts and omissions of Defendant VA constitute a willful and intentional failure to establish appropriate safeguards to ensure the security and privacy of veteran records and to protect against known and anticipated threats or hazards to the security and integrity of the private personal records of the Class in violation of 5 U.S.C. § 552a(e)(10).

## THIRD CLAIM FOR RELIEF

53. Plaintiffs repeat and reaffirm the assertions of fact contained in paragraphs 1 through 52 hereinabove.

54. The foregoing acts and omissions of Defendants constitute a violation of the right to privacy and personal security of the Class in their Social Security numbers and private health information under the Fourth and Fifth Amendments to the United States Constitution.

## PRAY FOR RELIEF

WHEREFORE, Plaintiffs pray as follows:

a. For a declaration that Defendants' acts and omissions constitute a willful and intentional failure to establish appropriate safeguards to ensure the security and privacy of veteran and active service member records and to protect against known and anticipated threats or hazards to the security and integrity of these records in violation of 5 U.S.C. § 552a(e)(10) and the Fourth and Fifth Amendments of the United States Constitution.

b. For preliminary and permanent injunctive relief enjoining, prohibiting and preventing Defendants from continuing to operate without appropriate safeguards to ensure the

security and privacy of veteran records and to protect against anticipated threats or hazards to the security and integrity of these records.

   c. For reparative injunctive relief under *Bivens* requiring Defendants to take necessary measures to safeguard against the serious harm attendant to the improper disclosure/theft of confidential information including an identity and/or credit monitoring program and a preemptive internet search service for the benefit of Plaintiffs and the proposed Class under the Court's supervision;

   d. That this Court permanently enjoin Defendant VA, its officers, agents, employees, and those acting for and with them, from accessing, viewing, handling, disclosing, or in any way transferring any record or system of records subject to Privacy Act requirements until an independent panel of experts finds that adequate information security has been established and implemented by VA, unless such activity is explicitly allowed by Court order and under supervision of persons independent of VA, such supervision to be at VA expense;

   e. That this Court enjoin Defendant VA, its officers, agents, employees, and those acting for and with them from removing any device capable of storing, containing, or transferring any record or system of records, including, but not limited to, laptop computers, portable hard drives, memory stick or similar devices, and "iPods" and similar devices, from property under VA's supervision and control until and unless VA demonstrates that adequate information security has been established to the Court's satisfaction.

   f. That this Court grant to Plaintiffs and the Class judgment against Defendant VA for damages in an amount of $1,000.00 for each individual who was adversely affected by Defendant's Privacy Act violations;

   g.  That this Court grant to Plaintiffs their costs and reasonable attorneys' fees; and

   h.  That this Court grant such additional relief as the Court deems proper and just.

Dated: June 21, 2006

                  WEISS & LURIE

                  */s/ Mark Smilow*

                  Joseph H. Weiss (JW-4534)
                  Mark D. Smilow (MS-2809)
                  Richard A. Acocelli (RA-2029)
                  Weiss & Lurie
                  551 Fifth Avenue
                  New York, NY 10176
                  Tel: (212) 682-3025
                  Fax: (212) 682-3010

═════NOTICE OF ENTRY═════

Sir: — Please take notice that the within is a *(certified)* true copy of a
duly entered in the office of the clerk of the within named court on          19

Dated,

Yours, etc.,

WEISS & LURIE

Attorneys for

*Office and Post Office Address*

551 FIFTH AVENUE
NEW YORK, N.Y. 10176

To

Attorney(s) for

═════NOTICE OF SETTLEMENT═════

Sir: — Please take notice that an order

of which the within is a true copy will be presented for settlement to the Hon.

one of the judges of the within named court, at

on          19
at          M.
Dated,

Yours, etc.,

WEISS & LURIE

Attorneys for

*Office and Post Office Address*

551 FIFTH AVENUE
NEW YORK, N.Y. 10176

To

Attorney(s) for

---

Index No. xxxx 2006

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MICHAEL ROSATO, MURRY B. MOSKOWITZ, and BRUCE OUELLETTE, on their behalf and on behalf of all others similarly situated,

      Plaintiffs,

    v.

R. JAMES NICHOLSON, in his Official Capacity as Secretary of Veterans Affairs, 810 Vermont Avenue, NW, Washington, DC 20420, and

UNITED STATES DEPARTMENT OF VETERANS AFFAIRS, 810 Vermont Avenue, NW, Washington, DC 20420,

      Defendants.

COMPLAINT

WEISS & LURIE

Attorneys for **Plaintiffs**

*Office and Post Office Address, Telephone*

551 FIFTH AVENUE
NEW YORK, N.Y. 10176
(212) 682-3025

To

Attorney(s) for

Service of a copy of the within          is hereby admitted.

Dated,

..................................................

Attorney(s) for

RECEIVED
2006 JUN 26 PH 3:19
DEPT OF VETERANS AFFAIRS
OFFICE OF THE SECRETARY