UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In Re: DEPARTMENT OF VETERANS ) <br> AFFAIRS (VA) DATA THEFT ) <br> LITIGATION ) <br> _____) <br> ) Misc. Action No. 06-0506 (JR) <br> ) MDL Docket No. 1796 <br> This Document Relates To: ) <br> ALL CASES ) <br> _____) | |

**DEFENDANTS' PROPOSED SCHEDULING ORDER**

Pursuant to the Court's January 23, 2007 Order, defendants hereby submit the attached proposed scheduling order for the Court's consideration.

Pursuant to the Court's Order, counsel for the parties conferred in an effort to reach agreement with respect to a proposed scheduling order, but were unable to do so. In accordance with the Court's Order, therefore, defendants have refiled their Motion to Dismiss or, in the Alternative, for Summary Judgment, in the master docket, and submit the attached proposed scheduling order. The attached proposed scheduling order differs from plaintiffs' proposed order in several important respects. Specifically, in keeping with the Court's Order that the parties provide a proposed scheduling order "that will govern the briefing and disposition of the anticipated refiled motions," Order at 3, ¶ 4, defendants' proposed scheduling order provides such a briefing schedule without provision for the filing of a consolidated complaint or the taking of discovery, neither of which is necessary or appropriate at this time.

Contrary to plaintiffs' representations, the parties did not agree that the filing of a "Master Coordinated Complaint . . . would benefit the parties and the Court." See Pls. Proposed Scheduling Order at 1. To the contrary, the undersigned expressly noted to plaintiffs' counsel

that the Court's Order "does not contemplate the filing of a consolidated complaint." See Exhibit 1 hereto (e-mail correspondence between counsel). While defendants were willing to consider a joint proposed scheduling order that provided for the filing of a consolidated complaint in an effort to reach consensus, the undersigned made clear that absent agreement on such a joint proposed order, defendants would refile their Motion and submit a proposed scheduling order that provides for a briefing schedule with respect to that Motion (which addresses the claims set forth in the three separate Complaints filed in these actions). Id.

Nor is the filing of a consolidated complaint necessary at this time. Defendants' Motion – which was filed over three months ago – addresses each and every claim set forth in each of the three cases consolidated before this Court. While a consolidated complaint might make sense in the event that the Court denies any part of defendants' pending Motion, its filing at this juncture would serve solely to delay resolution of that Motion and prejudice defendants by requiring them to recast their Motion to address the provisions of such a retooled complaint. Plaintiffs have had more than sufficient time to respond to defendants' Motion and should be required to do so promptly.

Plaintiffs' proposal with respect to discovery – pursuant to which discovery will proceed before any response to defendants' Motion is required – is even more unwarranted. Insofar as defendants' Motion seeks dismissal of all of plaintiffs' claims, plaintiffs have no basis to seek discovery before responding to the Motion. See Chavous v. Dist. of Columbia Fin. Responsibility and Mgmt. Assistance Auth., 201 F.R.D. 1, 2 (D. D.C. 2001) ("It is well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending.") (internal quotation omitted); White v. Fraternal Order of

Police, 909 F.2d 512, 516-17 (D.C. Cir. 1990) (affirming stay of discovery pending resolution of dispositive motion); Patterson v. United States, 901 F.2d 927, 929 (11th Cir. 1990) (same); Jarvis v. Regan, 833 F.2d 149, 155 (9th Cir. 1987); Petrus v. Bowen, 833 F.2d 581, 583 (5th Cir. 1987) ("A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined."). To the extent that plaintiffs believe that discovery is "essential to justify [their] opposition" to that aspect of defendants' Motion that seeks summary judgment with respect to some of the claims at issue, Rule 56(f) provides the proper mechanism by which plaintiffs can seek such discovery. Fed. R. Civ. P. 56(f); Ikossi v. England, 406 F. Supp. 2d 23, 36-37 (D.D.C. 2005) (Robertson, J.); see also Battle v. Mineta, 387 F. Supp. 2d 4, 7 (D.D.C. 2005) (Robertson, J.) (noting "Rule 56(f)'s requirement of an affidavit setting forth 'what facts [the opposing party] intended to discover that would create a triable issue and why he could not produce them in opposition to the motion'") (quoting Byrd v. U.S. EPA, 174 F.3d 239, 248 n. 8 (D.C. Cir.1999)). Indeed, plaintiffs' proposed scheduling order – whereby plaintiffs would have no obligation to respond to any aspect of defendants' Motion while they undertake discovery – is a clear attempt at an end-run around Rule 56(f), and should not be countenanced. Rather than providing for an indeterminate period of discovery before a response to defendants' Motion is due, the Court should direct plaintiffs to respond to the Motion and comply with the dictates of the Federal Rules insofar as they seek discovery.

WHEREFORE, defendants respectfully request that the Court enter the attached proposed Scheduling Order.

