## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

In Re: DEPARTMENT OF VETERANS
AFFAIRS (VA) DATA THEFT
LITIGATION

_____

This Document Relates To:
ALL CASES

_____

Misc. Action No. 06-0506 (JR)
MDL Docket No. 1796

### PLAINTIFFS' MOTION FOR APPOINTMENT OF INTERIM PUTATIVE CLASS COUNSEL

Plaintiffs in each of the three cases under the above consolidated caption respectfully request that the Court appoint interim class counsel to act on behalf of the putative classes pursuant to Fed. R. Civ. P. 23(g).  Through this appointment, Plaintiffs also request that the Court adopt the proposed organizational structure of Plaintiffs' Counsel described herein.  All Plaintiffs' Counsel in each of the three pending cases agree and consent to this proposed organizational structure.  A memorandum supporting this motion follows, and a proposed order granting this motion is attached hereto as Exhibit A.

Respectfully submitted,

____/s/ Donald A. Cockrill_____
Donald A. Cockrill
Douglas J. Rosinski
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
2400 N St. NW
Washington, DC 20037
(202) 887-0855
(202) 887-0866 (fax)
Counsel in Case No. 1:06-CV-01038(JR)

_____/s/ John C. Murdock_____
John C. Murdock
Jeffrey S. Goldenberg
Murdock, Goldenberg, Schneider
   & Groh, LPA
35 East Seventh Street, Suite 600
Cincinnati, Ohio  45202
(513) 345-8291
(513) 345-8294 (fax)
Counsel in Case No. 1:06-CV-01943(JR)

_____/s/Marc D. Mezibov_____
Marc D. Mezibov
Christian A. Jenkins
Mezibov & Jenkins, LLP
401 East Court Street, Suite 600
Cincinnati, Ohio 45202
(513) 723-1600
(513) 723-1620 (fax)
Counsel in Case No. 1:06-CV-01943(JR)

_____/s/Gary E. Mason_____
Gary E. Mason
Alexander E. Barnett
The Mason Law Firm, P.C.
1225 19th Street, N.W., Suite 500
Washington, D.C. 20036
(202) 429-2290
(202) 429-2294 (fax)
Counsel in Case No. 1:06-CV-01943(JR)

_____/s/Mark D. Smilow_____
Mark D. Smilow
Weiss & Lurie
The French Building
551 Fifth Avenue, Suite 1600
New York, New York 10176
Tel: (212) 682-3025
Fax: (212) 682-3010
Counsel in Case No. 1:06-CV-01944(JR)

**Memorandum In Support**

I.      **Factual and Procedural History**

On Wednesday, May 3, 2006, the confidential and sensitive private information of approximately 26.5 million veterans and U.S. Military personnel were stolen from the home of a Department of Veterans Affairs ("VA") employee ("John Doe"). The stolen information was contained on John Doe's personal portable hard drive. The records stored on John Doe's personal hard drive were not encrypted in any way nor were they password protected or stored in a secured container.

On or about May 22, 2006, the VA Secretary, James Nicholson, publicly announced through worldwide media outlets that the private personal information of approximately 26.5 million Veterans discharged after 1975 had been disclosed.[1] Secretary Nicholson indicated that the private personal information that was disclosed included names, dates of birth, social security numbers, and, in some instances, disability ratings and certain medical information. Approximately two weeks later, Secretary Nicholson also publicly announced that the disclosed files contained Veterans' addresses and telephone numbers.

On or about May 22, 2006, Secretary Nicholson advised media outlets that the 26.5 million Veterans whose private personal information was disclosed were subject to a heightened risk for identity theft. Secretary Nicholson urged the Veterans to be "extra vigilant and to carefully monitor bank statements, credit card statements, and any statements relating to recent financial transactions."[2] In a letter sent to all Veterans on or about June 3, 2006, the VA again instructed Veterans to be "extra vigilant and to

---

[1] On or about June 6, 2006, Secretary Nicholson announced that this disclosure affected a broader scope of individuals than initially reported on May 22, 2006, indicating that private personal information of some active duty personnel was also disclosed.

[2] Veterans Administration frequently asked questions (May 30, 2006), attached hereto as Exhibit B.

carefully monitor bank statements, credit card statements, and any other statements relating to recent financial transactions."[3]  This letter also provided the contact information for the three major credit bureaus:  Equifax, Experian, and TransUnion. These companies reported a spike of nearly 200% in consumer inquiries following the VA's public announcement of the disclosure.[4]

On June 29, 2006, the Federal Bureau of Investigation ("FBI") announced that the stolen laptop and hard drive had been recovered.[5]  To date, the FBI has not definitively determined that the information has not been accessed.  Rather, the FBI has reportedly indicated only that it is "highly confident" that the files were not accessed and has not publicly released its analysis report.[6]

Three class actions presently pending before this Court were filed as a result of the disclosure.  The first action was *Hackett v. VA.  Hackett* and was filed on May 30, 2006 in the Eastern District of Kentucky.  The second action was *Vietnam Veterans of America (VVA) v. Nicholson* which was commenced with this Court on June 6, 2006. The third action, *Rosato v. Nicholson*, was initiated on June 21, 2006 in the Eastern District of New York.

On November 3, 2006, all three cases were consolidated before this Court pursuant to an Order from the Judicial Panel on Multidistrict Litigation.  The Panel concluded that "these three actions involve common questions of fact, and that centralization under Section 1407 in the District of District of Columbia will serve the convenience of the parties and witnesses and promote the just and efficient conduct of

---

[3] June 3, 2006 letter from VA, attached hereto as Exhibit C.
[4] May 25, 2006 statement of R. James Nicholson, Secretary of Veteran Affairs before the Senate Committee on Veteran Affairs, attached hereto as Exhibit D.
[5] FBI June 29, 2006 Press Release, attached hereto as Exhibit E.
[6] FBI July 13, 2006 Press Release, attached hereto as Exhibit F.

this litigation. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pre-trial rulings, and conserve the resources of the parties, their counsel and the judiciary."[7] Following the MDL Panel's decision, this Court then issued an Order on January 23, 2007, consolidating these three actions for pre-trial purposes and creating a master docket under the caption *In Re: Department of Veterans Affairs (VA) Data Theft Litigation*, Misc. MA Action No. 06-0506 (JR). In its Order, the Court also ordered the parties to meet and confer and seek a consensus for a proposed scheduling order.

The parties recently conferred. And, consistent with the MDL panel's desire to conserve the resources of the parties, their counsel and the judiciary, Plaintiffs' Counsel proposed filing a master consolidated complaint. Despite previously recognizing that "these are essentially three versions of the same case, appearing to differ only in that they have been filed by different law firms with different named plaintiffs,"[8] Defendants are now apparently adverse to the filing of a master consolidated complaint.[9] Because the parties were not able to reach a consensus, Plaintiffs jointly submitted their proposed consolidated scheduling order on February 20, 2007 (docket no. 8). Defendants submitted their proposed scheduling order on February 22, 2007 (docket no. 10).

To further facilitate the efficient litigation of these three consolidated actions and to conserve the resources of the Court, the parties, and all counsel involved, Plaintiffs respectfully request that this Court appoint interim Class Counsel pursuant to Rule 23(g) and adopt Plaintiffs' proposed Co-Lead Counsel and Plaintiffs' Committee structure.

---

[7] November 3, 2006 Transfer Order, attached hereto as Exhibit G.
[8] Defendants Motion For Transfer and Coordination Pursuant to 28 U.S.C. §1407 filed on July 10, 2006 with the Judicial Panel on Multidistrict Litigation.
[9] Defendants' Proposed Scheduling Order, p. 1 (docket no. 10).

## II.    Legal Argument

### A.    Because there are multiple class actions with nearly identical claims pending, the Court should designate interim Class Counsel for the efficient management of this litigation.

Each of the three actions presently pending before this Court was filed as a nationwide class action.  And, according to Fed. R. Civ. P. 23(g)(2)(A), "the Court may designate interim counsel to act on behalf of the putative class before determining whether to certify the action as a class action." Because there are multiple class actions with nearly identical claims now pending before this Court, the designation of interim class counsel will enhance efficiency.  "In cases such as this, where multiple overlapping and duplicative class actions have been transferred to a single district for the coordination of pre-trial proceedings, designation of interim Class Counsel is encouraged, **and indeed is probably essential for efficient case management**. *See generally* Manual for Complex Litigation (4[th] Edition) (hereinafter "Manual") §21.11(2004)." *In Re: Air Cargo Shipping Services Antitrust Litigation*, M.D.L. No. 1775, 2006 U.S. Dist. LEXIS 83283 at \*42 (attached hereto as Exhibit H) (emphasis added).

The consolidated duties and responsibilities placed upon interim class counsel will ensure the efficient and zealous management of this litigation.  "Generally such Counsel has the responsibility for 'protecting the interests of the class during pre-certification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement.' *Id.* §22.11, at 246." *In Re: Air Cargo Shipping Services Antitrust Litigation*, at \*42.

Since this litigation is at an early stage, a coordinated and cooperative group of class counsel operating under the direction of the proposed Co-Lead Counsel structure is the best mechanism to accomplish these tasks.

**B.    Because of the work already performed and Counsels' experience, knowledge, and resources committed to this litigation, it is in the best interests of the putative class to adopt Counsels' suggested organizational structure.**

Counsel in these three actions request that this Court approve the following interim class counsel structure:

**Co-Lead Counsel:**    John C. Murdock of Murdock, Goldenberg, Schneider & Groh, L.P.A.; Marc Mezibov of Mezibov & Jenkins Co., L.P.A.; Donald A. Cockrill and Douglas J. Rosinski of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.; and Gary Mason of The Mason Law Firm, P.C.

**Members of the Plaintiffs' Committee:**

   (1)  John C. Murdock, Murdock, Goldenberg, Schneider & Groh, L.P.A.;

   (2)  Douglas J. Rosinski, Ogletree, Deakins, Nash, Smoak & Stewart, P.C.

   (3)  Marc Mezibov, Mezibov & Jenkins Co., L.P.A.

   (4)  Mark Smilow, Weiss & Lurie

   (5)  Gary Mason, The Mason Law Firm, P.C.

   (6)  Alex Barnett, The Mason Law Firm, P.C.

   (7)  Christopher Jenkins, Mezibov & Jenkins Co., L.P.A.

   (8)  Jeffrey Goldenberg, Murdock, Goldenberg, Schneider & Groh, L.P.A.

   (9)  Donald A. Cockrill, Ogletree, Deakins, Nash, Smoak & Stewart, P.C.

Counsels' proposed organizational structure recognizes that Co-Lead Counsel shall have day-to-day responsibility for litigating these actions.  Co-Lead Counsel shall determine, after consultation with the Plaintiffs' Committee, how to prosecute this litigation.  Co-Lead Counsel shall initiate, coordinate, allocate, and supervise the efforts of plaintiffs counsel in the consolidated actions in all areas including discovery, research, briefing,

trial, and settlement.  Further, Co-Lead Counsel shall designate responsibilities for specific tasks to members of the Plaintiffs' Committee in a manner that ensures that this litigation is conducted efficiently and economically.  Co-Lead Counsel shall also be responsible for coordinating and maintaining communication among all plaintiffs counsel and shall monitor the activities of all members of the Plaintiffs' Committee to ensure that schedules are met and that unnecessary expenditures of time and money are avoided.

When making an appointment of interim class counsel, courts should consider the following:

1. The work counsel has done in identifying or investigating potential claims in the action,

2. Counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action,

3. Counsel's knowledge of the applicable law, and

4. The resources counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(C).[10]  *See also Bynum v. District of Columbia,* 412 F. Supp.2d 73, 78 (D.D.C. 2006) where the court applied these criteria.  In addition, the Court "may consider any other matter pertinent to Counsel's ability to fairly and adequately represent the interest of the class."  Fed. R. Civ. P. 23(g)(1)(C)(ii).  These additional considerations include "the attorneys' ability to command the respect of their colleagues and work cooperatively with opposing Counsel and the Court."  *In Re: Air Cargo Shipping* at *43. Ultimately, the Courts' goal is achieving efficiency and economy without jeopardizing fairness to the parities.  *Id.*

---

[10] "Although neither the Federal Rules nor the Advisory Committee notes expressly so state, it appears to be generally accepted that the considerations set out in Rule 23(g)(1)(C), which governs appointment of Class Counsel once a class is certified, apply equally to the designation of interim Class Counsel before certification."  *In Re: Air Cargo Shipping* (2006) U.S. Dist. LEXIS 83282 at *42-43.

When reviewing these factors, "a Court should conduct an independent review to ensure that counsel appointed to leading roles are qualified and responsible, that they will fairly and adequately represent all of the parties on their side, and that their charges will be reasonable." *In Re: Delphi ERISA Litigation*, 230 F.R.D. 496, 498 (citing the Manual for Complex Litigation Section 10.22, App. 24-28 (4th Edition 2004)).

### 1.    The work counsel has done in identifying or investigating potential claims in the action.

Counsel involved in these actions have spent substantial time identifying and investigating potential claims related to the disclosure of personal information of approximately 26.5 millions veterans.  To date, Counsel has collectively spent over 1,800 hours prosecuting this litigation.  These efforts included extensive legal research into the Privacy Act claims pursuant to 5 U.S.C. §552a *et seq*. and any applicable Constitutional claims.  In addition, Counsel has spent hundreds of hours investigating the facts and circumstances leading up to the events of May 3, 2006.  Counsel has also conducted extensive third party discovery and is actively collecting relevant information and data related to this litigation.

### 2.    Counsels' experience in handling class actions, other complex litigation, and claims of the type asserted in the action.

Attached hereto as Exhibits I, J, K, L, and M are materials evidencing the qualifications and experience of the proposed Co-Lead Counsel and members of the proposed Plaintiffs' Committee.  Proposed Co-Lead Counsel John C. Murdock and Marc Mezibov and Plaintiffs Committee members Christian Jenkins and Jeffrey Goldenberg are at the forefront of privacy litigation.  They and their respective firms are currently serving as lead counsel in *Estep v. Ohio Secretary of State*, United States District Court, Southern District of Ohio, Western Division, Case No. 1:06cv106, and *Kulpa v. Ohio*

*University*, Ohio Court of Claims, Case No. 2006-04202. Each case relates to the disclosure of personal private information of hundreds of thousands of individuals nationwide (including social security numbers). In *Estep*, these counsel successfully resolved the litigation by negotiating a settlement agreement with the Ohio Secretary of State wherein the Secretary agreed to completely reform its electronic data publication practices and to review and redact as appropriate millions of public records on an expedited basis. Exhibits I and J provide a more detailed summary of the qualifications and experience of these counsel and their respective firms.

Proposed Co-Lead Counsel Douglas J. Rosinski is one of the nation's leading practitioners of veteran's law. He routinely represents veterans and their families in administrative proceedings and in complex litigation and is active in the veterans' service community. Mr. Rosinski also has substantial experience with class actions adverse to the federal government, as he represented putative nationwide classes of veterans seeking damages flowing from government officials wrongfully blocking benefits claims related to the adverse health impacts of atomic, biological and chemical testing on unknowing and unsuspecting military personnel. Proposed Co-Lead Counsel Donald A. Cockrill, a member of the Ogletree Deakins law firm with Mr. Rosinski, has over thirty years of complex litigation experience. Mr. Cockrill has been involved in numerous class actions and has tried over a hundred jury trials cases. Mr. Cockrill has been practicing in federal court for well over 30 years.[11]

Proposed Co-Lead Counsel Gary Mason also has experience in the field of privacy law. Mr. Mason and his firm are involved in the class actions recently filed against Sprint, Verizon, AT&T and BellSouth alleging that these carriers unlawfully

---

[11] Exhibit K.

provided phone records to governmental agencies. Mr. Mason also has extensive experience litigating class actions in the District of Columbia and nationally.[12]

Proposed Plaintiffs' Committee member Mark Smilow practices at the respected New York law firm Weiss & Lurie. Mr. Smilow has prosecuted numerous class actions including shareholder, derivative, and consumer class actions during his career.[13]

### 3. Counsels' knowledge of the applicable law.

Counsel is very knowledgeable about the applicable law at issue in these actions. Collectively, Counsel has been involved in dozens of class actions resulting in the recovery of hundreds of millions of dollars and substantial injunctive relief. Further, Counsel has conducted extensive legal research into the Privacy Act claims and related Constitutional claims. In addition, Counsel has substantial prior experience in privacy class actions involving hundreds of thousands of individuals whose personal private information was compromised. Because of Counsels' prior experience in privacy litigation, they collectively have access to leading experts in the field of computer security, computer forensics, identity theft, identify theft prevention, and identify theft mitigation.

### 4. The resources counsel will commit to representing the class.

Counsel is willing to expend the necessary financial and personnel resources to successfully prosecute these actions. To date, Counsel has spent over 1,800 hours prosecuting these actions and have incurred ten of thousands of dollars in expenses.

---

[12] Exhibit L
[13] Exhibit M

Currently, there are nine members on the Plaintiffs' Committee who have been assigned to work on this litigation. To the extent additional resources become necessary, Counsel are willing to commit additional personnel to this litigation.

## III.    Conclusion

For the forgoing reasons, Plaintiffs respectfully requests that the Court grant Plaintiffs' Motion for Appointment of Interim Putative Class Counsel.


_____/s/Donald A. Cockrill_____
Donald A. Cockrill
Douglas J. Rosinski
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
2400 N St. NW
Washington, DC 20037
(202) 887-0855
(202) 887-0866 (fax)
Counsel in Case No. 1:06-CV-01038(JR)


_____/s/John C. Murdock_____
John C. Murdock
Jeffrey S. Goldenberg
Murdock, Goldenberg, Schneider
   & Groh, LPA
35 East Seventh Street, Suite 600
Cincinnati, Ohio  45202
(513) 345-8291
(513) 345-8294 (fax)
Counsel in Case No. 1:06-CV-01943(JR)


_____/s/Marc D. Mezibov_____
Marc D. Mezibov
Christian A. Jenkins
Mezibov & Jenkins, LLP
401 East Court Street, Suite 600
Cincinnati, Ohio 45202
(513) 723-1600
(513) 723-1620 (fax)
Counsel in Case No. 1:06-CV-01943(JR)


_____/s/Gary E. Mason_____
Gary E. Mason
Alexander E. Barnett
The Mason Law Firm, P.C.
1225 19th Street, N.W., Suite 500
Washington, D.C. 20036
(202) 429-2290
(202) 429-2294 (fax)
Counsel in Case No. 1:06-CV-01943(JR)


_____/s/Mark D. Smilow_____
Mark D. Smilow
Weiss & Lurie
The French Building
551 Fifth Avenue, Suite 1600
New York, New York 10176
Tel: (212) 682-3025
Fax: (212) 682-3010
Counsel in Case No. 1:06-CV-01944(JR)

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| In Re: DEPARTMENT OF VETERANS AFFAIRS (VA) DATA THEFT LITIGATION | : : : : : | |
| This Document Relates To: ALL CASES | : : : : | Misc. Action No. 06-0506 (JR) MDL Docket No. 1796 |

## <u>APPOINTMENT AND DUTIES OF INTERIM PUTATIVE CLASS COUNSEL</u>

Pursuant to Fed. R. Civ. P. 23(g), the Court makes the following appointment of interim class counsel to act on behalf of the putative classes who shall be generally responsible for conducting the prosecution of this litigation as follows:

1.      The organizational structure of plaintiffs' counsel as established by this Order shall bind plaintiffs' counsel in the three consolidated actions as well as any subsequent actions governed by this Order ("consolidated actions").

2.      The Court appoints the following individuals to act on behalf of plaintiffs in the consolidated actions, including any plaintiffs subsequently governed by this Order, with the responsibilities described below:

    a.      As Co-Lead Counsel:

        (1)  The following Counsel in the action filed in the Eastern
        District of Kentucky titled *Hackett et al. v. U.S. Department of
        Veterans Affairs, et al.*:  John C. Murdock of Murdock,
        Goldenberg, Schneider & Groh, L.P.A.; and Marc Mezibov of
        Mezibov & Jenkins Co., L.P.A.. Gary Mason of The Mason Law
        Firm shall also serve as Co-Lead Counsel and will operate in this
        capacity under the control of John C. Murdock.

(2) The following Counsel in the action filed in this District titled *Vietnam Veterans of America, et al. v. R. James Nicholson, et al.*: Douglas J. Rosinski and Don Cockrill of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.

b.      As Members of the Plaintiffs' Committee:

(1)  John C. Murdock, Murdock, Goldenberg, Schneider & Groh, L.P.A.;

(2)  Douglas J. Rosinski, Ogletree, Deakins, Nash, Smoak & Stewart, P.C.

(3)  Marc Mezibov, Mezibov & Jenkins Co., L.P.A.

(4)  Marc Smilow, Weiss & Lurie

(5)  Gary Mason, The Mason Law Firm

(6)  Alex Barnett, The Mason Law Firm

(7)  Christopher Jenkins, Mezibov & Jenkins Co., L.P.A.

(8)  Jeffrey Goldenberg, Murdock, Goldenberg, Schneider & Groh, L.P.A.

(9)  Don Cockrill, Ogletree, Deakins, Nash, Smoak & Stewart, P.C.

3.      Co-Lead Counsel: Co-Lead Counsel shall have day-to-day responsibility for the conduct of these actions while transferred and pending before this Court pursuant 28 U.S.C. §1407, and shall determine, after consultation with the Plaintiffs' Committee, how to prosecute this litigation. Co-Lead Counsel shall initiate, coordinate, allocate, and supervise the efforts of plaintiffs counsel in the consolidated actions in all areas including discovery, research, briefing, trial, and settlement.

4.      Co-Lead Counsel shall designate responsibilities for specific tasks to members of the Plaintiffs' Committee in a manner that ensures that this litigation is conducted efficiently and economically. Co-Lead counsel shall also be responsible for

2

coordinating and maintaining communication among all plaintiffs counsel and shall monitor the activities of all members of the Plaintiffs' Committee to ensure that schedules are met and that unnecessary expenditures of time and money are avoided. Co-Lead Counsel shall also perform any additional functions that may be assigned to them by the Court.

5.    Defendants shall serve all notices, orders, pleadings, motions, discovery requests, and memoranda relating to the consolidated actions on Co-Lead Counsel, which shall constitute service on all plaintiffs' counsel. An agreement reached with Co-Lead Counsel shall be binding on all other plaintiffs' counsel in these consolidated actions.

This Order shall apply to any subsequently transferred "tag-a-long" actions as specified in MDL Rule 7.4.

IT IS SO ORDERED.

