UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In Re: DEPARTMENT OF VETERANS AFFAIRS (VA) DATA THEFT LITIGATION ) ) ) ) ) This Document Relates To: ) ALL CASES ) ) | Misc. Action No. 06-0506 (JR) MDL Docket No. 1796 |

**DEFENDANTS' OPPOSITION
TO PLAINTIFFS' RULE 56(f) MOTION FOR DISCOVERY**

Defendants have filed their motion to dismiss or in the alternative for summary judgment in this case ("Defendants' Dispositive Motion"), and the Court has ordered plaintiffs to file their opposition by March 28, 2007. In addition, on February 28, 2007, the Court entered an Order staying discovery in this matter "pending the resolution of defendants' dispositive motion." Subsequently to the entry of that order, plaintiffs filed the instant motion for discovery pursuant to Federal Rule of Civil Procedure Rule ("FRCP" or "Rule") 56(f). The Court should deny plaintiffs' Rule 56(f) motion. Importantly, defendants have briefed their dispositive motion for summary judgment in the alternative. Defendants believe that the Court can decide this matter entirely pursuant to Rules 12(b)(1), (5), and (6). See Defendants' Dispositive Motion at 18-54. It is axiomatic that plaintiffs are not entitled to Rule 56(f) discovery to oppose defendants' dispositive Rule 12(b) motion, and any such discovery would be wasteful of the parties' and the Court's resources. Only if the Court does not dismiss plaintiffs' suit in its entirety pursuant to Rule 12(b) does the Court need to reach defendants' motion in the alternative for summary judgment. Plaintiffs' Rule 56(f) motion is therefore premature and should be dismissed.

1

Moreover, even if the Court reaches defendants' motion for summary judgment, contrary to the requirement of Rule 56(f), plaintiffs have failed to set forth in affidavits specific, non-speculative facts that demonstrate that discovery is necessary to obtain evidence to oppose defendants' motion for summary judgment by establishing that a triable issue of fact exists. The Court should therefore deny plaintiffs' motion for 56(f) discovery.

### A. Plaintiffs Are Not Entitled to Discovery to Respond to Defendants' Rule 12(b) Dispositive Motion

For the reasons explained in Defendants' Dispositive Motion, all of plaintiffs' claims should be dismissed under Rules 12(b)(1), (5), and (6), for lack of standing, failure to state a claim, and improper service. See Defendants' Dispositive Motion at 18-54. Only if the Court finds that some or all of plaintiffs' claims cannot be resolved pursuant to Rule 12(b), will the Court even reach defendants' alternative arguments pursuant to Rule 56.

By its own terms, Rule 56(f) only applies in cases where a party has moved for summary judgment under Rule 56. Where, as here, a party has moved to dismiss an action in its entirety under Rule 12(b), Rule 56(f) is simply inapposite, unless and until the Court reaches the alternative motion for summary judgment.[1] Plaintiffs' Rule 56(f) motion is therefore premature, and should be denied. See Doe v. U.S. Dept. of Labor, 451 F. Supp. 2d 156, 166 (D.D.C. 2006) (noting that "it would be utterly futile to grant the plaintiff a continuance under Rule 56(f) to

---

[1] That defendants have attached exhibits and relied on such exhibits in their motion to dismiss is not sufficient to convert the motion to one for summary judgment. When reviewing a 12(b)(1) motion, the Court may examine materials outside the pleadings without converting it into a motion for summary judgment. See Jerome Stevens Pharm., Inc. v. Food & Drug Admin., 402 F.3d 1249, 1253 (D.C. Cir. 2005). Moreover, as none of these outside materials are offered to resolve factual disputes, the Court need not convert defendants' Rule 12(b) motion into one for summary judgment.

adduce additional facts through 'depositions, answers to interrogatories, or . . . affidavits'" because plaintiff's claims fail under Rule 12(b)(6) (internal citations omitted)); JB Pictures, Inc. v. Dep't of Defense, 1993 WL 166918, *4 n.9 (D.D.C. 1993) (refusing to allow discovery to oppose motion to dismiss, or in the alternative, for summary judgment, because discovery is "not necessary before the court can rule on this dispositive [Rule 12(b)(6) motion]."); Honeywell Information Sys., Inc. v. Hodges, 85 F.R.D. 339, 342 (D.D.C. 1980) (court "withheld action" on, inter alia, Rule 56(f) motion "pending its ruling on the defendants' motions to dismiss").

