## Title 38—Pensions, Bonuses, and Veterans' Relief

## CHAPTER I—VETERANS ADMINISTRATION

## PART 1—GENERAL PROVISIONS

### Safeguarding Personal Information in Veterans Administration Records

On page 27261 of the FEDERAL REGISTER of June 27, 1975, there was published a notice of proposed regulatory development to add §§ 1.576 through 1.584 to Title 38, Code of Federal Regulations, to implement the provisions of sections 2 and 3 of Pub. L. 93-579 (88 Stat. 1896). The § 1.575 series concern the safeguarding of individual privacy from the misuse of Federal records and provide that individuals be granted access under certain conditions to records concerning them which are maintained by the Veterans Administration.

Interested persons were given 30 days in which to submit comments, suggestions, or objections regarding the proposed regulations.

One written comment has been received. It was suggested that the term "Officer or employee of the Veterans Administration" be more clearly defined as used throughout the text of the proposal. The term is the same as that in the statute and therefore will not be changed. However, after review of the final OMB guidelines, published in the Federal Register of July 9, 1975 (40 F.R. 28975, 28976) it has been decided to add paragraph (g) to § 1.576 to incorporate the provisions of 5 U.S.C. 552a(m). Therefore, the proposed regulations with this addition are adopted as set forth below.

*Effective date.* These VA Regulations are effective September 27, 1975.

Approved: August 4, 1975.

By direction of the Administrator.

[SEAL] ODELL W. VAUGHN, *Deputy Administrator.*

A new center heading is added, §§ 1.576 through 1.584 are added and the Table of Contents entries are added to read as set forth below.

SAFEGUARDING PERSONAL INFORMATION IN VETERANS ADMINISTRATION RECORDS

Sec.
1.576 General policies, conditions of disclosure, accounting of certain disclosures, and definitions.
1.577 Access to records.
1.578 Veterans Administration system of record requirements.
1.579 Access to personal information from Veterans Administration records.
1.580 Administrative review.
1.581 Judicial review.
1.582 Exemptions.
1.583 Mailing lists.
1.584 Reports.

SAFEGUARDING PERSONAL INFORMATION IN VETERANS ADMINISTRATION RECORDS

NOTE: Sections 1.575 through 1.584 concern the safeguarding of individual privacy from the misuse of information from files, records, reports, and other papers and documents in Veterans Administration custody. As to the release of information from Veterans Administration claimant records see § 1.500 series. As to the release of information from Veterans Administration records other than claimant records see § 1.550 series. Section 1.575 series implement the provisions of Pub. L. 93-579, December 31, 1974, adding a section 552a to title 5, United States Code providing that individuals be granted access to records concerning them which are maintained by Federal agencies, and for other purposes.

**§ 1.576 General policies, conditions of disclosure, accounting of certain disclosures, and definitions.**

(a) The Veterans Administration will safeguard an individual against an invasion of personal privacy. Except as otherwise provided by law or regulation its officials and employees will:

(1) Permit an individual to determine what records pertaining to him or her will be collected, maintained, used, or disseminated by the Veterans Administration.

(2) Permit an individual to prevent records pertaining to him or her, obtained by the Veterans Administration for a particular purpose, from being used or made available for another purpose without his or her consent.

(3) Permit an individual to gain access to information pertaining to him or her in Veterans Administration records, to have a copy made of all or any portion thereof, and to correct or amend such records.

(4) Collect, maintain, use, or disseminate any record of identifiable personal information in a manner that assures that such action is for a necessary and lawful purpose, that the information is correct and accurate for its intended use, and that adequate safeguards are provided to prevent misuse of such information.

(5) Permit exemptions from records requirements provided in 5 U.S.C. 552a only where an important public policy need for such exemption has been determined pursuant to specific statutory authority.

