UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

In Re: DEPARTMENT OF VETERANS       :
AFFAIRS (VA) DATA THEFT             :
LITIGATION                          :
                                    :  Misc. Action No. 06-0506 (JR)
_____ :  MDL Docket No. 1796
                                    :
This Document Relates To:           :
ALL CASES                           :

### MEMORANDUM ORDER

Pending before the Court is Plaintiffs' motion to strike [#14] Exhibits 1, 4, 5, and 6 to defendants' motion to dismiss. It is **DENIED**.

Exhibit 1 is a July 11, 2006 report prepared by the VA's Office of Inspector General titled "Review of Issues Related to the Loss of VA Information Involving the Identity of Millions of Veterans." Exhibits 4 and 5 are FBI press releases issued on June 29, 2006 and July 13, 2006. Exhibit 6 is a November 15, 2006 letter from Bruce Hanson, President and CEO of ID Analytics, Inc., to R. James Nicholson, Secretary of Veteran Affairs. Plaintiffs assert that these exhibits are all inadmissible hearsay not covered by any recognized exception. They also argue that defendants have failed to lay a proper foundation for Exhibit 6 in violation of Fed. R. Civ. P. 56(c).[1]

---

[1] Although plaintiffs initially claimed that defendants had failed to lay a proper foundation for all four exhibits, they now concede for the purposes of this motion that Exhibits 1, 4, and 5 are authentic. Pls.' Reply at 2.

Defendants concede that Exhibit 1, the VA Inspector General's report, is hearsay, but contend that it is admissible under Fed. R. Evid. 803(8)(C) as a government report that sets forth "factual findings resulting from an investigation made pursuant to authority granted by law."  Plaintiffs, also invoking Rule 803(8)(C), argue that "the sources of information or other circumstances indicate lack of trustworthiness," pointing out that it was prepared by the government after litigation against the VA had been initiated, thus suggesting "possible bias."  Four factors are to be considered when determining the "trustworthiness" of a government document under Rule 803(8)(C): (1) the timeliness of the investigation; (2) the investigator's skill or experience; (3) whether a hearing was held; and (4) possible bias when reports are prepared with a view to possible litigation. Beech Aircraft Corp. v. Rainey, 488 U.S. 153, 167-168 (1988).  Although the report was indeed prepared after lawsuits had been filed, its timing will not support a finding that the report is untrustworthy without further evidence of unreliability.  Plaintiffs find such evidence in what they see as errors and omissions of information that would be damaging to the VA.  Those assertions are germane to the weight to be accorded the report, and to plaintiff's pending motion for discovery under Fed. R. Civ. P. 56(f), but not to Rule 803(8)(C) trustworthiness. Barry v. Trustees of Intern. Ass'n Full-Time

<u>Salaried Officers and Employees of Outside Local Unions and Dist. Counsel's (Iron Workers) Pension Plan</u>, 467 F.Supp.2d 91, 97 (D.D.C. 2006)(Bates, J.)("[C]ourts faced with a challenge to the trustworthiness of an evaluative public report should examine the manner in which the report was prepared, not 'whether the court agrees with the conclusions of the report.'") (quoting <u>Moss v. Ole South Real Estate</u>, 933 F.2d 1300, 1307 (5th Cir. 1991)).

    The press releases, Exhibits 4 and 5, obviously do not reflect the final findings of an agency, as they state results from an investigation that remained ongoing at the time of their release. They are not admissible under Fed. R. Evid. 803(8)(C) and will not be considered by the Court, but, they need not be stricken from the record.

    The defect in Exhibit 6, a letter from a private firm to the VA stating that no misuse of VA files occurred, has been remedied by a supporting affidavit. Ex. A. to Defs.' Opp. Defendants have leave to replace Exhibit 6.


                                      JAMES ROBERTSON
                            United States District Judge