## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

```
_____
In Re: DEPARTMENT OF VETERANS      )
AFFAIRS (VA) DATA THEFT            )
LITIGATION                         )
_____)   Misc. Action No. 06-0506 (JR)
                                   )   MDL Docket No. 1796
                                   )
This Document Relates To:          )
Rosato v. Nicholson, 06-3086 (EDNY) )
_____)
```

**DEFENDANTS' NOTICE OF FILING OF ANSWERS TO THE SAFEGUARDS CLAIM IN THE COMPLAINTS IN <u>ROSATO V. NICHOLSON</u>, 06-3086 (EDNY), <u>HACKETT V. VA</u>, 06-114 (EDKY), and <u>VVA V. NICHOLSON</u>, 06-1038 (DDC)**

As ordered by the Court in its minute entry of December 12, 2007, Defendants hereby file their Answers to the Complaints in <u>Rosato v. Nicholson</u>, 06-3086 (EDNY), <u>Hackett v. VA</u>, 06-114 (EDKY), and <u>VVA v. Nicholson</u>, 06-1038.  <u>See</u> attached Exhibits 1, 2, and 3.

Dated: January 11, 2008                    Respectfully submitted,


                                            JEFFREY S. BUCHOLTZ
                                            Acting Assistant Attorney General
                                            JEFFREY A. TAYLOR
                                            United States Attorney


                                            _____/s/_____
                                            ELIZABETH J. SHAPIRO, DC Bar 418925
                                            HEATHER R. PHILLIPS, CA Bar 191620
                                            ERIC WOMACK, IL Bar 6279517
                                            Attorneys, Department of Justice
                                            20 Mass. Ave., N.W., Room 7222
                                            Washington, D.C.  20044
                                            Tel: (202) 514-4469/Fax: (202) 616-0679
                                            Email: heather.phillips@usdoj.gov

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
In Re: DEPARTMENT OF VETERANS    )
AFFAIRS (VA) DATA THEFT          )
LITIGATION                       )
_____)    Misc. Action No. 06-0506 (JR)
                                 )    MDL Docket No. 1796
This Document Relates To:        )
Rosato v. Nicholson, 06-3086 (EDNY)   )
_____)


## DEFENDANTS' ANSWER
## TO THE <u>ROSATO V. NICHOLSON</u> COMPLAINT, SAFEGUARDS CLAIM

Defendants answers as follows the numbered allegations of the Rosato Plaintiffs'

Complaint in <u>Rosato v. Nicholson</u>, 06-3086 (EDNY), insofar as those allegations may be

relevant to the Rosato Plaintiffs' safeguards claim (the Rosato Plaintiffs' other claims having

been dismissed from this litigation):

1.      The allegations in this paragraph contain a characterization of the Rosato Plaintiffs'

        lawsuit and require no response.  To the extent a response is required, Defendants deny

        the allegations in this paragraph.

2.      Deny.

3.      Deny.

4.      Deny.

5.      The allegations in this paragraph require no response as they are relevant only to causes

        of action that have been dismissed.  To the extent a response is required, Defendants

        deny the allegations in this paragraph.

6.      The allegations in this paragraph require no response as they are relevant only to causes

        of action that have been dismissed.  To the extent a response is required, Defendants

deny the allegations in this paragraph.

7.    Deny.

8.    Deny.

9.    The allegations in this paragraph are legal conclusions to which no response is required.

10.    The allegations in this paragraph are legal conclusions to which no response is required.

11.    Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

12.    Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

13.    Defendants admit that Bruce Ouellette, currently residing in Yavapai County, Arizona, is a veteran.  At this time Defendants lack sufficient knowledge to admit or deny the remaining allegations in this paragraph.

14.    Defendants deny that R. James Nicholson is the Secretary of Veterans Affairs.  Admit the remaining allegations in this paragraph.

15.    The allegations in this paragraph are legal conclusions to which no response is required.

16.    Deny.

17.    Admit the first sentence of this paragraph.  With respect to the second and third sentences of this paragraph, Defendants admit only that the external hard drive contained Privacy-Act protected information pertaining to millions of individuals, and that such information included, in some cases, individual identifying information including, but not limited to, names, addresses, phone numbers, social security numbers, and dates of birth. Defendants deny the fourth and fifth sentences of this paragraph.

