**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

```
_____
                                    :
In Re: DEPARTMENT OF VETERANS        :
AFFAIRS (VA) DATA THEFT              :
LITIGATION                           :
_____:    Misc. Action No. 06-0506 (JR)
                                    :    MDL Docket No. 1796
This Document Relates To:            :
ALL CASES                            :
_____:
```

<u>**PLAINTIFFS' RESPONSE TO THE COURT'S JANUARY 9, 2008, NOTICE**</u>

On January 9, 2008, the Court provided notice to the parties regarding a letter from veteran William J. Journey requesting information on his role in this litigation.[1]

In response to the Court's Notice, Plaintiffs report having received three letters from Mr. Journey. The Ogletree Deakins Law Firm received two similar letters from Mr. Journey. The first letter to Ogletree was dated November 5, 2007 (Att. 1) and the second December 26, 2007 (Att. 2). In addition, the Mezibov firm received a similar letter dated November 5, 2007 (Att. 3). Based on the information in the letters, on January 2, 2008, attorney Rosinski mailed Mr. Journey a response indicating there was no responsibility for him to "coordinate" his case with the one before this Court. Att. 4.

Upon receiving the Court's Notice, counsel obtained and reviewed the filings on the docket in Mr. Journey's case, which is No. 4:07-cv-00016 in the U.S. District Court for District of Alaska. Mr. Journey's Complaint makes clear that his alleged injury arose from an event that purportedly occurred "on or about, April 26, 2000" and involved an incident with a "back-up hard drive" at the Department of Veterans Affairs Regional Office in Anchorage, Alaska. Compl. (Att. 5) ¶ 12. Further, Mr. Journey complained of

---
[1]    Notice (Jan. 9, 2008), Docket Item 34.

"Personal Information disclosed about April 26, 2000," *id.* ¶ 21, and not from issues arising from the May 3, 2006, event underpinning Plaintiffs' claims before this Court.

Thus, Plaintiffs continue to believe and respectfully suggest to the Court that, although Mr. Journey may be a member of the putative class, his litigation in Alaska is separate and distinct from this matter. It is clear from the face of Mr. Journey's Complaint that his is not a "tag-along action" as there are no "common questions of fact" with any of the consolidated actions in this Court. *See* 28 U.S.C. § 1407. The Court, therefore, need take no action in response to Mr. Journey's inquiry.

Respectfully submitted,


      /s/  Douglas J. Rosinski      

| | |
|---|---|
| Donald A. Cockrill | John C. Murdock |
| Douglas J. Rosinski | Jeffrey S. Goldenberg |
| Ogletree, Deakins, Nash, | Murdock Goldenberg |
|   Smoak & Stewart, P.C. |   Schneider & Groh, LPA |
| 1320 Main Street, Suite 600 | 35 E. 7th Street, Suite 600 |
| Columbia, SC  29201 | Cincinnati, Ohio  45202 |
| (803) 252-1300 | (513) 345-8291 |
| | |
| Marc D. Mezibov | Gary Mason |
| Christian A. Jenkins | The Mason Law Firm |
| Mezibov & Jenkins LLP | 1225 19th Street, N.W. |
| 401 E. Court Street | Washington, D.C.  20036 |
| Suite 600 | (202) 429-2290 |
| Cincinnati, Ohio  45202 | |
| (513) 723-1600 | |
| | |
| Mark D. Smilow | |
| Weiss & Lurie | |
| 551 Fifth Avenue, Suite 1600 | |
| New York, NY  10176 | |
| (212) 682-3025 | |

Dated: January 16, 2008.

November 5, 2007

L. Gray Geddie, Esq.
Douglas r. Rosinski, Esq.
Ogletree, Deakins, Nash, Smoak & Stward, P.C.
1320 Main Street
Columbia, South Carolina 29201-3266

Re:    *Vietnam Veterans of America, Inc., et al v. R. James Nicholson,*
       *Secretary of Veterans Affairs, et al.*, Civial Action No.
       1-06-cv-01038 (JR)

Dear Attorney Geddie:

I am veteran, William J. Journey, presently residing at Fairbanks, Alaska.

I am representing myself in lawsuit, William J. Journey, pro se v. R. James Nicholson, et al., Case No. 4-07-cv-00016-RRB, filed in the United States District Court for the District of Alaska.  Assistant United States Attorney, Richard L. Pomeroy (222 West 7th Ave., #9, Rm. 253, Anchorage, Alaska 99513-7567, is counsel for USA.

My case substantially involves a lost hard drive, by Alaska VA Healthcare System & Regional Office, in 2000, that contained my (and others) personal private information; which was kept secret from me (and others), until May, 2006 (during my Board of Veterans Appeal hearing).  My best evidence that lost hard drive occured is defendant's own e-mail message; which has misteriously disappeared according the AUSA (because 2,189 days has elapsed since date of incident).  I have a copy of the e-mail!

