# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| In Re: DEPARTMENT OF VETERANS AFFAIRS (VA) DATA THEFT LITIGATION | : : : : |
| | Misc. Action No. 06-0506 (JR) MDL Docket No. 1796 |
| This Document Relates To: ALL CASES | : : : |

## CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS

### I.   EXPLANATION OF AGREEMENT

This Class Action Settlement Agreement and Release of All Claims (the "Agreement") is entered into by and between Plaintiffs (as hereinafter defined) and the Class of individuals that they seek to represent (as hereinafter defined), on the one hand, and Defendants (as hereinafter defined). In the interests of avoiding the expense, delay, and inconvenience of further litigation of the issues raised in the class complaints, and in reliance on the representations, mutual promises, covenants and obligations set forth in detail herein, the Defendants have agreed to pay a lump sum of $20,000,000.00 to the Plaintiffs, inclusive of fees and costs, in exchange for the dismissal of this litigation and the release of all causes of action by any Class Member in connection with the facts or events underlying this litigation, namely the May 3, 2006, theft of the computer equipment that is the subject of this litigation. This payment represents the maximum that Defendants are obligated to pay under this Agreement and is contingent upon approval of payment by the Judgment Fund of the United States. The Plaintiffs have agreed to structure and distribute the payment as set forth herein.

## II.   GENERAL PROVISIONS

### A.   Recitals

WHEREAS, Plaintiffs Paul Hackett and Matthew Page filed their initial Class Action Complaint on May 30, 2006 in the Eastern District of Kentucky, Case No. 2:06-114 against the United States Department of Veterans Affairs, the Secretary of the United States Department of Veterans Affairs, the Deputy Secretary of the United States Department of Veterans Affairs, and John Doe (employee of the United States Department of Veterans Affairs);

WHEREAS, Plaintiffs Vietnam Veterans of America, Inc., et al., filed their initial Class Action Complaint on June 6, 2006 in the District of District of Columbia, Case No. 1:06-1038 against the same Defendants;

WHEREAS, Plaintiffs Michael Rosato, Murry Moskowitz, and Bruce Ouellette filed their initial Class Action Complaint on June 21, 2006 in the Eastern District of New York, Case No. 1:06-3086 against the same Defendants;

WHEREAS, on November 3, 2006 the Judicial Panel on Multidistrict Litigation transferred the above three class actions to the United States District Court for the District of Columbia for coordinated or consolidated pretrial proceedings;

WHEREAS, on January 23, 2007 the District Court for the District of Columbia issued an Order consolidating these three actions for pretrial purposes and assigning a master docket under the caption *In Re: Department of Veterans Affairs (VA) Data Theft Litigation,* Case No. 06-0506(JR) which, in conjunction with the complaint filed by Barry Jackson in February 2008

and transferred to the District Court for the District of Columbia in April 2008 (as described further below), are collectively referred to hereafter as "the Litigation;"

WHEREAS, the Plaintiffs in each of the three consolidated actions asserted claims against Defendants under the Federal Privacy Act of 1974, 5 U.S.C. §552a and the Fourth and Fifth Amendments to the United States Constitution stemming from the May 3, 2006 theft of computer equipment that was reported to contain private personal information of millions of military veterans, as well as some spouses of military veterans and active duty personnel;

WHEREAS, on November 20, 2006 (re-filed on February 22, 2007) Defendants filed a Motion to Dismiss, or in the Alternative, for Summary Judgment; Plaintiffs filed a Joint Opposition to Defendants' Motion on March 28, 2007; and on November 16, 2007 the Court issued its Memorandum Order Granting in Part and Denying in Part Defendants' Motion to Dismiss and Denying Defendants' Motion for Summary Judgment;

WHEREAS, in February 2008, Plaintiff Barry Jackson filed a separate complaint against the Department of Veterans Affairs and the Secretary which was transferred to the District Court for the District of Columbia by the Judicial Panel on Multidistrict Litigation in April 2008;

WHEREAS, in December 2007 the Parties agreed to mediate this dispute with the assistance of Magistrate Judge Alan Kay; and this mediation process proved successful resulting in this Settlement Agreement and Releases – the purpose of which is to settle fully, finally, and completely all claims asserted or that could have been asserted by Plaintiffs, on behalf of themselves and the Class, as defined herein, against Defendants;

WHEREAS, Defendants deny and continue to deny all of the allegations made by Plaintiffs in the Litigation and have denied and continue to deny any and all liability and damages to anyone with respect to the alleged facts or causes of action asserted in the Litigation. Nonetheless, without admitting or conceding any liability or damages whatsoever and without admitting any wrongdoing, and without conceding the appropriateness of class treatment for claims asserted in any future Complaint under the Privacy Act, Defendants have agreed to settle the Litigation on the terms and conditions set forth in this Agreement, to avoid the burden, expense, and uncertainty of continuing the Litigation;

