**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**FILED**

FEB 1 1 2009

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

|  |  |
|---|---|
| In Re: DEPARTMENT OF VETERANS AFFAIRS (VA) DATA THEFT LITIGATION | : : : : |
| | : |
| This Document Relates To: ALL CASES | : : : |

Misc. Action No. 06-0506 (JR)
MDL Docket No. 1796

**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT**

WHEREAS, the Plaintiffs Paul Hackett, Matthew Page, Michael Rosato, Murry

Moskowitz, Bruce Ouellette, Charles L. Clark, James E. Malone, John Rowan, and Barry

Jackson (collectively, "Plaintiffs") and Defendants the United States Department of Veterans

Affairs, the Secretary of Veterans Affairs, the Deputy Secretary of Veterans Affairs, and John

Doe, an employee of the United States Department of Veterans Affairs in their official capacities

(collectively, the "Defendants") have entered into a Settlement Agreement intended to resolve

the litigation pending in this Court; and

WHEREAS, the Settlement Agreement, together with supporting materials, sets forth the

terms and conditions for a proposed settlement and dismissal with prejudice of these actions

against the Defendants; and

WHEREAS, the Court has before it the parties' Motion for Preliminary Approval of

Settlement and Memorandum in Support of Motion for Preliminary Approval of Settlement,

together with the Settlement Agreement and supporting materials; and

WHEREAS, the Court is satisfied that the terms and conditions set forth in the Settlement Agreement were the result of good faith, arm's length settlement negotiations between competent and experienced counsel for both Plaintiffs and Defendants.

IT IS HEREBY ORDERED this 10th day of February, 2009, as follows:

1.      The terms of the parties' Settlement Agreement are hereby conditionally approved, subject to further consideration thereof at the Final Approval Hearing provided for below.

2.      The Settlement Agreement between Defendants and Plaintiffs is adopted by the Court and made part of this Order as if set out in full herein.

3.      Pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3), the proposed Class is hereby preliminarily certified for Settlement purposes only.   The Settlement Class is defined as follows:

> All veterans, spouses of veterans, and military personnel who incurred actual damages as a direct result of the theft of electronic equipment containing personal information from the home of a VA employee on May 3, 2006 during the Recovery Period.

4.      Pursuant to Federal Rule of Civil Procedure 23, and for purposes of settlement only, the Court makes the following preliminary findings of fact and conclusions of law:

a.   The Settlement Class is sufficiently definite;

b.   The Settlement Class is so numerous that joinder of all Settlement Class Members is impracticable;

c.   There are questions of law and/or fact common within the Settlement Class;

d.   Plaintiffs' claims are typical of the claims of the Settlement Class Members;

e.   Plaintiffs and their Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class;

f.   Plaintiffs' interests do not conflict with the interests of the Settlement Class in the maintenance of this action;

g.   The questions of law and/or fact common to the Settlement Class predominate over the questions affecting only individual Settlement Class Members; and

h.   Certification of the Settlement Class is superior to other available methods for the fair and efficient adjudication of this controversy.

5.   The Settlement Agreement and the terms contained therein are hereby preliminarily approved as fair, reasonable and adequate.

6.   John Murdock and Jeffrey Goldenberg, Murdock, Goldenberg, Schneider & Groh, LPA, 35 East Seventh Street, Suite 600, Cincinnati, Ohio 45202; Douglas Rosinski and Donald Cockrill, Ogletree, Deakins, Nash, Smoak & Stewart, P.C, 1320 Main Street, Suite 600, Columbia, S.C. 29201; Marc Mezibov, 401 East Court Street, Cincinnati, Ohio 45202; Gary E. Mason, The Mason Law Firm, L.L.P., 1225 19th Street, N.W., Suite 500, Washington D.C. 20036; and Mark Smilow, Weiss & Lurie, The French Building, 551 Fifth Avenue, Suite 1600, New York, New York 10176 are hereby preliminarily approved as Class Counsel, subject to this Court's February 28, 2007 Order Granting Plaintiffs' Motion to Appoint Counsel.

7.   The Court approves the proposed method of dissemination of notice set forth in the Notice Plan, Exhibit 1 to the Settlement Agreement. The Notice Plan meets the requirements of due process and is the best notice practicable under the circumstances.  This method of Class Action Settlement notice dissemination is hereby approved by the Court.  Subject to amendment if the need arises, the Notice Plan shall be initiated within forty-five (45) days of this Preliminary Approval Order and executed as set forth therein. The Defendants have

3

notified the appropriate federal officials pursuant to the Class Action Fairness Act of 2005

("CAFA"), 28 U.S.C. § 1715. In light of the purposes of the Act, the Court finds that

notification to state officials is unnecessary. The Defendant's notification complies fully with

its obligations under CAFA.