Dated: February 22, 2007.            Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEFFREY A. TAYLOR
United States Attorney

/s/ Ori Lev
ELIZABETH J. SHAPIRO, DC Bar 418925
DAVID M. GLASS, DC Bar 544549
ORI LEV, DC Bar 452565
HEATHER R. PHILLIPS, CA Bar 191620
*Attorneys for All Defendants Except John Doe in His Individual Capacity*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
In Re: DEPARTMENT OF VETERANS      )
AFFAIRS (VA) DATA THEFT            )
LITIGATION                         )
_____)   Misc. Action No. 06-0506 (JR)
                                   )   MDL Docket No. 1796
This Document Relates To:          )
ALL CASES                          )
_____)

**SCHEDULING ORDER**

Pursuant to this Court's January 23, 2007 Order, and having considered the submission of the parties, the Court hereby enters the following scheduling order:

1. The parties shall promptly re-file the motions referenced in paragraph 4 of the Court's January 23, 2007 Order on the master docket in the event they have not already done so.

2. Plaintiff's Opposition to Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment, which Motion was originally filed in each of these consolidated actions on November 20, 2006, shall be filed within 30 days of the date of entry of this Order. Any motion and/or affidavit of any plaintiff filed pursuant to Fed. R. Civ. P. 56(f) shall be filed at the same time.

3. Defendants' Reply in further support of their Motion to Dismiss or, in the Alternative, for Summary Judgment; Defendants' Opposition to Plaintiffs Vietnam Veterans of America, et al's Motion for Partial Summary Judgment in case number 06-1038; and Defendants' response to any Rule 56(f) motions shall all be filed no later than 90 days after the date of entry of this order.

4. Plaintiffs Vietnam Veterans of America, et al's Reply in further support of their

Motion for Partial Summary Judgment in case number 06-1038; and any Plaintiff's reply in further support of any Rule 56(f) motion shall be filed no later than 120 days after the date of entry of this order.

   5.   All discovery is stayed pending resolution of the motions referenced above, and plaintiffs shall not file a Master Consolidated Complaint absent further order of this Court.

   **SO ORDERED.**


   Dated: _____     _____
                                         JAMES ROBERTSON
                                         United States District Judge

# Lev, Ori (CIV)

| | |
|---|---|
| **From:** | Lev, Ori (CIV) |
| **Sent:** | Thursday, February 15, 2007 3:29 PM |
| **To:** | 'Rosinski, Douglas J.' |
| **Cc:** | John C. Murdock; Lev, Ori (CIV) |
| **Subject:** | RE: |

Doug

As we just discussed, we do not think that your proposed scheduling order is responsive to Judge Robertson's January 23 Order.  That Order states that the government "is expected to refile its motion to dismiss or for summary judgment in the master docket," and that the parties should submit a "proposed scheduling order that will govern the briefing and disposition of the anticipated refiled dispositive motions."  The Order does not contemplate the filing of a consolidated complaint, and certainly does not contemplate a scheduling order that covers discovery and puts off briefing the dispositive motions until the close of such discovery.  As we have previously discussed, to the extent that plaintiffs believe that they need discovery to respond to the summary judgment portions of our motion, Rule 56(f) provides the appropriate mechanism by which to seek such discovery.  Accordingly, we continue to believe that a proposed scheduling order along the lines I circulated is more appropriate and responsive to the court's Order.  We would, of course, be willing to discuss the dates set forth in that proposed schedule.

That said, and although the filing of a consolidated complaint would require us to edit our motion (which has now been pending for some three months), we would be willing to consider a joint proposed scheduling order that provides for the filing of a consolidated complaint, a date by which the Government will move to dismiss that Complaint and/or for summary judgment, and a briefing schedule with firm dates for briefing such a motion.  In the event that plaintiffs are willing to discuss such a proposal, please let me know.  Otherwise, we will refile our motion as the Court has asked, and file a proposed scheduling order along the lines I circulated to you -- i.e., one that provides for a briefing schedule with respect to the extant motion (although likely with different suggested dates).

Let me know where you come out.

Thanks

Ori

---

From: Rosinski, Douglas J. [mailto:Doug.Rosinski@ogletreedeakins.com]
Sent: Friday, February 09, 2007 5:15 PM
To: Lev, Ori (CIV)
Cc: John C. Murdock
Subject:

Ori:

A draft of our proposed scheduling order submittal is attached per your discussion with John Murdock today.  We would like to discuss this with you when you are prepared to give us your position on the substance.

Douglas J. Rosinski
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.

1320 Main Street

1

```
Columbia, SC 29201
803.252.1300
803.254.6517 (fax)

2400 N St. NW
Washington, DC 20037
202.887.0855
202.887.0866 (fax)
```

Unless expressly stated to the contrary herein, (a) nothing contained in this message was intended or written to be used, can be used, nor may be relied upon or used, by any taxpayer for the purpose of avoiding penalties that could be imposed upon the taxpayer under the Internal Revenue Code of 1986, as amended; and (b) any written statement contained herein relating to any federal tax transaction or issue may not be used by any individual or entity to, recommend or support the promotion or marketing of any such transaction or issue.

This transmission is intended by the sender and proper recipient(s) to be confidential, intended only for the proper recipient(s) and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law.  If you are not the intended recipient(s), you are notified that the dissemination, distribution or copying of this message is strictly prohibited.  If you receive this message in error, or are not the proper recipient(s), please notify the sender at either the e-mail address or telephone number above and delete this e-mail from your computer.  Receipt by anyone other than the proper recipient(s) is not a waiver of any attorney-client, work product, or other applicable privilege.  Thank you.