DATED: _____

_____
THE HONORABLE JAMES ROBERTSON
UNITED STATES DISTRICT JUDGE

# EXHIBIT B

# UNITED STATES
# DEPARTMENT OF VETERANS AFFAIRS

## INQUIRY ROUTING & INFORMATION SYSTEM (IRIS)

☐ Contact the VA Home   ◢ Frequently Asked Questions (FAQs) ☐ Ask a Question       FAQ Help

**Search by Topics** ❶          **Search by Text for All**        Search
Electronic Data Theft            **Related Answers**              Tips
└ All Sub-topics                                                 [ Search ]
                                         **Search by**
                                         Exact Phrase

| Date Created |
| --- |
| 05/30/2006 04:17 PM |

| Date Updated |
| --- |
| 05/30/2006 04:17 PM |

🖨 Print FAQ
✉ E-mail FAQ

### Frequently Asked Questions about the electronic data in May 2006

Inquiry
What can VA tell me about the data theft?

FAQ

Frequently Asked Questions on the privacy breach 5/22/06

1- I'm a veteran, how can I tell if my information was compromised?
At this point there is no evidence that any missing data has been used illegally. However, the Department of Veterans Affairs is asking all veterans to be extra vigilant and to carefully monitor bank statements, credit card statements and any statements relating to recent financial transactions. If you notice unusual or suspicious activity, you should report it immediately to the financial institution involved and contact the Federal Trade Commission for further guidance.

2- What is the earliest date at which suspicious activity might have occurred due to this data breach?
The information was stolen from an employee of the Department of Veterans Affairs during the month of May, 2006. If the data has been misused or otherwise used to commit fraud or identity theft crimes, it is likely that veterans may notice suspicious activity during the month of May.

3- I haven't noticed any suspicious activity in my financial statements, but what can I do to protect myself and prevent being victimized by credit card fraud or identity theft?
The Department of Veterans Affairs strongly recommends that veterans closely monitor their financial statements and visit the Department of Veterans Affairs special website on this, www.firstgov.gov or call 1-800-FED-INFO (1-800-333-4636).

4- Should I reach out to my financial institutions or will the Department of Veterans Affairs do this for me?
The Department of Veterans Affairs does not believe that it is necessary to contact financial institutions or cancel credit cards and bank accounts, unless you detect suspicious activity.

5- Where should I report suspicious or unusual activity?

The Federal Trade Commission recommends the following four steps if you detect suspicious activity:

Step 1 – Contact the fraud department of one of the three major credit bureaus:

Equifax: 1-800-525-6285; www.equifax.com; P.O. Box 740241, Atlanta, GA 30374-0241.

Experian: 1-888-EXPERIAN (397-3742); www.experian.com; P.O. Box 9532, Allen, Texas 75013.

TransUnion: 1-800-680-7289; www.transunion.com; Fraud Victim Assistance Division, P.O. Box 6790, Fullerton, CA 92834-6790.

Step 2 – Close any accounts that have been tampered with or opened fraudulently.

Step 3 – File a police report with your local police or the police in the community where the identity theft took place.

Step 4 – File a complaint with the Federal Trade Commission by using the FTC's Identity Theft Hotline by telephone: 1-877-438-4338, online at www.consumer.gov/idtheft, or by mail at Identity Theft Clearinghouse, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington DC 20580.

6- I know the Department of Veterans Affairs maintains my health records electronically. Was this information also compromised?

No electronic medical records were compromised. The data lost is primarily limited to an individual's name, date of birth, social security number, in some cases their spouse's information, as well as some disability ratings. However, this information could still be of potential use to identity thieves and we recommend that all veterans be extra vigilant in monitoring for signs of potential identity theft or misuse of this information.

7- What is the Department of Veterans Affairs doing to insure that this does not happen again?

The Department of Veterans Affairs is working with the President's Identity Theft Task Force, the Department of Justice and the Federal Trade Commission to investigate this data breach and to develop safeguards against similar incidents. The Department of Veterans Affairs has directed all VA employees complete the "VA Cyber Security Awareness Training Course" and complete the separate "General Employee Privacy Awareness Course" by June 30, 2006. In addition, the Department of Veterans Affairs will immediately be conducting an inventory and review of all current positions requiring access to sensitive VA data and require all employees requiring access to sensitive VA data to undergo an updated National Agency Check and Inquiries (NACI) and/or a Minimum Background Investigation (MBI) depending on the level of access required by the responsibilities associated with their position. Appropriate law enforcement agencies, including the Federal Bureau of Investigation and the Inspector General of the Department of Veterans Affairs, have launched full-scale investigations into this matter.

8- Where can I get further, up-to-date information?

The Department of Veterans Affairs has set up a special website and a toll-free telephone number for veterans which features up-to-date news and information. Please visit www.firstgov.gov or call 1-800-FED-INFO (333-4636).

Related FAQ's

- Does the electronic data theft affect only veterans discharged after 1975?
- What is VA doing about the privacy breach on May 22?
- Compensation & Pension Benefits

**Back to Search Results**

Español | VA Forms | Facilities Locator | Contact the VA | Frequently Asked Questions (FAQs)
Privacy Policy | Web Policies & Important Links | Annual Performance and Accountability Report
Freedom of Information Act | Small Business Contacts | Site Map
FirstGov | White House | USA Freedom Corps

Reviewed/Updated Date: May 10, 2006

# EXHIBIT C



THE SECRETARY OF VETERANS AFFAIRS
WASHINGTON

Dear Veteran:

The Department of Veterans Affairs (VA) has recently learned that an employee took home electronic data from the VA, which he was not authorized to do and was in violation of established policies. The employee's home was burglarized and this data was stolen. The data contained identifying information including names, social security numbers, and dates of birth for up to 26.5 million veterans and some spouses, as well as some disability ratings. As a result of this incident, information identifiable with you was potentially exposed to others. It is important to note that the affected data did not include any of VA's electronic health records or any financial information.

Appropriate law enforcement agencies, including the FBI and the VA Inspector General's office, have launched full-scale investigations into this matter. Authorities believe it is unlikely the perpetrators targeted the items because of any knowledge of the data contents.

Out of an abundance of caution, however, VA is taking all possible steps to protect and inform our veterans. While you do not need to take any action unless you are aware of suspicious activity regarding your personal information, there are many steps you may take to protect against possible identity theft and we wanted you to be aware of these. Specific information is included in the enclosed question and answer sheet. For additional information, the VA has teamed up with the Federal Trade Commission and has a Web site (www.firstgov.gov) with information on this matter or you may call 1-800-FED-INFO (1-800-333-4636). The call center will operate from 8 a.m. to 9 p.m. (EDT), Monday-Saturday, as long as it is needed.

Beware of any phone calls, e-mails, and other communications from individuals claiming to be from VA or other official sources, asking for your personal information or verification of it. This is often referred to as information solicitation or "phishing." VA, other government agencies, and other legitimate organizations will not contact you to ask for or to confirm your personal information. If you receive such communications, they should be reported to VA at 1-800-FED-INFO (1-800-333-4636).

We apologize for any inconvenience or concern this situation may cause, but we at VA believe it is important for you to be fully informed of any potential risk resulting from this incident. Again, we want to reassure you we have no evidence that your protected data has been misused. We will keep you apprised of any further developments. The men and women of the VA take our obligation to honor and serve America's veterans very seriously and we are committed to ensuring that this never happens again.

In accordance with current policy, the Internal Revenue Service has agreed to forward this letter because we do not have current addresses for all affected individuals. The IRS has not disclosed your address or any other tax information to us.

Sincerely yours,

R. James Nicholson

Enclosure

May 2006

## Answers to Frequently Asked Questions

### 1- I'm a veteran, how can I tell if my information was compromised?

At this point there is no evidence that any missing data has been used illegally. However, the Department of Veterans Affairs is asking all veterans to be extra vigilant and to carefully monitor bank statements, credit card statements and any statements relating to recent financial transactions. If you notice unusual or suspicious activity, you should report it immediately to the financial institution involved and contact the Federal Trade Commission for further guidance.

### 2- What is the earliest date at which suspicious activity might have occurred due to this data breach?

The information was stolen from an employee of the Department of Veterans Affairs during the month of May, 2006. If the data has been misused or otherwise used to commit fraud or identity theft crimes, it is likely that veterans may notice suspicious activity during the month of May.

### 3- I haven't noticed any suspicious activity in my financial statements, but what can I do to protect myself and prevent being victimized by credit card fraud or identity theft?

The Department of Veterans Affairs strongly recommends that veterans closely monitor their financial statements and visit the Department of Veterans Affairs special website on this, www.firstgov.gov or call 1-800-FED-INFO (1-800-333-4636).

### 4- Should I reach out to my financial institutions or will the Department of Veterans Affairs do this for me?

The Department of Veterans Affairs does not believe that it is necessary to contact financial institutions or cancel credit cards and bank accounts, unless you detect suspicious activity.

### 5- Where should I report suspicious or unusual activity?

The Federal Trade Commission recommends the following four steps if you detect suspicious activity:

Step 1 – Contact the fraud department of *one* of the three major credit bureaus:
Equifax: 1-800-525-6285; www.equifax.com; P.O. Box 740241, Atlanta, GA 30374-0241

(Continued on reverse.)

# EXHIBIT D

Statement of the Honorable R. James Nicholson
Secretary of Veterans Affairs
Before the
Senate Committee on Veterans' Affairs
And
Committee on Homeland Security and Governmental Affairs

May 25, 2006

Mr. Chairman and Members of the Committee:

Thank you for the opportunity to appear before you today to explain a devastating situation.

A VA employee, a data analyst, took home electronic data files from VA. He was not authorized to do so.

These data contained identifying information including names and dates of birth for up to 26.5 million veterans and some of their spouses. In addition, that information, plus social security numbers, was available for some 19.6 million of those veterans. Also possibly included were some numerical disability ratings and the diagnostic codes which identify the disabilities being compensated.

It is important to note that the data did not include any of VA's electronic health records. Neither did it contain explicit financial information, although knowing of a disability rating could enable one to compute what that implied in terms of compensation payments.

On May 3, the employee's home was broken into in what appears to local law enforcement to have been a routine breaking and entering, and the VA data were stolen. The employee has been placed on administrative leave pending the outcome of an investigation with which I understand he is cooperating.

I am outraged at the loss of this veterans' data and the fact an employee would put it at risk by taking it home in violation of VA policies. However, the employee promptly reported the theft to the local police and to the Department of Veterans Affairs. But it was not until May 16th that I was notified. I am gravely concerned about the timing of the Department's response once the burglary became known. I will not tolerate inaction and poor judgment when it comes to protecting our veterans.

Appropriate law enforcement agencies, including local police, the FBI and the VA Inspector General's office, have launched full-scale investigations into this matter. Authorities believe it is unlikely the perpetrators targeted the items stolen because of any knowledge of the data contents. It is possible that the thieves remain unaware of the information they possess or of how to make use of it. Because of that, we have attempted to describe the equipment stolen, the location from which it was stolen and other information in very general terms. We do not want to provide information to the thieves that might be informative as to the nature of what they have stolen. We still hope that this was a common theft, and that no use will be made of the VA data.

From the moment I was informed, VA began taking all possible steps to protect and inform our veterans.

In our post-disclosure assessment, we have seen the gaps between what we said and the way we are seen.

VA has begun a top to bottom examination of our business, policies, and procedures to find out how we can prevent something like this from happening again. We will stay focused on the problems until they are fixed. In addition, we will take direct and immediate action to address and alleviate veterans' concerns and to regain their confidence.

I have taken the following actions so far:

- I have directed all VA employees to complete the annual "VA Cyber Security Awareness Training Course" and complete the separate "General Employee Privacy Awareness Course" by June 30, 2006.

- This includes:

  - The Privacy Act;

  - Unauthorized disclosing or using, directly or indirectly, information obtained as a result of employment in VA, which is of a confidential nature or which represents a matter of trust, or other information so obtained of such a character that its disclosure or use would be contrary to the best interests of the VA or veterans being served by it; and,

  - Loss of, damage to, or unauthorized use of Government property, through carelessness or negligence, or through maliciousness or intent.

- I have also directed that all VA employees sign annually an Employee Statement of Commitment and Understanding which will also acknowledge consequences for non compliance.

In addition the Department will immediately begin to conduct an inventory and review of all current positions requiring access to sensitive VA data. The inventory will determine whether positions in fact require such access. We will then require all employees who need access to sensitive VA data to do their jobs to undergo an updated National Agency Check and Inquiries (NACI) and/or a Minimum Background Investigation (MBI) depending on the level of access required and the responsibilities associated with their position.

And I have directed the Office of Information & Technology to publish, as a VA Directive, the revisions to the Security Guidelines for Single-User Remote Access developed by the Office of Cyber and Information Security. I have asked that this be done by June 30, 2006. This document will set the standards for access, use, and information security, including physical security, incident reporting and responsibilities.

VA is working with members of Congress, the news media, veterans' service organizations, and numerous government agencies to help ensure that those veterans and their families are aware of the situation and of the steps they may take to protect themselves from misuse of personal information.

VA is coordinating with other agencies to send individual notifications to those individuals whose social security numbers were stolen, instructing them to be vigilant in order to detect any signs of possible identity theft and telling them how to protect themselves. In the meantime, veterans can also go to www.firstgov.gov for more information in this matter. This is a federal government website capable of handling large amounts of web traffic.

Additionally, working with other government agencies, VA has set up a manned call center that veterans may use to get information about this situation and learn more about consumer-identity protections. That toll free number is 1-800-FED INFO (333-4636). The call center is operating from 8:00 am to 9:00 pm (EDT), Monday-Saturday as long as it is needed. The call center is able to handle up to 20,000 calls per hour (260,000 calls per day). Through the end of the day on Tuesday, concerned veterans had made a total of 105,753 calls to this number.

I want to acknowledge the significant efforts of numerous government agencies in assisting VA to prepare for our announcement on May 22nd.

3

Agencies at all levels of the federal government pitched in to ensure that our veterans had information on actions they could take to protect their credit. Hundreds of people worked around the clock writing materials to inform the veterans and setting up call centers and a website to ensure maximum dissemination of the information. I want to personally thank each of those agencies and those individuals for their selfless efforts on behalf of our veterans.

The three nationwide credit bureaus have established special procedures to handle inquiries and requests for fraud alerts from veterans.

Experian and TransUnion have placed a front-end message on their existing toll-free fraud lines, bypassing the usual phone tree, with instructions for placing a fraud alert. Equifax has set up a new toll-free number for veterans to place fraud alerts. The new Equifax number is 1-877-576-5734. The new procedures became operational on Tuesday. The bureaus report a spike in phone calls (171% of normal) and in requests for free credit reports through the annual free credit report web site (annualcreditreport.com). The Federal Trade Commission also experienced high call volumes about the incident earlier this week.

On Monday, the Office of Comptroller of the Currency notified its examiners of the theft. On Tuesday, OCC posted an advisory on an internal network available to its banks and instructed the examiners to direct their banks to the advisory. It explains what happened and asks the banks to exercise extra diligence in processing veterans' payments. The advisory also reminds the banks of their legal obligations to verify the identities of persons seeking to open new accounts and to safeguard customer information against unauthorized access or use. It also includes a summary of relevant laws and regulations.

I briefed the Attorney General and the Chairman of the Federal Trade Commission, co-chairs of the President's Identity Theft Task Force, shortly after I became aware of this occurrence.

Task Force members have already taken actions to protect the affected veterans, including working with the credit bureaus to help ensure that veterans receive the free credit report they are entitled to under the law. Additionally, the Task Force met on Monday to coordinate the comprehensive Federal response, recommend further ways to protect affected veterans, and increase safeguards to prevent the recurrence of such incidents.

On Monday, following the announcement of this incident, I also issued a memorandum to all VA employees. The purpose was to remind them of the public trust we hold and to set forth the requirement that all employees

4

complete their annual General Privacy Training and VA Cyber Security
Awareness training for the current year by June 30.

As technology has advanced, it has become possible to store vast
quantities of data on devices no larger than one's thumb. All of us carry a
cell phone, a BlackBerry or a Personal Digital Assistant, and each of these
contains vast quantities of data. Someone intent on taking such data and
using it inappropriately would have many opportunities to do that.

I can promise you that we will do everything in our power to make
clear what is appropriate and inappropriate use of data by our employees.
We will train employees in those policies, and we will enforce them. We
have already begun discussions regarding the immediate automatic
encryption of all sensitive information.

We will also work with the President's Task Force on Identity Theft, of
which I am a member, to help structure policies that will be put in place
throughout the government to ensure that situations such as this do not
occur at other agencies.

VA's mission to serve and honor our nation's veterans is one we take
very seriously and the 235,000 VA employees are deeply saddened by any
concern or anxiety this incident may cause to those veterans and their
families. We honor the service our veterans have given their country and we
are working diligently to protect them from any harm as a result of this
incident.

# EXHIBIT E



**U.S. Department of Justice**

Federal Bureau of
Investigation

---

**Press Release**

Baltimore Division, FBI
Contact: SA Michelle
Crnkovich
410-277-6223

June 29, 2006

### STOLEN LAPTOP AND EXTERNAL HARD DRIVE RECOVERED

Baltimore, Maryland – The Veterans Administration OIG, the Federal Bureau of Investigation, and the Montgomery County Police Department announce the recovery of the stolen laptop computer and the external hard drive taken during a burglary on May 3, 2006. The electronic equipment contained sensitive information concerning over 26 million veterans and the recovery of the data has been of paramount concern. The protection of the sensitive data, and well being of those potentially affected, has made this investigation a number one priority for the investigating agencies. A preliminary review of the equipment by computer forensic teams determined that the database remains intact and has not been accessed since it was stolen. A thorough forensic examination is underway, and the results will be shared as soon as possible. The investigation is ongoing.

The Veterans Administration OIG, the Federal Bureau of Investigation, and the Montgomery County Police Department would like to thank the United States Park Police for their invaluable work in this case. Their efforts led to the recovery of the equipment.

#####

Back to Press Releases

# EXHIBIT F

# FEDERAL BUREAU OF INVESTIGATION

SEAR

**Contact Us**
- Your Local FBI Office
- Overseas Offices
- Submit a Crime Tip
- Report Internet Crime
- More Contacts

**Learn About Us**
- Quick Facts
- What We Investigate
- Natl. Security Branch
- Information Technology
- Fingerprints & Training
- Laboratory Services
- Reports & Publications
- History
- More About Us

**Get Our News**
- Press Room
- E-mail Updates
- News Feeds

**Be Crime Smart**
- Wanted by the FBI
- More Protections

**Use Our Resources**
- For Law Enforcement
- For Communities
- For Researchers
- More Services

**Visit Our Kids' Page**

**Apply for a Job**

## Press Release

**For Immediate Release**
**July 13, 2006**

Washington D.C.
**FBI National Press Office**
**(202) 324-3691**

### FBI Forensic Examination of the Stolen VA Laptop

On June 28, 2006, the stolen laptop computer and external hard drive were recovered intact. Based on all of the facts gathered thus far during the investigation, as well as on the results of the FBI and VA OIG computer forensics examinations, the FBI and VA OIG are highly confident that the files on the computer and external hard drive were not compromised.

#####

| Press Releases | FBI Home Page |

# EXHIBIT G

A CERTIFIED TRUE COPY

NOV - 3 2006

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

NOV 2 0 2006

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

RELEASED FOR PUBLICATION

DOCKET NO. 1796

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

NOV - 3 2006

FILED
CLERK'S OFFICE

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE DEPARTMENT OF VETERANS AFFAIRS (VA) DATA THEFT LITIGATION

*Vietnam Veterans of America, Inc., et al. v. R. James Nicholson, et al.*, D. District of Columbia, C.A. No. 1:06-1038
*Paul Hackett, et al. v. United States Department of Veterans Affairs, et al.*, E.D. Kentucky C.A. No. 2:06-114
*Michael Rosato, et al. v. R. James Nicholson, et al.*, E.D. New York, C.A. No. 1:06-3086

## BEFORE WM. TERRELL HODGES, CHAIRMAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN AND ANTHONY J. SCIRICA, JUDGES OF THE PANEL

### TRANSFER ORDER

This litigation currently consists of one action each in the District of District of Columbia, the Eastern District of Kentucky, and the Eastern District of New York. Defendants[1] move the Panel, pursuant to 28 U.S.C. § 1407, for an order centralizing this litigation in the District of District of Columbia. Plaintiffs in the District of District of Columbia action support defendants' motion. Plaintiffs in the Eastern District of Kentucky action and the Eastern District of New York action oppose the motion and, alternatively, support transfer to the Eastern District of Kentucky.

On the basis of the papers filed and hearing session held, the Panel finds that these three actions involve common questions of fact, and that centralization under Section 1407 in the District of District of Columbia will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions are putative nationwide class actions that share allegations concerning a May 3, 2006, theft of a laptop computer and external hard drive from the home of an employee of the VA. The computer, and/or accompanying external hard drive, contained the names, dates of birth, and social security numbers of approximately 26 million veterans and active duty military personnel. Plaintiffs bring, inter alia, claims under the Privacy Act, 5 U.S.C. § 552a, against defendants. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

---

[1] The motion is made on behalf of defendants Department of Veterans Affairs (VA), VA Secretary R. James Nicholson, Deputy Secretary Gordon G. Mansfield, and VA employee John Doe, in their official capacities only.

- 2 -

Plaintiffs argue in opposition to Section 1407 centralization that there are a minimal number of actions involved and that alternatives to centralization, such as transfer under the "first to file" rule, are preferable to Section 1407 centralization. We disagree. Transfer under Section 1407 will offer the benefit of placing all actions in this docket before a single judge who can structure pretrial proceedings to accommodate all parties' legitimate discovery needs while ensuring that the common parties and witnesses are not subjected to discovery demands that duplicate activity that will or has occurred in other actions. Discovery with respect to any case-specific issues can also proceed concurrently with discovery on common issues. *In re Joseph F. Smith Patent Litigation*, 407 F.Supp. 1403, 1404 (J.P.M.L. 1976).

We are persuaded that the District of District of Columbia is a preferable transferee forum for this litigation. The District of District of Columbia is where likely relevant documents and witnesses may be found, inasmuch as many of the defendants are located in this district and the theft occurred in the Washington, D.C., metropolitan area.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions pending outside the District of District of Columbia are transferred to the District of District of Columbia and, with the consent of that court, assigned to the Honorable James Robertson for coordinated or consolidated pretrial proceedings with the action already pending in that district.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

Clerk's Office
United States District Court
for the District of Columbia
Washington, DC 20001
November 14, 2006

NOV 2 0 2006

Clerk, United States District Court
for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201-1818

### IN RE: DEPARTMENT OF VETERANS AFFAIRS (VA)
### DATA THEFT LITIGATION, MDL - 1796

Dear Clerk:

Enclosed is a certified copy of the Transfer Order entered by the Judicial Panel on Multidistrict Litigation. The Order became effective on 11/3/06. We have assigned a new individual civil action number to your case to be transferred to us as liste below.