Moreover, and as discussed in detail below, plaintiffs' Rule 56(f) motion contains a series of baseless accusations masquerading as discovery requests. Such requests constitute "a fishing expedition of the most obvious kind . . . [and plaintiffs should not be permitted] in the face of a motion to dismiss for lack of subject matter jurisdiction, to undertake such a general search in the hope that some cause of action might be uncovered." United Presbyterian Church in USA v. Reagan, 557 F. Supp. 61, 64 (D.D.C. 1982).

### B.  Plaintiffs Have Failed to Meet the Criteria For Rule 56(f) Discovery

Even if a Rule 56(f) motion were proper at this time, plaintiffs are not entitled to such discovery because they have utterly failed to make the requisite showing. Rule 56(f) expressly states that "[s]hould it appear from the affidavits of a party opposing the [summary judgment] motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had . . . ." Therefore, to obtain discovery under Rule 56(f), the party opposing summary judgment must identify in an affidavit the specific facts necessary to oppose summary judgment and

demonstrate "how additional discovery will provide those facts, not simply assert that 'certain information' and 'other evidence' may exist and may be obtained through discovery." Richardson v. National Rifle Ass'n, 871 F. Supp. 499, 501-02 (D.D.C. 1994). It is insufficient to assert that discovery is required to cross-examine or "test" the opposing party's theory of the case. See Strang v. U.S. Arms Control and Disarmament Agency, 864 F.2d 859, 861 (D.C. Cir. 1989). Importantly, "pure speculation" is "far too slender a reed upon which to hang a [Rule 56(f)] discovery request." Woods v. City of Chicago, 234 F.3d 979, 991 (7th Cir. 2000).

### 1. Plaintiffs' Rule 56(f) Request Lacks Proper Affidavits

As an initial matter, plaintiffs have not even met the threshold requirement of Rule 56(f); contrary to the express language of 56(f), they have failed to provide affidavits containing reasons why they cannot present facts essential for their opposition to defendants' motion for summary judgment without first conducting discovery. FRCP 56(f). Instead, plaintiffs' 56(f) motion simply attaches an affidavit from plaintiffs' attorney Douglas J. Rosinski stating that he has not received a response to his FOIA request, and an affidavit from Jennifer Blackmon, Mr. Rosinksi's paralegal, similarly stating that she has not received any documents in response to a FOIA request. Plaintiffs' Rule 56(f) Motion ("Pl. Rule 56(f) Mot.") at Attachments. For this reason alone – plaintiffs' failure to provide required affidavits containing specific information as to the material facts required to oppose summary judgment that will be obtained from discovery – the Court should deny plaintiffs' Rule 56(f) motion. Doe, 451 F. Supp. 2d at 164 ("Such an explanation [as to why discovery is necessary to oppose summary judgment] must be made by affidavit"). See also California v. Campbell, 138 F. 3d 772, 779 (9th Cir.) ("Thus, the defendants must show (1) that they have set forth in affidavit form the specific facts that they hope to elicit

from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are essential to resist summary judgment motion.").[2]

### 2. Plaintiffs Fail to Demonstrate That Discovery Would Uncover Material Facts Necessary to Oppose Defendants' Motion for Summary Judgment

Even putting aside plaintiffs' failure to comply with the affidavit requirements of Rule 56(f), plaintiffs' Rule 56(f) motion lacks the requisite specificity for discovery. Plaintiffs' discovery requests neither specifically identify those facts necessary to oppose defendants' summary judgment arguments, nor do they demonstrate that the requested discovery is likely to uncover those facts. Instead, plaintiffs simply assert they are entitled to incredibly broad-ranging discovery without tying the discovery sought to specific points in defendants' motion for summary judgment that they seek to rebut. See, e.g., Pl. Rule 56(f) Mot. at 5-9, Exhibits A and B. Indeed, plaintiffs seek discovery unrelated to allegations in their complaint, much less at issue in defendants' motion for summary judgment. Compare Pl. Rule 56(f) Mot., Exhibits A and B (seeking, for example, discovery related to an alleged coercion of a VA contractor to disclose information; a "cover-up" to Congress; a so-called "backdated" report of VA security guidelines; and a conspiracy between Mr. Nicolson and other officials regarding alleged privacy act violations) with Plaintiffs' Complaints (primarily alleging that defendants failed to establish adequate safeguards to protect information covered by the Privacy Act).