(b) The Veterans Administration will not disclose any record contained in a system of records by any means of communication to any person or any other agency except by written request of or prior written consent of the individual to whom the record pertains unless such disclosure is:

(1) To those officers and employees of the agency which maintains the record and who have a need for the record in the performance of their duties;

(2) Required under 5 U.S.C. 552;

(3) For a routine use of the record compatible with the purpose for which it was collected;

(4) To the Bureau of the Census for purposes of planning or carrying out a census or survey or related activity pursuant to title 13, United States Code;

(5) To a recipient who has provided the Veterans Administration with advance adequate written assurance that the record will be used solely as a statistical research or reporting record, and the record is to be transferred in a form that is not individually identifiable;

(6) To the National Archives of the United States as a record which has sufficient historical or other value to warrant its continued preservation by the U.S. Government, or for evaluation by the Administrator of General Services or designee to determine whether the record has such value;

(7) To another agency or to an instrumentality of any governmental jurisdiction within or under the control of the United States for a civil or criminal law enforcement activity if the activity is authorized by law, and if the head of the agency or instrumentality has made a written request to the Veterans Administration specifying the particular portion desired and the law enforcement activity for which the record is sought;

(8) To a person pursuant to a showing of compelling circumstances affecting the health or safety of an individual if upon such disclosure notification is transmitted to the last known address of such individual;

(9) To either House of Congress, or, to the extent of matter within its jurisdiction, any committee or subcommittee thereof, any joint committee of Congress or subcommittee of any such joint committee;

(10) To the Comptroller General, or any authorized representatives, in the course of the performance of the duties of the General Accounting Office; or

(11) Pursuant to the order of a court of competent jurisdiction.

(c) With respect to each system of records (i.e., a group of records from which information is retrieved by the name of the individual or by some identifying number, symbol, or other identifying particular assigned to the individual) under Veterans Administration control, the Veterans Administration will (except for disclosures made under paragraph (b) (1) or (2) of this section) keep an accurate accounting as follows:

(1) For each disclosure of a record to any person or to another agency made under paragraph (b) of this section, maintain information consisting of the date, nature, and purpose of each disclosure, and the name and address of the person or agency to whom the disclosure is made;

(2) Retain the accounting made under paragraph (c)(1) of this section for at least 5 years or the life of the record, whichever is longer, after the disclosure for which the accounting is made;

(3) Except for disclosures made under paragraph (b)(7) of this section, make the accounting under paragraph (c)(1) of this section available to the individual named in the record at his or her request; and

(4) Inform any person or other agency about any correction or notation of dispute made by the agency in accordance with § 1.577 of any record that has been disclosed to the person or agency if an accounting of the disclosure was made.

(d) For the purposes of §§ 1.575 through 1.584, the parent of any minor, or the legal guardian of any individual who has been declared incompetent due to physical or mental incapacity or age by a court of competent jurisdiction, may act on behalf of the individual.

(e) Section 552a(i), title 5, United States Code, provides that:



HeinOnline -- 40 Fed. Reg. 33944 1975

(1) Any officer or employee of the Veterans Administration, who by virtue of his or her employment or official position, has possession of, or access to, Veterans Administration records which contain individually identifiable information the disclosure of which is prohibited by 5 U.S.C. 552a or by § 1.575 series established thereunder, and who knowing that disclosure of the specific material is so prohibited, willfully discloses the material in any manner to any person or agency not entitled to receive it, shall be guilty of a misdemeanor and fined not more than $5,000.

(2) Any officer or employee of the Veterans Administration who willfully maintains a system of records without meeting the notice requirements of 5 U.S.C. 552a(e)(4) (see § 1.578(d)) shall be guilty of a misdemeanor and fined not more than $5,000.

(3) Any person who knowingly and willfully requests or obtains any record concerning an individual from the Veterans Administration under false pretenses shall be guilty of a misdemeanor and fined not more than $5,000.

(f) For purposes of § 1.575 series the following definitions apply:

(1) The term "agency" includes any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the government (including the Executive Office of the President), or any independent regulatory agency.

(2) The term "individual" means a citizen of the United States or an alien lawfully admitted for permanent residence.

(3) The term "maintain" includes maintain, collect, use, or disseminate.

(4) The term "record" means any item, collection, or grouping of information about an individual that is maintained by an agency, including, but not limited to, his or her education, financial transactions, medical history, and criminal or employment history and that contains his or her name, or the identifying number, symbol, or other identifying particular assigned to the individual, such as a finger or voice print or a photograph.

(5) The term "system of records" means a group of any records under the control of any agency from which information is retrieved by the name of the individual or by some identifying number, symbol, or other identifying particular assigned to the individual.