18.    Deny the allegations of the first, second and fifth sentence of this paragraph.  Admit the allegations contained in the third and fourth sentences of this paragraph, noting that the

2

Rosato Plaintiffs' Complaint was filed on June 21, 2006, and the laptop and external hard drive were recovered on June 28, 2006.

19.    Admit the first sentence of this paragraph. Deny the remainder of this paragraph.

20.    The allegations in this paragraph require no response as they are relevant only to a cause of action (disclosure) that has been dismissed. To the extent a response is required, Defendants deny the allegations in this paragraph.

21.    The allegations in this paragraph require no response as they are relevant only to causes of action that have been dismissed. To the extent a response is required, Defendants deny the allegations of this paragraph.

22.    The allegations in this paragraph require no response as they are relevant only to causes of action that have been dismissed. To the extent a response is required, Defendants deny the allegations of this paragraph.

23.    Deny.

24.    The allegations in this paragraph require no response as they are relevant only to causes of action that have been dismissed. To the extent a response is required, Defendants deny the allegations of this paragraph.

25.    The allegations in this paragraph require no response as they are relevant only to causes of action that have been dismissed. To the extent a response is required, Defendants deny the allegations of this paragraph.

26.    The allegations in this paragraph require no response as they are relevant only to causes of action that have been dismissed. To the extent a response is required, Defendants deny the allegations of this paragraph.

27.    The allegations in this paragraph require no response as they are relevant only to causes of action that have been dismissed.  To the extent a response is required, Defendants deny the allegations of this paragraph.

28.    Deny the first sentence of this paragraph.  The second and third sentences of this paragraph refer to public documents that speak for themselves, and to which no response is required.  To the extent a response is required, the allegations in the second and third sentences of this paragraph are denied.  Deny the allegations in the fourth sentence of this paragraph.

29.    Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

30.    Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

31.    Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

32.    The allegations in the first and fourth sentences of this paragraph require no response as they are relevant only to causes of action that have been dismissed.  To the extent a response is required, Defendants deny the allegations in the first and fourth sentences of this paragraph.  Defendants lack sufficient knowledge to admit or deny the remaining allegations in this paragraph.

33.    Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

34.    The allegations in this paragraph relevant to causes of action that have been dismissed require no response.  To the extent a response is required, Defendants deny the allegations in this paragraph.

35.    The allegations in this paragraph relevant to causes of action that have been dismissed require no response.  To the extent a response is required, Defendants deny the

allegations in this paragraph.

36.    Deny.

37.    Deny.

38.    Deny the first sentence of this paragraph.  The second sentence of this paragraph is the Rosato Plaintiffs' characterization of Secretary Nicholson's testimony to Congress to which no response is required.  To the extent a response is required, Defendants deny the allegations in the second sentence of this paragraph.

39.    Deny.

40.    Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

41.    The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

42.    The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

43.    The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, the allegations in this paragraph are denied, except that Defendants lack sufficient knowledge to admit or deny the Rosato Plaintiffs' assertion that they have "retained counsel qualified and experienced to represent the Class and familiar with class litigation."

<u>First Claim for Relief</u>

44.    The answers to paragraphs 1-43 are incorporated herein by reference.

45.    Admit first sentence in this paragraph.  Deny the remainder of this paragraph.

46.    Deny.

47.    The allegations in this paragraph relevant to causes of action that have been dismissed require no response. To the extent a response is required, Defendants deny the allegations in this paragraph.

48.    The allegations in this paragraph relevant to causes of action that have been dismissed require no response. To the extent a response is required, Defendants deny the allegations in this paragraph.

49.    The allegations in this paragraph relevant to causes of action that have been dismissed require no response. To the extent a response is required, Defendants deny the allegations in this paragraph.

50.    The allegations in this paragraph relevant to causes of action that have been dismissed require no response. To the extent a response is required, Defendants deny the allegations in this paragraph.

<u>Second Claim for Relief</u>

51.    The answers to paragraphs 1-50 are incorporated herein by reference.

52.    Deny.

<u>Third Claim for Relief</u>

53.    The answers to paragraphs 1-52 are incorporated herein by reference.

54.    The allegations in this paragraph relevant to causes of action that have been dismissed require no response. To the extent a response is required, Defendants deny the allegations in this paragraph.