Also, I received notification about the loss of my personal private information by Birmingham VA Medical Center.  Do you need a copy of their notification to me!?

Be that as it may, I don't know if I need to co-ordinate my lawsuit with yours!?   Also, please, send me a copy of any summary judgment filings, in your case.

If you need a copy of my case, please, let me know and I will forward a copy of my case to you, directly.

Respectfully submitted,

William J. Journey
Plaintiff, pro se (veteran)
P.O. Box 72969
Fairbanks, Alaska 99707
Ph: (907)389-2779
E-mail: dogsledteam@hotmail.com

December 26, 2007

Attorney Douglas J. Rosinski
Ogletree, Deakins, Nash, Smoak, & Steward, P.C.
1320 Main Street
 Suite 600
Columbia, SC 29201

DEC 3 1 2007

      Re:    Case No. 1:06-cv-01038-JR

Dear Attorney Douglas J. Rosinski:

      I am veteran, William J. Journey, presently residing in Fairbanks, Alaska. I am representing myself (pro se) in a similar action, as above; Case No. 4:07-cv-00016-RRB, United States District Court for the District of Alaska.

      I need to know whether I have any responsibility to coordinate my case with re: case!?

      My case includes violations listed in Case Nos: 1:06-cv-01038-JR, District of Columbia, and 2:07-cv-00310-IPJ, Northern District of Alabama; and a separate Privacy Act violation beginning in 2000 and ending 2006. Essentially, Alaska Veterans Administration Healthcare System & Regional Office lost a hard drive containing my personal and private information and never reported it to the appropriate authorities for their investigation and determination whether I would suffer any harm from their lost hard drive; and offer of remedial actions, therefrom. I found out about AKVAHSRO's little secret during my BVA hearing, May, 2007.

      I am a subject matter of all class actions, including the matter the VAIG investigated where an India company threatened to flood the Internet with my, and other veterans, personal and private information, Including medical, if they didn't receive payment, pursuant to their contract!

      Be that as it may, please, let me know where your case lies,

within the judicial process.  Also, if you would be so kind and send me a copy of DOJ opposition and motion to dismiss.

Respectfully submitted,

William J. Journey
Veteran, pro se
P.O. Box 72969
Fairbanks, Alaska 99707
Ph: 907-389-2779
E-mail: dogsledteam@hotmail.com

November 5, 2007

Marc D. Mezibov, Esq.
Mezibov & Jenkins, Co. L.P.A.
401 East Court Street
Suite 600
Cincinnati, Ohio 45202


      Re:    *Paul Hackett, et al. v. Department of Veterans Affairs, et al.,*
                  Civil Action No. 2-06-cv-114(WOB)


Dear Attorney Mezibov:

      I am veteran, William J. Journey, presently residing at Fairbanks, Alaska.

      I am representing myself in lawsuit, William J. Journey, pro se v. R. James Nicholson, et al., Case No. 4-07-cv-00016-RRB, filed in the United States District Court for the District of Alaska. Assistant United States Attorney, Richard L. Pomeroy (222 West 7th Ave., #9, Rm. 253, Anchorage, Alaska 99513-7567, is counsel for USA.

      My case substantially involves a lost hard drive, by Alaska VA Healthcare System & Regional Office, in 2000, that contained my (and others) personal private information; which was kept secret from me (and others), until May, 2006 (during my Board of Veterans Appeal hearing). My best evidence that lost hard drive occured is defendant's own e-mail message; which has misteriously disappeared according the AUSA (because 2,189 days has elapsed since date of incident). I have a copy of the e-mail!

      Be that as it may, I don't know if I need to co-ordinate my lawsuit with yours!? Also, please, send me a copy of any summary judgment filings, in your case.

      If you need a copy of my case, please, let me know and I will forward a copy of my case to you, directly.

Respectfully submitted,


William J. Journey
Plaintiff, pro se (veteran)
P.O. Box 72969
Fairbanks, Alaska 99707
Ph: (907)389-2779
E-mail: dogsledteam@hotmail.com

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| In Re: DEPARTMENT OF VETERANS AFFAIRS (VA) DATA THEFT LITIGATION | : : : : | |
| | : | Misc. Action No. 06-0506 (JR) |
| | : | MDL Docket No. 1796 |
| This Document Relates To: ALL CASES | : : : | |

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | |
| | ) | AFFIDAVIT OF |
| COUNTY OF RICHLAND | ) | GINGER E. MILLS |

Personally appeared before me Ginger E. Mills, who, being duly sworn, states and affirms as follows:

1.  My name is Ginger E. Mills, I am over the age of eighteen (18), and I am otherwise fully competent to make this Affidavit and testify to the matters stated herein. This Affidavit is based upon my own personal knowledge, information, belief, and experience; and the facts stated herein are, to the best of my information and belief, true and correct.