WHEREAS, Co-Lead Counsel and the Members of the Plaintiffs' Committee (hereafter "Class Counsel"), as appointed by the Court on February 28, 2007, have conducted significant investigations and analyzed and evaluated the merits of the claims made against Defendants in the Litigation, and the impact of this Agreement on Plaintiffs and the Class, and based upon their analysis and their evaluation of a number of factors, and recognizing the substantial risks of continued litigation, including the possibility that the Litigation, if not settled now, might not result in any recovery whatsoever for the Class, or might result in a recovery that is less favorable to the Class, and that any such recovery would not occur for several years, Class Counsel are satisfied that the terms and conditions of this Agreement are fair, reasonable and adequate and that this Agreement is in the best interests of the Class;

NOW THEREFORE, in consideration of the mutual covenants and promises set forth in this Agreement, as well as the good and valuable consideration provided for herein, the Parties hereto agree to a full and complete settlement of the Litigation on the following terms and conditions:

## B.   DEFINITIONS

The defined terms set forth below shall have the meanings ascribed to them for the purposes of this Settlement and Agreement.

1.   **Settlement Amount.** "Settlement Amount" shall mean the $20,000,000.00 payment made by or on behalf of Defendants into the Settlement Account. This payment represents the total amount that the Defendants are required to pay under this Agreement. Defendants shall, within three (3) days of the Final Approval of this Agreement, provide the Judgment Fund with all necessary forms and documentation to effectuate payment of the Settlement Amount, and upon receiving such information, it is anticipated that the Judgment Fund shall pay within 8 weeks the Settlement Amount into the Settlement Account, net any amount already paid by the Judgment Fund or the Defendants as part of this Agreement. This amount is contingent upon approval of payment by the Judgment Fund of the United States. If such approval does not occur, this Agreement shall be void and the case will proceed as if no settlement has been attempted.

2.   **Settlement Account.** "Settlement Account" shall mean the interest bearing account, which is a qualified settlement fund under federal tax law, established by Class Counsel for the purpose of effectuating this Settlement into which the Settlement Amount shall be paid and from which the Settlement Distributions shall be paid. Class Counsel shall provide the necessary account information to Defendants as needed to support deposit of the Settlement Amount.

3.   **Settlement Distributions.** "Settlement Distributions" shall mean Claims paid to Claimants; settlement notice and payments to the Claims Administrator; attorneys fees and cost

reimbursement to Class Counsel; Class Representative incentive payments as approved by the

Court; and Cy Pres payments made to the Veterans Cy Pres Beneficiaries.

**4.     Cy Pres.** "Cy Pres" shall mean any and all of the remaining balance in the Settlement

Account following the payment of Valid Claims; settlement notice and payments to the Claims

Administrator; attorneys fees and cost reimbursement to Class Counsel as approved by the

Court; and Class Representative Incentive Payments as approved by the Court.

**5.     Veterans Cy Pres Beneficiaries.** "Veterans Cy Pres Beneficiaries" shall mean the

recipients of the Cy Pres. The Cy Pres Beneficiaries, along with their corresponding percentage

share of any Cy Pres amounts, are set forth below:

> Fisher House Foundation, Inc.
> 1401 Rockville Pike, Suite 600
> Rockville, Maryland 20852
> (50%)
>
> and
>
> The Intrepid Fallen Heroes Fund
> One Intrepid Square
> West 46th Street and 12th Avenue
> New York, New York 10036
> (50%)

**6.     Class; Class Member.** "Class" shall mean all veterans, spouses of veterans, and military

personnel who incurred actual damages as a direct result of the theft of electronic equipment

containing personal information from the home of a VA employee on May 3, 2006, during the

Recovery Period. "Actual damages," as used above, shall be defined, for purposes of this

Agreement, to include reasonable out-of-pocket expenditures to protect or monitor personal

financial information; out-of-pocket expenses incurred as a result of physical manifestations of

severe emotional distress; as well as any other reasonable out-of-pocket expenses incurred by an individual. A member of the Class, including any and all representatives, heirs, administrators, executors, beneficiaries, agents, attorneys, and assigns, is a "Class Member." Class Member shall not include Class Counsel and their employees.

7.    **Class Counsel.** "Class Counsel" shall mean John Murdock and Jeffrey Goldenberg, Murdock, Goldenberg, Schneider & Groh, LPA, 35 East Seventh Street, Suite 600, Cincinnati, Ohio 45202; Douglas Rosinski and Donald Cockrill, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., 1320 Main Street, Suite 600, Columbia, S.C. 29201; Marc Mezibov, 401 East Court Street, Cincinnati, Ohio 45202; Gary E. Mason, The Mason Law Firm, L.L.P., 1225 19th Street, N.W., Suite 500, Washington D.C. 20036; and Mark Smilow, Weiss & Lurie, The French Building, 551 Fifth Avenue, Suite 1600, New York, New York 10176.