8.  Class Counsel are authorized to retain Hilsoft Communications to disseminate the Notice

Plan in accordance with the terms of the Settlement Agreement and this Order.

9.  The Settlement will be administered by Epiq Systems to facilitate administrative matters

and the distribution of payments in accordance with the terms and conditions of the

Agreement.

10. In order to participate fully in the Settlement Distribution, Settlement Class Members

must submit a timely claim form within ninety (90) days following Final Approval of the

Settlement Agreement.

11. The determination of the proper amount of the payment to a claimant for a recoverable

loss is the sole responsibility of the Claims Administrator.  No party to this Settlement

Agreement shall be deemed in default of its obligations due to a dispute between a claimant

and the Claims Administrator, including disputes over the amount of a payment or the return

of a payment as a result of the death or unavailability of a Class Member.  If a Class Member

believes that a determination made by the Claims Administrator requires correction, the

Class Member may seek correction pursuant to the process set forth in Section C(4) of the

Settlement Agreement. That process shall be the sole and exclusive means by which a Class

Member can seek correction.

12. Members of the Settlement Class may opt-out of the Class by submitting a written request for exclusion to the Claims Administrator. The request for exclusion must be received no later than thirty (30) days before the Fairness Hearing and must include the individual's full name, address, a statement of the individual's intention to opt-out of the Settlement, the reason or reasons for opting out of the Settlement, and appropriate documentation establishing actual damages incurred during the Recovery Period. The deadline for Class Members to opt-out of the Class will be set at thirty (30) days before the Fairness Hearing.

13. Any Class Member who wishes to object to the fairness, reasonableness or adequacy of the Settlement Agreement must file with the Clerk of the Court and serve all counsel, no later than thirty (30) days before the Fairness Hearing, a statement of the objection setting forth the specific reason(s), if any, for the objection, including any legal support that the Class Member wishes to bring to the hearing, including any legal support that the Class Member wishes to bring to the Court's attention, any evidence that the Class Member wishes to introduce in support of the objection, and whether the Class Member intends to appear at the Fairness Hearing. The Class Member must also include appropriate documentation establishing actual damages incurred during the Recovery Period. Class Members may so act either on their own or through any attorney hired at their own expense. The Class Member, or attorney acting on his or her behalf, also must:

   a. File a notice of appearance with the Clerk of the Court no later than thirty days prior to the Fairness Hearing or as the Court may otherwise direct;

   b. Serve a copy of such notice of appearance on all counsel for the Parties; and

   c. Prove his or her status as a Class Member.

14. Any Class Member who files and serves a written objection in accordance with the procedure set forth above and in the Section 5(a) of the Settlement Agreement may appear at the Fairness Hearing to object to any aspect of the fairness, reasonableness or adequacy of this Agreement or the Settlement. A Class Member who does not timely file and serve such a written objection shall not be heard at the Fairness Hearing.

15. Any member of the Settlement Class who does not properly and timely request exclusion from the Settlement, shall waive and forfeit any and all rights the Class Member may have to appear separately and/or to object and to opt out and shall be bound by all the terms of the Agreement and by all proceedings, orders and judgments in the Litigation.

16. The Fairness Hearing shall be conducted on Tuesday July 28, 2009 at 10:00 a.m. The Fairness Hearing shall take place in Courtroom 23 at the United States District Court for the District of Columbia, William B. Bryant Courthouse Annex, 333 Constitution Avenue, N.W., Washington. D.C. 20001. At the Fairness Hearing, the Parties will request that the Court, among other things, (a) grant final certification of the Class, (b) enter Judgment in accordance with this Agreement, (c) approve the Settlement and Agreement as final, fair, reasonable, adequate and binding on all Class Members who have not timely opted-out pursuant to Section I.3 of the Settlement Agreement, (d) approve the payment of reasonable attorneys' fees and costs for Class Counsel pursuant to Section E of Settlement Agreement, (e) approve the incentive awards proposed for the Plaintiffs pursuant to Section F of the Settlement Agreement, (f) order the Claims Administrator to process and pay all Valid Claims, (g) order the release of all Class Members' claims pursuant to Section J.2 of the Settlement Agreement, and (h) order the payment of any remaining settlement funds to the

Veterans Cy Pres Beneficiaries following the payment of all valid claims and other payments

as described above.

**IT IS SO ORDERED**.

Dated: _____February 11, 2009_____

_____

The Honorable James Robertson
United States District Judge