Please send us your file along with a certified copy of your docket entries. When you send your file, please refer and type on your cover letter our Civil Action.

| **Title of Case** | **Your Number** | **Our Number** |
|---|---|---|
| **Michael Rosato, et al. V. R. James Nicholson, et al.** | C.A. No. 1:06-3086 | C.A. No. 1:06-1944 |

Sincerely,

NANCY MAYER-WHITTINGTON, CLERK

By _____
Katherine S. Snuffer
Trainer/Quality Control Specialist
(202) 354-3183

cc:    MDL Panel, Clerk
       Nancy Mayer-Whittington, Clerk
       Judge James Robertson
       Al Richburg, Courtroom Clerk
       MDL Misc. Case No. 06-506

# EXHIBIT H

LEXSEE 2006 US DIST LEXIS 83283

**IN RE AIR CARGO SHIPPING SERVICES ANTITRUST LITIGATION M.D.L.
No. 1775**

**06-MD-1775 ALL CASES**

**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW
YORK**

*2006 U.S. Dist. LEXIS 83283*

**November 15, 2006, Decided
November 15, 2006, Filed**

**COUNSEL:** [*1] For Air Cargo Shipping Services Antitrust Litigation, In Re: Craig C. Corbitt, Francis O. Scarpulla, Zelle Hofmann Voelbel Mason & Gette, LLP, San Francisco, CA; Eric S. Berman, Howrey LLP, Washington, DC; Gerald J. Rodos, Jeffrey B. Gittleman, Lisa M. Lamb, BARRACK, RODOS & BACINE, Philadelphia, PA.

For One or more Plaintiff(s) in 06-cv-888, ABM International, Inc. v. Ace Aviation Holdings, Inc. et al., Plaintiff: Robert N. Kaplan, LEAD ATTORNEY, Kaplan, Kilsheimer & Fox, LLP, New York, NY; Gary L. Specks, Kaplan Fox & Kilsheimer, LLP, Chicago, IL; Jason A. Zweig, Kaplan Fox & Kilsheimer LLP, New York, NY.

For One or more Plaintiff(s) in 06-cv-984, Spraying Systems CO. v. Ace Aviation Holdings, Inc. et al., Plaintiff: Robert N. Kaplan, LEAD ATTORNEY, Kaplan, Kilsheimer & Fox, LLP, New York, NY; Gary L. Specks, Kaplan Fox & Kilsheimer, LLP, Chicago, IL.

For One or more Plaintiff(s) in 06-cv-706 Fleurchem, Inc. v. British Airways et al, Plaintiff: Barbara J. Hart, LEAD ATTORNEY, Craig L Briskin, Labaton Sucharow & Rudoff LLP, New York, NY; David Jaroslawicz, LEAD ATTORNEY, Jaroslawicz & Jaros, New York, NY.

For One or more Plaintiff(s) in 06-cv-725, Animal Land, Inc. [*2] v. Air Canada et al, Plaintiff: Eric J. Belfi, LEAD ATTORNEY, Labaton Sucharow & Rudoff LLP, New York, NY; Gary B. Friedman, LEAD ATTORNEY, Friedman Law Group LLP, New York, NY; Jeffrey J. Corrigan, LEAD ATTORNEY, Spector, Roseman & Kodroff, P.C., Philadelphia, PA; Mark Reinhardt, LEAD ATTORNEY, Garrett D. Blanchfield, Reinhardt, Wendorf & Blanchfield, St. Paul, MN.

For One or more Plaintiff(s) in 06-cv-776, Adams v. British Airways et al, Plaintiff: Gina Marie Tufaro, LEAD ATTORNEY, Abbey Gardy LLP, New York, NY; Craig L Briskin, Labaton Sucharow & Rudoff LLP, New York, NY.

For One or more Plaintiff(s) in 06-cv-827, Helen's Wooden Crafting Co. v. Air Canada et al, Plaintiff: Tracey L. Kitzman, LEAD ATTORNEY, Friedman Law Group, LLP, New York, NY.

For One or more Plaintiff(s) in 06-cv-830, Rock International Transport, Inc. v. Air Canada et al, Plaintiff: Marc I. Gross, LEAD ATTORNEY, Pomerantz, Levy, Haudek, Black, & Grossman, New York, NY.

For One or more Plaintiff(s) in 06-cv-981, Global Apparels Kenya (EPZ), Ltd. v. British Airways PLC et al, Plaintiff: Gary M. Osen, LEAD ATTORNEY, Osen & Associates, LLC, Oradell, NJ; Craig L Briskin, Labaton Sucharow & Rudoff [*3] LLP, New York, NY; Steven M. Steingard, Kohn, Swift & Graf, PC, Philadelphia, PA.

For One or more Plaintiff(s) in 06-cv-980, Mamlaka Video v. Air Canada et al, Plaintiff: Marvin Srulowitz, LEAD ATTORNEY, New York, NY; Steven A. Asher, LEAD ATTORNEY, Weinstein Kitchenoff & Asher, Philadelphia, PA; Mindee J. Reuben, Weinstein Kitchenoff & Asher LLC, Philadelphia, PA PHILA.

For One or more Plaintiff(s) in 06-cv-982, ACS Associates USA, Inc. v. Ace Aviation Holdings, Inc. et al, Plaintiff: Robert A. Skirnick, LEAD ATTORNEY,

Meredith Cohen Greenfogel & Skirnick, P.C., New York, NY.

For One or more Plaintiff(s) in 06-cv-997, Spitz v. Air France-KLM et al, One or more Plaintiff(s) in 06-cv-1641, Sul-American Export, Inc. v. Air France ADS et al, One or more Plaintiff(s) in 06-cv-1734, Gold Eye Distributors, Inc. v. Air France ADS et al, Plaintiffs: Roger J. Bernstein, LEAD ATTORNEY, Law Offices of Roger Bernstein, Esq., New York, NY; Craig L Briskin, Labaton Sucharow & Rudoff LLP, New York, NY.

For One or more Plaintiff(s) in 06-cv-3184, Printing Technologies, Inc. v. Deutsche Lufthansa AG, Plaintiff: Barbara Louise Lyons, LEAD ATTORNEY, Bruce L. Simon, LEAD ATTORNEY, [*4] Esther L. Klisura, LEAD ATTORNEY, Cotchett Pitre Simon & McCarthy, Burlingame, CA US; Clifford H. Pearson, LEAD ATTORNEY, Gary S. Soter, LEAD ATTORNEY, Pearson Soter Warshaw and Penny, Sherman Oaks, CA US.

For One or more Plaintiff(s) in 06-cv-3185, Niagara Frontier Distribution, Inc. v. Air France ADS, Plaintiff: Michael D. Hausfeld, LEAD ATTORNEY, Cohen, Milstein, Hausfeld & Toll, PLLC, Washington, DC; Andrew Bullion, Cohen, Milstein, Hausfeld & Toll, P.L.L.C., Washington, DC US; Charles Edgar Tompkins, Cohen, Milstein Hausfeld & Toll, Washington, DC; Paul T. Gallagher, Cohen, Milstein, Hausfeld & Toll, P.L.L.C., Washington, D.C., DC.

For One or more Plaintiff(s) in 06-cv-3188, Superior Jewelry Co. v. Air France ADS, One or more Plaintiff(s) in 06-cv-3190, International Sea & Air Shipping Corp. v. Ace Aviation Holdings, Inc., One or more Plaintiff(s) in 06-cv-3191, American Flower Brokers v. Ace Aviation Holdings, Inc., One or more Plaintiff(s) in 06-cv-3193, Bacchus Technologies, LLC v. Ace Aviation Holdings, Inc., One or more Plaintiffs in 06-cv-3988, RBX INDUSTRIES, INC v. AC Cargo et al, One or more Plaintiffs in 06-cv-3989 J.A. Transport INC v. ACE Aviation Holdings [*5] et al, Plaintiffs: Michael D. Hausfeld, LEAD ATTORNEY, Cohen, Milstein, Hausfeld & Toll, PLLC, Washington, DC; Charles Edgar Tompkins, Cohen, Milstein Hausfeld & Toll, Washington, DC.

For One or more Plaintiff(s) in 06-cv-3189, Smith v. Ace Aviation Holdings, Inc., Plaintiff: Michael D. Hausfeld, LEAD ATTORNEY, Cohen, Milstein, Hausfeld & Toll, PLLC, Washington, DC; Michael P. Lehmann, LEAD ATTORNEY, Thomas P. Dove, Furth Lehmann & Grant LLP, San Francisco, CA US; Charles Edgar Tompkins, Cohen, Milstein Hausfeld & Toll, Washington, DC; Jon T. King, Furth Lehmann & Grant LLP, San Francisco,

CA; Robert A. Skirnick, Meredith Cohen Greenfogel & Skirnick, P.C., New York, NY.

For One or more Plaintiff(s) in 06-cv-3192, Topp, Inc. v. Ace Aviation Holdings, Inc., Plaintiff: Michael D. Hausfeld, LEAD ATTORNEY, Cohen, Milstein, Hausfeld & Toll, PLLC, Washington, DC; Charles Edgar Tompkins, Cohen, Milstein Hausfeld & Toll, Washington, DC; Kevin B. Love, Hanzman Criden Love, P.A., Miami, FL.

For One or more Plaintiff(s) in 06-cv-3194, Lionheart Group, Inc. v. Ace Aviation Holdings, Inc., Plaintiff: Howard Mitchell Bushman, LEAD ATTORNEY, Harke & Clasby, Miami, FL US; Lance August [*6] Harke, LEAD ATTORNEY, Harke & Clasby LLP, Miami, FL.

For One or more Plaintiff(s) in 06-cv-3195 Sisimizi, Ltd. v. Air France-KLM, Plaintiff: Anthony F. Fata, LEAD ATTORNEY, Jennifer Winter Sprengel, LEAD ATTORNEY, Miller, Faucher and Cafferty, LLP, Chicago, IL US; Marvin A. Miller, LEAD ATTORNEY, Miller Faucher and Cafferty, LLP, Chicago, IL; Patrick Edward Cafferty, LEAD ATTORNEY, Miller, Faucher and Cafferty, LLP, Ann Arbor, MI US.

For One or more Plaintiff(s) in 06-cv-3196, Blumex USA, Inc. v. Air Canada, Plaintiff: Jayne A. Goldstein, LEAD ATTORNEY, Mager & Goldstein LLP, Weston, FL; Lee Albert, LEAD ATTORNEY, Mager & Goldstein LLP, Philadelphia, PA; Mary Jane Fait, LEAD ATTORNEY, Wolf Haldenstein Adler Freeman & Herz, LLC, Chicago, IL US; Mary Jane Edelstein-Fait, Wolf Haldenstein Adler Freeman & Herz LLC, Chicago, IL.

For One or more Plaintiff(s) in 06-cv-3197, Zucker's Gifts, Inc. v. Scandinavian Airlines Systems, Plaintiff: Alberto Rivas, LEAD ATTORNEY, Allyn Zissel Lite, LEAD ATTORNEY, Lite, DePalma, Greenberg and Rivas, LCC, Newark, NJ US; Austin B. Cohen, Levin, Fishbein, Sedran & Berman, Philadelphia, PA US.

For One or more Plaintiff(s) in 06-cv-1432, [*7] Thule, INC. et al v. Air Canada et al, Plaintiff: J. Douglas Richards, LEAD ATTORNEY, Ryan G. Kriger, LEAD ATTORNEY, Milberg Weiss Bershad & Schulman LLP, New York, NY.

For One or more Plaintiff(s) in 06-cv-1011, JCK Industries, Inc. v. British Airways, PLC et al, Plaintiff: Lisa M. Pollard, LEAD ATTORNEY, Lockridge Grindal Nauen, New York, NY; Heidi M. Silton, R. Reid LeBeau, II, Richard A. Lockridge, W. Joseph Bruckner, Lockridge Grindal Nauen P.L.L.P., Minneapolis, MN.

2006 U.S. Dist. LEXIS 83283, *

For One or more Plaintiff(s) in 06-cv-2501, Rakoff v. British Airways PLC et al, One or more Plaintiff(s) in 06-cv-1941, Fayazi v. British Airways PLC et al, One or more Plaintiff(s) in 06-cv-1503, Rosetti Handbags and Accessories, Ltd. v. Air France ADS et al, One or more Plaintiff(s) in 06-cv-2157, Perlman v. British Airways PLC et al, One or more Plaintiff(s) in 06-cv-2223, Malooly v. British Airways PLC et al, One or more Plaintiff(s) in 06-cv-2427, Eurotrendz v. British Airways PLC et al, Plaintiffs: Barbara J. Hart, LEAD ATTORNEY, Craig L Briskin, Labaton Sucharow & Rudoff LLP, New York, NY.

For One or more Plaintiff(s) in 06-cv-3211, Jain v. Virgin Atlantic Airways, Ltd. et al, Plaintiff: David [*8] E. Kovel, LEAD ATTORNEY, Kirby McInerney Squire LLP, New York, NY.

For One or more Plaintiff(s) in 06-cv-3001, Maria's Collections, Inc. v. Air France-KLM et al, Plaintiff: Christopher Lovell, LEAD ATTORNEY, Lovell Stewart Halebian LLP, New York, NY; Craig L Briskin, Labaton Sucharow & Rudoff LLP, New York, NY.

For One or more Plaintiff(s) in 06-cv-1061, Benchmark Export Services, INC. v. British Airways et al, Plaintiff: Barbara J. Hart, LEAD ATTORNEY, Bernard Persky, LEAD ATTORNEY, Craig L Briskin, LEAD ATTORNEY, Labaton Sucharow & Rudoff LLP, New York, NY.

For One or more Plaintiff(s) in 06-cv-1655, Rapps v. British Airways PLC et al, Plaintiff: G. Martin Meyers, LEAD ATTORNEY, Law Offices of G. Martin Meyers, P.C., Denville, NJ US; Hollis L. Salzman, LEAD ATTORNEY, Craig L Briskin, Labaton Sucharow & Rudoff LLP, New York, NY; Gary M. Meyers, Law Offices of G. Martin Meyers, P.C., Denville, NJ.

For One or more Plaintiff(s) in 06-cv-1710, La Regale Limited v. British Airways PLC et al, Plaintiff: Hollis L. Salzman, LEAD ATTORNEY, Craig L Briskin, Labaton Sucharow & Rudoff LLP, New York, NY.

For One or more Plaintiff(s) in 06-cv-2203, Young v. British Airways [*9] PLC et al, Plaintiff: Barbara J. Hart, LEAD ATTORNEY, Labaton Sucharow & Rudoff LLP, New York, NY.

For One or more Plaintiff(s) in 06-cv-2260, Antell v. British Airways PLC et al, One or more Plaintiff(s) in 06-cv-2203, Young v. British Airways PLC et al, One or more Plaintiff(s) in 06-cv-1106, JSL Carpet Corp. v. Ace Aviation Holdings, Inc. et al, One or more Plaintiff(s) in 06-cv-2740, Hirschbein v. British Airways PLC et al,

Plaintiffs: Craig L Briskin, Labaton Sucharow & Rudoff LLP, New York, NY.

For One or more Plaintiff(s) in 06-3294, Purolite Company v. Ace Aviation Holdings, Inc. et al, Plaintiff: Robert G. Eisler, LEAD ATTORNEY, Leiff, Cabraser, Heimann & Bernstein, LLP, New York, NY.

For One or more Plaintiff(s) in 06-cv-3971, Lozen International LLC v. Deutsche Lufthansa AG et al, Plaintiff: Joshue Piovia-Scott, LEAD ATTORNEY, Randall R. Renick Law Offices, Pasadena, CA US; Randall R Renick, LEAD ATTORNEY, Randall R. Renick Law Offices, p, CA US.

For One or more Plaintiffs in 06-cv-3972, Brian Fridman v. Deutsche Lufthansa AG et al, Plaintiff: Joshue Piovia-Scott, LEAD ATTORNEY, Randall R. Renick Law Offices, Pasadena, CA US; Patrick McNicholas, LEAD ATTORNEY, [*10] McNicholas & McNicholas, Los Angeles, CA US; Randall R Renick, LEAD ATTORNEY, Randall R. Renick Law Offices, p, CA US.

For One or more Plaintiffs in 06-cv-3973, Around the World Apparel, Inc v. Deutsche Lufthansa AG et al, Plaintiff: Joshue Piovia-Scott, LEAD ATTORNEY, Randall R. Renick Law Offices, Pasadena, CA US; Randall R Renick, LEAD ATTORNEY, Randall R. Renick Law Offices, p, CA US; Sarina M Hinson, LEAD ATTORNEY, Garcia Law Firm, Long Beach, CA US; Stephen m Garcia, LEAD ATTORNEY, Garcia Law Firm, Long Beach, CA.

For One or more Plaintiffs in 06-cv-3974, Woodrow Clark v. Deutsche Lufthansa AG et al, Plaintiff: Brian Barry, LEAD ATTORNEY, Jill Levine Betts, LEAD ATTORNEY, Kathleen Langan, LEAD ATTORNEY, Brian Barry Law Offices, Los Angeles, CA US.

For One or more Plaintiffs in 06-cv-3975 Y. Hata & Co., LTD vs. Air France ADS et al, Plaintiff: Curtis Brooks Cutter, LEAD ATTORNEY, Kershaw Cutter & Ratinoff LLP, Sacramento, CA US; Mark J Tamblyn, LEAD ATTORNEY, Wexler Toriseva Wallace, LLP, Sacramento, CA US.

For One or more Plaintiffs in 06-cv-3976, Lynn Culver v. Air Canada et al, One or more Plaintiffs in 06-cv-3977, Jeni Redmond v. Ace Aviation Holdings, [*11] INC v. Ace Aviation Holdings, INC, One or more Plaintiffs in 06-cv-3978, JSNP, INC v. ACE Aviation Holdings, INC., One or more Plaintiffs in 06-cv-3979, FTS International Express INC v. Ace Aviation Holdings, Inc et al, Plaintiffs: Paul T. Gallagher, Cohen, Milstein, Hausfeld & Toll, P.L.L.C.,

Washington, D.C., DC; Charles Edgar Tompkins, Cohen, Milstein Hausfeld & Toll, Washington, DC.

For One or more Plaintiffs in 06-cv-3980, Linkal Coporation v. Ace Aviation Holdings, Inc et al, One or more Plaintiffs in 06-cv-3981, International Orchids Imports v. Ace Aviation Holdings, Inc et al, One or more Plaintiffs in 06-cv-3983, Kathleen Enterprises, INC v. Ace Aviation Holdings, Inc et al, One or more Plaintiffs in 06-cv-3984, Flowers by Fletcher, INC v. Ace Aviation Holdings, Inc et al, One or more Plaintiffs in 06-cv-3985, Harry Okabe Flowers v. Ace Aviation Holdings, Inc et al, Plaintiffs: Paul T. Gallagher, LEAD ATTORNEY, Cohen, Milstein, Hausfeld & Toll, P.L.L.C., Washington, D.C., DC; Charles Edgar Tompkins, Cohen, Milstein Hausfeld & Toll, Washington, DC; Heidi M. Silton, R. Reid LeBeau, II, Richard A. Lockridge, W. Joseph Bruckner, Lockridge Grindal Nauen P.L.L.P., Minneapolis, MN; Lisa M. Pollard, [*12] Lockridge Grindal Nauen, New York, NY.

For One or more Plaintiffs in 06-cv-3986, TGIS Flowers INC v. Ace Aviation Holdings, Inc et al, Plaintiff: Timothy D. Battin, LEAD ATTORNEY, Strauss & Boies, LLP, Fairfax, VA US.

For One or more Plaintiffs in 06-cv-3987, Creative Spirit LLC v. Ace Aviation Holdings, Inc et al, One or more Plaintiffs in 06-cv-3991, Leis By Ron, INC. v. Ace Aviation Holdings, INC et al, Plaintiffs: Michael D. Hausfeld, LEAD ATTORNEY, Cohen, Milstein, Hausfeld & Toll, PLLC, Washington, DC; Charles Edgar Tompkins, Cohen, Milstein Hausfeld & Toll, Washington, DC; Heidi M. Silton, R. Reid LeBeau, II, Richard A. Lockridge, W. Joseph Bruckner, Lockridge Grindal Nauen P.L.L.P., Minneapolis, MN; Lisa M. Pollard, Lockridge Grindal Nauen, New York, NY.

For One or more Plaintiffs in 06-cv-4012, Aleph Wines Corporation v. British Airways et al, Plaintiff: Daniel E. Becnel, Jr., LEAD ATTORNEY, Matthew B. Moreland, LEAD ATTORNEY, Becnel Law Firm, LLC, Reserve, LA US; Joseph Preston Strom, Jr, LEAD ATTORNEY, Strom Law Firm, Columbia, SC US; Mario A Pacella, LEAD ATTORNEY, Columbia, SC US.

For One or more Plaintiffs in 06-cv-3990, Caribe Air Cargo, INC v. Ace [*13] Aviation Holdings, INC et al, Plaintiff: Jonathan Watson Cuneo, LEAD ATTORNEY, Cuneo, Gilbert & LaDuca LLP, Washington, DC; Charles Edgar Tompkins, Cohen, Milstein Hausfeld & Toll, Washington, DC.

For One or more Plaintiffs in 06-cv-3992, Sangean America v. Ace Aviation Holdings, INC et al, Plaintiff:

Michael D. Hausfeld, LEAD ATTORNEY, Cohen, Milstein, Hausfeld & Toll, PLLC, Washington, DC; Michael P. Lehmann, LEAD ATTORNEY, Thomas P. Dove, Furth Lehmann & Grant LLP, San Francisco, CA US; Charles Edgar Tompkins, Cohen, Milstein Hausfeld & Toll, Washington, DC; Robert A. Skirnick, Meredith Cohen Greenfogel & Skirnick, P.C., New York, NY.

For One or more Plaintiffs in 06-cv-4008, Funke Design Biuld, Inc. v. AMR Corporation et al, Plaintiff: David P. Neuman, LEAD ATTORNEY, Foote, Meyers, Mielke & Flowers, LLC, Geneva, IL; Kathleen Chavez, LEAD ATTORNEY, Chavez Law Firm, P.C., Geneva, IL; Robert Foote, LEAD ATTORNEY, Foote, Meyers, Mielke & Flowers, LLC, Geneva, IL US.

For One or more Plaintiffs in 06-cv-4009, R.I.M. Logistics, Ltd. v. Scandinavian Airline Systems et al, Plaintiff: Alberto Rivas, LEAD ATTORNEY, Allyn Zissel Lite, LEAD ATTORNEY, Lite, DePalma, Greenberg [*14] and Rivas, LCC, Newark, NJ US.