Plaintiffs claim, for example, that they need discovery regarding an alleged "cover-up"

---

[2] Indeed, at least one court has found that the required affidavits must be provided by the party to the litigation, and not the party's attorney. Colby v. J.C. Penney Co., Inc., 127 F.R.D. 509, 512 (N.D. Ill. 1989) ("The Rule expressly provides that the affidavit must be from the party, not the party's lawyer.").

by the VA and the VA's Office of Inspector General ("OIG"), alleged destruction of evidence, and claimed "backdating" of documents. Pl. Rule 56(f) Mot. at 9 ¶¶ 21, 23, 25, 27. Other than simply proclaiming that they need such information to respond to defendants' motion for summary judgment, plaintiffs make no showing as to how such information, even if true, is necessary to help them respond to defendants' motion for summary judgment on any Privacy Act claims not dismissed under Rule 12(b).[3] See Defendants' Dispositive Motion at 58-69.

### 3. Contrary to Rule 56(f) Requirements, Plaintiffs' Discovery Requests Are Unsupported and Based on Pure Speculation

Not only are the salacious allegations of "backdating," a "cover-up," and "misleading Congress," contained in plaintiffs' Rule 56(f) motion completely unrelated to defendants' motion to dismiss, or even to the claims brought in plaintiffs' complaints, but plaintiffs provide not one shred of evidence in support of these false allegations, much less "that the facts sought exist," as is required by Rule 56(f). Campbell, 138 F. 3d at 779. Instead, plaintiffs rely only on unsupported allegations and pure speculation. See, e.g., Pl. Rule 56(f) Mot. at 2 ("upon [unspecified] information and belief" the VA OIG was provided with information it failed to include in its report); id. ("upon [unspecified] information and belief" OIG investigators identified other potential Privacy Act violations that were not included in its report); id. at 5

---

[3] In addition, plaintiffs would not, in any event, be entitled to any discovery with respect to certain of their claims. Plaintiffs raise claims pursuant to the Administrative Procedure Act ("APA"). VVA Compl. ¶¶ 25, 37, 58; Rosato Compl. ¶¶ 22, 47. Defendants have moved to dismiss plaintiffs' APA claims, but even absent dismissal, plaintiffs are entitled to record review only of any claims brought under the APA. Florida Power & Light v. Lorion, 470 U.S. 729, 743-44 (1985) (in assessing claims brought pursuant to the APA, a reviewing court's task is to apply the appropriate APA standard of review, 5 U.S.C. § 706, to the agency decision "based on the record the agency presents to the reviewing court") (emphasis added)

("upon [unspecified] information and belief" VA employees have been removed from their jobs); id. ("upon [unspecified] information and belief" VA employees forced a VA contractor to disclose information to John Doe); id. at 6 ("upon [unspecified] information and belief" defendants destroyed evidence). Plaintiffs' incantation of the phrase "upon information and belief" is insufficient to meet the standards for discovery under Rule 56(f).

Plaintiffs assert merely that the discovery they seek is "reasonably calculated to lead to admissible evidence." Pl. Rule 56(f) Mot. at 5. This assertion, however, misses the mark. The standard for discovery under 56(f) is not whether the requested discovery is "reasonably calculated to lead to admissible evidence." Instead, the requested discovery must be precisely tailored to uncovering facts that would prevent summary judgment. Bancoult v. McNamara, 217 F.R.D. 280, 283 (D.D.C. 2003) (Rule 56(f) is designed to "prevent fishing expeditions.") (quoting Hotel & Rest. Employees Union, Local 25 v. Att'y Gen., 804 F.2d 1256, 1269 (D.C. Cir. 1986)). Importantly, a triable issue is not created by "[c]onclusory allegations unsupported by factual data." Byrd v. EPA, 174 F.3d 239, 248 n.8 (D.C. Cir. 1999) (citation omitted). See also Messina v. Krakower, 439 F.3d 755, 762-63 (D.C. Cir. 2006) (upholding denial of Rule 56(f) request where "the requesting party has offered only a conclusory assertion without any supporting facts to justify the proposition that the discovery sought will produce the evidence required"). "Rule 56(f) may not defeat summary judgment 'where the result of a continuance to obtain further information would be wholly speculative.'" Bancoult, 217 F.R.D. at 283 (quoting Exxon Corp. v. Crosby-Miss. Res., Ltd., 40 F.3d 1474, 1488 (5th Cir. 1995)). "Without any evidentiary support, [plaintiffs'] request[s] amount[] to nothing more than a fishing expedition . . . ." Grayson v. O'Neil, 308 F.3d 808, 817 (7th Cir. 2002); see also Exxon Corp. v. FTC, 663