(6) The term "statistical record" means a record in a system of records maintained for statistical research or reporting purposes only and not used in whole or in part in making any determination about an identifiable individual except as provided by section 8 of title 13, United States Code.

(7) The term "routine use" means, with respect to the disclosure of a record, the use of such record for a purpose which is compatible with the purpose for which it was collected.

(g) When the Veterans Administration provides by a contract for the operation by or on behalf of the Veterans Administration of a system of records to accomplish a Veterans Administration function, the Veterans Administration will, consistent with its authority, cause the requirements of 5 U.S.C. 552a (as required by subsection (m)) and those of the § 1.575 series to be applied to such system. For the purposes of 5 U.S.C. 552a(i) and § 1.576(e) any such contractor and any employee of such contractor, if such contract is agreed to on or after September 27, 1975, will be considered to be an employee of the Veterans Administration.

### § 1.577 Access to records.

(a) Except as otherwise provided by law or regulation any individual upon request may gain access to his or her record or to any information pertaining to him or her which is contained in any system of records maintained by the Veterans Administration. The individual will be permitted, and upon his or her request, a person of his or her own choosing permitted to accompany him or her, to review the record and have a copy made of all or any portion thereof in a form comprehensible to him or her. The Veterans Administration will require, however, a written statement from the individual authorizing discussion of that individual's record in the accompanying person's presence.

(b) Any individual may request amendment of any Veterans Administration record pertaining to him or her. Not later than 10 days (excluding Saturdays, Sundays, and legal public holidays) after the date of receipt of such request, the Veterans Administration will acknowledge in writing such receipt. The Veterans Administration will also promptly either;

(1) Correct any part thereof which the individual believes is not accurate, relevant, timely, or complete; or

(2) Inform the individual of the Veterans Administration's refusal to amend the record in accordance with his or her request, the reason for the refusal, the procedures by which the individual may request a review of that refusal by the Administrator or designee, and the name and address of such official.

(c) Any individual who disagrees with the Veterans Administration's refusal to amend his or her record may request a review of such refusal. The Veterans Administration will complete such review not later than 30 days (excluding Saturdays, Sundays, and legal public holidays) from the date on which the individual requests such review and make a final determination unless, for good cause shown, the Administrator extends such 30-day period. If, after review, the Administrator or designee also refuses to amend the record in accordance with the request the individual will be advised of the right to file with the Veterans Administration a concise statement setting forth the reasons for his or her disagreement with the Veterans Administration's refusal, and also advised of the provisions for judicial review of the reviewing official's determination (5 U.S.C. 552a(g)(1)(A)).

(d) In any disclosure, containing information about which the individual has filed a statement of disagreement, occurring after the filing of the statement under paragraph (c) of this section, the Veterans Administration will clearly note any part of the record which is disputed and provide copies of the statement (and, if the Veterans Administration deems it appropriate, copies also of a concise statement of the Veterans Administration's reasons for not making the amendments requested) to persons or other agencies to whom the disputed record has been disclosed.

(e) Nothing in 5 U.S.C. 552a, however, allows an individual access to any information compiled in reasonable anticipation of a civil action or proceeding.

### § 1.578 Veterans Administration system of records requirements.

(a) The Veterans Administration will maintain in its records only such information about an individual as is relevant and necessary to accomplish a purpose of the Veterans Administration required to be accomplished by statute or Executive order of the President.

(b) The Veterans Administration will collect information to the greatest extent practicable directly from the subject individual when the information may result in adverse determinations about an individual's rights, benefits, and privileges under Federal programs.

(c) The Veterans Administration will inform each individual whom it asks to supply information, on the form which it uses to collect the information or on a separate form that can be retained by the individual, of:

(1) The authority (whether granted by statute or Executive order of the President) which authorizes the solicitation of the information and whether disclosure of such information is mandatory or voluntary;

(2) The principal purpose or purposes for which the information is intended to be used;

(3) The routine uses which may be made of the information, as published pursuant to paragraph (d)(4) of this section; and

(4) The effects on him or her, if any, of not providing all or any part of the requested information.