* * * *

Defendants further deny any and all allegations not specifically admitted herein.

<u>Prayer for Relief</u>

Defendants deny that the Rosato Plaintiffs are entitled to the requested relief, or to any

relief whatsoever.

Dated: January 11, 2008                        Respectfully submitted,


                                               JEFFREY S. BUCHOLTZ
                                               Acting Assistant Attorney General
                                               JEFFREY A. TAYLOR
                                               United States Attorney


                                               _____/s/_____
                                               ELIZABETH J. SHAPIRO, DC Bar 418925
                                               HEATHER R. PHILLIPS, CA Bar 191620
                                               ERIC WOMACK, IL Bar 6279517
                                               Attorneys, Department of Justice
                                               20 Mass. Ave., N.W., Room 7222
                                               Washington, D.C.  20044
                                               Tel: (202) 514-4469/Fax: (202) 616-0679
                                               Email: heather.phillips@usdoj.gov

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| _____ )<br>In Re: DEPARTMENT OF VETERANS        )<br>AFFAIRS (VA) DATA THEFT                    )<br>LITIGATION                                        )<br>_____ )<br>                                                           )<br>This Document Relates To:                    )<br>Hackett v. VA, 06-114 (EDKY) (WOB)     )<br>_____ ) | Misc. Action No. 06-0506 (JR)<br>MDL Docket No. 1796 |

## DEFENDANTS' ANSWER
## TO THE HACKETT V. VA COMPLAINT, SAFEGUARDS CLAIM

Defendants answers as follows the numbered allegations of the Hackett Plaintiffs'

Complaint in Hackett v. VA, 06-114 (EDKY), insofar as those allegations may be relevant to the

Hackett Plaintiffs' safeguards claim (the Hackett Plaintiffs' other claims having been dismissed

from this litigation):

1. The allegations in this paragraph contain a characterization of the Hackett Plaintiffs'

   lawsuit and require no response. To the extent a response is required, Defendants deny

   the allegations in this paragraph.

2. The allegations in this paragraph require no response as they are relevant only to causes

   of action that have been dismissed. To the extent a response is required, Defendants

   deny the allegations in this paragraph.

3. Deny.

4. The allegations in this paragraph require no response as they are relevant only to causes

   of action that have been dismissed. To the extent a response is required, Defendants

   deny the allegations in this paragraph.

5. The allegations in this paragraph require no response as they are relevant only to causes

of action that have been dismissed.  To the extent a response is required, Defendants

deny the allegations in this paragraph.

6.    Defendants deny the first sentence of this paragraph.  The second sentence of this

paragraph is a statement of the remedies sought by the Hackett Plaintiffs, to which no

response is required.  To the extent a response is required, Defendants deny the

allegations in the second sentence.

7.    The allegations in this paragraph are legal conclusions to which no response is required.

8.    The allegations in this paragraph are legal conclusions to which no response is required.

9.    Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

10.   Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

11.   Admit that the VA is an executive agency.  Deny the Hackett Plaintiffs' characterization

of the VA's duties in the first and second sentences of this paragraph.

12.   With respect to the first sentence of this paragraph, deny that R. James Nicholson is the

Secretary of the VA, but admit the remainder of the first sentence of this paragraph.  The

second sentence of this paragraph is a characterization of the Hackett Plaintiffs' lawsuit

to which no response is required.  To the extent a response is required, Defendants' deny

the allegations contained in the second sentence of this paragraph.

13.   Admit the first sentence of this paragraph.  The second sentence of this paragraph is a

characterization of the Hackett Plaintiffs' lawsuit to which no response is required.  To

the extent a response is required, Defendants' deny the allegations contained in the

second sentence of this paragraph.

14.   Deny the first and second sentences of this paragraph.  The third sentence of this

paragraph is a characterization of the Hackett Plaintiffs' claims, to which no response is required. To the extent a response is required, the allegations of the third sentence of this paragraph are denied.

15.    Deny.

16.    The allegations in this paragraph require no response as they are relevant only to a cause of action (disclosure) that has been dismissed. To the extent a response is required, Defendants admit that the VA issued press releases on May 22, 2006, and June 6, 2006. Those press releases speak for themselves, and therefore no response is required to the Hackett Plaintiffs' characterization of these press releases.