2.  I have been an employee of Ogletree Deakins Law Firm since December 3, 2007.

3.  Exhibit A hereto is a true and accurate copy of the correspondence that I mailed to William J. Journey on January 2, 2007, via the U.S. Postal Service, first class postage affixed. A copy of the letter bearing Mr. Rosinski's signature is not available because the original was inadvertently mailed before a copy of the signed letter was made.

4.      In addition to my personal recollection, the office outgoing mail log for January 2,

2007, a copy of the relevant portion of which is attached hereto as Exhibit B,

records that I mailed a letter charged to the "Vet Gen" (i.e., Veterans General)

account, which is the account to which I charged the postage for Mr. Journey's

response letter.

Further affiant sayeth not.

Dated this the <u>16th</u> day of January 2008.


*Ginger E. Mills*

Ginger E. Mills


Sworn to and subscribed before me
this <u>16th</u> day of January 2008.

*Sheri R. Gordon*
NOTARY PUBLIC FOR SOUTH CAROLINA
My Commission Expires: <u>06-07-12</u>

# Ogletree
# Deakins

**Douglas J. Rosinski**
*doug.rosinski@OgletreeDeakins.com*
**803.252.1300**

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

*Attorneys at Law*

1320 Main Street, Suite 600
Columbia, SC 29201-3266
Telephone: 803.252.1300
Facsimile:  803.254.6517
www.ogletreedeakins.com

January 2, 2008

Mr. William J. Journey
Post Office Box 72969
Fairbanks, Alaska 99707

Re:    Case No. 1:06-cv-01038-JR

Dear Mr. Journey:

I am in receipt of your letter of December 26, 2007, inquiring about your responsibility regarding this case as it relates to your similar action. I am happy to inform you that I know of no responsibility on your part to coordinate the two cases.

As to your request for a copy of the DOJ Opposition and Motion to Dismiss, unfortunately that filing exceeded five hundred (500) pages. I am therefore unable to provide you a copy. You can, however, go to the government's PACER website and obtain a copy of the documents yourself.

Thank you for your interest and good luck in your case.

Sincerely,

Douglas J. Rosinski

DJR:gm

Atlanta ▪ Austin ▪ Birmingham ▪ Bloomfield Hills ▪ Charleston ▪ Charlotte ▪ Chicago ▪ Cleveland ▪ Columbia ▪ Dallas ▪ Greensboro ▪ Greenville ▪ Houston ▪ Indianapolis ▪ Jackson ▪ Kansas City
Los Angeles ▪ Memphis ▪ Miami ▪ Morristown ▪ Nashville ▪ Philadelphia ▪ Phoenix ▪ Pittsburgh ▪ Raleigh ▪ San Antonio ▪ St. Louis ▪ St. Thomas ▪ Tampa ▪ Torrance ▪ Tucson ▪ Washington

POSTAGE

| DATE | CLIENT | CASE | REGULAR MAIL | CERTIFIED MAIL | TOTAL | |
|------|--------|------|--------------|----------------|-------|---|
| 1-2 | Jennifer | personal | .82 .82 | | .82 | ✓ |
| 1-2 | ODNSS | general | .41 | | .41 | |
| 1-2 | James | personal | .41 | | .41 | ✓ |
| 1-2 | ODNSS | Vet Gen | 2 @ .41 | | .82 | ✓ |
| 1/2 | EBP | personal | .41 | | .41 | ✓ |
| 1-2 | J. Kes | | 5.21 .41 | | 5.62 | ✓ |
| 1-2 | THI | Metze | 2 @ .41 | 5.38 | 6.20 | ✓ |
| 1-2 | H, S. T. 148800 | 001 | .90 x .41 | | 1.31 | ✓ |
| 1-2 | 000001 | 003226 | 1 @ 1.48 | | 1.48 | |
| 1-2 | 000001 | 003226 | 1 @ 1.31 | | 1.31 | |
| 1-2 | 000001 | Vet per | 1 @ .41 | | .41 | ✓ |
| 1-2 | 000001 | 003260 | | 1 @ 5.21 | 5.21 | ✓ |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

Journey v. USA, Case No:------------------------1

**William J. Journey**
**Plaintiff, pro se**
**P.O. Box 72969**
**Fairbanks, Alaska 99707**
**Ph: (Ms)(907)389-2779**
**E-mail: dogsledteam@hotmail.com**