8.    **Defendants.** "Defendants" shall mean the United States Department of Veterans Affairs, the Secretary of the United States Department of Veterans Affairs, the Deputy Secretary of the United States Department of Veterans Affairs, and John Doe (employee of the United States Department of Veterans Affairs) in their official capacities.

9.    **Fairness Hearing.** "Fairness Hearing" shall mean the hearing on the joint Motion for Judgment and Final Approval.

10.    **Final Approval.** "Final Approval" shall mean the occurrence of the following:

    (A)    following the Fairness Hearing, the Court has entered Judgment; and

    (B)    the Judgment has become Final. "Final" means the later of:

(1)    The time for seeking rehearing or reconsideration and/or appellate review has expired or there is no one with standing to seek such review; or

(2)    If rehearing, reconsideration and appellate review is sought, after any and all avenues of rehearing, reconsideration and appellate review have been exhausted and no further rehearing, reconsideration or appellate review is permitted, or the time for seeking such review has expired and the Judgment has not been modified, amended or reversed in any way.

**11.    Order Granting Preliminary Approval.** "Order Granting Preliminary Approval" shall mean the Order entered by the Court preliminarily approving the terms and conditions of this Agreement, including the manner and timing of providing notice to the Class, the time period for objections and the date, time and location for the Fairness Hearing.

**12.    Parties.** "Parties" shall mean and refer to Plaintiffs, the Class, and Defendants.

**13.    Named Plaintiffs; Class Representatives.** "Named Plaintiffs" shall mean and include, Paul Hackett, Matthew Page, Michael Rosato, Murry Moskowitz, Bruce Ouellette, Charles L. Clark, James E. Malone, Barry Jackson, and John Rowan and shall also include any and all representatives, heirs, administrators, executors, beneficiaries, agents, attorneys, and assigns of such individuals, as applicable and without limitation. The Named Plaintiffs are also referred to as the Class Representatives.

**14.    Preliminary Approval.** "Preliminary Approval" shall mean that the Court has entered an Order Granting Preliminary Approval.

15.     **Recovery Period.** "Recovery Period" shall mean the period from May 3, 2006 through the date of Preliminary Approval of this Agreement.

16.     **Neutral Evaluator.** "Neutral Evaluator" means a neutral third-party approved by the Court as provided below, to serve as a binding arbiter(s) of any disagreements that might arise concerning the "Amount Payable for Each Valid Claim" (as defined below).

### C.     SETTLEMENT DISTRIBUTIONS

1.     **Claims Administrator.** The Parties shall utilize the services of a mutually agreeable party (the "Claims Administrator") to facilitate administrative matters and distribution of Amount Payable for Each Valid Claim in accordance with the terms and conditions of this Agreement. The Parties agree to cooperate as to all aspects of this Settlement and Agreement in order to minimize the costs of any such Claims Administrator. All payments to the Claims Administrator must be for reasonable and necessary services in accordance with detailed invoices provided to Class Counsel.

2.     **Payment of Claims.** The Amount Payable for Each Valid Claim and the claims process for doing so shall be in accordance with the terms as set forth below. The Defendants shall have no role in, nor shall it be held liable in any way for, the determination of relief to be accorded each individual, or other aspects of the monetary awards process. Moreover, except as explicitly set forth in this Agreement, the Defendants shall have no further role in determining the distribution methodology.

3.     **Settlement Distributions.** Class Counsel, through the Claims Administrator, shall arrange for Settlement Distributions in accordance with the following process.

(a)    **Claims Period.**  Within ninety (90) days of Final Approval of this Agreement, all

claimants must have submitted a claim form, attached hereto as Exhibit 1.

(b)    **Payment Period.**  Payments for each claim determined by the Claims

Administrator to be valid shall be made by check from the Settlement Account.  Those payments

shall be made at the same time, no later than one hundred and fifty (150) days following the

expiration of the Claims Period.  Class Counsel, through the Claims Administrator, shall use

reasonable efforts to make the required payments in a timely manner.

(c)    **Valid Claims.**  A claim shall be determined to be valid when a claimant has

submitted a Claim Form for Recoverable Losses that is documented, completed, and submitted

in a proper and timely fashion. Proper documentation is intended to require some objective proof

of injury by the claimant of both the amount of the loss suffered as well as the connection of that

loss to the May 3, 2006, theft of computer equipment that is the subject of this litigation.  By way

of illustration, proper documentation includes, but is not limited to, credit card statements,

invoices, medical records, and receipts.  Proper documentation would not include, for example, a

claim consisting solely of a personal declaration or affidavit by the claimant.

(d)    **Recoverable Losses.**  Recoverable Losses include properly documented out-of-

pocket expenditures incurred by a Class Member between May 3, 2006 and the date of

Preliminary Approval of this Agreement for reasonable costs incurred as a direct result of the

theft of electronic equipment from the home of a VA employee on May 3, 2006, that is the

subject of this litigation.  Such costs include reasonable out-of-pocket expenditures to protect or

monitor personal financial information; out-of-pocket expenses incurred as a result of physical

manifestations of severe emotional distress; as well as any other reasonable out-of-pocket expense incurred by an individual.