For One or more Plaintiffs in 06-cv-4010, CID Marketing & Promotion Inc. v. AMR Corporation et al, Plaintiff: Dawn M. Tancredi, LEAD ATTORNEY, Law Offices of Dawn M. Tancredi, Philadelphia, PA US; Joe R. Whatley, Jr., LEAD ATTORNEY, Whatley Drake, LLC, Birmingham, AL; Richard P. Rouco, LEAD ATTORNEY, Whatley Drake & Kallas, LLC, Birmingham, AL.

For One or more Plaintiffs in 06-cv-3993, Alluvion Inc. v. ACE Aviation Holdings, Inc. et al., One or more Plaintiffs in 06-cv-3996, Kenneth Y. Ibara, etc. v. ACE Aviation Holdings, Inc., et al., One or more Plaintiffs in 06-cv-3997, Floral Network LLC, etc v. ACE Aviation Holdings, Inc., et al., One or more Plaintiffs in 06-cv-3998, Tropic Fish & Vegetable Center, Inc. v. ACE Aviation Holdings, Inc., et al., Plaintiffs: Charles Edgar Tompkins, Cohen, Milstein Hausfeld & Toll, Washington, DC; Heidi M. Silton, R. Reid LeBeau, II, Richard A. Lockridge, W. Joseph Bruckner, Lockridge Grindal Nauen P.L.L.P., Minneapolis, MN; Lisa M. Pollard, Lockridge Grindal Nauen, New York, NY.

For One or more Plaintiffs in 06-cv-3994, Ralph Olarte v. ACE Aviation Holdings, et al., One or more plaintiffs in 06-cv-3995, [*15] Capogiro LLC v. ACE Aviation Holdings, Inc., et al., One or more Plaintiffs in 06-cv-3999, Delinear, Inc. v. Deutsche Lufthansa AG., et al., Plaintiffs: Charles Edgar Tompkins, Cohen, Milstein Hausfeld & Toll, Washington, DC.

For Marc Seligman, Plaintiff: Kenneth Gilman, Gilman and Pastor, LLP, Boston, MA.

For One or more Plaintiffs in 06-cv-04586, Paradiso, Inc. v. Ace Aviation Holdings, Inc. et al, Plaintiff: Sutton Keany, LEAD ATTORNEY, Berger & Webb LLP, New York, NY.

For One or more Plaintiff(s) in 06-cv-4586, Paradiso, Inc. v. Ace Aviation Holdings, Inc. et al, Plaintiff: Craig C. Corbitt, Francis O. Scarpulla, Zelle Hofmann Voelbel Mason & Gette, LLP, San Francisco, CA.

For One or more Plaintiffs in 06-cv-5200, Katie Tice vs. ACE Aviation Holdings et al, Plaintiff: Andrew Bullion, LEAD ATTORNEY, Cohen, Milstein, Hausfeld & Toll, P.L.L.C., Washington, DC US; Daniel Gustafson, LEAD ATTORNEY, Daniel C. Hedlund, LEAD ATTORNEY, Gustafson Gluek PLLC, Minneapolis, MN; Dennis Stewart, LEAD ATTORNEY, Hulett Harper Stewart LLP, San Diego, CA; Donald L. Perelman, LEAD ATTORNEY, Fine, Kaplan and Black, Philadelphia, PA US; Gary B. Friedman, LEAD ATTORNEY, Friedman Law [*16] Group LLP, New York, NY; Joseph Goldberg, LEAD ATTORNEY, Freedman Boyd Daniels Hollander Goldberg & Cline, P.A., Albuquerque, NM; Matthew L. Garcia, LEAD ATTORNEY, Freedman Boyd Daniels Hollander & Goldberg, P.A., Albuquerque, NM US; Michael J. Flannery, LEAD ATTORNEY, The David Danis Law Firm, P.C., St. Louis, MO; Michael D. Hausfeld, LEAD ATTORNEY, Cohen, Milstein, Hausfeld & Toll, PLLC, Washington, DC; Noah Shube, LEAD ATTORNEY, Friedman & Shube, New York, NY; Paul T. Gallagher, LEAD ATTORNEY, Cohen, Milstein, Hausfeld & Toll, P.L.L.C., Washington, D.C., DC; Stephanie L. Dieringer, LEAD ATTORNEY, Hulett Harper Stewart LLP, San Diego, CA US; Hilary N Ratway, Cohen Milstein Hausfeld & Toll, Washington, DC.

For One or more Plaintiffs in 06-cv-5203, Association des Utilisateurs du Transport de Fret v. ACE Aviation Holdings et al, Plaintiff: Andrew Bullion, LEAD ATTORNEY, Cohen, Milstein, Hausfeld & Toll, P.L.L.C., Washington, DC US; Daniel Gustafson, LEAD ATTORNEY, Daniel C. Hedlund, LEAD ATTORNEY, Gustafson Gluek PLLC, Minneapolis, MN; Dennis Stewart, LEAD ATTORNEY, Hulett Harper Stewart LLP, San Diego, CA; Donald L. Perelman, LEAD ATTORNEY, Fine, Kaplan and Black, Philadelphia, [*17] PA US; Gary B. Friedman, LEAD ATTORNEY, Friedman Law Group LLP, New York, NY; Joseph Goldberg, LEAD ATTORNEY, Freedman Boyd Daniels Hollander Goldberg & Cline, P.A., Albuquerque, NM US; Michael L. Garcia, LEAD ATTORNEY, Freedman Boyd Daniels Hollander & Goldberg, P.A., Albuquerque, NM US; Michael J. Flannery, LEAD ATTORNEY, The David Danis Law Firm, P.C., St. Louis, MO; Michael D. Hausfeld, LEAD ATTORNEY, Cohen, Milstein, Hausfeld & Toll,

PLLC, Washington, DC; Noah Shube, LEAD ATTORNEY, Friedman & Shube, New York, NY; Paul T. Gallagher, LEAD ATTORNEY, Cohen, Milstein, Hausfeld & Toll, P.L.L.C., Washington, D.C., DC; Stephanie L. Dieringer, LEAD ATTORNEY, Hulett Harper Stewart LLP, San Diego, CA US.

For One or more Plaintiffs in 06-cv-5202, SGS Logistics Services, INC v. ACE Aviation Holdings et al, Plaintiff: Andrew Bullion, LEAD ATTORNEY, Cohen, Milstein, Hausfeld & Toll, P.L.L.C., Washington, DC US; Daniel Gustafson, LEAD ATTORNEY, Daniel C. Hedlund, LEAD ATTORNEY, Gustafson Gluek PLLC, Minneapolis, MN; Dennis Stewart, LEAD ATTORNEY, Hulett Harper Stewart LLP, San Diego, CA; Donald L. Perelman, LEAD ATTORNEY, Fine, Kaplan and Black, Philadelphia, PA US; Gary B. Friedman, LEAD ATTORNEY, [*18] Friedman Law Group LLP, New York, NY; Joseph Goldberg, LEAD ATTORNEY, Freedman Boyd Daniels Hollander Goldberg & Cline, P.A., Albuquerque, NM; Matthew L. Garcia, LEAD ATTORNEY, Freedman Boyd Daniels Hollander & Goldberg, P.A., Albuquerque, NM US; Michael J. Flannery, LEAD ATTORNEY, The David Danis Law Firm, P.C., St. Louis, MO; Michael D. Hausfeld, LEAD ATTORNEY, Cohen, Milstein, Hausfeld & Toll, PLLC, Washington, DC; Noah Shube, LEAD ATTORNEY, Friedman & Shube, New York, NY; Paul T. Gallagher, LEAD ATTORNEY, Cohen, Milstein, Hausfeld & Toll, P.L.L.C., Washington, D.C., DC; Stephanie L. Dieringer, LEAD ATTORNEY, Hulett Harper Stewart LLP, San Diego, CA US; Charles Edgar Tompkins, Cohen, Milstein Hausfeld & Toll, Washington, DC.

For W.I.T. Entertainment, Inc., Plaintiff: Adam M. Moskowitz, LEAD ATTORNEY, Harley Shepard Tropin, LEAD ATTORNEY, Kozyak Tropin & Throckmorton, Coral Gables, Fl US.

For Produce Solution, Inc., Plaintiff: Anthony D. Shapiro, LEAD ATTORNEY, Rohan, Goldfarb Rafel & Shapiro, P.S., Seattle, WA.

For One or more Defendant(s) in 06-cv-888, ABM International, Inc. v. Ace Aviation Holdings, Inc. et al., Defendant: Gary A. MacDonald, LEAD ATTORNEY, Jeff [*19] J. VanHooreweghe, Skadden, Arps, Slate, Meagher & Flom LLP, Washington, DC U.S.; James Vernon Dick, LEAD ATTORNEY, Squire, Sanders & Dempsey LLP, Washington, DC US; John R. Fornaciari, LEAD ATTORNEY, Sheppard Mullin Richter & Hampton, Washington, DC; John M. Nannes, LEAD ATTORNEY, Skadden, Arps, Slate, Meagher, & Flom LLP, Washington, DC; Robert M. Disch, LEAD ATTORNEY, Sheppard Mullin Richter & Hampton, Washington, DC

US; Charles Simpson, Jolyon Silversmith, Zuckert, Scoutt & Rasenberger, LLP, Washington, DC; Danielle S. Fitzpatrick, DLA Piper Rudnick Gray Cary US LLP, Seattle, WA US; David W. Ogden, Wilmer Cutler Pickering Hale and Dorr, Washington, DC; Helen H. Cho, Robert G. Badal, Heller Ehrman LLP, L:os Angeles, CA US; James Calderwood, Zuckert, Scoutt & Rasenberger, LLP, Washington, DC US; Natalya Katherine Scimeca, Wilmer Hale, Washington, DC; Richard J. Kilsheimer, Kaplan Fox & Kilsheimer LLP, New York, NY.

For One or more Defendant(s) in 06-cv-984, Spraying Systems CO. v. Ace Aviation Holdings, Inc. et al., One or more Defendant(s) in 06-cv-827, Helen's Wooden Crafting Co. v. Air Canada et al, One or more Defendant(s) in 06-cv-1432, Thule, INC. et al v. Air Canada et [*20] al, Defendants: Gary A. MacDonald, LEAD ATTORNEY, Jeff J. VanHooreweghe, Skadden, Arps, Slate, Meagher & Flom LLP, Washington, DC U.S.; James Vernon Dick, LEAD ATTORNEY, Squire, Sanders & Dempsey LLP, Washington, DC US; John R. Fornaciari, LEAD ATTORNEY, Sheppard Mullin Richter & Hampton, Washington, DC; John M. Nannes, LEAD ATTORNEY, Skadden, Arps, Slate, Meagher, & Flom LLP, Washington, DC US; Robert M. Disch, LEAD ATTORNEY, Sheppard Mullin Richter & Hampton, Washington, DC US; Charles Simpson, Jolyon Silversmith, Zuckert, Scoutt & Rasenberger, LLP, Washington, DC; Danielle S. Fitzpatrick, DLA Piper Rudnick Gray Cary US LLP, Seattle, WA US; David W. Ogden, Wilmer Cutler Pickering Hale and Dorr, Washington, DC; Helen H. Cho, Robert G. Badal, Heller Ehrman LLP, L:os Angeles, CA US; James Calderwood, Zuckert, Scoutt & Rasenberger, LLP, Washington, DC US; Natalya Katherine Scimeca, Wilmer Hale, Washington, DC.

For One or more Defendant(s) in 06-cv-706, Fleurchem, Inc. v. British Airways et al, One or more Defendant(s) in 06-cv-776, Adams v. British Airways et al, One or more Defendant(s) in 06-cv-981, Global Apparels Kenya (EPZ), Ltd. v. British Airways PLC et al, One or more Defendant(s) [*21] in 06-cv-1061, Benchmark Export Services, INC. v. British Airways et al, One or more Defendant(s) in 06-cv-1503, Rosetti Handbags and Accessories, Ltd. v. Air France ADS et al, One or more Defendant(s) in 06-cv-3294, Purolite Company v. Ace Aviation Holdings, Inc. et al, Defendants: James Vernon Dick, LEAD ATTORNEY, Squire, Sanders & Dempsey LLP, Washington, DC US; Danielle S. Fitzpatrick, DLA Piper Rudnick Gray Cary US LLP, Seattle, WA US; David W. Ogden, Wilmer Cutler Pickering Hale and Dorr, Washington, DC; Helen H. Cho, Robert G. Badal, Heller Ehrman LLP, L:os Angeles, CA US; Natalya Katherine Scimeca, Wilmer Hale, Washington, DC.

For One or more Defendant(s) in 06-cv-725 Animal Land, Inc. v. Air Canada et al, Defendant: Gary A. MacDonald, LEAD ATTORNEY, Jeff J. VanHooreweghe, Skadden, Arps, Slate, Meagher & Flom LLP, Washington, DC U.S.; James Vernon Dick, LEAD ATTORNEY, Squire, Sanders & Dempsey LLP, Washington, DC US; John R. Fornaciari, LEAD ATTORNEY, Sheppard Mullin Richter & Hampton, Washington, DC; John M. Nannes, LEAD ATTORNEY, Skadden, Arps, Slate, Meagher, & Flom LLP, Washington, DC; Robert M. Disch, LEAD ATTORNEY, Sheppard Mullin Richter & Hampton, Washington, DC [*22] US; Charles Simpson, Jolyon Silversmith, Zuckert, Scoutt & Rasenberger, LLP, Washington, DC; Danielle S. Fitzpatrick, DLA Piper Rudnick Gray Cary US LLP, Seattle, WA US; David W. Ogden, Wilmer Cutler Pickering Hale and Dorr, Washington, DC; Helen H. Cho, Robert G. Badal, Heller Ehrman LLP, L:os Angeles, CA US; James Calderwood, Zuckert, Scoutt & Rasenberger, LLP, Washington, DC US; Natalya Katherine Scimeca, Wilmer Hale, Washington, DC; Patrick J. Bonner, Freehill, Hogan & Mahar, New York, NY.

For One or more Defendant(s) in 06-cv-830, Rock International Transport, Inc. v. Air Canada et al, One or more Defendant(s) in 06-cv-1011, JCK Industries, Inc. v. British Airways, PLC et al, One or more Defendant(s) in 06-cv-1106, JSL Carpet Corp. v. Ace Aviation Holdings, Inc. et al, Defendants: Gary A. MacDonald, LEAD ATTORNEY, Jeff J. VanHooreweghe, Skadden, Arps, Slate, Meagher & Flom LLP, Washington, DC U.S.; James Vernon Dick, LEAD ATTORNEY, Squire, Sanders & Dempsey LLP, Washington, DC US; John M. Nannes, LEAD ATTORNEY, Skadden, Arps, Slate, Meagher, & Flom LLP, Washington, DC; Charles Simpson, Jolyon Silversmith, Zuckert, Scoutt & Rasenberger, LLP, Washington, DC; Danielle S. Fitzpatrick, [*23] DLA Piper Rudnick Gray Cary US LLP, Seattle, WA US; David W. Ogden, Wilmer Cutler Pickering Hale and Dorr, Washington, DC; Helen H. Cho, Robert G. Badal, Heller Ehrman LLP, L:os Angeles, CA US; James Calderwood, Zuckert, Scoutt & Rasenberger, LLP, Washington, DC US; Natalya Katherine Scimeca, Wilmer Hale, Washington, DC.

For One or more Defendant(s) in 06-cv-980, Mamlaka Video v. Air Canada et al, Defendant: Gary A. MacDonald, LEAD ATTORNEY, Jeff J. VanHooreweghe, Skadden, Arps, Slate, Meagher & Flom LLP, Washington, DC U.S.; James Vernon Dick, LEAD ATTORNEY, Squire, Sanders & Dempsey LLP, Washington, DC US; John M. Nannes, LEAD ATTORNEY, Skadden, Arps, Slate, Meagher, & Flom LLP, Washington, DC; Warren Rubin, LEAD ATTORNEY, Law Offices of Bernard M.

Gross, P.C., Philadelphia, PA; Danielle S. Fitzpatrick, DLA Piper Rudnick Gray Cary US LLP, Seattle, WA US; David W. Ogden, Wilmer Cutler Pickering Hale and Dorr, Washington, DC; Helen H. Cho, Robert G. Badal, Heller Ehrman LLP, L:os Angeles, CA US; Jolyon Silversmith, Zuckert, Scoutt & Rasenberger, LLP, Washington, DC; Natalya Katherine Scimeca, Wilmer Hale, Washington, DC.

For One or more Defendant(s) in 06-cv-982, ACS Associates [*24] USA, Inc. v. Ace Aviation Holdings, Inc. et al, One or more Defendant(s) in 06-cv-3185, Niagara Frontier Distribution, Inc. v. Air France ADS, One or more Defendant(s) in 06-cv-3188, Superior Jewelry Co. v. Air France ADS, One or more Defendant(s) in 06-cv-3189, Smith v. Ace Aviation Holdings, Inc., One or more Defendant(s) in 06-cv-3190, International Sea & Air Shipping Corp. v. Ace Aviation Holdings, Inc., One or more Defendant(s) in 06-cv-3191, American Flower Brokers v. Ace Aviation Holdings, Inc., One or more Defendant(s) in 06-cv-3192, Topp, Inc. v. Ace Aviation Holdings, Inc., One or more Defendant(s) in 06-cv-3193, Bacchus Technologies, LLC v. Ace Aviation Holdings, Inc., One or more Defendant(s) in 06-cv-1641, Sul-American Export, Inc. v. Air France ADS et al, One or more Defendant(s) in 06-cv-1734, Gold Eye Distributors, Inc. v. Air France ADS et al, One or more Defendant(s) in 06-cv-2501, Rakoff v. British Airways PLC et al, One or more Defendant(s) in 06-cv-1941, Fayazi v. British Airways PLC et al, One or more Defendant(s) in 06-cv-2157, Perlman v. British Airways PLC et al, One or more Defendant(s) in 06-cv-2203, Young v. British Airways PLC et al, One or more Defendant(s) [*25] in 06-cv-2223, Malooly v. British Airways PLC et al, One or more Defendant(s) in 06-cv-2427, Eurotrendz v. British Airways PLC et al, One or more Defendant(s) in 06-cv-2260, Antell v. British Airways PLC et al, One or more Defendant(s) in 06-cv-2740, Hirschbein v. British Airways PLC et al, Defendants: James Vernon Dick, LEAD ATTORNEY, Squire, Sanders & Dempsey Law LLP, Washington, DC US; Danielle S. Fitzpatrick, DLA Piper Rudnick Gray Cary US LLP, Seattle, WA US; David W. Ogden, Wilmer Cutler Pickering Hale and Dorr, Washington, DC; Eric S. Berman, Howrey LLP, Washington, DC; Helen H. Cho, Robert G. Badal, Heller Ehrman LLP, L:os Angeles, CA US; Natalya Katherine Scimeca, Wilmer Hale, Washington, DC.

For One or more Defendant(s) in 06-cv-997, Spitz v. Air France-KLM et al, Defendant: Gary A. MacDonald, LEAD ATTORNEY, Jeff J. VanHooreweghe, Skadden, Arps, Slate, Meagher & Flom LLP, Washington, DC U.S.; James Vernon Dick, LEAD ATTORNEY, Squire, Sanders & Dempsey LLP, Washington, DC US; John M. Nannes, LEAD ATTORNEY, Skadden, Arps, Slate,

Meagher, & Flom LLP, Washington, DC; Danielle S. Fitzpatrick, DLA Piper Rudnick Gray Cary US LLP, Seattle, WA US; David W. Ogden, Wilmer Cutler Pickering [*26] Hale and Dorr, Washington, DC; Helen H. Cho, Robert G. Badal, Heller Ehrman LLP, L:os Angeles, CA US; Natalya Katherine Scimeca, Wilmer Hale, Washington, DC.

For One or more Defendant(s) in 06-cv-3184, Printing Technologies, Inc. v. Deutsche Lufthansa AG, Defendant: Cristen E. Sikes, LEAD ATTORNEY, DLA Piper US LLP, Washington, DC US; James Calderwood, LEAD ATTORNEY, Zuckert, Scoutt & Rasenberger, LLP, Washington, DC US; James Vernon Dick, LEAD ATTORNEY, Squire, Sanders & Dempsey LLP, Washington, DC US; Stacie D. Yee, LEAD ATTORNEY, Squire Sanders & Dempsey, Los Angeles, CA US; Charles Simpson, Jolyon Silversmith, Zuckert, Scoutt & Rasenberger, LLP, Washington, DC; Danielle S. Fitzpatrick, DLA Piper Rudnick Gray Cary US LLP, Seattle, WA US; David W. Ogden, Wilmer Cutler Pickering Hale and Dorr, Washington, DC; Helen H. Cho, Robert G. Badal, Heller Ehrman LLP, L:os Angeles, CA US; Natalya Katherine Scimeca, Wilmer Hale, Washington, DC.