F.2d 120, 128 (D.C. Cir. 1980) (party seeking to invoke Rule 56(f) cannot rely only on "speculative issues of fact" but must show that the necessary facts exist); Alexander v. FBI, 186 F.R.D. 180, 184 (D.D.C. 1999) ("Rule 56(f) does not provide parties with a doctrinal vehicle for defeating motions for summary judgment based on unsupported speculation about what may be forthcoming if an extension is granted.") (quotation omitted); Yager v. Carey, 910 F. Supp. 704, 731 (D.D.C. 1995) ("[U]nder Federal Rule of Civil Procedure 56(f) . . . speculative and irrelevant discovery cannot serve as a basis for delaying summary judgment); Economou v. Butz, 466 F. Supp. 1351, 1357 (S.D.N.Y. 1979) ("a vague hope that contradictory evidence will subsequently be discovered is insufficient to defeat a motion for summary judgment").

In sum, although plaintiffs allege that "material facts" remain at issue, their discovery demands – such as whether the defendants complied with unspecified "mandatory requirements in federal policies, procedures and guidelines," Pl. Rule 56(f) Mot. at 5, or whether defendants engaged in a "cover-up [of] Defendants' Privacy Act violations," id. at 8 – are not relevant to whether defendants committed Privacy Act violations in handling the records at issue as alleged in plaintiffs' complaints. Such facts are therefore not material to resolution of defendants' motion for summary judgment. Though plaintiffs also allege that discovery is necessary to test, for example, the factual accuracy of defendants' assertion that John Doe was authorized to access the Privacy Act records at issue in this case, see Pl. Rule 56(f) Motion at Exhibit B at 4, plaintiffs have provided no evidence to rebut this assertion, but instead provide only speculation of inaccuracies in defendants' submissions. Plaintiffs' speculative assertions have no evidentiary foundation and are not, as a matter of law, sufficient to demonstrate the existence of a disputed issue of material fact. See Strang, 864 F.2d at 861. Contrary to plaintiffs' assertions, the

evidentiary materials submitted in support of Defendants' Dispositive Motion adequately and amply documented the steps defendants had taken to safeguard records protected by the Privacy Act. The sole question for the Court is whether these measures were consistent with the statute's requirements – a matter properly amenable to summary judgment.

### C. Conclusion

For the foregoing reasons, plaintiffs' Rule 56(f) motion should be denied.

<div style="margin-left: 40%;">

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney
PETER D. KEISLER
Assistant Attorney General
ELIZABETH J. SHAPIRO
Assistant Director


      /s/
HEATHER PHILIPS, CA Bar #191620
DAVID M. GLASS
ORI LEV
Attorneys
United States Department of Justice
Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, D.C. 20001
(202) 616-0679
Heather.phillips@usdoj.gov

</div>

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In Re: DEPARTMENT OF VETERANS AFFAIRS (VA) DATA THEFT LITIGATION    ) ) ) ) | |
| ) | Misc. Action No. 06-0506 (JR) |
| ) | MDL Docket No. 1796 |
| This Document Relates To: ALL CASES    ) ) ) | |

**ORDER**

Plaintiffs' Rule 56(f) Motion is hereby DENIED.

IT IS SO ORDERED, this _____ day of _____, 2007.


_____
HON. JAMES R. ROBERTSON
UNITED STATES DISCRICT JUDGE