(d) Subject to the provisions of paragraph (k) of this section, the Veterans Administration will publish in the FEDERAL REGISTER at least annually a notice of the existence and character of its system of records. This notice will include:

(1) The name and location of the system or systems;

(2) The categories of individuals on whom records are maintained in the system or systems;

(3) The categories of records maintained in the system or systems;

(4) Each routine use of the records contained in the system or systems, including the categories of users and the purpose of such use;

(5) The policies and practices of the Veterans Administration regarding storage, retrievability, access controls, retention, and disposal of the records;



HeinOnline -- 40 Fed. Reg. 33945 1975

(6) The title and business address of the Veterans Administration official or officials responsible for the system or systems of records;

(7) The Veterans Administration procedures whereby an individual can be notified at his or her request if the system or systems of records contain a record pertaining to him or her;

(8) The Veterans Administration procedures whereby an individual can be notified at his or her request how he or she can gain access to any record pertaining to him or her contained in the system or systems of records, and how he or she can contest its content; and

(9) The categories of sources of records in the system or systems.

(e) All records used by the Veterans Administration in making any determination about any individual will be maintained with the accuracy, relevance, timeliness, and completeness reasonably necessary to assure fairness to the individual in the determination.

(f) Before disseminating any record about an individual to any person other than an agency the Veterans Administration will make reasonable efforts to assure that such records are accurate, complete, timely, and relevant for Veterans Administration purposes unless the dissemination is required pursuant to 5 U.S.C. 552.

(g) The Veterans Administration will maintain no record describing how any individual exercises rights guaranteed by the First Amendment unless expressly authorized by statute or by the individual about whom the record is maintained or unless pertinent to and within the scope of an authorized law enforcement activity.

(h) The Veterans Administration will make reasonable efforts to serve notice on an individual when any record on such individual is made available to any person under compulsory legal process when such process becomes a matter of public record.

(i) The Veterans Administration will establish rules of conduct for persons involved in the design, development, operation, or maintenance of any system of records, or in maintaining any record. Each such person will be instructed regarding such rules and the requirements of 5 U.S.C. 552a. The instruction will include any other rules and procedures adopted pursuant to 5 U.S.C. 552a, and the penalties it provides for noncompliance.

(j) The Veterans Administration will establish appropriate administrative, technical, and physical safeguards to insure the security and confidentiality of records and to protect against any anticipated threats or hazards to their security or integrity which could result in substantial harm, embarrassment, inconvenience, or unfairness to any individual on whom information is maintained.

(k) At least 30 days prior to the publication of a notice in the FEDERAL REGISTER at least annually regarding the routine use of the records contained in the Veterans Administration system or systems of records including the categories of users and the purpose of such use, pursuant to paragraph (d)(4) of this section, the Veterans Administration will also:

(1) Publish a notice in the FEDERAL REGISTER of any new use or intended use of the information in the system or systems; and

(2) Provide an opportunity for interested persons to submit written data, views, or arguments to the Veterans Administration.

### § 1.579 Access to personal information from Veterans Administration records.

(a) The Veterans Administration will promulgate regulations, as necessary, to insure compliance with the provisions of 5 U.S.C. 552a, developed in accordance with the provisions of 5 U.S.C. 553, as applicable, and § 1.12.

(b) Any individual will be notified upon request if any Veterans Administration system of records named contains a record pertaining to him or her. Such request must be in writing, over the signature of the requester. The request must contain a reasonable description of the Veterans Administration system or systems of records meant, as described at least annually by notice published in the FEDERAL REGISTER describing the existence and character of the Veterans Administration's system or systems of records pursuant to § 1.578(d). The request should be made to the office concerned (having jurisdiction over the system or systems of records meant) or, if not known, to the Director, or Veterans Services Officer in the nearest VA regional office or to the Veterans Administration Central Office, 810 Vermont Avenue, NW., Washington, DC 20420. Personal contacts should normally be made during the regular duty hours of the office concerned, which are 8 a.m. to 4:30 p.m. Monday through Friday for VA Central Office and most field stations. Identification of the individual requesting the information will be required consisting of name, signature, address, and claim, insurance or other identifying file number, if any, as a minimum. Additional identifying data or documents may be required in specified categories as determined by operating requirements and established and publicized by the promulgation of VA regulations.