17.    The allegations in this paragraph require no response as they are relevant only to a cause of action (disclosure) that has been dismissed. To the extent a response is required, Defendants admit that the VA issued a press release on June 6, 2006. That press release speaks for itself, and therefore no response is required to the Hackett Plaintiffs' characterization of the June 6, 2006 press release.

18.    The allegations in the first sentence of this paragraph require no response as they are relevant only to a cause of action (disclosure) that has been dismissed. Admit that John Doe copied VA data files containing personal information of veterans and active duty personnel onto his external hard drive which he used in his home. Admit that the external hard drive and other items were stolen from John Doe's home. Deny the remaining allegations in this paragraph.

19.    Many of the allegations in this paragraph require no response as they are relevant only to a cause of action (disclosure) that has been dismissed. To the extent the allegations relate

3

to the Hackett Plaintiffs' safeguards claim, Defendants deny the allegations in this paragraph.

20. The allegations in this paragraph require no response as they are relevant only to causes of action that have been dismissed. To the extent a response is required, Defendants deny the allegations in this paragraph.

21. The first and second sentences of this paragraph contains the Hackett Plaintiffs' characterization of Defendants' May 22, 2006, and June 6, 2006 press releases, to which no response is required, as the documents speak for themselves. To the extent a response is required, Defendants deny the allegations in the first and second sentences of this paragraph. Defendants deny the third sentence in this paragraph.

22. Defendants deny the first sentence of this paragraph. The second and third sentences of this paragraph refer to public documents that speak for themselves, and no response is required. The fourth sentence of this paragraph is denied.

23. Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

24. Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

25. The allegations in this paragraph relevant to causes of action that have been dismissed require no response. To the extent a response is required, Defendants deny the allegations in this paragraph.

26. Deny.

27. Deny that the Hackett Plaintiffs are entitled to maintain this suit as a class action.

28. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

29.     The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

30.     The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

31.     The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

32.     The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

33.     The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

34.     The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

## COUNT ONE

35.     The answers to paragraphs 1-34 are incorporated herein by reference.

36.     The allegations in this paragraph require no response as they are relevant only to a cause of action (disclosure) that has been dismissed.

## COUNT TWO

37.     The answers to paragraphs 1-36 are incorporated herein by reference.

38.     Deny.

## COUNT THREE

39.     The answers to paragraphs 1-38 are incorporated herein by reference.

40.     The allegations in this paragraph require no response as they are relevant only to causes

of action (Bivens/Constitutional claims) that have been dismissed.

## COUNT FOUR

41.    The answers to paragraphs 1-40 are incorporated herein by reference.

42.    The allegations in this paragraph require no response as they are relevant only to causes
of action (Bivens/Constitutional claims) that have been dismissed.

## COUNT FIVE

43.    The answers to paragraphs 1-42 are incorporated herein by reference.

44.    The allegations in this paragraph require no response as they are relevant only to causes
of action (Bivens/Constitutional claims) that have been dismissed.

## COUNT SIX

45.    The answers to paragraphs 1-44 are incorporated herein by reference.

46.    The allegations in this paragraph require no response as they are relevant only to causes
of action (Bivens/Constitutional claims) that have been dismissed.

* * * *

Defendants further deny any and all allegations not specifically admitted herein.

## PRAYER FOR RELIEF

Defendants deny that the Hackett Plaintiffs are entitled to the requested relief, or to any
relief whatsoever.

Dated: January 11, 2008                    Respectfully submitted,


                                           JEFFREY S. BUCHOLTZ
                                           Acting Assistant Attorney General
                                           JEFFREY A. TAYLOR
                                           United States Attorney

_____/s/_____
ELIZABETH J. SHAPIRO, DC Bar 418925
HEATHER R. PHILLIPS, CA Bar 191620
ERIC WOMACK, IL Bar 6279517
Attorneys, Department of Justice
20 Mass. Ave., N.W., Room 7222
Washington, D.C.  20044
Tel: (202) 514-4469/Fax: (202) 616-0679
Email: heather.phillips@usdoj.gov

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| _____ | |
| In Re: DEPARTMENT OF VETERANS )<br>AFFAIRS (VA) DATA THEFT )<br>LITIGATION )<br>_____) | Misc. Action No. 06-0506 (JR)<br>MDL Docket No. 1796 |
| ) | |
| This Document Relates To: )<br>VVA v. Nicholson, 06-1038 (DDC) (JR) )<br>_____) | |