RECEIVED

JUL  3 2007

**CLERK, U.S. DISTRICT COURT**
**FAIRBANKS, AK**

## UNITED STATES DISTRICT COURT
## IN THE DISTRICT COURT OF ALASKA

| | |
|---|---|
| **WILLIAM J. JOURNEY,** ) | |
| ) | |
|     **Plaintiff, pro se,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **R. JAMES NICHOLSON, in his** ) | **PRIVACY ACT** |
| **Official Capacity as Secretary** ) | **COMPLAINT** |
| **of Veterans Affairs, 810** ) | |
| **Vermont Avenue, NW,** ) | |
| **Washington, DC 20420, and** ) | |
| ) | |
| **UNITED STATES DEPARTMENT OF** ) | 4:07-cv-00016-RRB |
| **VETERANS AFFAIRS, 810 Vermont** ) | |
| **Avenue, NW, Washington, DC** ) | |
| **20420, and** ) | |
| ) | |
| **ALASKA VA HEALTHCARE SYSTEM &** ) | |
| **REGIONAL OFFICE, 2925 DeBarr Rd,** ) | |
| **Anchorage, Alaska 99508,** ) | |
| ) | |
|     **Defendants.** ) | |
| ) | |

## COMPLAINT

COMES NOW PLAINTIFF, PRO SE, William J. Journey, and

in support of his Complaint herein allege as follows:

## NATURE OF THE ACTION

1.    This is an action for declaratory and injunctive relief and money damages for violation of the Administrative Procedures Act and Privacy Act of 1974.

Plaintiff, pro se, represents himself who has suffered emotional trauma (mental anxiety) and been placed in fear of identity theft, destruction of credit and financial fraud because of Defendants' reckless disregard for the privacy of his personal information.

2.    Defendant Nicholson failed to properly perform the duties of his position as Secretary of Veterans Affairs ("Secretary") and did not ensure Plaintiff, pro se, privacy rights were protected from the intentional, willful, arbitrary and capricious actions and inactions of his subordinates (defendant, Alaska VA Healthcare System & Regional Office).

3.    Defendant United States Department of Veterans Affairs ("Department" or "VA") flagrantly disregarded the privacy rights of Plaintiff, pro se; and their "opportunity," pursuant to Administrative Procedures and Privacy Acts, to correct their (separate) violations of

Plaintiff, pro se, privacy rights, and bringing themselves

back into compliance with Administrative Procedures and

Privacy Acts (for [about] 2,189 days).  Because Plaintiff,

pro se, was uninformed of VA'S security

breaches of his privacy, until his traveling Board of

Veterans Appeals hearing, at Alaska VA Healthcare System &

Regional Office, May 16, 2007, the defendants were the only

parties who had knowledge about the breaches and they were

the only parties who had the ability to "fix" or "correct"

or "remedy" these privacy act security breaches of

Plaintiff, pro se, personal information (as

mandated by VA's own rules, regulations, statutes and laws;

and Administrative Procedures Act and Privacy Act).  And,

defendants' intentionally and willfully chose not to follow

the laws, repeatedly.

4.    Defendant VA arrogantly compounded its disregard

for Plaintiff, pro se, privacy rights by recklessly failing

to make even the most rudimentary effort to "notify" or

"inform" Plaintiff, pro se, about their missing hard drive,

to date; containing Plaintiff, pro se, private personal

information, name, social security number, VA case file

number, ratings, disabilities, medical information, etc.,

maintained by Alaska VA Healthcare System & Regional

Office, Veterans Benefits Adjudication.

Thus, the identifiable information was encrypted, easily copied, and apparently available to anyone aware of its existence.  VA's failure, despite repeated calls for correction of these long-standing, fundamental security deficiencies, allowed Plaintiff, pro se, private information to be surreptitiously disclosed to unknown individuals for unknown reasons.

5.    The result of Defendants' reckless disregard of Plaintiff, pro se, privacy rights was the unauthorized disclosure of his name, social security number, VA case file number, ratings, disabilities, medical information, etc..

5.    Defendants' actions and inactions have inflicted, and will long continue to inflict, real costs and emotional pain (mental anxiety) and suffering on Plaintiff, pro se.

## JURISDICTION AND VENUE

7.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. sec. 1331 because this is a civil action arising under the laws of the United States.  Jurisdiction is also invoked pursuant to 5 U.S.C. secs. 552a(g)(1), (5) because this is a civil action to enforce a liability created under

5 U.S.C. sec. 552a after 1975.

8.    Venue is appropriate in this Court pursuant to
28 U.S.C. sec. 1391 because a substantial part of the
events or omissions giving rise to the claims occurred in
the District Court of Alaska.

## PARTIES

9.    Plaintiff, pro se, is a citizen of the United
States of American, and resident of the State of Alaska.
Also, Plaintiff, pro se, is a disabled Vietnam veteran
receiving service connected disability compensation.

## DEFENDANTS

10.   Defendant R. James Nicholson is the Secretary of
Veterans Affairs and is the official responsible for the
proper execution and administration of all laws
administered by the Department and for the control,
direction, and management of the Department.

11.   Defendant VA is an executive department of the
federal government and is, therefore an "agency" for the
purposes of the Privacy Act of 1974.

12.   Defendant Alaska VA Healthcare System & Regional

Office is "subordinate" to VA.