(e) **Amount Payable for Each Valid Claim.** Each Valid Claim submitted shall be valued and paid at the actual documented financial loss with a minimum payment for each Valid Claim of $75.00, but in no event shall any Valid Claim paid exceed $1,500.00. Each Claim Form submitted by a Class Member shall include all allegations of Recoverable Losses by that Class Member. If more than one of the allegations are determined to be valid, the amount payable shall be aggregated and treated as one Valid Claim. Accordingly, no Class Member is entitled to a payment in excess of $1,500.00.

(f) **Possible Reduction of Amount Payable for Each Valid Claim.** If the balance in the Settlement Account is not sufficient, at the time of payment, to fully fund each Valid Claim then each Valid Claim shall be reduced by the same percentage to account for the shortfall.

4. **Disputed Claims.** The determination of the proper amount of the payment to a claimant for a Recoverable Loss is the sole responsibility of the Claims Administrator. No party to this Settlement Agreement shall be deemed in default of its obligations under this Section due to a dispute between a claimant and the Claims Administrator, including disputes over the amount of a payment or the return of a payment as a result of the death or unavailability of a Class Member.

If a Class Member believes that a determination made by the Claims Administrator requires correction, the Class Member may seek correction pursuant to the following process:

(a)     A Class Member who objects to the Claims Administrator's determination of his, her, or its claim, if any, must so notify the Claims Administrator within thirty (30) days after the date that the Claims Administrator mailed the determination to the Settlement Class Member. The Settlement Class Member must provide a written and signed statement setting forth the basis for his, her or its disputed claim. Any disputed claim that is not postmarked within that thirty (30) day period shall be waived.

(b)     Upon the timely submission of a disputed claim, the Claims Administrator, and the objecting Settlement Class Member shall have thirty (30) days to attempt to resolve the disputed claim by agreement. At the end of this thirty (30) day period, the Claims Administrator shall provide the Class Member with its written notice of its decision regarding the disputed claim and inform the objecting Settlement Class Member of his, her or its right to submit the claim to a Neutral Evaluator.

(c)     A Class Member who is unable to resolve his, her, or its written and signed disputed claim through agreement may mail a copy of the disputed claim and a copy of his, her, or its Claim Form to the Claims Administrator and to a Neutral Evaluator within thirty (30) days after the date that the Claims Administrator mailed its decision regarding the objection. The Claims Administrator shall forward a copy of all disputed claims to Class Counsel. Any such disputed claim that is not postmarked within that thirty (30) day period shall be waived. The Claims Administrator shall have thirty (30) days after receipt to respond in writing, with a copy to Class Counsel, to a disputed claim submitted to a Neutral Evaluator. The Neutral Evaluator shall issue a decision with respect to each such disputed claim within sixty (60) days after his/her receipt of the Claims Administrator's

response. The decision of the Neutral Evaluator shall be binding and not subject to appeal.

**D.    CY PRES.**

1.    **Cy Pres Beneficiaries.**  The Cy Pres Beneficiaries are: .

Fisher House Foundation, Inc.
1401 Rockville Pike, Suite 600
Rockville, Maryland 20852
(50%)

and

The Intrepid Fallen Heroes Fund
One Intrepid Square
West 46th Street and 12th Avenue
New York, New York 10036
(50%)

2.    **Payment of Cy Pres.**  In the event that there is a balance remaining in the Settlement Account following the payment of Valid Claims; settlement notice and payments to the Claims Administrator; attorneys fees and cost reimbursement to Class Counsel as approved by the Court; and Class Representative Incentive Payments as approved by the Court, any such funds shall be paid in a timely manner to the Veterans Cy Pres Beneficiaries identified in section D.1. If payment to these recipients is prohibited, not accepted, or otherwise becomes impossible, the Parties shall negotiate in good faith one or more replacement beneficiaries.

3.    **Presentation of Cy Pres.**  To the extent that the payment of Cy Pres occurs, Defendants and Class Counsel may attend and participate in any presentation of the Cy Pres payments to the Veterans Cy Pres Beneficiaries.

E.     **ATTORNEYS' FEES AND COST REIMBURSEMENT.** No later than four
(4) weeks prior to the Fairness Hearing, Class Counsel shall file a petition for fair and reasonable
attorneys fees and costs to be approved by the Court.  Class Counsel have agreed that their
request for fees and costs shall not exceed $5,000,000.00 in fees and $500,000.00 in costs,
including those fees and costs incurred by Counsel for Barry Jackson, to be payable from the
Settlement Amount following Final Approval.  In exchange, the Defendants have agreed not to
object to the amount set forth in the request by Class Counsel, an amount that must ultimately be
determined reasonable by the Court.  This Agreement exists solely as to the monetary amounts
set forth herein and does not extend to the method by which Class Counsel calculates the
reasonable amount of fees and costs in the present case.