For One or more Defendant(s) in 06-cv-3194, Lionheart Group, Inc. v. Ace Aviation Holdings, Inc., Defendant: Abbott B. Lipsky, LEAD ATTORNEY, Latham & Watkins LLP, Washington, DC US; Alan M. Wiseman, LEAD ATTORNEY, Howrey LLP, Washington, DC; [*27] Andrew Mark Kofsky, LEAD ATTORNEY, Mayer Brown Rowe & Maw LLP, Washington, DC US; Benedict Paul Kuehne, LEAD ATTORNEY, Sal & Kuehne, Miami, Fl US; Charles E. Koob, LEAD ATTORNEY, David Earle Vann, Jr, LEAD ATTORNEY, Jonathan K. Youngwood, LEAD ATTORNEY, Simpson, Thacher & Bartlett, New York, NY; Chriss S. Coutroulis, LEAD ATTORNEY, Carlton Fields, Tampa, Fl US; Christian Reginald Bartholomew, LEAD ATTORNEY, Morgan Lewis & Bockius, Miami, Fl US; Christopher Stephen Carver, LEAD ATTORNEY, Lawrence Dean Silverman, LEAD ATTORNEY, Pamela G. Levinson, LEAD ATTORNEY, Akerman Senterfitt, Miami, Fl US; Daniel Dov Edelman, LEAD ATTORNEY, Heller, Ehrman LLP, New York, NY; Daryl Andrew Libow, LEAD ATTORNEY, Sullivan & Crimwell, Washington, DC; Eric Mahr, LEAD ATTORNEY, David W. Ogden, Wilmer Cutler Pickering Hale and Dorr, Washington, DC; Eric J. Stock, LEAD ATTORNEY, George F. Hritz, LEAD ATTORNEY, Hogan & Hartson LLP, New York, NY; Francis Byrne Geary, Jr., LEAD ATTORNEY, Fowler White Boggs Banker, West Palm Beach, US; George D. Ruttinger, LEAD ATTORNEY, Crowell & Moring LLP, Washington, DC; Harvey

Wolkoff, LEAD ATTORNEY, Matthew P. Garvey, LEAD ATTORNEY, Ropes & Gray LLP, Boston, MA; Hillarie [*28] Bass, LEAD ATTORNEY, Mark Allen Salky, LEAD ATTORNEY, Greenberg Trauig, Miami, Fl US; James Vernon Dick, LEAD ATTORNEY, Squire, Sanders & Dempsey LLP, Washington, DC US; Jeffrey Blumenfeld, LEAD ATTORNEY, Crowell and Moring, Washington, DC US; Jeffrey C. Shipley, LEAD ATTORNEY, Whitney & Bogris, LLP, Towson, MD; John R. Fornaciari, LEAD ATTORNEY, Sheppard Mullin Richter & Hampton, Washington, DC; John M. Nannes, LEAD ATTORNEY, Skadden, Arps, Slate, Meagher, & Flom LLP, Washington, DC; John Charlton Shipley, Jr., LEAD ATTORNEY, Hogan & Hartson, Miami, Fl US; Joseph Brooks, LEAD ATTORNEY, Morgan Lewis, Washington, DC US; Kenneth P. Ewing, LEAD ATTORNEY, William Karas, LEAD ATTORNEY, Steptoe & Johnson LLP, Washington, DC US; Margaret M. Zwisler, LEAD ATTORNEY, Latham & Watkins LLP, Washington, DC; Meredith Reade Miller, LEAD ATTORNEY, Temple University, Philadelphia, PA; Michael Rasnick, LEAD ATTORNEY, Shearman & Sterling, New York, NY US; Peter Edward Halle, LEAD ATTORNEY, Morgan Lewis & Bockius, Washington, DC US; Rachel Z. Stutz, LEAD ATTORNEY, Wilmer Cutler Pickering Hale and Dorr LLP, Washington, DC; Stephen Fishbein, LEAD ATTORNEY, Shearman & Sterling LLP, New York, NY US; Thomas [*29] Roy Spencer, LEAD ATTORNEY, Thomas R. Spencer PA, Coral Gables, Fl US; Thomas Kevin Spencer, LEAD ATTORNEY, Steptoe & Johnson, Washington, DC US; Willard K. Tom, LEAD ATTORNEY, Morgan Lewis & Bockius, Washington, DC US; William King Hill, LEAD ATTORNEY, Bilzin Sumberg Baena Price & Axelrod, Miami, Fl US; Danielle S. Fitzpatrick, DLA Piper Rudnick Gray Cary US LLP, Seattle, WA US; Eric S. Berman, Howrey LLP, Washington, DC; Helen H. Cho, Robert G. Badal, Natalya Katherine Scimeca, Wilmer Hale, Washington, DC.

For One or more Defendant(s) in 06-cv-3195, Sisimizi, Ltd. v. Air France-KLM, Defendant: Clark Steven Tomashefsky, LEAD ATTORNEY, Jenner & Block, LLC, Chicago, IL US; Francis Anthony Citera, LEAD ATTORNEY, Greenberg Traurig, LLP, Chicago, IL US; James Vernon Dick, LEAD ATTORNEY, Squire, Sanders & Dempsey LLP, Washington, DC US; Matthew B. Mock, LEAD ATTORNEY, Schiff Hardin LLP, Chicago, IL US; Steven F. Molo, LEAD ATTORNEY, Shearman & Sterling, LLP, New York, NY; Timothy Bunker Hardwicke, LEAD ATTORNEY, Latham & Watkins, LLP, Chicago, IL US; Danielle S. Fitzpatrick, DLA Piper Rudnick Gray Cary US LLP, Seattle, WA US; David W. Ogden, Wilmer Cutler Pickering Hale and Dorr, Washington, [*30] DC; Helen H. Cho, Robert G.

Badal, Heller Ehrman LLP, L:os Angeles, CA US; Natalya Katherine Scimeca, Wilmer Hale, Washington, DC.

For One or more Defendant(s) in 06-cv-3196, Blumex USA, Inc. v. Air Canada, Defendant: Andrew Stanley Marovitz, LEAD ATTORNEY, Mayer, Brown, Rowe & Maw, LLP, Chicago, IL US; Clark Steven Tomashefsky, LEAD ATTORNEY, Jenner & Block, LLC, Chicago, IL US; Francis Anthony Citera, LEAD ATTORNEY, Greenberg Traurig, LLP, Chicago, IL US; James Vernon Dick, LEAD ATTORNEY, Squire, Sanders & Dempsey LLP, Washington, DC US; Steve W. Berman, LEAD ATTORNEY, Hagens & Berman, Seattle, WA; Charles Simpson, Jolyon Silversmith, Zuckert, Scoutt & Rasenberger, LLP, Washington, DC; Danielle S. Fitzpatrick, DLA Piper Rudnick Gray Cary US LLP, Seattle, WA US; David W. Ogden, Wilmer Cutler Pickering Hale and Dorr, Washington, DC; Helen H. Cho, Robert G. Badal, Heller Ehrman LLP, L:os Angeles, CA US; James Calderwood, Zuckert, Scoutt & Rasenberger, LLP, Washington, DC US; Natalya Katherine Scimeca, Wilmer Hale, Washington, DC.

For One or more Defendant(s) in 06-cv-3197, Zucker's Gifts, Inc. v. Scandinavian Airlines Systems, Defendant: Danielle S. Fitzpatrick, DLA Piper [*31] Rudnick Gray Cary US LLP, Seattle, WA US; David W. Ogden, Wilmer Cutler Pickering Hale and Dorr, Washington, DC; Helen H. Cho, Robert G. Badal, Heller Ehrman LLP, L:os Angeles, CA US; Natalya Katherine Scimeca, Wilmer Hale, Washington, DC.

For One or more Defendant(s) in 06-cv-3211, Jain v. Virgin Atlantic Airways, Ltd. et al, Defendant: James Vernon Dick, LEAD ATTORNEY, Squire, Sanders & Dempsey LLP, Washington, DC US; Danielle S. Fitzpatrick, DLA Piper Rudnick Gray Cary US LLP, Seattle, WA US; David W. Ogden, Wilmer Cutler Pickering Hale and Dorr, Washington, DC; Helen H. Cho, Robert G. Badal, Heller Ehrman LLP, L:os Angeles, CA US.

For One or more Defendant(s) in 06-cv-3001, Maria's Collections, Inc. v. Air France-KLM et al, One or more Defendant(s) in 06-cv-3207, Paul Murphy v. Air France-KLM, et. al., Defendants: James Vernon Dick, LEAD ATTORNEY, Squire, Sanders & Dempsey LLP, Washington, DC US; John R. Fornaciari, LEAD ATTORNEY, Sheppard Mullin Richter & Hampton, Washington, DC; Robert M. Disch, LEAD ATTORNEY, Sheppard Mullin Richter & Hampton, Washington, DC US; Danielle S. Fitzpatrick, DLA Piper Rudnick Gray Cary US LLP, Seattle, WA US; David W. Ogden, Wilmer Cutler [*32] Pickering Hale and Dorr, Washington, DC; Helen H. Cho, Robert G. Badal, Heller Ehrman LLP, L:os Ange-

les, CA US; Natalya Katherine Scimeca, Wilmer Hale, Washington, DC.

For One or more Defendant(s) in 06-cv1655, Rapps v. British Airways PLC et al, Defendant: James Vernon Dick, LEAD ATTORNEY, Squire, Sanders & Dempsey LLP, Washington, DC US; Richard A. Rothman, LEAD ATTORNEY, Weil, Gotshal & Manges LLP, New York, NY; Danielle S. Fitzpatrick, DLA Piper Rudnick Gray Cary US LLP, Seattle, WA US; David W. Ogden, Wilmer Cutler Pickering Hale and Dorr, Washington, DC; Eric S. Berman, Howrey LLP, Washington, DC; Helen H. Cho, Robert G. Badal, Heller Ehrman LLP, L:os Angeles, CA US; Natalya Katherine Scimeca, Wilmer Hale, Washington, DC.

For One or more Defendant(s) in 06-cv-1710, La Regale Limited v. British Airways PLC et al, Defendant: James Vernon Dick, LEAD ATTORNEY, Squire, Sanders & Dempsey LLP, Washington, DC US; Rachel Z. Stutz, LEAD ATTORNEY, Wilmer Cutler Pickering Hale and Dorr LLP, Washington, DC; Stephen Weissman, LEAD ATTORNEY, Howrey Simon Aronld & White, LLP, Washington, DC; William Karas, LEAD ATTORNEY, Steptoe & Johnson LLP, Washington, DC US; Danielle S. Fitzpatrick, [*33] DLA Piper Rudnick Gray Cary US LLP, Seattle, WA US; David W. Ogden, Wilmer Cutler Pickering Hale and Dorr, Washington, DC; Eric S. Berman, Howrey LLP, Washington, DC; Helen H. Cho, Robert G. Badal, Heller Ehrman LLP, L:os Angeles, CA US; Natalya Katherine Scimeca, Wilmer Hale, Washington, DC.

For One or more Defendants in 06-cv-3971, Lozen International LLC v. Deutsche Lufthansa AG et al, One or more Defendants in 06-cv-3972, Brian Fridman v. Deutsche Lufthansa AG et al, One or more Defendants in 06-cv-3973, Around the World Apparel, Inc v. Deutsche Lufthansa AG et al, One or more Defendants in 06-cv-3974, Woodrow Clark v. Deutsche Lufthansa AG et al, Defendants: James Vernon Dick, LEAD ATTORNEY, Squire, Sanders & Dempsey LLP, Washington, DC US; Charles Simpson, Jolyon Silversmith, Zuckert, Scoutt & Rasenberger, LLP, Washington, DC; Danielle S. Fitzpatrick, DLA Piper Rudnick Gray Cary US LLP, Seattle, WA US; David W. Ogden, Wilmer Cutler Pickering Hale and Dorr, Washington, DC; Helen H. Cho, Robert G. Badal, Heller Ehrman LLP, L:os Angeles, CA US; James Calderwood, Zuckert, Scoutt & Rasenberger, LLP, Washington, DC US.

For One or more Defendants in 06-cv-3975 Y. Hata & Co. [*34] , LTD v. Air France ADS et al, Defendant: James Vernon Dick, LEAD ATTORNEY, Squire, Sanders & Dempsey LLP, Washington, DC US; Jay E. Smith,

LEAD ATTORNEY, Steptoe & Johnson LLP, Los Angeles, CA US; Joshua N. Holian, LEAD ATTORNEY, Latham & Watkins, San Francisco, CA US; Robert G. Badal, Helen H. Cho, Heller Ehrman LLP, L:os Angeles, CA US; Danielle S. Fitzpatrick, DLA Piper Rudnick Gray Cary US LLP, Seattle, WA US; David W. Ogden, Wilmer Cutler Pickering Hale and Dorr, Washington, DC.

For One or more Defendants in 06-cv-3976, Lynn Culver v. Air Canada et al, One or more Defendants in 06-cv-3979, FTS International Express INC v. Ace Aviation Holdings, Inc et al, Defendants: Gary A. MacDonald, LEAD ATTORNEY, Jeff J. VanHooreweghe, Skadden, Arps, Slate, Meagher & Flom LLP, Washington, DC U.S.; James Vernon Dick, LEAD ATTORNEY, Squire, Sanders & Dempsey LLP, Washington, DC US; John M. Nannes, LEAD ATTORNEY, Skadden, Arps, Slate, Meagher, & Flom LLP, Washington, DC; Charles Simpson, Jolyon Silversmith, Zuckert, Scoutt & Rasenberger, LLP, Washington, DC; Danielle S. Fitzpatrick, DLA Piper Rudnick Gray Cary US LLP, Seattle, WA US; Helen H. Cho, Robert G. Badal, Heller Ehrman LLP, L:os [*35] Angeles, CA US; James Calderwood, Zuckert, Scoutt & Rasenberger, LLP, Washington, DC US.

For One or more Defendants in 06-cv-3977, Jeni Redmond v. Ace Aviation Holdings, INC et al, One or more Defendants in 06-cv-3978, JSNP, INC v. ACE Aviation Holdings, INC, One or more Defendants in 06-cv-3980, Linkal Coporation v. Ace Aviation Holdings, Inc et al, One or more Defendants in 06-cv-3981, International Orchids Imports v. Ace Aviation Holdings, Inc et al, One or more Defendants in 06-cv-3983, Kathleen Enterprises, INC v. Ace Aviation Holdings, Inc, One or more Defendants in 06-cv-3984, Flowers by Fletcher, INC v. Ace Aviation Holdings, Inc et al, One or more Defendants in 06-cv-3985, Harry Okabe Flowers v. Ace Aviation Holdings, Inc et al, One or more Defendants in 06-cv-3986, TGIS Flowers INC v. Ace Aviation Holdings, Inc et al, One or more Defendants in 06-cv-3987, Creative Spirit LLC v. Ace Aviation Holdings, Inc et al, One or more Defendants in 06-cv-3988, RBX INDUSTRIES, INC v. AC Cargo et al, One or more Defendants in 06-cv-3989 J.A. Transport INC v. ACE Aviation Holdings et al, One or more Defendants in 06-cv-3991, Leis By Ron, INC. v. Ace Aviation Holdings, INC et al, One [*36] or more Defendants in 06-cv-3992, Sangean America v. Ace Aviation Holdings, INC et al, One or more Defendants in 06-cv-4009, R.I.M. Logistics, Ltd. v. Scandinavian Airline Systems et al, One or more Defendants in 06-cv-3994, Ralph Olarte v. ACE Aviation Holdings, Inc., et al, One or more Defendants in Capogiro LLC v. ACE Aviation Holdings, Inc., et al., One or more Defendants in 06-cv-3996, Kenneth Y. Ibara, etc. v. ACE Aviation

Holdings, Inc., et al., One or more Defendants in 06-cv-3997, Floral Network LLC, etc. v. ACE Aviation Holdings, Inc., et al., One or more Defendants in 06-cv-3998, Tropic Fish & Vegetable Center, Inc. v. ACE Aviation Holdings, Inc., et al., One or more Defendants in 06-cv-3999, Delinear, Inc. v. Deutsche Lufthansa AG, et al., Defendants: James Vernon Dick, LEAD ATTORNEY, Squire, Sanders & Dempsey LLP, Washington, DC US; Danielle S. Fitzpatrick, DLA Piper Rudnick Gray Cary US LLP, Seattle, WA US; Helen H. Cho, Robert G. Badal, Heller Ehrman LLP, L:os Angeles, CA US.

For One or more Defendants in 06-cv-4012, Aleph Wines Corporation v. British Airways et al, Defendant: James Vernon Dick, LEAD ATTORNEY, Squire, Sanders & Dempsey LLP, Washington, DC US; John [*37] C Moylan, III, LEAD ATTORNEY, Matthew T Richardson, LEAD ATTORNEY, Wyches Burgess Freeman and Parham, Columbia, SC US; Danielle S. Fitzpatrick, DLA Piper Rudnick Gray Cary US LLP, Seattle, WA US; Helen H. Cho, Robert G. Badal, Heller Ehrman LLP, L:os Angeles, CA US.

For One or more Defendants in 06-cv-3990, Caribe Air Cargo, INC v. Ace Aviation Holdings, INC et al, Defendant: Daniel Dov Edelman, LEAD ATTORNEY, Heller, Ehrman LLP, New York, NY; James Vernon Dick, LEAD ATTORNEY, Squire, Sanders & Dempsey LLP, Washington, DC US; Matthew P. Garvey, LEAD ATTORNEY, Ropes & Gray LLP, Boston, MA; Danielle S. Fitzpatrick, DLA Piper Rudnick Gray Cary US LLP, Seattle, WA US; Helen H. Cho, Robert G. Badal, Heller Ehrman LLP, L:os Angeles, CA US.

For One or more Defendants in 06-cv-4008, Funke Design Biuld, Inc. v. AMR Corporation et al, Defendant: Andrew Stanley Marovitz, LEAD ATTORNEY, Mayer, Brown, Rowe & Maw, LLP, Chicago, IL US; Francis Anthony Citera, LEAD ATTORNEY, Greenberg Traurig, LLP, Chicago, IL US; James Vernon Dick, LEAD ATTORNEY, Squire, Sanders & Dempsey LLP, Washington, DC US; Danielle S. Fitzpatrick, DLA Piper Rudnick Gray Cary US LLP, Seattle, WA US; Helen H. Cho, Robert [*38] G. Badal, Heller Ehrman LLP, L:os Angeles, CA US.

For One or more Defendants in 06-cv-4010, CID Marketing & Promotion Inc. v. AMR Corporation et al, Defendant: Daniel Dov Edelman, LEAD ATTORNEY, Heller, Ehrman LLP, New York, NY; Daryl Andrew Libow, LEAD ATTORNEY, Sullivan & Crimwell, Washington, DC; Edward B. Schwartz, LEAD ATTORNEY, DLA Piper Rudnick Gray Cary LLP, Washington, DC; James Vernon Dick, LEAD ATTORNEY, Squire, Sanders & Dempsey LLP, Washington, DC US; James

R. Warnot, LEAD ATTORNEY, Linklaters, New York, NY; John D. Lovi, LEAD ATTORNEY, Steptoe & Johnson, LLP, Washington, DC US; Mark P. Edwards, LEAD ATTORNEY, Morgan Lewis & Bockius, Philadelphia, PA US; Michael Lyle, LEAD ATTORNEY, Weil Gotshal & Manges LLP, Washington, DC US; Michael L. Martinez, LEAD ATTORNEY, Crowell & Moring LLP, Washington, DC; Richard J. Favretto, LEAD ATTORNEY, Mayer, Brown, Rowe and Maw LLP, Washington, DC; Danielle S. Fitzpatrick, DLA Piper Rudnick Gray Cary US LLP, Seattle, WA US; Helen H. Cho, Robert G. Badal, Heller Ehrman LLP, L:os Angeles, CA US.

For One or more Defendants in 06-cv-3993, Alluvion Inc. v. ACE Aviation Holdings., et al., Defendant: James Vernon Dick, LEAD ATTORNEY, [*39] Squire, Sanders & Dempsey LLP, Washington, DC US; Natalya Katherine Scimeca, Wilmer Hale, Washington, DC; Rachel Z. Stutz, LEAD ATTORNEY, Wilmer Cutler Pickering Hale and Dorr LLP, Washington, DC; Danielle S. Fitzpatrick, DLA Piper Rudnick Gray Cary US LLP, Seattle, WA US; Helen H. Cho, Robert G. Badal, Heller Ehrman LLP, L:os Angeles, CA US.

For Deutsche Lufthansa AG, Lufthansa Cargo AG, Defendants: Eric Mahr, Wilmer Cutler Pickering Hale and Dorr, Washington, DC; Natalya Katherine Scimeca, Wilmer Hale, Washington, DC; Robert Bell, Wilmer Cutler Pickering Hale and Dorr LLP, Washington, DC.

For Swiss International Air Lines Ltd., Defendant: Andrew H. Marks, LEAD ATTORNEY, Crowell and Moring, Washington, DC US; Eric Mahr, Wilmer Cutler Pickering Hale and Dorr, Washington, DC; Natalya Katherine Scimeca, Wilmer Hale, Washington, DC; Robert Bell, Wilmer Cutler Pickering Hale and Dorr LLP, Washington, DC.

For British Airways Plc, Defendant: Daryl Andrew Libow, LEAD ATTORNEY, Sullivan & Crimwell, Washington, DC; Maia Simone Fisher, Sullivan & Cromwell LLP, Washington, DC US.

For American Airlines, Inc., Defendant: Debra J. Pearlstein, LEAD ATTORNEY, Richard A. Rothman, [*40] LEAD ATTORNEY, Ryan Paul Poscablo, LEAD ATTORNEY, Steven Alan Reiss, LEAD ATTORNEY, Weil, Gotshal & Manges, LLP, New York, NY; Edward Soto, LEAD ATTORNEY, Weil Gotshal & Manges, Miami, Fl US.

For AMR Corporation, Defendant: Debra J. Pearlstein, LEAD ATTORNEY, Richard A. Rothman, LEAD ATTORNEY, Ryan Paul Poscablo, LEAD ATTORNEY,

Steven Alan Reiss, LEAD ATTORNEY, Weil, Gotshal & Manges, LLP, New York, NY.

For Singapore Airlines Cargo PTE Ltd., Singapore Airlines, Ltd., Defendants: Margaret M. Zwisler, LEAD ATTORNEY, Charles R. Price, Latham & Watkins LLP, Washington, DC.

For Japan Airlines International Co., Ltd., Defendant: Kenneth P. Ewing, Steptoe & Johnson LLP, Washington, DC US.

For SAS AB dba SAS Cargo Group, SAS AB, SAS Cargo Group A/S, Defendants: George D. Ruttinger, LEAD ATTORNEY, Crowell & Moring LLP, Washington, DC.

For Scandinavian Airlines System, Defendant: Andrew H. Marks, LEAD ATTORNEY, Crowell and Moring, Washington, DC US; George D. Ruttinger, LEAD ATTORNEY, Crowell & Moring LLP, Washington, DC.

For Virgin Atlantic Airways, Ltd., Defendant: Jonathan K. Youngwood, Simpson, Thacher & Bartlett, New York, NY.

For Air France-KLM Group, [*41] Defendant: James R. Warnot, Linklaters, New York, NY.

For AC Cargo LP, Ace Aviation Holdings, Inc., Air Canada, Defendants: George F. Hritz, LEAD ATTORNEY, Hogan & Hartson LLP, New York, NY.

For Cargolux Airlines International SA, Defendant: Stephen Fishbein, Shearman & Sterling LLP, New York, NY US.

For Korean Airlines Company Ltd., Defendant: Melissa Furrer Miller, LEAD ATTORNEY, Morgan Lewis & Bockius LLP, Washington, DC UNITE.

**JUDGES:** Viktor V. Pohorelsky, United States Magistrate Judge.

**OPINION BY:** Viktor V. Pohorelsky

**OPINION:**

### DECISION AND ORDER

In accordance with the schedule set forth by the court at a conference on September 11, 2006, four motions for the appointment of interim class counsel have been made. The firms proposed to serve as interim class counsel include (1) a group of six firms to be appointed as an Executive Committee for whom Cohen, Milstein,

Hausfeld & Toll P.L.L.C. would serve as chair and as liaison counsel to the court (the "CMHT Group"); (2) two firms who would serve as Co-Lead Counsel, Labaton Sucharow & Rudoff LLP and Lovell Stewart & Halebian, LLP ("Labaton/Lovell"); (3) the firm of Kaplan Fox & Kilsheimer LLP ("Kaplan Fox"); and (4) the [*42] firm of Levin Fishbein Sedran & Berman ("Levin Fishbein"). Each applicant has made written submissions, and oral argument concerning the applications was heard on November 8, 2006.