(c) The department or staff office having jurisdiction over the records involved will establish appropriate disclosure procedures and will notify the individual requesting disclosure of his or her record or information pertaining to him or her of the time, place and conditions under which the Veterans Administration will comply to the extent permitted by law and VA regulation. Special procedures will be established by the department or staff office concerned governing the disclosure to an individual of medical records, including psychological records pertaining to him or her.

(d) The department or staff office having jurisdiction over the records involved will also establish procedures for reviewing a request from an individual concerning the amendment of any record or information pertaining to the individual, for making a determination on the request, for an appeal within the Veterans Administration of an initial adverse Veterans Administration determination, and for whatever additional means may be necessary for each individual to be able to exercise fully his or her rights under 5 U.S.C. 552a.

(e) Fees to be charged, if any, to any individual for making copies of his or her record, excluding the cost of any search for and review of the record, will be as follows:

(1) Photocopy reproductions from all types of copying processes, each reproduction image, $0.05.

(2) Where the Veterans Administration undertakes to perform for a requester or for any other person services which are very clearly not required to be performed under section 552a, title 5, United States Code, either voluntarily or because such services are required by some other law (e.g., the formal certification of records as true copies, attestation under the seal of the Veterans Administration, etc.), the question of charging fees for such services will be determined by the official or designee authorized to release the information under § 1.556, in the light of the Federal user charge statute, 31 U.S.C. 483a, any other applicable law, and the provisions of §§ 1.526(i) and 1.555(h).

### § 1.580 Administrative review.

(a) Upon denial of a request under § 1.577, the responsible Veterans Administration official or designated employee will inform the requester in writing of the denial, cite the reason or reasons and the VA regulations upon which the denial is based, and advise that the denial may be appealed to the Administrator.

(b) The final agency decision in such appeals will be made by the Administrator or Deputy Administrator.

### § 1.581 Judicial review.

Any person may file a complaint against the Veterans Administration in the appropriate U.S. district court, as provided in 5 U.S.C. 552a(g), whenever the Veterans Administration:

(a) Makes a determination under § 1.577 not to amend an individual's record in accordance with his or her request, or fails to make such review in conformity with that section;

(b) Refuses to comply with an individual request under § 1.577;

(c) Fails to maintain any record concerning any individual with such accuracy, relevance, timeliness, and completeness as is necessary to assure fairness in any determination relating to the qualifications, character, rights, or opportunities of, or benefits to the individual that may be made on the basis of such record, and consequently a determination is made which is adverse to the individual; or

(d) Fails to comply under any other provision of 5 U.S.C. 552a, or any VA regulation promulgated thereunder, in



HeinOnline -- 40 Fed. Reg. 33946 1975

such a way as to have an adverse effect on an individual.

§ 1.582 Exemptions.

No Veterans Administration records system or systems as such are exempted from the provisions of 5 U.S.C. 552a as permitted under certain conditions by 5 U.S.C. 552a(j) and (k). See §§ 1.500 through 1.527; §§ 1.550 through 1.558; and § 1.554 in particular.

§ 1.583 Mailing lists.

An individual's name and address may not be sold or rented by the Veterans Administration unless such action is specifically authorized by law. This section does not require the withholding of names and addresses otherwise permitted to be made public. (See also §§ 1.518 and 1.519.)

§ 1.584 Reports.

(a) The Administrator or designee will provide adequate advance notice to Congress and the Office of Management and Budget of any proposal to establish or alter any Veterans Administration system or systems of records, as required by 5 U.S.C. 552a(o). This will permit an evaluation of the probable or potential effect of such proposal on the privacy and other personal or property rights of individuals or the disclosure of information relating to such individuals, and its effect on the preservation of the constitutional principles of federalism and separation of powers.

(b) If at any time a Veterans Administration system or systems of records is determined to be exempt from the application of 5 U.S.C. 552a in accordance with the provisions of 5 U.S.C. 552a (j) and (k), the number of records contained in such system or systems will be separately listed and reported to the Office of Management and Budget in accordance with the then prevailing guidelines and instructions of that agency.

[FR Doc.75-21031 Filed 8-11-75;8:45 am]



HeinOnline -- 40 Fed. Reg. 33947 1975