**DEFENDANTS' ANSWER**
**TO THE VVA V. NICHOLSON COMPLAINT, SAFEGUARDS CLAIM**

Defendants answer as follows the numbered allegations of the VVA Plaintiffs' Complaint

in VVA v. Nicholson, 06-1038 (DDC), insofar as those allegations may be relevant to the VVA

Plaintiffs' safeguards claim (the VVA Plaintiffs' other claims having been dismissed from this

litigation):

1.     The allegations in this paragraph contain a characterization of the VVA Plaintiffs'

       lawsuit and require no response.  To the extent a response is required, Defendants deny

       the allegations in this paragraph.

2.     Deny.

3.     Deny.

4.     Deny.

5.     Deny.

6.     Deny.

7.     The allegations in this paragraph are legal conclusions to which no response is required.

8.     The allegations in this paragraph are legal conclusions to which no response is required.

9.     The allegations in this paragraph require no response as they are relevant only to causes

of action or plaintiffs that have been dismissed.

10.    The allegations in this paragraph require no response as they are relevant only to causes of action or plaintiffs that have been dismissed.

11.    The allegations in this paragraph require no response as they are relevant only to causes of action or plaintiffs that have been dismissed.

12.    The allegations in this paragraph require no response as they are relevant only to causes of action or plaintiffs that have been dismissed.

13.    The allegations in this paragraph require no response as they are relevant only to causes of action or plaintiffs that have been dismissed.

14.    Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

15.    Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

16.    Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

17.    Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

18.    Defendants deny that R. James Nicholson is the Secretary of Veterans Affairs.  Admit the remaining allegations in this paragraph.

19.    The allegations in this paragraph are legal conclusions to which no response is required.

20.    Admit the first sentence of this paragraph.  With respect to the second and third sentences, Defendants admit that the external hard drive contained information pertaining to millions of individuals, and that such information included, in some cases, individual identifying information including, but not limited to, names, addresses, phone numbers, social security numbers, and dates of birth.  Deny the fourth and fifth sentences of this paragraph.

2

21.    The allegations in this paragraph require no response as they are relevant only to a

cause of action (disclosure) that has been dismissed.  To the extent a response is required,

Defendants deny the allegations in this paragraph.

22.    The allegations in this paragraph require no response as they are relevant only to a

cause of action (disclosure) that has been dismissed.  To the extent a response is required,

Defendants deny the allegations in this paragraph.

23.    The allegations in this paragraph require no response as they are relevant only to a

cause of action (disclosure) that has been dismissed.  To the extent a response is required,

Defendants deny the allegations in this paragraph.

24.    The allegations in this paragraph require no response as they are relevant only to a

cause of action (disclosure) that has been dismissed.  To the extent a response is required,

Defendants deny the allegations in this paragraph.

25.    The allegations in this paragraph require no response as they are relevant only to causes

of action (disclosure and Administrative Procedure Act ("APA")) that have been

dismissed.  To the extent a response is required, Defendants deny the allegations in this

paragraph.

26.    Deny.

27.    Deny the first sentence of this paragraph.  Admit that John Doe had not had a background

check in approximately 34 years.

28.    The allegations in this paragraph require no response as they are relevant only to a

cause of action (disclosure) that has been dismissed.  To the extent a response is required,

Defendants deny the allegations in this paragraph.

29.     The allegations in this paragraph require no response as they are relevant only to a

cause of action (disclosure) that has been dismissed.  To the extent a response is required,

Defendants deny the allegations in this paragraph.

30.     The allegations in this paragraph require no response as they are relevant only to a

cause of action (disclosure) that has been dismissed.  To the extent a response is required,

Defendants deny the allegations in this paragraph.

31.     The allegations in this paragraph require no response as they are relevant only to a

cause of action (disclosure) that has been dismissed.  To the extent a response is required,

Defendants deny the allegations in this paragraph.

32.     The allegations in this paragraph require no response as they are relevant only to causes

of action (maintenance and accuracy) that have been dismissed.  To the extent a response

is required, Defendants deny the allegations in this paragraph.