## STATEMENT OF THE CASE

12.  On or about, April 26, 2000, a PC (Personal
Computer) and back-up hard drive permanently crashed and
all deferred rating prior to July 1, 1999, were lost and
missing.  The PC and data storage device or devices
contained a copy of a collection or grouping of information
pertaining to Plaintiff, pro se (and other veterans).  The
Personal Information  contained individual identifying
information including, but not limited to, Plaintiff, pro
se, name, social security number, VA case file number,
ratings, disabilities, medical information.

Specification:

Beginning, on or about, April 26, 2000, and all
separate dates in-between, until end date: May 22, 2006
(about 2,189 days later), Defendant United States
Department of Veterans Affairs, intentionally and willfully
violated, their own rules, regulations and policies,
including the Administrative Procedures Act and
Privacy Act, by flagrantly disregarding the privacy rights
of Plaintiff, pro se; and their opportunity, pursuant to

Administrative Procedures Act and Privacy Act, to correct
their violations of Plaintiff, pro se, privacy rights, by
some type of notification and offered remedy; bringing
themselves back into compliance with those Acts, and their
own rules, policies, and regulations.  Defendant United
States Department of Veterans Affairs, on same date, and
all dates in-between until end date, knowingly and
arrogantly, chose to compound their violations, each
and every other date from beginning date to end date, of
Plaintiff, pro se, privacy rights; by intentionally and
willfully choosing not to be compliant, with the
Administrative Procedures Act and Privacy Act, and their
own rules, policies and regulations.  Consequently,
defendant not offer Plaintiff, pro se, any
remedy for his adverse effects, caused by their violations
of his privacy rights.  Because Plaintiff, pro se, was
totally unaware and uninformed about their violations,
because of their own choosing, until May 22, 2007, he was
unable, and denied, the opportunity to help "sort this
matter out" to an amicable resolution between defendant and
himself.  It is impossible for defendant to go back into
time, between April 26, 2000 to May 22, 2006, to correct
this incident and remedy the adverse effects suffered by
Plaintiff, pro se; except for defendant paying the amount

of damages requested by Plaintiff, pro se.  Because, on May
3, 2006, defendant lost 26.5 million veterans personal
information, consequently, violating 26.5 million veterans
privacy rights, including Plaintiff, pro se, which they
concealed, until 19 days later; when they gave their notice
about their violations, nationally.  On or about, March 13,
2007, defendants, again, lost 1.8 million veterans and
doctors personal information, which included Plaintiff, pro
se; consequently, violating Plaintiff, pro se, and 1.8
million veterans and doctors privacy rights,
which they partially remedied, on or about, April 30, 2007.

It is not "Right," and totally contrary to law, and
not fair play and not an equal-setting, between parties, to
allow the protection of the law to defendant when defendant
chooses not to take the opportunity presented by the Acts
to correct themselves, and remedy their violations with
Plaintiff, pro se.  Consequently, forsaking all adverse
effects presented to Plaintiff, pro se, because of
defendant's violations of Plaintiff, pro se, privacy
rights; and defendant further chooses to forsake,
and not to follow, and continue to violate, the law,
repeatedly; that they created.

(All persons have a duty to exercise reasonable care not to subject others to an unreasonable risk of harm.  See Walls v. Oxford Management Co., 137 N.H. 653, 656 (1993). Whether a defendant's conduct creates a risk of harm to others sufficiently foreseeable to charge the defendant with a duty to avoid such conduct is a question of law, Iannelli v. Burger King Corp., 145 N.H. 190, 193 (2000), because "the existence of a duty does not arise solely from the relationship between the parties, but also from the need for protection against reasonably foreseeable harm." Hungerford v. Jones, 143 N.H. 208, 211 (1998) (quotation omitted)).

13.  The incident "adversely effected" the normal and fair adjudication of Plaintiff, pro se, disability claim for service connection for heart conditions, secondary to nicotine dependency; and consequently, defendant denied his claim for disability rating of 100%, total and permanent, for service connection for heart conditions, secondary to nicotine dependency, effective June 9, 1993.  Veteran suffered lost compensation at 100% compensable rate between June 9, 1993 to December 1, 1994; approximate "actual damages" $36,000.00; and medical malpractice.

14.  VA officials never reported to the proper authority the event of PC back-up hard drive missing, containing all "deferred" ratings prior to July 1, 1999. These VA officials were aware of the egregious and unlawful disclosure of Plaintiff, pro se, Personal Information soon after the occurrence, yet these VA Officials willfully and intentionally decided to conceal the disclosure and did not report the incident to other VA officials, federal law enforcement, or notify, or inform, Plaintiff, pro se, whose Personal Information had been disclosed without authorization.  These failures exhibit Defendants' reckless disregard for Plaintiff, pro se, privacy rights, intentional and willful violations of the Privacy Act, and were otherwise not in accordance with law; nor with their own rules and regulations.