F.     **CLASS REPRESENTATIVE INCENTIVE AWARDS.** At the Fairness
Hearing, Class Counsel shall petition the Court for incentive awards from the Settlement Amount
not to exceed a total of eighteen thousand dollars to be distributed between and among Plaintiffs
Hackett, Page, Rosatto, Moskowitz, Oullette, Clark, Malone, Jackson, and Rowan.  Defendants
shall have no additional liability for any such incentive awards, and the Class Representatives
shall accept these incentive awards in lieu of the payment of any Valid Claims they may have.

G.     **TAXABILITY OF SETTLEMENT DISTRIBUTIONS.**

1.     **No Tax Advice.**  Plaintiffs, on behalf of the Class and each individual member of the
Class, acknowledge and agree that they have not relied upon any advice whatsoever from
Defendants as to any provision of this Agreement, or as to the taxability, whether pursuant to
Federal, State or local income tax statutes or regulations or otherwise, of the payments made,
action taken, or consideration transferred hereunder.  Compliance with all applicable federal,

state, and local tax requirements shall be the sole responsibility of Class Members who receive monetary relief pursuant to this settlement agreement. Similarly, the Claims Administrator shall be responsible for complying with all applicable tax requirements concerning its management or oversight of the Settlement Account.

2.    **Tax Reporting.** The Claims Administrator shall be responsible for withholding and paying, as applicable, appropriate amounts from awards for purposes of satisfying the employer share of employment taxes, such as FICA or Medicare, as well as reporting to the taxing authorities all Settlement Distributions as appropriate. Notwithstanding the above, each recipient of an award shall be ultimately responsible for making payment to the appropriate taxing authorities, federal, state, and local, if any, for any additional employee tax liability on distributions, including liability resulting from any underpayment of taxes from the calculations performed by the Claims Administrator, or for seeking refund of any overpayment of taxes.

H.    **NO FURTHER OBLIGATION.** The Parties agree and acknowledge that the Settlement Amount represents the Defendants' maximum financial obligation under this Agreement. The Parties further agree and acknowledge that Defendants shall have no further monetary obligation whatsoever, including, but not limited to, any monetary obligations with respect to the Class Representatives, the Class, Class Counsel and Counsel for Barry Jackson, the Claims Administrator, or the Litigation.

I.    **APPROVAL AND CLASS NOTICE**

1.    **Preliminary Approval by the Court.**

**(a)**     On or before ~~--------~~ *January 27*, 2009, Plaintiffs and Defendants will submit this Agreement to the Court, together with a Motion for Preliminary Approval of this Agreement.

**(b)**     Plaintiffs shall seek, and Defendants shall not oppose, preliminary approval for the certification of the following Class: all veterans, spouses of veterans, and military personnel who incurred actual damages as a direct result of the theft of electronic equipment containing personal information from the home of a VA employee on May 3, 2006, during the Recovery Period. Plaintiffs shall also seek appointment as the Class Representatives for purposes of implementing and effectuating this Settlement and Agreement.

**(c)**     Plaintiffs shall also seek appointment of John Murdock and Jeffery Goldenberg, Murdock, Goldenberg, Schneider & Groh, LPA, 35 East Seventh Street, Suite 600, Cincinnati, Ohio 45202; Douglas Rosinski and Donald Cockrill, Ogletree, Deakins, Nash, Smoak & Stewart, P.C, 1320 Main Street, Suite 600, Columbia, S.C. 29201; Marc Mezibov, 401 East Court Street, Cincinnati, Ohio 45202; Gary E. Mason, The Mason Law Firm, L.L.P., 1225 19th Street, N.W., Suite 500, Washington D.C. 20036; and Mark Smilow, Weiss & Lurie, The French Building, 551 Fifth Avenue, Suite 1600, New York, New York 10176 as Class Counsel, and in accordance with the designations set forth in the Court's February 28, 2007 Order Granting Plaintiffs' Motion for Appointment of Putative Class Counsel.

**2.     Class Notice.** Upon entry of an Order granting Preliminary Approval, the Claims Administrator, in cooperation with Class Counsel, shall notify the Class pursuant to the terms of the Notice Plan attached hereto as Exhibit 2. The parties shall use reasonable efforts to effectuate the Notice Plan no later than forty-five (45) days following the date of entry of the Order Granting Preliminary Approval. The cost of the Notice Plan attached as Exhibit 2 is

{00019992; 1}                                    - 16-

$1,403,617. The parties anticipate that this cost shall be promptly paid by the Judgment Fund into the Settlement Account following the entry of the Order Granting Preliminary Approval of the Notice Plan and the Settlement as a whole. This payment is final and shall be deducted from the overall Settlement Amount of $20,000,000.00. If the Judgment Fund denies approval of the payment, this Agreement will be void. In that event, the parties shall discuss whether further negotiations would be productive.