The appointment of interim class counsel is authorized by *Rule 23(g)(2)(A) of the Federal Rules of Civil Procedure*. In cases such as this, where multiple overlapping and duplicative class actions have been transferred to a single district for the coordination of pretrial proceedings, designation of interim class counsel is encouraged, and indeed is probably essential for efficient case management. *See generally Manual for Complex Litigation (Fourth)* (hereinafter *"Manual"*) § 21.11 (2004). Generally such counsel has the responsibility for "protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." *Id.* § 22.11, at 246. No party has voiced any objection to the notion that interim class counsel should be appointed here.

Although neither the federal rules nor the advisory committee notes expressly so state, [*43] it appears to be generally accepted that the considerations set out in *Rule 23(g)(1)(C)*, which governs appointment of class counsel once a class is certified, apply equally to the designation of interim class counsel before certification. *See, e.g., Parkinson v. Hyundai Motor Am., Dkt. Nos. CV06-345 etc., 2006 U.S. Dist. LEXIS 59055, 2006 WL 2289801, at *2 (C.D. Cal. Aug. 7, 2006); Hill v. Tribune Co., Dkt. Nos. 05 C 2602 etc., 2005 U.S. Dist. LEXIS 23931, 2005 WL 3299144, at *3-4 (N.D. Ill. Oct. 13, 2005).* Those factors include the work counsel has done in identifying or investigating potential claims in the action, counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action, counsel's knowledge of the applicable law, and the resources counsel will commit to representing the class. *Fed. R. Civ. P. 23(g)(1)(C).* Because this case involves (at least at present) numerous separately pleaded class actions with multiple plaintiffs' counsel, interim class counsel will be serving in a somewhat more expansive role than simply protecting the interests of a putative class. Interim class counsel will also [*44] be acting on behalf of other attorneys and those other attorneys' clients in the role of lead counsel or liaison counsel. Thus, other considerations come into play, including among others the attorneys' ability to command the re-

spect of their colleagues and work cooperatively with opposing counsel and the court. *See Manual* § 10.224 (2004). Ultimately, the court's goal is "achieving efficiency and economy without jeopardizing fairness to the parties." *Id.* at 25.

In considering the qualifications of the various attorneys in light of the above factors, the court is satisfied that although some of the applicants have more combined years of experience and have handled more cases, particularly when aggregating the six firms that constitute the CMHT Group, all of the applicants have the necessary experience in handling complex litigation and claims of the type asserted in this action to serve more than adequately as interim class counsel. Similarly, all of the applicants appear to possess a strong command of the applicable law.

The CMHT Group and Labaton/Lovell both assert that the court should consider their efforts at "private ordering," that is, achieving a consensus among the [*45] various attorneys as to who should serve as lead counsel. *See generally Manual* § 21.272. In this regard, the CMHT Group asserts that 48 law firms involved in the litigation support their appointment, while Labaton/Lovell asserts that 29 law firms support their appointment. Kaplan Fox and Levin Fishbein predictably discount this selection criterion since the appointment is not supposed to be a popularity contest, and the number of attorneys supporting a given candidacy is not included among the factors set forth in *Rule 23(g)*. Nevertheless, that large numbers of experienced counsel are satisfied to be represented by these two competing applicants is some measure of the respect they command and the confidence of their peers that they will serve well in the role.

Choosing between the two, however, is problematic. The CMHT Group appears to the court to be too large and therefore runs the risk of both inefficiency and unnecessary expense. *See Manual,* § 10.22 at 25. The CMHT Group also carries baggage which may interfere with the resolution of these actions. The CMHT Group has already negotiated settlements with four of the defendants, and the settlements with three of the defendants [*46] contemplate the payment of no damages. Although there is no prohibition on engaging in settlement negotiations before the appointment of interim class counsel, justifiable suspicions arise about the motivations underlying the settlements, particularly where they result in the payment of no money. These suspicions may make the attorneys not part of the Group less inclined to accept the CMHT Group's inevitable recommendations, if they are appointed lead counsel, that the settlements be approved by all class members. In addition, in view of the circumstances in which the settlements were negotiated, appointing the CMHT Group as lead counsel now pro-

motes an appearance that the defendants have influenced the selection of interim class counsel.

Choosing Labaton/Lovell to the exclusion of the CMHT Group has flaws and risks as well. The CMHT Group has clearly been able to accomplish the most thus far in investigating the claims in this action, primarily because it was able to take advantage of the settlement negotiations to obtain information from the settling defendants. The fruit of those efforts would be largely lost if Labaton/Lovell were chosen. Perhaps more importantly, in any situation [*47] like this where one of two rivals with substantial constituencies is chosen over the other, there is the likelihood of a lingering rivalry with corrosive effects that may hinder the ability of the prevailing group to carry out its role.

Appointing one of the other two applicants to act solely as lead counsel is not the proper resolution either. Although six firms may be too many, given the complexity of the case and the sheer numbers of litigants and counsel involved here, one firm does not appear to be enough to carry out the functions of interim class counsel. Indeed, Mr. Sedran of Levin Fishbein suggests the appointment of four Co-Lead Counsel, a structure that has been chosen by other courts. See Exhibits to Memorandum in Support of Motion for Appointment of Howard J. Sedran As Class Co-Lead Counsel.

The court proposes to adopt such a structure here by appointing one attorney from each of the various applicants to serve as Co-Lead Counsel: Michael Hausfeld of Cohen, Milstein, Hausfeld & Toll P.L.L.C., Barbara Hart of Labaton Sucharow & Rudoff LLP, Robert Kaplan of Kaplan Fox & Kilsheimer LLP, and Howard Sedran of Levin Fishbein Sedran & Berman. This approach provides each of [*48] the two "privately ordered" constituencies, which together encompass the overwhelming majority of the plaintiffs' attorneys in the litigation, with a voice in the conduct of the litigation. The other two attorneys, each of whom have many years of experience and have served as co-lead counsel in the past with other attorneys in the litigation, will hopefully provide a leavening effect if rivalries between the major constituencies begin to interfere with decisionmaking.

The court is aware that, except for Mr. Sedran, this structure is not one that the appointees have advocated. Indeed, the CMHT Group expressly opposed such a compromise team on the ground that it would penalize other members of the group's constituency for agreeing to support the Group. See Memorandum of Law in Support of Motion of Majority Plaintiffs, p. 2 at n.1. Accordingly, any of the attorneys proposed above who do not wish to serve in the proposed structure shall file their objections and reasons within five days. The court will enter an appropriate order concerning appointment of

interim class counsel and their duties upon the expiration of the five-day period.

**SO ORDERED:**

Viktor V. Pohorelsky

United [*49] States Magistrate Judge

Dated: Brooklyn, New York

November 15, 2006

# EXHIBIT I

**JOHN C. MURDOCK, ESQ**

Mr. Murdock founded and practices at the firm of **MURDOCK GOLDENBERG SCHNEIDER & GROH, LPA**. He focuses primarily in prosecuting complex civil litigation on behalf of plaintiffs. As a highlight in this arena, Mr. Murdock served as special counsel representing the State of Ohio against the tobacco industry, and played a key role in that action prosecuting claims under the Ohio Corrupt Activities Act, which would have trebled the liability of the tobacco industry for their wrongdoing in Ohio. The case settled for an unprecedented $9.86 billion, a landmark recoupment of state funds for Ohio citizens and taxpayers. Mr. Murdock presently serves as lead or co-counsel in numerous multi-million dollar complex civil litigation cases or class actions, and continues to serve as special counsel to the State of Ohio in the complex litigation arena.

Current or recent complex litigations or class actions where Mr. Murdock acts or served in key litigation roles include:

### In Re Exxon Mobil Corp. Securities Litigation
Mr. Murdock recently argued the appeal on behalf of court-appointed lead counsel for plaintiffs in a massive securities fraud case involving the largest merger of all-time between Exxon and Mobil corporations. The action involves billions of dollars in damages suffered by Mobil shareholders, who were defrauded by Exxon's failure to write-off oil and gas assets, thereby artificially inflating Exxon's stock.

### In Re VA Data Theft Litigation
This class action seeks redress under the federal Privacy Act for the Veteran Administration's unlawful disclosure and failure to adequately safeguard the protected personal information of over 17 million veterans. The Privacy Act allows for liquidated damages of $1000 for each violation. Mr. Murdock presently serves as one of the lead counsel in the action.

### In Re OSB Antitrust Litigation
An antitrust class action involving price-fixing by major manufacturers in the U.S. lumber industry who artificially raised prices for oriented strand board (OSB), an engineered wood product that is used extensively in housing construction. Mr. Murdock serves as counsel focusing on key defendants participating in the antitrust behavior.

### Parker, et al v. Berkeley Premium Nutraceuticals, Inc.
Mr. Murdock served as co-lead counsel on a certified national class action that sought redress from a massive consumer fraud committed by the seller of nutraceutical products based on unsubstantiated product claims and unauthorized billing and charges in connection with sales. A recent settlement was achieved resulting in sweeping injunctive relief and consumer refunds in excess of $40 million.

### In Re Intel Corp. Microprocessor Antitrust Litigation
This antitrust class action seeks redress from Intel due to its unlawful monopolistic conduct that resulted in foreclosing competitor AMD from competing in the x86 microprocessor market. Mr. Murdock serves an integral role in performing the offensive discovery against Intel.

***Estep v. J. Kenneth Blackwell, Ohio Secretary of State***
Mr. Murdock served as co-lead counsel on this class action, which recently settled, against former Ohio Secretary of State, Ken Blackwell, due to a violation of privacy rights of persons whose personal information was unlawfully disclosed in public records accessible through the Secretary's website.

***Daffin v. Ford Motor Company, Inc.***
As co-lead counsel for a class of thousands of consumers who purchased defective Ford Villager vans, Mr. Murdock recently successfully argued and upheld class certification before the U.S. Sixth Circuit. The decision was a strategic victory in the car defect and safety class action area as the Sixth Circuit's decision bucked the trend of other circuits that deny certification of similar actions.

***J.B.D.L. v. Wyeth-Ayerst Laboratories, Inc***
Mr. Murdock serves as liaison and trial counsel in this class action where the plaintiff pharmacies allege that Wyeth-Ayerst engaged in unlawful anticompetitive behavior that resulted in a foreclosure of the pharmaceutical market for hormone replacement therapy drugs.

***Dalesandro, et al. v. The International Paper Company***
Mr. Murdock recently served as lead counsel on an ERISA class action where the class was certified and judgment obtained against International Paper Company for a failure to pay the class of employees severance benefits in connection with the sale of a paper mill.

***Carnevale, et al. v. General Electric Aircraft Engines***
Mr. Murdock served as co-lead counsel on a recently settled class action where GEAE improperly deducted employee benefits in violation of the FLSA. A multi-million dollar settlement fund was created to compensate the class.

***Paragon Solutions, LLC v. Timex***
Mr. Murdock serves as plaintiff's counsel for the inventor of an exercise monitoring system in a patent infringement action against Timex Corporation based on its unlawful mass marketing and sale of a popular product in violation of the inventor's underlying patent.

***In Re Consolidated Mortgage Satisfaction Cases***
Mr. Murdock serves as lead counsel in litigation against major mortgage lenders in Ohio for a systemic violation of their obligation to timely record releases when mortgages are refinanced or paid off. The action involved twenty mortgage institutions, and class certifications were upheld before the Ohio Supreme Court. Most of the actions subsequently resolved.

***State of Ohio, ex rel Ohio Attorney General v. R.J. Reynolds Tobacco Co., et al.***
Mr. Murdock serves as counsel for the State of Ohio against tobacco industry signatories to the landmark 1998 master settlement agreement for their improper withholding of payments to Ohio. The dispute involves $60 million in settlement proceeds owed to Ohio.

### Marrone, et al. v. Philip Morris USA Inc., et al.

Mr. Murdock was retained to be on the appellate team for class counsel before the Ohio Supreme Court in a consumer fraud action against Philip Morris for misrepresentations regarding its lights cigarettes. Mr. Murdock participated based on a strong desire to oppose the tobacco industry in cases where it continues to cause public and consumer harm.

### Collins v. Nationwide Mutual Insurance Company

Mr. Murdock serves as lead counsel on behalf of insureds based on Nationwide's uniform and systemic violation of its automobile insurance policies by replacing parts or settling claims based on unsafe and substandard non-OEM replacement parts. Mr. Murdock reversed a trial court dismissal of the action, being the first in the nation to prevail with regard to judicial recognition of bad faith, fraud, and breach of contract claims for this type of litigation.

### Meyer, et al. v. Nissan North America, Inc.

Mr. Murdock served as co-lead counsel in an automobile defect class action against Nissan which culminated in a nationwide settlement to reimburse consumers for costs associated with the defect and which extended the warranty as it related to the defect.

Besides a focus on complex litigation, Mr. Murdock has also represented individual plaintiffs in toxic tort cases, such as children suffering from the permanent effects lead poisoning, and product liability actions. Mr. Murdock has also served as counsel to the Cincinnati Enquirer in Ohio Sunshine law actions, both in open meeting and public records litigation. Finally, Mr. Murdock has an extensive municipal and political subdivision law background, and has served as law director for municipalities and as counsel for local governments, including townships and fire districts.

## Employment

Partner, Murdock Goldenberg Schneider & Groh, L.P.A. (1996-present) – Complex Civil Litigation Practice

Attorney, Dinsmore & Shohl, LLP (1994-1996) – Complex Civil Litigation Practice

Staff Law Clerk, Notre Dame Law School (1992-1994)

Active Duty, United States Marine Corps (1987-1991)

## Education

Miami University of Ohio, B.S., Finance, 1987
University of Notre Dame College of Law, J.D., 1994

**Court Admissions/Courts of Practice**

State of Ohio Trial and Appellate Courts
United States Federal Courts, including the District Courts for the Southern and Northern
     Districts of Ohio
State of Ohio Court of Claims
United States Federal Court of Claims
United States Court of Appeals for the Sixth Circuit
United States Court of Appeals for the Third Circuit
United States Supreme Court

**Professional Designations**

Ohio Super Lawyer 2006 and 2007
Who's Who in Greater Cincinnati Law 2005 and 2006
AV Rating, Martindale Hubbell

**Professional Affiliations**

Ohio Academy of Trial Lawyers
Fellow, Cincinnati Academy of Lawyer Leaders
Cincinnati Academy of Lawyer Leaders, Steering Committee
Ohio State Bar Association
Cincinnati Bar Association

**Military Experience**

Active Duty, United States Marine Corps Officer, 1987-1991
Combat Veteran, Operation Desert Shield/Desert Storm

**Community**

Mr. Murdock is active in the local community and in charitable organizations.  Mr. Murdock
commits part of his practice to pro bono representations, including acting as counsel in civil rights
cases and assisting victims of consumer fraud.  In addition, in settlements of class actions where
unclaimed funds are distributable under the *cy pres* doctrine, Mr. Murdock has been instrumental in
benefiting Ohio-based charities, which recently included over $650,000 being paid to the Cincinnati
Youth Collaborative, an organization designed to mentor and advance the education of
disadvantaged inner city children, and over $650,000 being paid to the Cincinnati Legal Aid
Society.

Mr. Murdock is also very active in community outdoor pursuits, including serving as president of a
regional bicycling racing team and serving the Ohio Cycling Association.

**Professional and Character references**

Charles R. Saxbe, Esq.
Richard Chema, Esq.
Timothy H. Burke, Esq
Judge Timothy S. Black, Esq.
Kathleen M. Brinkman, Esq.

# CURRICULUM VITAE

JEFFREY S. GOLDENBERG                                    **January 2007**
Murdock Goldenberg Schneider & Groh, LPA
35 E. Seventh Street, Suite 600
Cincinnati, Ohio 45202
(513) 345-8291
jgoldenberg@mgsglaw.com
**www.mgsglaw.com**

## EDUCATION

Indiana University School of Law, Bloomington, Indiana, J.D. 1994
Indiana University School of Public and Environmental Affairs, M.S.E.S. 1994
Indiana University, B.A. Biology, 1988

## LEGAL EXPERIENCE

PARTNER, MURDOCK GOLDENBERG SCHNEIDER & GROH, L.P.A. (1998-present) - Civil trial and appellate practice in state and federal courts.  Areas of practice include: class actions, state attorney general cost recoupment including tobacco and pharmaceutical average wholesale price litigation, employment litigation including the Fair Labor Standards Act, toxic torts, lead poisoning, antitrust, consumer protection, environmental, warranty, product liability, personal privacy information and protection, personal injury, commercial disputes including insurance coverage, environmental auditing and compliance counseling.

ATTORNEY, DINSMORE & SHOHL (1994-1998) - General litigation practice with an emphasis on environmental litigation and compliance.

### *Bar Admissions/Licenses*

> State of Ohio (admitted since 1994)
> United States Court of Appeals for the Sixth Circuit
> United States District Court for the Southern & Northern Districts of Ohio

### *Activities/Memberships*

> Ohio Academy of Trial Lawyers
> American Association for Justice (formerly Association of Trial Lawyers of America)
> American Bar Association
> Ohio State Bar Association
> Cincinnati Bar Association
> The Cincinnati Academy of Leadership for Lawyers
> Board of Directors, University of Cincinnati Hillel Jewish Student Center
> Board of Directors, Yavneh Day School

Jeff's practice areas include the following: class actions, State attorneys general cost recoupment litigation such as tobacco and pharmaceutical average wholesale price litigation, the Fair Labor Standards Act (overtime litigation), toxic torts, lead poisoning, environmental, warranty, product liability, personal privacy protection, personal injury, and commercial disputes including insurance coverage. He also has extensive experience in environmental litigation, auditing, and compliance.

Jeff served as Special Counsel representing the State of Ohio against the Tobacco industry, and was counsel on Nunez v. J.L. Sims Company, a lead paint products liability action. He also served as lead counsel with John Murdock on the In re Consolidated Mortgage Satisfaction Cases involving twenty separate class actions adverse to the mortgage industry. That litigation resulted in a significant Ohio Supreme Court decision defining key aspects of Ohio class action law. Jeff presently serves as lead and/or co-counsel in numerous multi-million dollar complex civil litigation cases throughout the State of Ohio and nationwide, including the Berkeley Premium Nutraceuticals consumer fraud litigation, the GEAE overtime litigation, and the Nissan Quest and Mercury Village defective automobile litigation. Jeff is also participating in the State of Connecticut's Average Wholesale Price pharmaceutical litigation.

Jeff earned three degrees from Indiana University: a Bachelor of Arts in Biology in 1988; a Masters of Science in Environmental Science in 1994; and his Juris Doctor in 1994. Jeff has practiced in all levels of Ohio trial and appellate courts as well as other courts across the nation, and is admitted to practice in the State of Ohio and the United States District Court for the Southern and Northern Districts of Ohio and the United States Sixth Circuit Court of Appeals. Jeff is a member of Phi Beta Kappa, the Ohio Academy of Trial Lawyers, the American Bar Association, the American Association for Justice (formerly ATLA), the Ohio State Bar Association, and the Cincinnati Bar Association.

# EXHIBIT J

**Mezibov & Jenkins, Co. LPA** is a six-attorney civil rights and class action "boutique" based in Cincinnati, Ohio. The firm's attorneys are involved in diverse practices including civil rights and employment discrimination litigation, consumer rights class action litigation, and the developing area of electronic privacy. Within the last year, the firm's principal litigator, Marc Mezibov (see bio below) has won substantial jury verdicts in U.S. District Courts for the Southern District of Indiana, the Southern District of Ohio and the Eastern District of Kentucky, as well as Ohio state courts. In addition, the firm has been lead or co-lead counsel in a number of substantial class action matters, including *Cervantes v. Sugar Creek Packing Co.*, 210 F.R.D. 611 (S.D.Ohio 2002) (class certified on behalf of approximately 1,500 Hispanic employees of meat packing company; successfully settled, including long term monitoring of working conditions, after contested certification process); *Haltermon v. Cincinnati Bell* (Hamilton Co., Ohio Case No.A0408236) (class action wrongful roaming charge case; settlement valued in excess of $6 million); *Morris Heating & Cooling v. Peoples Bank of Northern Kentucky* (E.D. Ky. Case No. 02-165-WOB) (successfully settled class action RICO case on behalf of hundreds of subcontractors defrauded by defunct area builder and bank).

The firm is on the leading edge of the growing area of electronic privacy. For example, Mezibov & Jenkins was lead or co-lead counsel in *Estep v. Blackwell* (S.D. Ohio Case. No. 1:06-cv-106) (Ohio Secretary of State sued for publishing social security numbers on line; settled successfully for systematic redaction of approximately 4 million records plus award of attorney fees); *Lambert v. Hartman* (Hamilton County, Ohio Case No. A0700787) (Clerk of Courts sued for publishing estimated 200,000 documents containing social security numbers on line); and *Kulpa v. Ohio University* (Ohio Court of Claims Case No. 2006-04202) (Ohio Privacy Act class action on behalf of estimated 150,000 alumni of Ohio University exposed to identity theft as a result of failure to safeguard alumni database).

The principals of Mezibov & Jenkins are Marc D. Mezibov and Christian A. Jenkins. Mr. Mezibov attended Boston University Law School and has been in practice since 1974. He is admitted to practice in New Jersey and Ohio. He has represented clients at all levels of state and federal courts, including the U.S. Supreme Court, in a variety of complex matters of state and federal statutory and constitutional law. *See City of Cincinnati v. Discovery Network, Inc.*, 507 U.S. 410 (1993); *Chabad of Southern Ohio v. City of Cincinnati*, 363 F.3d 427 (6th Cir. 2004); *Johnson v. University of Cincinnati*, 215 F.3d 561 (6th Cir. 2000); *State ex rel. The Miami Student v. Miami University*, 680 N.E.2d 956 (Ohio 1997). Mr. Mezibov is former general counsel to the Cincinnati chapter of the ACLU. He is AV rated by Martindale Hubble and has been listed as one of the "Best Lawyers in America" for more than 10 years in several categories. Chris Jenkins attended both the Georgetown University Law Center and the University of Wisconsin Law School. He is admitted in Wisconsin and Ohio, and has been in practice for thirteen years. Mr. Jenkins was an associate in the litigation and labor and employment law departments of Milwaukee-based national firm of Reinhart, Boerner before relocating to Cincinnati in 1998, where he has been affiliated with Mr. Mezibov ever since. Mr. Jenkins has broad experience in a variety of class action and individual contexts, including claims under the FLSA, ERISA, TILA, state consumer statutes, and

federal civil rights litigation. Mr. Jenkins has led the firm in its efforts to develop its electronic privacy practice and was lead counsel in the firm's successful claim against Ohio's Secretary of State in *Estep v. Blackwell*. Mr. Jenkins has been named a "rising star" among Ohio lawyers for the last three years. In addition to Mr. Mezibov and Mr. Jenkins, the firm employees several highly competent associates, including Stacy Hinners, Paul J. Minnillo, Jason Hinners and Erik Laursen, as well as a staff of paralegals, legal assistants and law clerks.