33.     The allegations in this paragraph require no response as they are relevant only to a

cause of action (maintenance) that has been dismissed.  To the extent a response is

required, Defendants deny the allegations in this paragraph.

34.     The allegations in this paragraph require no response as they are relevant only to a

cause of action (collection) that has been dismissed.  To the extent a response is required,

Defendants deny the allegations in this paragraph.

35.     The allegations in this paragraph require no response as they are relevant only to a

cause of action (publication) that has been dismissed.  To the extent a response is

required, Defendants deny the allegations in this paragraph.

36.     The allegations in this paragraph require no response as they are relevant only to a

4

cause of action (accuracy) that has been dismissed.  To the extent a response is required, Defendants deny the allegations in this paragraph.

37.   Deny.

38.   Deny.

39.   Deny.

40.   Deny.

41.   Deny.

42.   The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

43.   The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

44.   The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

45.   Deny.

46.   Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

47.   The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

48.   The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

49.   The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the first and third sentences of this paragraph, and lack sufficient knowledge to admit or deny the allegations in the second

sentence of this paragraph.

50.    The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

51.    The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

52.    The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

53.    The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

54.    The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

## FIRST CLAIM FOR RELIEF
### (Violation of the Administrative Procedure Act ("APA"))

55.    The answers to paragraphs 1-54 are incorporated herein by reference.

56.    The allegations in this paragraph require no response as the VVA Plaintiffs' APA claim has been dismissed.

57.    The allegations in this paragraph require no response as the VVA Plaintiffs' APA claim has been dismissed.

58.    The allegations in this paragraph require no response as the VVA Plaintiffs' APA claim has been dismissed.

59.    The allegations in this paragraph require no response as the VVA Plaintiffs' APA claim has been dismissed.

60.    The allegations in this paragraph require no response as the VVA Plaintiffs' APA claim

has been dismissed.

## SECOND CLAIM FOR RELIEF

### (Violation of the Privacy Act)

61.     The answers to paragraphs 1-60 are incorporated herein by reference.

62.     All of the VVA Plaintiffs' Privacy Act claims have been dismissed, with the exception of their safeguards claims.  To the extent the allegations of this paragraph are relevant to the VVA Plaintiffs' sole remaining Privacy Act (safeguards) claim, they are denied.

63.     All of the VVA Plaintiffs' Privacy Act claims have been dismissed, with the exception of their safeguards claims.  To the extent the allegations of this paragraph are relevant to the VVA Plaintiffs' sole remaining Privacy Act (safeguards) claim, they are denied.

64.     All of the VVA Plaintiffs' Privacy Act claims have been dismissed, with the exception of their safeguards claims.  To the extent the allegations of this paragraph are relevant to the VVA Plaintiffs' sole remaining Privacy Act (safeguards) claim, they are denied.

65.     All of the VVA Plaintiffs' Privacy Act claims have been dismissed, with the exception of their safeguards claims.  To the extent the allegations of this paragraph are relevant to the VVA Plaintiffs' sole remaining Privacy Act (safeguards) claim, they are denied.

66.     All of the VVA Plaintiffs' Privacy Act claims have been dismissed, with the exception of their safeguards claims.  To the extent the allegations of this paragraph are relevant to the VVA Plaintiffs' sole remaining Privacy Act (safeguards) claim, they are denied.

67.     All of the VVA Plaintiffs' Privacy Act claims have been dismissed, with the exception of their safeguards claims.  To the extent the allegations of this paragraph are relevant to the VVA Plaintiffs' sole remaining Privacy Act (safeguards) claim, they are denied.

* * * *

Defendants further deny any and all allegations not specifically admitted herein.

## **PRAYER FOR RELIEF**

Defendants deny that the VVA Plaintiffs are entitled to the requested relief, or to any

relief whatsoever.

Dated: January 11, 2008                    Respectfully submitted,


JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General
JEFFREY A. TAYLOR
United States Attorney


_____/s/_____
ELIZABETH J. SHAPIRO, DC Bar 418925
HEATHER R. PHILLIPS, CA Bar 191620
ERIC WOMACK, IL Bar 6279517
Attorneys, Department of Justice
20 Mass. Ave., N.W., Room 7222
Washington, D.C.  20044
Tel: (202) 514-4469/Fax: (202) 616-0679
Email: heather.phillips@usdoj.gov