15.  No VA official charged with protecting the Personal Information pursuant to the Privacy Act and who was knowledgeable of the egregious and unauthorized disclosure informed Defendant VA's Inspector General of the disclosure, to date.  The respective daily security breaches of Plaintiff, pro se, Personal Information occurred, beginning, on April 26, 2000 and ending May 26, 2006.  When Defendant Nicholson publicly

informed Plaintiff, pro se (and other veterans) about VA'S

egregious and patently unlawful disclosure of Plaintiff,

pro se (and other veterans) Personal Information, on May

22, 2006.  Defendant Nicholson's *post hoc* public statements

involved a separate incident that occurred on May 3, 2006

(19 days before Defendant Nicholson public statements)

where 26.5 million veterans Personal Information were

missing.  Plaintiff, pro se, is included into the

26.5 million veterans missing Personal Information

incident, Defendant lost, dated: May 3, 2006.

Consequently, and even though Defendants' are unaware,

because Alaska VA Healthcare System & Regional Office

officials failed to report to their "superiors"

their security breaches of Plaintiff, pro se, Personal

Information, their security breaches have been remedied

2,189 days later (or about 6 years later) because of a

separate incident remedied by Defendant Nicholson.

17.  Again, and for the third time, on March 13, 2007,

Plaintiff, pro se, was notified by Director of the Veterans

Integrated Service Network 7 in Atlanta, Georgia, that a

portable computer hard drive, containing his Personal

Information, used by an employee of the Birmingham VA

Medical Center is missing. (About 1.8 million veterans and

Journey v. USA, Case No:------------------------12

doctors Personal Information missing.)  "If VA determines
that your (Plaintiff, pro se) information or you are at
risk as a result of this incident, VA will contact you
(Plaintiff, pro se) to offer a credit monitoring
service to you (Plaintiff, pro se) at no cost to you
(Plaintiff, pro se)..."

18.  On April 30, 2007, Defendant contacted Plaintiff,
pro se, about #18, substantially stating: "...We believe
certain personal information about you (Plaintiff, pro se),
such as name, social security number, date of birth, and
health information may have been stored on the hard drive.
As a result of this incident, your (Plaintiff, pro se)
personal information my be compromised.  We sincerely
apologize for any inconvenience this may have caused, and
we believe it is important to inform you (Plaintiff, pro
se) of any risk of harm and corrective actions that can be
taken in response to this incident..."  "To protect you
from any misuse of your personal information, VA has
contracted with a company at our own expense to provide you
with free credit protection services..."

19.  Defendants' actions and inactions in failing to
report, after April 26, 2000 and before May 22, 2006, the
unauthorized disclosure of Plaintiff, pro se,

Personal Information, by Alaska VA Healthcare System &
Regional Office, were arbitrary, capricious and without
observance of procedures required by law.

20.    Defendant VA has been repeatedly informed of
recurring, systemic, and fundamental deficiencies in its
information security, but failed to effectively respond.
VA's own Inspector General has for years criticized the
Department for lax information security.  Despite the
repeated identification problems, VA has been unable or
unwilling to properly secure the personal information under
their control.  These repeated failures to correct known
vulnerabilities of VA's safeguards for Plaintiff, pro se,
private information demonstrates a reckless disregard for
privacy rights and intentional or willful violations of the
Privacy Act.  Defendant has no excuse, or justification,
about knowing about their vulnerabilities to safeguard
Plaintiff, pro se (and other veterans), Personal
Information.

21.    The Personal Information disclosed about April
26, 2000, could be retrieved by Plaintiff, pro se, name or
by some identifying number, symbol, or other identifying
particular to an individual.

Journey v. USA, Case No:-------------------------14

21.  VA flagrantly disregarded Plaintiff, pro se, privacy and caused Plaintiff, pro se, adverse effects by not obtaining prior written consent of Plaintiff, pro se, before disclosing the Personal Information to any other individual or government agency.

22.  VA flagrantly disregarded Plaintiff, pro se, privacy and caused Plaintiff, pro se, adverse effects by failing to observe the procedures required by law for disclosure of private information, including Personal Information, without the prior written consent of Plaintiff, pro se.

23.  VA flagrantly disregarded Plaintiff, pro se, privacy and caused Plaintiff, pro se, adverse effects by disclosing, or allowed disclosure of, the Personal Information to officials and employees who did not have a need for such records and information in the performance of their duties.

24.  VA flagrantly disregarded Plaintiff, pro se, privacy and caused Plaintiff, pro se, adverse effects by failing to keep or maintain an accurate accounting of the disclosures Personal Information.

Journey v. USA, Case No:------------------------15

25.  VA flagrantly disregarded Plaintiff, pro se, privacy and caused Plaintiff, pro se, adverse effects assembling and maintaining the Personal Information in a system of records although the information was not relevant and necessary to accomplish a purpose required by statute or by executive order of President.