3.    **Class Member Opt Out.**  The deadline for Class Members to opt out of the Class will be set at thirty days before the Fairness Hearing. In the event that the threshold of 750 or more Class Members elect to properly opt out, in compliance with the opt out requirements set forth below, the parties shall negotiate in good faith in an attempt to arrive at a discount of the Settlement Amount to reasonably reflect the settlement valuation posed by the number of opt outs exceeding the threshold set forth above. In such event, the Parties shall notify the Court as soon as practicable. Should such good faith negotiations fail, then the parties further agree to submit the issue to Court supervised mediation before Magistrate Judge Kay. In the event the foregoing efforts are unsuccessful, Defendants may, in their sole discretion, void this Agreement, which will have no further effect upon the filing with the Court of a Notice of Withdrawal from Settlement by Defendants' Counsel. In no event shall Defendants file such a Notice of Withdrawal later than three days before the Fairness Hearing. If the Defendants file such a Notice of Withdrawal, the case will proceed as if no settlement has been attempted. In that event, the Court will enter an order decertifying the preliminarily approved class referenced in Section I.1, and Defendants retain the right to contest whether this case should be maintained as a class action.

In order to properly opt-out, Class Members must submit a written request for exclusion to the Claims Administrator. The request for exclusion must be received no later than thirty days before the Fairness Hearing and must include the individual's full name, address, a statement of the individual's intention to opt-out of the Settlement, the reason or reasons for opting out of the Settlement, and appropriate documentation establishing actual damages incurred during the Recovery Period. The Claims Administrator shall compile a list of valid opt-outs for submission to the Court, and should the Parties disagree over any valid opt-out determinations then any such disagreement may be lodged with the Court for a final and binding decision.

4.    **Motion for Judgment and Final Approval.** Pursuant to this Agreement and in accordance with the Court's Order Granting Preliminary Approval, Plaintiffs and Defendants will submit a joint Motion for Entry of Judgment and Final Approval for consideration by the Court at the Fairness Hearing. The Entry of Judgment and Final Approval shall:

    (a)    grant final certification of the Class,

    (b)    enter Judgment in accordance with this Agreement,

    (c)    approve the Settlement and Agreement as final, fair, reasonable, adequate and binding on all Class Members who have not timely opted out pursuant to Section I.3,

    (d)    approve the payment of reasonable attorneys' fees and costs for Class Counsel pursuant to Section E,

    (e)    approve the incentive awards proposed for the Plaintiffs pursuant to Section F.

(f)     order the Claims Administrator to process and pay all Valid Claims; and

(g)     order the release of all Class Members' claims pursuant to section J.2.

**5.     Objections to Settlement.**

(a)     Any Class Member who wishes to object to the fairness, reasonableness or adequacy of this Agreement or the Settlement contemplated hereby must file with the Clerk of the Court and serve all counsel, no later than thirty days before the Fairness Hearing, a statement of the objection setting forth the specific reason(s), if any, for the objection, including any legal support that the Class Member wishes to bring to the Court's attention, any evidence that the Class Member wishes to introduce in support of the objection, and whether the Class Member intends to appear at the Fairness Hearing. The Class Member must also include appropriate documentation establishing actual damages incurred during the Recovery Period. Class Members may so act either on their own or through any attorney hired at their own expense. The Class Member, or attorney acting on his or her behalf, also must:

(i)     File a notice of appearance with the Clerk of Court no later than thirty days prior to the Fairness Hearing or as the Court may otherwise direct;

(ii)    Serve a copy of such notice of appearance on all counsel for the Parties; and

(iii)   Prove his or her status as a Class Member.

(b)     Any Class Member who files and serves a written objection in accordance with section 5(a) may appear at the Fairness Hearing to object to any aspect of the fairness,

reasonableness or adequacy of this Agreement or the Settlement contemplated hereby.  A Class Member who does not timely file and serve such a written objection shall not be heard at the Fairness Hearing.

(c)     Subject to the Court's discretion, any Class Member (or attorney) who fails to comply with the provisions of this section I.5, and who has not opted out of the Class as provided in Section I.3, shall waive and forfeit any and all rights the Class Member may have to appear separately and/or to object and to opt out and shall be bound by all the terms of the Agreement and by all proceedings, orders and judgments in the Litigation.

6.     **Entry of Judgment.**  At the Fairness Hearing, the Parties will request that the Court, among other things, (a) grant final certification of the Class, (b) enter Judgment in accordance with this Agreement, (c) approve the Settlement and Agreement as final, fair, reasonable, adequate and binding on all Class Members who have not timely opted out pursuant to Section I.3, (d) approve the payment of reasonable attorneys' fees and costs for Class Counsel pursuant to Section E, (e) approve the incentive awards proposed for the Plaintiffs pursuant to Section F, (f) order the Claims Administrator to process and pay all Valid Claims, and (g) order the release of all Class Members' claims pursuant to section J.2.