# EXHIBIT K



## Firm Overview

Ogletree Deakins is the nation's third largest labor and employment specialty firm. The firm has more than 350 labor and employment lawyers located in 28 offices across the country. We are dedicated to partnering with in-house legal and human resources colleagues to deliver timely, client-centered counsel and representation and business solutions to legal problems. Our firm maintains a deep bench of lawyers and expertise in all aspects of this specialized practice to respond promptly and effectively to clients' needs. In addition to handling all types of labor and employment law matters, the firm has thriving practices focusing on business immigration, employee benefits, and workplace safety and health law.

Our offices are located in the following cities:

| | |
|---|---|
| Atlanta | Los Angeles |
| Austin | Miami |
| Birmingham | Morristown |
| Charleston | Nashville |
| Charlotte | Philadelphia |
| Chicago | Phoenix |
| Cleveland | Pittsburgh |
| Columbia | Raleigh |
| Dallas | San Antonio |
| Greensboro | St. Thomas |
| Greenville | Tampa |
| Houston | Torrance |
| Indianapolis | Tucson |
| Kansas City | Washington, D.C. |

We have years of experience with and regularly practice before the agencies that regulate the workplace. In fact, some of our attorneys have held high-level positions within governmental agencies, including the National Labor Relations Board (NLRB), the Equal Employment Opportunity Commission (EEOC), and the Solicitor of Labor's office. Our attorneys represent clients from coast to coast in federal and state courts, as well as before various governmental agencies.

Ogletree Deakins is proud to have more lawyers who are Fellows in the College of Labor & Employment Lawyers and included in *Best Lawyers in America* than any other labor and employment specialty firm in the United States. Ogletree Deakins represents a diverse range of clients, including more than half of the *Fortune* 50 corporations in the United States. The firm

also has been recognized for our commitment to diversity. In its September 9, 2004, issue, *USA Today* listed Ogletree Deakins as having one of the best diversity records in the United States among large law firms.

Class Action Experience

In addition to our employment and labor practice, Ogletree Deakins has a long and distinguished history of successfully litigating large class actions. Our depth of litigation expertise and experience in managing complex matters provides Ogletree Deakins with a broad base from which to prosecute or defend class actions. The firm has handled over 180 class or collective action cases including:

| *Case Name* | *Description* |
|---|---|
| *Culler v. Connex* | Currently defending a class action involving Title II ADA accommodations claim in the public transportation industry. A class has been preliminarily certified and discovery is being done on both the issues of liability and damages. |
| *Warner v. Ryobi Products Corp., Warner v. Ryobi Motor Products Corp.* | Defended class action lawsuit brought against the company by retired employees and disabled employees. The company sought to modify the health care plans applicable to retired employees and disabled employees and the employees sought injunctive relief in the district court. Case settled. |
| *EEOC v. ABB Brown Boveri* | Defended an opt-in representative matter under the ADEA involving claims of unlawful termination and selection for layoff by a number of employees over the age of 40. The case was dismissed after the federal court determined that the EEOC had failed to satisfy certain procedural claims before bringing the case. The statute of limitations had run on the individuals in the meantime. The matter ultimately concluded with the EEOC paying a significant malpractice claim to the individuals. |
| *Harrison v. Gap, Inc.* | Defended company in class action brought by a former employee who alleged that Gap violated a Texas "company store" law by forcing employees to buy and wear Gap clothing. After we filed a motion to dismiss, plaintiff withdrew her class request and settled. |
| *Linda A. Pugh, et al., v. Avis Rent-A-Car System, Inc., and New Hanover Rent-A-Car, Inc.* | Defended class action brought by the National Lawyers Committee for Civil Rights against rental car Company and Franchisee for alleged racial discrimination in rental car practices. Our representation included the successful negotiation of a consent decree. |
| *Martin v. Liberty Life Insurance Company, Irvin v. Liberty Life Insurance Company, Singleton v. Liberty Life Insurance Company, and Liberty Life Insurance Company v. S.C. Department of Insurance* | Currently defending three companion class action cases alleging that LLIC unlawfully charged African-American life insurance policyholders more in premiums than similarly situated white policyholders. The claims involve products sold from 1905 to present and the potential class will include at least 120,000 persons. |

| | |
|---|---|
| *Eaton, et al. v. Onan Corp., et al.* | Represent Onan in connection with the defense of a class action in the U.S. District Court for the Southern District of Indiana (*Eaton v. Onan Corp.*) and as co-counsel in a related proceeding in the United States Tax Court (*Arndt v. C.I.R. and Onan Corp.*). The Onan cases were regarded as the most significant of the then-pending cases concerning cash balance pension plans. |
| *McCurdy v. Sears, Roebuck & Co., and White v. Sears, Roebuck & Co.* | Successfully obtained summary judgment (subsequently upheld on appeal to the 11th Circuit) dismissing two actions brought on behalf of a purported statewide and a purported nationwide class alleging fiduciary violations in connection with a long-term disability benefit plan, and challenging amendments to the plan on substantive and procedural grounds. |
| *Trotter, et al. v. Perdue Farms, et al.* | Defended class action lawsuit filed in federal district court in Delaware alleging violations of the Fair Labor Standards Act ("FLSA"); the Employee Retirement Income Security Act, as amended ("ERISA"); and the state wage payment laws of the states of Delaware, Maryland, Kentucky, North Carolina, and South Carolina alleging that chicken processing employees were not given credit for all hours that they worked and that this resulted in violations of each of the preceding statutes. Filed one of the first successful petitions in the Third Circuit under Fed.R.Civ.P. 23(f) for leave to take an interlocutory appeal from a class certification order. |
| *Adams, et al. v. Blockbuster, Inc.* | Represented world's leading renter of videos, DVDs, and video games in a class action brought by store managers and assistant store managers claiming that they were improperly classified as exempt and seeking unpaid overtime wages and restitution pursuant to Labor Code section 515 and Business and Professional Code section 17200, *et seq.* |
| *Greenberg, et al. v. NBC Studios, Inc.* | Representation of NBC Studios in series of class actions claiming failure to comply with California law regarding the payment of wages. |
| *Herman, Secretary of Labor, United States Department of Labor v. Sanderson Farms, Inc.* | FLSA proceeding covering 3,000 employee regarding overtime comp and agricultural exemption. Case settled. |
| *OFCCP v. NationsBank (now Bank of America)* | Defended class claims pending before a federal administrative law judge in Washington, D.C., arising out of a corporate glass ceiling audit in Charlotte, N.C., corporate offices in 1994. The OFCCP alleges a pattern and practice of discriminating against African-Americans in hiring and initial placement. |
| *Cofield v. Westpoint Stevens, Inc.* | Nation-wide plaintiff class alleges adverse impact of subjective decision making regarding management promotions, race and sex. |
| *Reap v. Continental Casualty Company d/b/a CNA Insurance Companies* | Successfully defended putative class action brought on behalf of 5,000 employees alleging age and sex discrimination under Title VII, ADEA, and NJ state anti-discrimination law. Successfully defeated class certification motion and subsequently moved successfully for summary judgment on individual plaintiff's claims. |



## ATTORNEYS

- About Ogletree Deakins
- Locations
- Areas of Practice
- Attorneys
- Commitment to Diversity
- Firm Publications
- Seminars & Events
- Client Resources
- Home






**Donald A. Cockrill**  

Shareholder
donald.cockrill@ogletreedeakins.com

**Office(s):**
Greenville
p: 864-271-1300
f: 864-235-8806

**Practice Area(s):** Class Action Defense, Environmental, Labor and Employment

**Bio:**

Donald Cockrill, a native of Alexandria, Virginia, graduated from the University of Virginia Law School in 1968. Following 3-1/2 years of active duty as a legal officer in the United States Navy and a judicial clerkship, Mr. Cockrill joined the Department of Justice in Washington, D.C. where he litigated complex civil fraud cases on behalf of the U.S. government from 1973 to 1979.

Mr. Cockrill joined Ogletree Deakins in 1979, where he has concentrated on both labor relations/employment law and environmental/toxic tort litigation. As one of the firm's more experienced litigators, Mr. Cockrill has represented a number of corporations in complex toxic tort, products liability, business, medical malpractice, and environmental cases involving alleged personal injury, economic, and property damages. Through this representation, Mr. Cockrill has acquired an expertise in the numerous scientific fields that often are at issue, including toxicology, epidemiology, lab testing procedures, and immunology. Mr. Cockrill's cases have included a wide range of substances, including PCBs, asbestos, pesticides and industrial chemicals.

**Education:**

LL.B., University of Virginia Law School, 1968
B.A., Vanderbilt University, 1965

**Admitted to Practice:**

United States Court of Appeals for the Fourth Circuit, 1981
United States Court of Appeals for the Eleventh Circuit, 1990
State of South Carolina, 1980
District of Columbia, 1973
United States Supreme Court, 1999

**Activities:**

American Bar Association (Member, Labor and Litigation Sections), District of Columbia Bar Association (Member, Labor and Litigation Sections), State of South Carolina Bar Association (Member, Labor and Litigation Sections)

Atlanta, Austin, Birmingham, Charleston, Charlotte, Chicago, Cleveland, Columbia, Dallas, Greensboro, Greenville, Houston, Indianapolis, Kansas City, Los Angeles, Miami, Morristown (Metro NY), Nashville, Philadelphia, Phoenix, Pittsburgh, Raleigh, San Antonio, St. Thomas, Tampa, Torrance, Tucson, Washington

Posting and viewing of the information on this website is not intended to constitute legal advice or create an attorney-client relationship. Disclaimer

© 2005, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., All Rights Reserved.



**Ogletree Deakins**

- About Ogletree Deakins
- Locations
- Areas of Practice
- Attorneys
- Commitment to Diversity
- Firm Publications
- Seminars & Events
- Client Resources
- Home

Contact Us
VisaTrax
Extranet

Search

[FIND]

 

## ATTORNEYS

### Douglas J. Rosinski  

Of Counsel
douglas.rosinski@ogletreedeakins.com

**Office(s):**
Columbia
p: 803.252.1300
f: 803-254-6517

**Practice Area(s):** Litigation

**Bio:**

Mr. Rosinski is experienced in administrative law and associated litigation involving matters under the purview of the Nuclear Regulatory Commission and Department of Energy. Prior to joining Ogletree Deakins, Mr. Rosinski spent eight years practicing energy law in Washington, D.C. He has extensive experience assisting applicants, licensees and others in resolving technical, management and regulatory issues under close scrutiny from those agencies and outside interveners. Mr. Rosinski has also assisted clients in investigating and defending enforcement and employee concerns matters. His clients include commercial utilities and plant operators, industry issue groups, management and operations contractors, and municipalities.

Mr. Rosinski is also one of the leading practitioners of veteran's law, representing veterans and their families before the Department of Veterans Affairs and federal courts. He currently represents veterans seeking class action damages for government officials' blocking of benefits claims regarding the adverse health impacts of atomic, biological and chemical testing on unknowing military personnel. In addition, Mr. Rosinski represents individual veterans and active duty personnel in Department of Veterans Affairs and Uniform Code of Military Justice actions.

Prior to practicing law, Mr. Rosinski was an officer and qualified nuclear engineer in the U.S. Navy submarine force and obtained over 16 years of experience in licensing, startup, operation, and safety oversight of nuclear and other technical facilities. He is also an accomplished photographer and has been juried into numerous exhibitions in Northern Virginia.

**Education:**

J.D., *cum laude*, University of South Carolina School of Law, 1997
B.S., *with distinction*, Physics and Astronomy, University of Rochester, 1981

**Admitted to Practice:**

State of Georgia
District of Columbia
U.S. Supreme Court
U.S. Court of Appeals - District of Columbia
U.S. Court of Appeals - Federal Circuit
U.S. District Court, District of South Carolina
U.S. District Court, District of Columbia
U.S. District Court, Southern District of Georgia
U.S. Court of Claims
Court of Appeals for Veterans Claims

**Activities:**

American Bar Association, American Nuclear Society, American Society of Mechanical Engineers, Institute of Electrical and Electronic Engineers, South Carolina Bar Association

Atlanta, Austin, Birmingham, Charleston, Charlotte, Chicago, Cleveland, Columbia, Dallas, Greensboro, Greenville, Houston, Indianapolis, Kansas City, Los Angeles, Miami, Morristown (Metro NY), Nashville, Philadelphia, Phoenix, Pittsburgh, Raleigh, San Antonio, St. Thomas, Tampa, Torrance, Tucson, Washington

Posting and viewing of the information on this website is not intended to constitute legal advice or create an attorney-client relationship. Disclaimer

© 2005, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., All Rights Reserved.

# EXHIBIT L

# THE MASON LAW FIRM, PC

**The Mason Law Firm, P.C.**
1225 19th Street Northwest, Suite 500
Washington, D.C. 20036
Telephone: 202-429-2290
Fax: 202-429-2294

## FIRM PROFILE

The Mason Law Firm is a civil litigation firm dedicated to representing plaintiffs in class action lawsuits against corporations and others who cause widespread injuries to large numbers of innocent persons. We represent various groups suffering injury, including those harmed by consumer fraud, environmental disasters, toxic torts, and defective products.

## Gary E. Mason

**EXPERIENCE**

**The Mason Law Firm, P.C.**
2002 - present
Founding and Senior Partner in law firm specializing in class actions and mass torts with offices in Washington, DC and New York.  Firm specializes in complex litigation with an emphasis on consumer class actions, product liability and toxic torts.

**Cohen Milstein Hausfeld & Toll, P.L.L.C.**
1990 - 2002
Partner and Co-Chair, Product Liability and Consumer Protection Practice Group.

**Skadden Arps Meagher & Flom**
1988 -1990
Litigation Associate.

**U.S. District Court for the District of Alaska**
1987-1988
Clerk, Hon. Andrew J. Kleinfeld.

**NOTABLE CASES**

*Staton v. IMI South, et al.* (Kentucky Cir. Ct) (class settlement for repair of defective concrete used in the construction of thousands of homes in Kentucky).

*Maytag Neptune Washing Machines* (class action settlement for owners of Maytag Neptune washing machines).

*Roberts v. Fleet Bank (R.I.), N.A.* , Civil Action No. 00-6142 (E.D.Pa.) ($4 million dollar settlement on claims that Fleet changed the interest rate on consumers' credit cards which had been advertised as "fixed.")

*Bruce, et. al. v. County of Rensselaer et. al.,* Case no. 02-CV-0847 (N.D.N.Y.) (class settlement of claims that corrections officers and others employed at the Rensselaer County Jail (NY) engaged in the practice of illegally strip searching all individuals charged with only misdemeanors or minor offenses).

*Baugh v. The Goodyear Tire & Rubber Company* (class settlement of claims that Goodyear sold defective tires that are prone to tread separation when operated at highway speeds. Goodyear agreed to provide a combination of both monetary and non-monetary consideration to the Settlement Class in the form of an Enhanced Warranty Program and Rebate Program.)

*Stalcup, et al. v. Thomson, Inc .* (class settlement of clams that certain GE, PROSCAN and RCA televisions may have been susceptible to temporary loss of audio when receiving broadcast data packages that were longer than reasonably anticipated or specified).

*Hurkes Harris Design Associates, Inc., et al. v. Fujitsu Computer Products of America, Inc.* (settlement provides $42.5 million to pay claims of all consumers and other end users who bought certain Fujitsu Desktop 3.5" IDE hard disk drives ("HDDs") or personal computers or other systems containing these hard disk drives).

*Galanti v. Goodyear Tire & Rubber Company* (D.N.J. 2004) ($322 million settlement for homeowners with allegedly defective Entran II radiant heating systems installed in the United States and Canada).

*Synthetic Stucco (EIFS) Litigation* (represented over 100 individuals homeowners in lawsuits against homebuilders and EIFS manufacturers)

*Diet Drug (Fen Phen) Litigation (*represented over 100 individuals with personal injuries from exposure to diet drugs)

*Posey, et al v Dryvit Systems, Inc.,* Case No. 17,715-IV (Tn. Cir. Ct) (Co-Lead Counsel; national class action settlement for tens of thousands of homeowners with defective siding systems)

*In re Swanson Creek Oil Spill Litigation,* No. 00-1429 (D. Md) (Lead Counsel; $2.25 million settlement of litigation arising from largest oil spill in history of State of Maryland).

*Baird, et al. V. Thomson Consumer Electronics, Inc.,* No. 00-L-00701 (Ill. Sup. Ct. 2001) (defective television sets; $100 million settlement).

*In re Synthetic Stucco Litigation,* Civ. Action No. 5:96-CV-287-BR(2)(E.D.N.C.) (member of Plaintiffs' Steering Committee; settlements with four EIFS Manufacturers for North Carolina homeowners valued at more than $50 million).

*Cox v. Shell Oil Co.,* Civ. No. 18,844 (Ch. Ct., Obion Cty., Tenn.) (defective polybutylene pipe; $85 million settlement).

*Stockbridge Community Association v. Star Enterprise, No. 108514 (Cir. Ct., Fairfax Cty., Va.)* (represented over 200 homeowners in individual cases arising from leak from petroleum storage facility ; +$50 million settlement and +$200 million in property value protection*).*

*In re the Exxon Valdez*, No. A89-095 Civ. (D. Alaska) (represented Alaska Native Class; $20 million settlement; $5 billion punitive damages).

*Morris v. Osmose Wood Preserving Inc.,* Civil No. 069721 (Cir. Ct., Montgomery Cty., Md) (defective FRT plywood).

*In re Catfish Antitrust Litig.,* Master File No. 2:92CV073-D-O, MDL No. 928 (D. Miss.).

*In re Carbon Dioxide Antitrust Litig.,* Case No. 92-MD-940-CIV-ORL-3L23, MDL Docket No. 940 (M.D. Fl.).

**HONORS**

Selected by *Law Dragon* as one of 500 lawyers "who are carrying the profession to new frontiers." *The Law Dragon 500 New Stars, New Worlds* (June 2006).

Profiled in "Young Guns: 40 Lawyers Under 40 Who Are Making Names For Themselves," *Washingtonian* (Sept. 1998).

Listed in Who's Who in American Law.

Public Justice Achievement Award, Trial Lawyers For Public Justice (July 1997).

Martindale-Hubbell – AV Rating.

**ARTICLES**

"Environmental Contamination Treatise: Overview of the Litigation Process," in R. Simons, Ph.D, WHEN BAD THINGS HAPPEN TO GOOD PROPERTY (Environmental Law Institute, 2005).

"New Studies Provide Further Proof Diet Drugs Cause Valve Damage," *Fen-Phen Litigation Strategist* (Nov. 1998).

"How to Evaluate a Potential Product Liability Class Action," *Leader's Product Liability Law & Strategy* (Feb. 1998).

"Don't Judge All Class Actions By Some Failures," *The National Law Journal* (Jan. 19, 1998).

"A Management Question: Recent Decisions Tougher Standards for Class Certification," Legal Times (Feb. 18, 1997).

"The Reaction to Class Action," Legal Times (July, 1997).

"Nuisance and the Recovery of 'Stigma' Damages: Eliminating the Confusion," The Environmental Law Reporter (Feb. 1996).

**SEMINARS**

Panelist, Second Annual Judicial Symposium on Critical Issues in Construction Defects Litigation, AEI-Brookings Joint Center for Regulatory Studies (Washington, D.C. 2006).

Panelist, State of the Union on Construction Defect Litigation, Mealy's Construction Defect and Mold Litigation Conference (Phoenix, Nov. 2005).

Moderator, Construction Defects as Mass Torts: Common Issues/Common Problems," (ATLA Convention, 2005).

Moderator, Construction Defect Class Actions, Mealy's Construction Defect and Mold Litigation Conference (Lake Las Vegas, Dec. 2004).

Panelist, Emerging Issues in Construction Law (ATLA Convention, 2004)

Faculty/Speaker, Mealey's Construction Defects in 2002: EIFS, CCA Treated Wood and Mold (Oct. 14, 2002).

Panelist, "Litigating Mortgage Servicing Issues," NCLC Consumer Rights Litigation Conference (Baltimore, M.D., Oct. 28, 2001).

Panelist Faculty, 4th Annual Mass Tort Litigation Institute (Georgetown University Law Center, Nov. 4-5, 1999).

Panelist/Faculty, ABA Third Annual Symposium on Class Actions (Washington, D.C. October 9, 1999).

Speaker, "Inspection Issues Symposium:  Exterior Insulation and Finish Systems," US Inspect (June, 1999).

Panelist, "Road Warriors and Their Tools," Association of Legal Administrators Educational Expo (June, 1999).

Panelist, NOVASHOC EIFS Seminar (May, 1999).

Guest Speaker, Advanced EIFS Litigation Seminar, North Carolina Bar Association, (May, 1999).

Guest Speaker, "ADR and Mass Torts," Georgetown Law Center (Apr. 5, 1999).

**EDUCATION**    **1984** Bachelor of Arts (Honors, Phi Beta Kappa)
Brown University, Providence, Rhode Island

**1987** J.D. Duke University, Durham, North Carolina

**BAR MEMBERSHIPS**

Bar of the District of Columbia
State Bar of New York
State Bar of Maryland

Supreme Court of the United States
U.S. Court of Appeals for the Fourth Circuit
U.S. District Court  for the District of Maryland

# ATTORNEY PROFILES

## Alexander E. Barnett

Alexander E. Barnett specializes in class actions involving consumer fraud, construction product defects, antitrust violations and toxic torts. Representative cases include: *In re Vioxx Products Liability Litigation*, MDL No. 1607; *In re PPA*, MDL No. 1407 (claims by users of unsafe over-the-counter medicines); *In re Diet Drug Litigation* (Fen-Phen), MDL No. 1203; and *Harman v. Lipari* (Superfund site in New Jersey). Mr. Barnett also specializes in mass torts, representing individuals who have been injured by the drugs Redux and Pondimin, Baycol, Serzone, PPA, Vioxx, Bextra and Celebrex. Mr. Barnett served as counsel for the cities of Boston, Los Angeles, Philadelphia and San Francisco against the handgun industry and as counsel for the City of Milwaukee in a case against the lead pigment industry. Previously, Mr. Barnett was a senior associate at the firm of Cohen Milstein Hausfeld & Toll, where he was in the firm's Consumer Protection and Unsafe Drugs and Environmental Threats practice groups. Mr. Barnett is a graduate of the University of Pennsylvania and St. John's University School of Law. He is admitted to the bars of New York and the District of Columbia, and practices in the firm's New York office.