26.  VA flagrantly disregarded Plaintiff, pro se, privacy and caused Plaintiff, pro se, adverse effects by failing to collect his Personal Information directly from the subject individuals to the greatest extend practicable although the information may result in adverse determinations about Plaintiff, pro se, rights, benefits, and privileges under a Federal program.

27.  VA flagrantly disregarded Plaintiff, pro se, privacy and caused Plaintiff, pro se, adverse effect by failing to publish a notice of the existence and character of the Personal Information system records in the Federal Register.

29.  VA flagrantly disregarded Plaintiff, pro se, privacy and caused Plaintiff, pro se, adverse effects by failing to make reasonable efforts to assure that Personal Information records were accurate, complete, timely and

relevant for VA purposes prior to disseminating a record about an individual to any person other than an agency.

30. VA flagrantly disregarded Plaintiff, pro se, privacy and caused Plaintiff, pro se, adverse affects by failing to establish or implement appropriate administrative, technical and physical safeguards to insure the security and confidentiality of records and to protect against anticipated threats or hazards to the records security or integrity, which could result in substantial harm, embarrassment, inconvenience, or unfairness to Plaintiff, pro se on whom information was maintained. VA's security deficiencies allowed, and continue to allow, a single individual to compromise through disclosure Plaintiff, pro se, Personal Information. VA's entrenched unwillingness or inability to establish and maintain adequate information security is an abuse of discretion and an intentional and willful disregard and failure to observe procedures required by law.

31. Defendant Nicholson was ultimately responsible for control, direction and management of VA's processes, policies, and procedures for compliance with the Privacy Act of 1974, including, but not limited to VA Handbook 6300.5, "Procedures for Establishing and Managing Privacy

Act Systems of Records, "but failed to ensure those processes, policies and procedures were adequately implemented by his subordinates. Defendant Nicholson knew, or should have known, that VA had long-standing information security deficiencies that threatened Plaintiff, pro se, privacy rights, but did not ensure correction or mitigation of those deficiencies.

32.   Defendant Nicholson flagrantly disregarded Plaintiff, pro se, privacy and caused Plaintiff, pro se, adverse effects by failing to establish and ensure lawful compliance by his subordinates with appropriate, administrative, technical, and physical safeguards to insure the security and confidentiality of records and to protect against anticipated threats or hazards to the records security or integrity, which could result in substantial harm, embarrassment, inconvenience, or unfairness to Plaintiff, pro se, on whom information was maintained.

33.   Each of Defendants' failures complained of caused Plaintiff, pro se adverse effects including, but not Limited to, embarrassment, inconvenience, unfairness, mental distress, emotional trauma, personal injuries,

pecuniary damages and the threat of past, current and future substantial harm from identity theft.

33.  The real threat of identity theft and similar adverse effects of VA's illegal actions and inactions Privacy Act violations requires affirmative actions by Plaintiff, pro se, to recover some semblance of normalcy and peace of mind, emotional stability, and personal security including, but not limited to, frequently obtaining and reviewing credit reports, bank statements, and other similar information, obtaining credit watch services, and closing financial accounts. Plaintiff, pro se, has, and will continue to, suffer tangible and intangible damages for the foreseeable future.

35.  Defendant VA flagrant disregard of their opportunity, pursuant to the Administrative Procedures and Privacy Act, to correct and remedy their privacy violations of Plaintiff, pro, se, Personal Information adversely affects Plaintiff, pro se, by unnecessarily placing him at constant risk of identity theft and credit card fraud; and each day thereafter from the date of illegal disclosure of Plaintiff, pro se, Personal Information is a separate violation of the Administrative Procedures and Privacy Acts.  Department VA is concealment of their privacy

violations of Plaintiff, pro se, Personal Information from
Plaintiff, pro se, Plaintiff, pro se, cannot do anything,
unless he is notified and informed and offered a remedy by
Defendant VA.  The Administrative Procedures and Privacy
Acts, other statutes,  President, US. Congress, and Courts
will not be party to illegal conduct and suppositious
behavior by Defendant VA flagrant disregard of the law to
adversely effect Plaintiff, pro se, privacy.

### FIRST CLAIM FOR RELIEF

### Violation of the Administrative Procedures Act

36.  Plaintiff, pro se, reassert his allegations set
forth in Paragraphs (1) through (35), including
Attachments, above and incorporates them by reference into
this First Claim of Relief.

37.  Defendant VA possesses personal information of
Plaintiff, pro se (and millions of other veterans and
citizens).  VA has repeatedly demonstrated an inability or
unwillingness to implement, or callous disregard for,
fundamental procedures to provide minimally acceptable
safeguards for the personal and private information in its
possession.