7.     **Effect of Failure to Grant Final Approval.**  In the event the Court fails to enter Judgment in accordance with this Agreement, or the Settlement does not receive Final Approval as defined herein, the Parties shall proceed as follows:

(a)     The Litigation will resume unless the Parties jointly agree to: (1) seek reconsideration or appellate review of the decision denying entry of

Judgment, or (2) attempt to renegotiate the Settlement and seek Court

approval of the renegotiated settlement.

(b)     In the event any reconsideration and/or appellate review contemplated by

(a) above is denied, the Parties shall have no further rights or obligations

under this Agreement.

(c)     If the Settlement is not approved, the case will proceed as if no settlement

has been attempted.  In that event, the classes certified for purposes of

settlement shall be decertified, and Defendants retain the right to contest

whether this case should be maintained as a class action and to contest the

merits of the claims being asserted by Plaintiffs in this Litigation.

**J.     ADMINISTRATION**

**1.     Notices.**  Copies of any and all notices, documents or filings required under this

Agreement shall be served by registered United States mail on the Parties as follows:

> Jeffrey S. Goldenberg, Esq.
> Murdock Goldenberg Schneider & Groh, LPA
> 35 East Seventh Street, Suite 600
> Cincinnati, OH  45202
>
> Eric Womack, Esq.
> Department of Justice
> P.O. Box 883
> Washington, D.C. 20044

2.    **RELEASES AND RELATED MATTERS**

(a)    **No Additional Litigation.** This Settlement Agreement shall be in lieu of and discharge any obligations of Defendants related to or stemming from the May 3, 2006 theft of the computer equipment which is the subject of this Litigation. The Named Plaintiffs, on behalf of the Class and each individual member of the Class, agree that they will not commence or prosecute, either as a group or individually, any action on behalf of themselves or any other person, asserting claims against Defendants related to or stemming from the May 3, 2006 theft of the computer equipment which is the subject of this Litigation.

(b)    **Full Release of All Claims.** By operation of the entry of the Judgment and Final Approval, the Named Plaintiffs, on behalf of the Class, Class Counsel and Counsel for Barry Jackson, and each individual Class Member, forever and fully release Defendants, its successors, assigns, agents, officers, employees, representatives, and attorneys, and all persons acting by, through, under or in concert with any of them, including any party that was or could have been named as a defendant in the Litigation (collectively, the "Releasees") from any and all past and present matters, claims, demands, and causes of action of any kind whatsoever, whether at common law, pursuant to statute, ordinance, or regulation, in equity or otherwise which any Class Member has or might have, known or unknown, of any kind whatsoever, growing out of or in connection in any manner with any facts, acts, transactions, occurrences, events or omission that are based upon, arise out of, or in any way relate to the events underlying this Litigation, namely the May 3, 2006 theft of the computer equipment which is the subject of this Litigation. This release is binding on all Class Members including Class Members who do not file a claim form seeking recovery.

(c)     **Release of Fees and Costs.**  Class Counsel, Counsel for Barry Jackson, and Named Plaintiffs, on behalf of the Class and each individual Class Member, hereby irrevocably and unconditionally release, acquit, and forever discharge, any claim that they may have against Defendants for attorneys' fees or costs associated with their representation of Plaintiffs and the Class.  Class Counsel and Counsel for Barry Jackson further understand and agree that any fee payments and cost reimbursements made under this Agreement and subject to Court approval will be the full, final and complete payment of all attorneys' fees and costs associated with this Litigation.

(d)     **No Assignment.**  Class Counsel, Counsel for Barry Jackson, and Plaintiffs, on behalf of the Class and each individual Class Member, represent and warrant that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein, including, but not limited to, any interest in the Litigation, or any related action.

(e)     **Non-Admission of Liability.**  By entering into this Agreement, Defendants in no way admit any violation of law or any liability whatsoever to Plaintiffs and the Class, individually or collectively, all such liability being expressly denied.  Nor do Defendants admit that a class action is an appropriate vehicle in all Privacy Act litigation.  Rather, Defendants enter into this Agreement to avoid further protracted litigation and to resolve and settle all disputes with Plaintiffs and the Class.  The Parties understand and agree that neither this Agreement, nor the negotiations that preceded it, shall be used as evidence with respect to the claims asserted in the Litigation, the propriety of a class action, or in any other proceeding or dispute.

3.     NO SOLICITATION

(a)     **No Solicitation.**  Class Counsel, Counsel for Barry Jackson, and Plaintiffs agree

that all communication with Class Members regarding this Litigation and Agreement will be

through the Approval and Class Notice procedure described in the attached Notice Plan.  Except

as provided therein, Class Counsel, Counsel for Barry Jackson, Plaintiffs, and Defendants agree

not to solicit or otherwise seek to encourage or discourage Class Members from seeking payment

from the Settlement Account.

4.     **MISCELLANEOUS**

(a)     **Cooperation Between the Parties; Further Acts.**  The Parties shall cooperate

fully with each other and shall use their best efforts to obtain the Court's approval of this

Agreement and all of its terms.  Each of the Parties, upon the request of any other Party, agrees

to perform such further acts and to execute and deliver such other documents as are reasonably

necessary to carry out the provisions of this Agreement.