## Donna F. Solen

Donna F. Solen specializes in complex litigation and class actions involving consumer protection and product defect matters. Ms. Solen also specializes in mass tort litigation against pharmaceutical manufacturers. Prior to joining The Mason Law Firm in 2006, Ms. Solen was a senior associate at Cohen Milstein Hausfeld & Toll, P.L.L.C., one of the largest plaintiffs' law firms in the country. Ms. Solen served as counsel in, among other things, *In re Lupron Marketing and Sales Practices Litigation*, MDL No. 1430 (D. Mass.) ($150 million class action settlement of claims that the manufacturer artificially inflated the price of Lupron, which is primarily used for the treatment of prostate cancer); *Strugano v. Nextel Communications, Inc., et al.*, (Superior Court, Los Angeles County, CA) ($11-$53 million California class action settlement of claims that Nextel failed to provide adequate or reasonable notice of unilateral changes to subscriber agreements) and *Howell v. State Farm et al.*, (D.Md.) (representing flood policy holders who were denied the full benefits of their government-backed insurance policies following Hurricane Isabel).

Ms. Solen graduated from the Florida State University (B.S. magna cum laude, 1994) and obtained her law degree from the University of Florida College of Law (J.D. with honors, 1997). While at the University of Florida, Ms. Solen served as editor-in-chief of the Florida Journal of International Law and was the author of a note entitled "ISO 14000: Emerging International Environmental Law" 10 Fla. J. Int'l L. 275 (1995) and a comment entitled "Forum Non Conveniens and the International Plaintiff" 9 Fla. J. Int'l L. (1994).

Ms. Solen is admitted to practice in Florida and the District of Columbia.

## Nicholas A. Migliaccio

Nicholas Migliaccio joined the Mason Law Firm as an associate in 2003. Prior to joining the Mason Law Firm, Mr. Migliaccio was an associate at Environmental Protection International, a firm specializing in environmental matters. He received his BA cum laude from the State University of New York at Binghamton in 1997, and received his law degree from Georgetown University Law Center in 2001, where he was an Editor of the Georgetown International Environmental Law Review.

Mr. Migliaccio is admitted to practice in New York and the District of Columbia.

**ARTICLES**            "Environmental Contamination Treatise: Overview of the Litigation Process," in R. Simons, Ph.D, WHEN BAD THINGS HAPPEN TO GOOD PROPERTY (Environmental Law Institute, 2005).

**NOTABLE CASES**    *Nnadili v. Chevron U.S.A., Inc.*, 435 F. Supp. 2d 93 (D.D.C. 2006).


## Charles A. Schneider

Charles A. Schneider was a sole practitioner in Washington from 1994 to 2002, specializing in commercial litigation and class actions. During this time, he has been one of class counsel in *In re Swanson Creek Oil Spill Litigation* and *Cox v. Shell Oil Company* and has worked with other counsel on consumer suits involving fire retardant plywood, high temperature plastic venting, synthetic stucco, and pressure treated wood. He has also represented the plaintiff in a defamation suit against a major television news network. Other areas in which Mr. Schneider has represented clients include disputes over leaking underground petroleum storage tanks, construction defects, real estate brokerage commissions, and real property taxation.

Prior to starting his own firm in 1994, Mr. Schneider was a partner with Sills & Brodsky, P.C., in Washington where his practice included class actions, construction suits, environmental litigation, real estate disputes, and administrative law. From 1983 until 1987, Mr. Schneider was a trial attorney in the Civil Rights Division of the U.S. Department of Justice, where he served as lead counsel in a number of cases brought by the federal government to protect the constitutional rights of persons institutionalized in state and local prisons, mental institutions, and mental retardation facilities

Mr. Schneider was an associate with Haight, Gardner, Poor & Havens from 1978 to 1983, where he worked on the *Saigon C-5 Aircrash Disaster* litigation and various railroad, motor carrier and ocean shipping matters. He was Assistant General Counsel of the National Association of Regulatory Utility Commissioners from 1977 to 1978 and was an attorney in the Section of Finance, Interstate Commerce Commission from 1974 to 1977

Mr. Schneider received his B.A. from Vanderbilt University in 1968. He served on active duty as an officer in the U.S. Navy in Vietnam and Memphis, Tennessee, until receiving an honorable discharge in 1971. He graduated from Memphis State University School of Law in 1974 and is admitted to practice in the District of Columbia. He is a member of the bars of the U.S. Supreme Court, U.S. Court of Appeals for the District of Columbia, U.S. Court of Appeals for the Fourth Circuit, U.S. Court of Appeals for the Federal Circuit, U.S. District Court for the District of Columbia, U.S. District Court for the District of Maryland, and the U.S. District Court for the Northern District of New York.

# EXHIBIT M

# WEISS & LURIE

The Fred French Building
551 Fifth Avenue
New York, New York 10176
TEL. (212) 682-3025
FAX (212) 682-3010

New York . Los Angeles

## FIRM BIOGRAPHY

The law firm of Weiss & Lurie has offices in New York City and Los Angeles. In courts throughout the United States, the firm has litigated hundreds of stockholder class actions brought for violations of federal securities laws and shareholder class and derivative actions brought for violations of corporate and fiduciary duties. The firm also represents consumers in several class actions in the area of consumer fraud and unfair practices. The firm has served as lead counsel in numerous actions on behalf of defrauded institutions and individuals for whom it has recovered well over a billion dollars.

Numerous courts have commended the firm for its expertise and ability:

In Brody v. U.S. West, et al., No. CV-4142 (D. Colo.), Judge Coughlin observed that the case "was litigated by extremely talented lawyers" and "it took a great deal of skill to get to the point of trial." Referring to the firm, Judge Coughlin stated "there wasn't any other lawyers in the United States that took the gamble that these people did. Not one other firm anywhere said, 'I am willing to take that on'...[the shareholders are] fortunate that they had some lawyers that had the guts to come forward and do it...I had the opportunity to watch these attorneys throughout this period of time when I had this case and the [lawyers'] ability is terrific."

In In re McLeodUSA Inc. Securities Litigation, No. C02-0001-MWB (N.D. Iowa), Chief Judge Mark Bennett stated at the final approval hearing: "I thought you all did a great job in this litigation" and "I think very highly of the work that all the lawyers did in the case, and [I am] pleased that you were able to get it resolved."

**WEISS & LURIE**

In Ellison v. American Image Motor, et al., Civil Action No. 97-3608 (S.D.N.Y.), Judge Chin, approving the settlement and fee application, commented that "It has been many years. The case was hard fought, very capable counsel on both sides, and I saw counsel many times. It was a hard fought case. It was a difficult case."... "It's probably not said very often, but in this case I think plaintiffs' counsel are being under paid." ... "Counsel did a great job..."

In In re United Telecommunications, Inc. Securities Litigation, No. 90-2251-0 (D. Kan.), Judge O'Conner stated "the court finds that plaintiffs' counsel were experienced and qualified attorneys with outstanding professional reputations in securities litigation who ably and zealously prosecuted the instant case on behalf of the class."

In In re VeriFone Inc. Securities Litigation, No. C-93-3640 DCJ (N.D. Cal.), Judge Jensen stated "I think the case was handled extremely well, extremely professionally, so I think you've done very well."

In In re Western Digital Securities Litigation, SACV 91-375(A) GLT (RWRx) (C.D. Cal.), Judge Taylor complimented plaintiffs' attorneys' work in the action, specifically noting "the caliber of the work involved [and] the quality of the attorneys involved."

In Georgallas v. Martin Color-Fi, Inc. Civil Action No. 6:95-06483 (D.S.C.), Judge Anderson expressed "the utmost respect" for the work of the firm.

In Bash v. Diagnostek, CV 94-794 M (D.N.M.), Judge Black said the case provided "a model for how commercial litigation should be conducted and can be resolved."

In In re National Medical Enterprises Litigation, CV 93-5223-TJH and CV 93-5313-TJH (C.D. Cal.), Judge Hatter summed up the settlement hearing by saying, "I want to again thank counsel for the work that you put into this and hopefully it's a settlement for which the claimants themselves will be appreciative of the results."

2

WEISS & LURIE

In <u>In re Santa Fe Southern Pacific Corporation,</u> Consold. Civ. No. 9523 (Del. Ch.), Chancellor

Allen of the Delaware Chancery Court approved a settlement and cited the creativity and sophistication

of plaintiffs' counsel.

Some of the actions which highlight the firm's accomplishments are:

### CASES IN WHICH WEISS & LURIE WAS LEAD OR CO-LEAD COUNSEL

<u>Jordan v. California Department of Motor Vehicles</u> (Sacramento Cal.): The California Court of Appeal, Third Appellate District, held that the State of California's $300 smog impact fee was unconstitutional, paving the way for the creation of a $665 million fund and full refunds, with interest, to 1.7 million motorists.

<u>In re Geodyne Resources, Inc. Securities Litigation</u> (Harris Cty. Tex.): A recovery (including related litigation) totaling over $200 million was obtained for the class.

<u>Freddie Mac Derivative Litigation</u> (S.D.N.Y.): Approximately $100 million was recovered for the Company and significant corporate governance measures were adopted.

<u>Brody v. U.S. West, et al.,</u> (D. Colo.): A recovery of $50 million was obtained for the class.

<u>In re Tenneco Securities Litigation</u> (D. Tex.): A recovery of $50 million was obtained for the class.

<u>In re Community Psychiatric Center Securities Litigation</u> (C.D. Cal.): A recovery of $42.5 million was obtained for the class.

<u>In re Crazy Eddie Securities Litigation</u> (S.D.N.Y.): A recovery of $42 million was obtained for the class.

<u>In re Apria Healthcare Group Securities Litigation</u> (Orange County Cal.): A recovery of $42 million for the class was obtained for the class.

<u>In re Canon Group Securities Litigation</u> (C.D. Cal.): A recovery of $33 million was obtained for the class.

<u>In re Platinum Software Securities Litigation</u> (C.D. Cal.): A recovery of $32 million was obtained for the class.

<u>In re McLeodUSA Inc. Securities Litigation,</u> (N.D. Iowa): A recovery of $30 million was obtained for the class.

<u>In re United Telecommunications Securities Litigation</u> (D. Kan.): A recovery of $28 million was obtained for the class.

<u>In re Bergen Brunswig Corp. Sec. Litig.,</u> (C.D. Cal.): A recovery of $27.9 million was obtained for the class.

## WEISS & LURIE

In re Bank of New York Derivative Litigation (Sup. Ct. NY): A recovery of $26.5 million was obtained for the Company and significant corporate governance measures were adopted.

In re FirstEnergy Shareholder Derivative Litigation (N.D. Ohio): A recovery of $25 million was obtained for the Company and significant corporate governance measures were adopted.

In re Vodafone Group, PLC Securities Litigation (S.D.N.Y.): A recovery of $24.5 million was obtained for the class.

In re Abbey Healthcare Securities Litigation (C.D. Cal.): A recovery of $20.5 million was obtained for the class.

Feinberg v. Hibernia Corp. (D. La.): A recovery of $20 million was obtained for the class.

In re Southern Pacific Funding Corp. Sec. Litig., (D. Or.): A recovery of $19.5 million was obtained for the class.

In re Aura Systems, Inc. Securities Litigation (C.D. Cal.): A recovery of $18 million was obtained for the class.

In re MK Rail Securities Litigation (D. Idaho):  A recovery of $14.65 million was obtained for the class.

In re California Microwave Securities Litigation (N.D. Cal.): A recovery of $14 million was obtained for the class.

In re KeySpan Corporation Securities Litigation (E.D.N.Y.): A recovery of $13.75 million was obtained for the class.

In re Elscint Ltd Securities Litigation (D. Mass.): A recovery of $12 million was obtained for the class.

Bash v. Diagnostek (D.N.M.): A recovery of $11.7 million was obtained for the class.

In re Megafoods Securities Litigation (D. Ariz.): A recovery of $12 million was obtained for the class.

In re GTECH Securities Litigation (D.R.I.): A recovery of $10.25 million was obtained for the class.

In re Complete Management, Inc. Securities Litigation (S.D.N.Y.): A recovery of $10.15 million was obtained for the class.

Berlinsky v. Alcatel (S.D.N.Y.): A recovery of $8.8 million was obtained for the class.

Lopez v. Checkers Drive-In Restaurants, Inc. (M.D. Fl.): A recovery of over $8.175 million was obtained for the class.

In re Mesa Airlines Securities Litigation (D.N.M.): A recovery of $8 million was obtained for the class.

In re Resound Securities Litigation (N.D. Cal.): A recovery of $8 million was obtained for the class.

4

WEISS & LURIE

In re Castle Energy Corp. Securities Litigation (C.D. Cal.) A recovery of $7.5 million was obtained for the class.

In re Western Digital, Inc. Securities Litigation (C.D. Cal.): A recovery of $6.75 million was obtained for the class.

In re Circle K Securities Litigation (D. Ariz.): A recovery of $6 million was obtained for the class.

In re Aura Systems, Inc. Securities Litigation (C.D. Cal.): A recovery of $5.55 million was obtained for the class.

In re Ascend Communications Securities Litigation (C.D. Cal.): A recovery of $5.45 million was obtained for the class.

In re Southmark Securities Litigation (D. Tex.): A recovery of $5 million was obtained for the class.

In re WCT Securities Litigation (C.D. Cal.): A recovery of $5 million was obtained for the class.

In re Sumitomo Bank of California Securities Litigation (San Francisco Sup. Ct.): A recovery of $4.95 million was obtained for the class.

In re NextLevel Systems, Inc. Securities Litigation (N.D. Ill.): A recovery of $4.6 million was obtained for the class.

In re Shopping.com Securities Litigation (C.D. Cal.): A recovery of $4.5 million was obtained for the class.

In re Denver Bonds Securities Litigation (D. Colo.): A recovery of $4.5 million was obtained for the class.

In re Molecular Dynamics, Inc. Securities Litigation (N.D. Cal.): A recovery of $4 million was obtained for the class.

In re Party City Corp. Securities Litigation (D.N.J.): A recovery of $3.8 million was obtained for the class.

In re Iwerks Securities Litigation (C.D. Cal.): A recovery of approximately $3.5 million was obtained for the class.

In re Davstar, Inc. Securities Litigation (C.D. Cal.): A recovery of $3.4 million was obtained for the class.

In re Trident Securities Litigation (N.D. Cal.): A recovery of $3.15 million was obtained for the class.

In re Twinlab Corp. Securities Litigation (E.D.N.Y.): A recovery of $3 million was obtained for the class.

WEISS & LURIE

In re Offshore Pipelines Securities Litigation (S.D.N.Y.): A recovery of $3 million was obtained for the class.

Gorga v. Uniroyal Chemical Corp. (Sup. Ct. Conn.): A recovery of $3 million was obtained for the class.

In re Amylin Pharms. Securities Litigation (S.D. Cal.): A recovery of $2.1 million was obtained for class.

## CLASS AND DERIVATIVE ACTIONS HANDLED BY WEISS & LURIE WHERE A SIGNIFICANT BENEFIT WAS OBTAINED FOR THE COMPANY AND/OR THE SHAREHOLDERS

In re Santa Fe Southern Pacific Corporation (Del. Ch.).

In re Genentech Shareholder Litigation (N.D. Cal.).

In re Beverly Enterprises Shareholder Litigation (Del. Ch.).

In re Tandon Computer Shareholder Litigation (C.D. Cal.).

In re Sears Shareholder Litigation (D. Ill.).

In re Xoma Shareholder Litigation (N.D. Cal.).

In re Castle Energy Corp. Shareholder Litigation (C.D. Cal.).

In re Times-Mirror, Inc. Shareholder Litigation (C.D. Cal.).

In re Lockheed Corp. Shareholder Litigation (C.D. Cal.).

In re Nexgen Securities Litigation (N.D. Cal.).

In re GT Greater Europe Securities Litigation (N.D. Cal.).

In re Pairgain Securities Litigation (S.D. Cal.).

In re AMI Securities Litigation (L.A. Superior).

Wallace v. Fox, et al. (Northeast Utilities) (D. Conn.).

WEISS & LURIE

## BRIEF BIOGRAPHIES OF WEISS & LURIE ATTORNEYS

**JOSEPH H. WEISS** is a 1972 graduate of Columbia University Law School, where he was an editor of the Law Review. He is also a 1972 graduate of Columbia University Graduate School of Business from which he obtained a Masters in Business Administration. Mr. Weiss is a member of the Bar of the State of New York and is admitted to practice in the Southern District of New York, the Eastern District of New York, the Courts of Appeal for the First, Second, Third, Ninth and Federal Circuits, and has been admitted to practice in numerous other federal and state courts. He specializes in prosecuting class and derivative actions throughout the United States and has been appointed lead counsel and successfully concluded numerous such actions.

**JORDAN L. LURIE** is a partner in the Los Angeles office. Mr. Lurie received his law degree in 1987 from the University of Southern California Law Center where he was Notes Editor of the University of Southern California Law Review. He received his undergraduate degree from Yale University in 1984 (*cum laude*). Mr. Lurie has participated in all aspects of class actions. Mr. Lurie is the co-author of "Postponing a Municipal Court Election: The November Election Provision of Government Code Section 71180(b)," California Courts Commentary, November 1989; co-author of "Chapter 54 - Consent Judgment" and "Chapter 55 - Submitted Case," Civil Procedure Before Trial (1990), published by California Continuing Education of the Bar; and author of "Rx for Pharmacy Malpractice: California's New Duty to Consult," CEB Civil Litigation Reporter, December 1991.

Mr. Lurie also has been a featured speaker at California Mandatory Continuing Legal Education seminars regarding securities fraud and class actions. Mr. Lurie is a member of the State Bar of California and is admitted to practice before the United States District Courts for the Northern, Southern, Central and Eastern Districts of California.

**MOSHE BALSAM** is a senior associate in the New York office. He graduated from Brooklyn Law School in 1981 with a specialty in securities law. He was admitted to the New York State Bar in

7

WEISS & LURIE

1982. Mr. Balsam is also a member of the bars of the United States District Courts for the Southern and

Eastern Districts of New York and has been admitted to practice before various other state and federal

courts. He has participated in all aspects of numerous class action and shareholder derivative cases.

**DAVID C. KATZ** is a senior associate in the New York office. He is a 1988 Graduate of

Benjamin N. Cardozo School of Law. He is admitted to the New York State Bar and the United States

District Courts for the Southern and Eastern Districts of New York. He is experienced in all aspects of

securities class and derivative litigation at both the trial and appellate level, and leads the firm's efforts

devoted to enhancing corporate governance.

**JOSEPH D. COHEN** is a senior associate in the New York office. He graduated from Case

Western Reserve University School of Law in May 1989, where he received an award for excellence in

Business Law. He received an LL.M in Corporate law from New York University in 1990. Mr. Cohen

has co-authored several articles: "Mitsubishi and Shearson: A Misplaced Trust in Arbitration," New

England Business Law Journal, 1990; "The Effects of Tax Reform on Golden Parachutes," North

Atlantic Regional Business Law Review, August 1988; "Dual Class Common Stock and Its Effects on

Shareholders and Legislators," American Business Law Association National Proceedings, August 1988.

Mr. Cohen is admitted to the State Bars of California and Rhode Island, as well as the District of

Columbia and the United States District Courts for the Central, Southern and Northern Districts of

California.

**JAMES E. TULLMAN** is an associate in the New York office. He graduated from the

University of Delaware (B.A., 1988), and The Jacob D. Fuchsburg Law Center of Touro College (J.D.,

1991), where he was an editor of the Journal of the Suffolk Academy of Law, Touro College, 1990-1991.

Mr. Tullman is admitted to the state bars of Connecticut, New York, and California, as well as the United

States District Courts for the Southern and Eastern Districts of New York, the Northern, Central and

Southern Districts of California, and the United States Court of Appeal for the Ninth and Third Circuit.

8

WEISS & LURIE

**RICHARD A. ACOCELLI** is an associate in the New York Office. He received his law degree in 1990 from St. John's University School of Law. He is admitted to the State Bar of New York and the United States District Courts for the Southern and Eastern Districts of New York and the Eastern District of Michigan.

**JACK I. ZWICK** is an associate in the New York Office. He received his law degree in 1993 from Benjamin N. Cardozo School of Law. He is admitted to the New York State Bar and the United States District Courts for the Southern and Eastern Districts of New York.

**LEIGH A. PARKER** is an associate in the Los Angeles office. She graduated from Indiana University (B.A. 1981), received her M.B.A. from the American Graduate School of International Management in 1982 and graduated from Loyola Law School in 1993, where she was a member of the Scott Moot Court Honors Board. She is admitted to the Bar of the State of California and the United States District Courts for the Central, Northern, Southern and Eastern Districts of California, as well as the Ninth Circuit Court of Appeals.

**MARK D. SMILOW** is an associate in the New York office. He graduated Benjamin N. Cardozo School of Law in 1993, *magna cum laude,* where he was a member of the Cardozo Law Review. He is admitted to the New York and New Jersey State Bars, and the United States District Courts for the Southern and Eastern Districts of New York. He has also been admitted in other courts throughout the nation for particular cases. He has litigated all aspects of numerous class, shareholder, derivative and consumer class actions in both trial and appellate courts.

**ZEV B. ZYSMAN** is an associate in the Los Angeles office. He graduated from the University of Southern California (B.A. 1991), and received his law degree from the University of California, Hastings College of the Law (J.D. 1994). Mr. Zysman is admitted to the Bar of the State of California and the United States District Court for the Central District of California.

WEISS & LURIE

**JULIA J. SUN** is a junior associate in the New York office. She received her B.A. in Political Science from Barnard College, Columbia University in 1998 and her J.D. from Brooklyn Law School in 2003. Ms. Sun is admitted to the Bar of the State of New York and the United States District Courts for the Southern and Eastern Districts of New York.

**ILYA NUZOV** is a junior associate in the New York office. He received his B.S. in Finance from Rutgers University in 2001 and his J.D. from Brooklyn Law School in 2004. During law school, Mr. Nuzov worked at the State of New Jersey Office of the Attorney General, Bureau of Securities. Mr. Nuzov is admitted to the Bar of the State of New York and the United States District Courts for the Southern and Eastern Districts of New York.

**JOSHUA M. RUBIN** is a junior associate in the New York office. He received a Bachelor of Talmudic Law from Ner Israel Rabbinical College in 2002 and his J.D. from Benjamin N. Cardozo School of Law in 2005. Mr. Rubin is admitted to the Bar of the State of New York and the United States District Courts for the Southern and Eastern Districts of New York. He is also an arbitrator qualified by the New York State Dispute Resolution Association and an emergency medical technician.