38.  Defendant Nicholson is ultimately responsible in his official capacity for safeguarding Plaintiff, pro se (and citizen's) private information under VA control pursuant to applicable laws, including the Privacy Act of 1974 and the Administrative Procedures Act, but has been unable or unwilling to require compliance with those laws.

39.  Defendants' actions and inactions in failing to safeguard Plaintiff, pro se, private information were arbitrary, capricious, and otherwise not in accordance with law.

40.  Plaintiff, pro se, suffered, and continues to suffer, harm as a result of Defendants' actions and from actions improperly withheld or unreasonably delayed.

41.  Plaintiff, pro se, is entitled to equitable relief for Defendants' violation of Plaintiff, pro se, rights pursuant to the Administrative Procedures Act.

### SECOND CLAIM FOR RELIEF

### Violation of the Privacy Act

42.  Plaintiff, pro se, reasserts his allegations set forth in Paragraphs (1) through (41), including

Journey v. USA, Case No:------------------------21

Attachments, above and incorporates them by reference into this Second Claim for Relief.

43. Defendants violated the Privacy Act of 1974.

44. Each of Defendants' violations of the Privacy Act was intentional or willful.

45. Each Defendants' Privacy Act violations caused Plaintiff, pro se adverse effects.

46. Defendants' unauthorized disclosure of Plaintiff, pro se, private information (name, address, and phone numbers) linked to his Social Security number has, in particular, placed Plaintiff, pro se, in legitimate fear of identity theft, corruption of his credit files, and plundering of bank accounts and benefits, compensation and pension funds.

47. Plaintiff, pro se, suffered actual damages as a result of Defendants' Privacy Act violations.

48. Plaintiff, pro se, is entitled to monetary relief and the cost of this action together with reasonable attorney fees.

49. Plaintiff, pro se, believes <u>Journey v. United</u>

**States of America**, Case No. 4:06-cv-00034-RRB,  filed in

the United States District Court for the District of

Alaska, and Case No. 2:07-cv-00310-IPJ (U.S. Dist. Ctr,

Northern Dist. Of Alabama Southern Division are pendent.


## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, pro se, pray as follows:

(a)   That this Court issue a declaratory judgment

that Defendants violated, and continued to

violate, Plaintiff, pro se, rights under the

Administrative Procedures Act and Privacy Act of

1974; 2,189 times (each) (and between April 26,

2000 to May 22, 2006);

(b)   That this Court order the 2,189 Privacy Act

violations, by defendant, are separate

violations of Plaintiff, pro se, privacy


rights (because defendant knowingly,

intentionally, and willfully violated the

existing procedures and laws to correct, and

remedy, their violations of Plaintiff, pro se,

Personal Information, which defendant arrogantly

chose not to obey and follow those procedures and

Journey v. USA, Case No:-------------------------23

laws; and continue to conceal and hide their
mistake from Plaintiff, pro se, and their
superiors);

(c)  That this Court order Defendant Nicholson to
immediately identify in the Federal Register
the existence and character of every system
of records maintained by VA and make available
to any individual therein, their authorized
representatives, or survivors, each record
maintained in any VA system of records pertaining
to that individual, including Plaintiff, pro se;

(d)  That this Court order Defendant Nicholson to
immediately identify in the Federal Register
each use of every system of records, including
any use of that system or individual records
thereof known as a "project" or "projects,"
and the explicit statutory or other legal basis

for that use or project;

(e)  That this Court permanently enjoin Department VA,
its officers, agents, employees, and those
acting for and with them, from accessing,
viewing, handling, disclosing, or in any way
transferring any record or system of records

subject to Privacy Act requirements until an

independent panel of experts finds that adequate

information security has been established and

implemented by VA, unless such activity is

explicitly allowed by Court order

and under supervision of persons independent of

VA, such supervision to be at VA expense;

(f)    That this Court enjoin Defendant VA, its

officers, agents, employees, and those acting for

and with them from removing any device capable of

storing, containing, or transferring any record

or system of records, including, but not limited

to, laptop computers, portable hard drives,

memory stick or similar devices, and "iPods" and

similar devices, from property under VA's

supervision and control until and unless VA

demonstrates that adequate information security

has been established to the Court's satisfaction;

(g)    That this Court grant Plaintiff, pro se,

Judgment against Defendant VA for damages in an

amount of $1,000.00 x 2,189 (violations) =

$2,189,000.00 (as a minimum) and/or, not less

than $30,000,000.00;

(h)    That this Court grant Plaintiff, pro se, his

       costs and reasonable attorney fees; and

(i)    That this Court grant such additional relief as

       the Court deems proper and just.

Respectfully submitted,

                                    7/3/2007

WILLIAM J. JOURNEY
Plaintiff, pro se
P.O. Box 72969
Fairbanks, Alaska 99707
Ms: (907)389-2779
E-mail: dogsledteam@hotmail.com