(b)     **Entire Agreement.**  This Agreement constitutes the entire agreement between the

Parties with regard to the subject matter contained herein, and all prior and contemporaneous

negotiations and understandings between the Parties shall be deemed merged into this

Agreement.

(c)     **Binding Effect.**  This Agreement shall be binding upon and inure to the benefit of

the Parties and (A) with respect to Plaintiffs and the Class Members, their spouses, children,

representatives, heirs, administrators, executors, beneficiaries, conservators, attorneys and

assigns, and (B) with respect to Defendants, the Releasees.  The Parties shall execute this

Settlement Agreement as soon as practicable, but no later than the date that the Motion for an Order Granting Preliminary Approval is filed with the Court.

     **(d)**    **No Third-Party Beneficiaries.** This Agreement shall not be construed to create rights in, or to grant remedies to or delegate any duty, obligation or undertaking established herein to any third party as a beneficiary of this Agreement.

     **(e)**    **Arms Length Transaction; Materiality of Terms.** The Parties have negotiated all the terms and conditions of this Agreement at arms length. All terms and conditions of this Agreement have been relied upon by the Parties in entering into this Agreement. If any Class Member petitions the Court for a modification of, addition to or alteration of any material term or condition of this Agreement and if the Court on such request or sua sponte does modify, add to or alter any of the material terms or conditions of this Agreement, this Agreement shall become voidable and of no further effect upon the filing with the Court of a Notice of Withdrawal from settlement by Class Counsel or Defendants' Counsel within five business days of receipt of any order or final statement of the Court modifying, adding to or altering any of the material terms or conditions of this Agreement.

     **(f)**    **Captions.** The captions or headings of the sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

     **(g)**    **Construction.** The determination of the terms and conditions of this Agreement has been by mutual agreement of the Parties. Each Party participated jointly in the drafting of this Agreement, and therefore the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any party by virtue of draftsmanship.

(h)    **Continuing Jurisdiction.**  The Court shall retain jurisdiction over the interpretation and implementation of this Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of this Agreement and of the Settlement contemplated thereby.

(i)    **Waivers, etc. to Be in Writing.**  No waiver, modification or amendment of the terms of this Agreement, whether purportedly made before or after the Court's approval of this Agreement, shall be valid or binding unless in writing, signed by or on behalf of all Parties and then only to the extent set forth in such written waiver, modification or amendment, subject to any required Court approval.  Any failure by any Party to insist upon the strict performance by the other Party of any of the provisions of this Agreement shall not be deemed a waiver of any of the other provisions of this Agreement, and such Party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

(j)    **When Agreement Becomes Effective; Counterparts.**  This Agreement shall become effective upon its execution.  The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if Plaintiffs and Defendants had signed the same instrument.

(k)    **Facsimile or Email Signatures.**  Any Party may execute this Agreement by causing its counsel to sign on the designated signature block below and transmitting that signature page via facsimile or email to counsel for the other Party.  Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the Party whose

counsel transmits the signature page by facsimile or email.

Dated: 1/16/09

AGREED TO ON BEHALF OF
DEFENDANTS

_____
Eric R. Womack, Esq.
United States Department of Justice


Dated:

AGREED TO ON BEHALF OF EACH OF
THE NAMED PLAINTIFFS, THE CLASS
MEMBERS, AND CLASS COUNSEL



_____
John C. Murdock, Esq.,
Murdock, Goldenberg, Schneider & Groh,
L.P.A.



_____
Douglas Rosinski, Esq.,
Ogletree, Deakins, Nash, Smoak & Stewart



_____
Marc Mezibov, Esq.,
Mezibov and Associates



_____
Gary E. Mason, Esq.
The Mason Law Firm, L.L.P.



_____
Mark Smilow, Esq.
Weiss & Lurie

{00019992; 1}                            - 28-

Dated:                                              AGREED TO ON BEHALF OF
                                                    DEFENDANTS


_____
                                                    Eric R. Womack, Esq.
                                                    United States Department of Justice


Dated:  1/16/09                                     AGREED TO ON BEHALF OF EACH OF
        by JCM                                      THE NAMED PLAINTIFFS, THE CLASS
                                                    MEMBERS, AND CLASS COUNSEL


_____
John C. Murdock, Esq.,
Murdock, Goldenberg, Schneider & Groh,
L.P.A.


_____ by JCM per 1/16/09
Douglas Rosinski, Esq.,
Ogletree, Deakins, Nash, Smoak & Stewart


_____ by JCM per 1/16/09
Marc Mezibov, Esq.,
Mezibov and Associates


_____ by JCM per 1/16/09
Gary E. Mason, Esq.
The Mason Law Firm, L.L.P.


_____ by JCM per 1/16/09
Mark Smilow, Esq.
Weiss & Lurie

Micah Adkins, Esq.
Counsel for Barry Jackson