IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DISTRICT OF COLUMBIA

|   |   |
|---|---|
| IN RE: DEPARTMENT OF VETERANS AFFAIRS (VA) DATA THEFT LITIGATION ) ) ) ) | Misc. Action No. 06-0506 (JR) MDL Docket No. 1796 |
| This Document Relates to: ALL CASES ) ) ) | |

TERE LAWYER AND JEFFREY WEINSTEIN'S
OBJECTION TO CLASS CERTIFICATION;
OBJECTION TO PROPOSED SETTLEMENT;
OBJECTION TO ATTORNEYS' FEES;
NOTICE OF APPEARANCE; AND
REQUEST TO SPEAK AT THE HEARING

RECEIVED
JUN 29 2009
Clerk, U.S. District and
Bankruptcy Courts

To The Honorable Judge:

Comes Now Tere Lawyer and Jeffrey Weinstein, ("Objectors"), and file these Objections to Class Certification, Objections to the Proposed Settlement, Objections to Attorneys' Fees, Notice Appearance, and Request to Speak at the Hearing, and would show as follows:

1. **Class Member Status**

Tere Lawyer is a member of the settlement class. She makes the following declaration as proof of membership in the class:

> Under penalty of perjury of the laws of the United States, I declare that I am the spouse of a veteran and incurred actual damages as a direct result of the theft of electronic equipment containing personal information from the home of a VA employee on May 3, 2006 during the period May 3, 2006 through February 11, 2009. The actual damages included paying for a report during that period so that I could monitor my personal financial information. Jeffrey Weinstein is my attorney.

Objector's signature: _____
Tere Lawyer

<u>Objection – Page 1</u>

While the settlement imposes certain requirements for objecting to the fairness, reasonableness, or adequacy *of the Settlement Agreement*, those requirements, by the express language of the agreement, do not apply to (1) class membership (i.e. a person is a class member if they suffered actual damages even if they do not have 'proper documentation' of those damages), (2) objections to certification of the settlement class, or (3) objections to the request for attorneys' fees.

Furthermore, according to the Settlement, Objector's declaration is sufficient to establish her class membership and the right to object to the settlement. The settlement does not prohibit a class member from establishing class membership through a declaration or affidavit in order to object to the fairness, reasonableness, or adequacy of the Settlement Agreement. "Proper documentation" for *claims* under the settlement expressly *does* require more than a personal declaration:

> Proper documentation would not include, for example, *a claim* consisting solely of a personal declaration or affidavit by the claimant.

Settlement Agreement, p. 10. Sec. II.C.3.c (provision dealing with claims, emphasis added). Importantly, there is no requirement for having "proper documentation" to be *included in the class*. *Id.* p. 6, Sec. II.B.6. In other words, a person is a class member if they suffered actual damages even if they do not have 'proper documentation' of those damages.

Nor is there a provision in the section on objections providing that a declaration or affidavit is *not* sufficient in order to make an objection. *Id.* p. 19, Sec. II.I.5.a. Nothing in the settlement requires anything other than the class member's declaration to object to the settlement. Had the parties wanted to impose that requirement on objectors, they should have included it in the objections section. They may not now impose that requirement after the fact.

Moreover, even if the Preliminary Approval Order or settlement were interpreted to require something more than a declaration in order to object to the settlement, that would deny due process and violate FED. R. CIV. P. Rule 23 (e)(4)(A)("Any class member may object to a proposed settlement."). The release is binding on all class members – those with and without 'proper documentation.' Settlement Agreement p. 22, Sec. II.J.2. A person is a class member – and thereby loses their rights under the proposed settlement – if they incurred actual damages, period. *Id.* p. 6, Sec. II.B.6. Thus, persons who lack "proper documentation" are included in the class, and will lose their rights under the settlement, so cannot be denied their right to object simply because they lack a receipt or other 'proper documentation.' In addition, the settling parties may not impose requirements on class members' right to object to the settlement.

Finally, even if the settlement agreement requires something more than solely a declaration by the class member in order to object, *the requirements for filing objections are not binding on Objector*. The Class Action Fairness Act of 2005 provides:

> Not later than 10 days after a proposed settlement of a class action is filed in court, each defendant that is participating in the proposed settlement shall serve

<u>**Objection – Page 2**</u>

> upon the appropriate State official of each State in which a class member resides *and* the appropriate Federal official, a notice of the proposed settlement ...

28 USCA § 1715 (b) (emphasis added). The appropriate state official is each state's attorney general. *Id.* § 1715 (a)(2). Although the statue unequivocally requires notice to *both* the appropriate federal official *and* the state attorneys general, notice here was not provided to the state officials. Preliminary Approval Order, p. 3-4, ¶ 7. The statute, therefore, exempts Objectors from any requirements for filing objections with "proper documentation" that are contained in the settlement agreement. *Id.* § 1715 (e)(1)("A class member may refuse to comply with and may choose not to be bound by a settlement agreement or consent decree in a class action if the class member demonstrates that the notice required under subsection (b) has not been provided").

Thus, Objector's sworn declaration of class membership is sufficient to establish her right to object under (1) the terms of the settlement, (2) Rule 23 (e)(4)(A), (3) due process, and (4) the Class Action Fairness Act of 2005.

Jeffrey Weinstein is a member of the class because he is Objector Lawyer's attorney. *See*, declaration above. The class definition includes "attorneys" as class members:

> A member of the Class, including any and all representatives, heirs, administrators, executors, beneficiaries, agents, *attorneys,* and assigns, is a "Class Member."

Settlement agreement p. 7, Sec. II.B.6. Thus, under the settlement, Jeffrey Weinstein is also a class member. As a class member, he is entitled to appear despite not being a member of the bar for this district. Nevertheless, out of an abundance of precaution, he will submit a motion *pro hac vice* in this case. If the court determines that Jeffrey Weinstein is not permitted to appear in this case, then these objections should still be considered as the objections of class member Tere Lawyer.

### 2. Notice of Appearance and Request to Speak at the Hearing

Objectors enter this appearance. Objectors request that Jeffrey Weinstein be allowed to appear at the final approval hearing to talk about these objections and to otherwise participate in the final approval hearing.

### 3. Objection to Certification

Objectors object to certification of the settlement class for the following reasons.

### 3.1    Improper class definition

The definition of the class is not adequate and does not comply with due process or Rule 23. Rule 23 and due process require that the class definition be precise, objective and presently ascertainable. MANUAL FOR COMPLEX LITIGATION 4th, p. 270. The order defining the class must

avoid terms that depend on resolution of the merits. *Id.* To determine if an individual is a class member, a court must be able to do so by reference to the class definition and without inquiry into any sort of fact-finding on the merits of the case.

The class definition is improper for the reasons set out below. Because the class definition here (1) does not provide a precise, objective and presently ascertainable way to identify class members, (2) requires a "mini trial" to determine whether a particular person is in the class, and (3) requires the Court to address the central issue of liability (whether a person has suffered actual damages as a result of Defendant's conduct), the class definition is not appropriate and the Court should not certify the class.

### 3.1.a   Improper class definition: determining who incurred actual damages

The class definition here requires an inquiry as to the facts regarding whether each potential class member "incurred actual damages as a direct result of the theft of electronic equipment containing personal information from the home of a VA employee on May 3, 2006 during the Recovery Period." This Court in the past has denied certification for the exact type of class definition in this case – a definition that requires a enquiry as to whether the person has suffered damages as a result of the Defendant's conduct:

> A proposed class must be clearly defined in order to make it "administratively feasible for the court to determine whether a particular individual is a member." Here, the Court must answer several fact-intensive questions to determine if a given person is a member of the proposed class, including (1) whether that person suffered from discrimination in connection with that person's dealings with the FmHA; (2) *whether that person suffered economic loss or emotional distress*; and (3) *whether such loss or distress was caused by the FmHA's discrimination*. Because the Court must answer numerous fact-intensive questions before determining if an individual may join the class, the proposed class is not clearly defined.

*Williams v. Glickman,* 1997 WL 33772612, 4 (D. D.C. 1997)(citations omitted, emphasis added). Those very issues for rejecting certification exist here because the class definition here also requires a fact-intensive inquiry as to whether a particular individual "incurred actual damages as a direct result of the theft of electronic equipment" – the very inquiries at issue in *Williams*.

Other courts have also rejected certification of proposed classes that require this type of factual inquiry to determine whether a particular individual is a member of the class. For example, the Third Circuit in *Chiang v. Veneman,* 385 F.3d 256, 260 (3rd. Cir. 2004) held:

> Limiting the class to those who were in fact discriminated against would seem to prejudge the merits of the case, contrary to the teaching of *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 177, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974); *see also* 5 James Wm. Moore et al., *Moore's Federal Practice* ¶ 23.21[3][c] (3d ed. 1999) ("A class definition is inadequate if a court must make a determination of the merits of the individual claims to determine whether a particular person is a member of the class.").

<u>Objection – Page 4</u>

*Id.* at 272. Similarly here, a class definition that requires proof that a particular individual "incurred actual damages" would require a mini-trial on the merits. As one district court recently held:

> [T]he touchstone of ascertainability is whether the class is objectively defined, so that it does not implicate the merits of the case or call for individualized assessments to determine class membership.

*Stewart v. Cheek & Zeehandelar, LLP*, 252 F.R.D. 387, 391 (S.D. Ohio 2008). Yet, that is exactly what the definition here calls for. *See also, Napier v. Laurel County*, 2008 WL 544468, *6 (E.D. Ky. 2008) ("[A] class should not be certified where extensive factual inquiries are required to determine whether individuals are members of a proposed class.").

Cases under the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, bear out the problem with the class definition here. The two seminal TCPA cases on the class definition are *Forman v. Data Transfer, Inc.*, 164 F.R.D. 400, 403 (E.D. Pa. 1995) and *Kenro, Inc. v. Fax Daily, Inc.*, 962 F.Supp. 1162 (S.D.Ind.1997). *Forman* held:

> Here, defining the purported class as "all residents and businesses who have received *unsolicited facsimile advertisements*" requires addressing the central issue of liability to be decided in the case. Determining a membership in the class would essentially require a mini-hearing on the merits of each case.

*Id.* at 403 (emphasis by the court). As the court emphasized, it was the inclusion of the factual finding requirement in the definition as to whether the fax was unsolicited that made the definition improper. In this case that same problem arises because the court would need to determine whether a particular individual "incurred actual damages as a direct result of the theft of electronic equipment." Similarly, the *Kenro* court held:

> Because Kenro's class definition would require the court to conduct individual inquiries with regard to each potential class member in order to determine whether each potential class member had invited or given permission for transmission of the challenged fax advertisements, Kenro has failed to meet the requirements of Rule 23(a).

*Kenro*, 962 F.Supp. at 1169. The same problem exists here: for any individual, the Court would be required to conduct an individual factual inquiry to determine whether the individual "incurred actual damages as a direct result of the theft of electronic equipment."

### 3.1.b   Improper class definition: determining which damages were an "actual result" of the theft of the electronic equipment.

There is no precise, objective and presently ascertainable way to determine whether the damages were incurred "as a direct result of the theft of electronic equipment." For instance, assume a class member incurred an expense "to protect or monitor personal financial information." There is no standard for what level of proof is necessary to show that the expense was incurred "as a direct result of the theft of electronic equipment." Is knowledge of the theft alone sufficient?

What if the individual incurred the cost *both* because of the theft and because they know it is a good idea to periodically monitor their personal financial information? Is it a "but for" test, or something else? The "as a direct result" requirement raises a myriad of factual and legal issues that would need to be determined on an individual basis for every person that might be a member of the class.

Most problematic is how the court would determine whether the "physical symptoms of severe emotional distress" were "a direct result of the theft of electronic equipment." That determination would take a full blown trial, presumably involving competing experts, to determine both whether there was "severe" emotional distress and whether it "directly" resulted from the theft. The parties have offered no standards whatsoever for dealing with these complicated issues to determine class membership. This definition is as far from precise, objective and presently ascertainable as can be imagined.

### 3.1.c    Improper class definition: determining what constitutes "actual damages"

The class definition is further improper because of the definition of "actual damages." The settlement attempts to define "actual damages" as:

> reasonable out-of-pocket expenditures to protect or monitor personal financial information; out-of-pocket expenses incurred as a result of physical manifestations of severe emotional distress; as well as any other reasonable out-of-pocket expenses incurred by an individual.

Settlement agreement p. 6-7, Sec. II.B.6. This definition is improper for several reasons. First, it requires a mini-trial and a determination of the central issue of liability as to whether the damages were "reasonable." Second, there is no standard for what constitutes a "reasonable" expense. Third, there is no standard for what type of expense is "to protect or monitor personal financial information." Fourth, there is no standard for what constitutes "severe" emotional distress.

### 3.2 Inadequate representation of the class

On its face, the Settlement Agreement *requires inadequate representation of the class.* Class counsel has a duty to adequately and zealously protect the interests of the class. FED. R. CIV. P. 23 (g)(4). Most importantly, Class Counsel has a duty to respond to their clients' (the class members') questions and communicate with the clients. Moreover, to adequately and zealously represent a class member, an attorney has a duty to inform class members of their rights and advise them to assert their rights. Yet the settlement here attempts to prohibit class counsel from fulfilling those duties:

> Class Counsel ... agree that *all communication with Class Members* regarding this Litigation and Agreement *will be through the Approval and Class Notice procedure* in the attached Notice Plan. Except as provided therein, Class Counsel ... agree not to solicit or otherwise seek to encourage ... Class Members from seeking payment from the Settlement Account.

Settlement Agreement p. 24, Sec. II.J.3.a (emphasis added). Thus, the Settlement prevents Class Counsel from communicating *at all* with their own client class members! Moreover, Class Counsel cannot even encourage their clients (the class members) to file a claim. By definition, that is not "adequate representation." A court may not certify a class if class counsel will not adequately represent class members. FED. R. CIV. P. 23 (a)(4).

### 3.3 Misleading notice to the class

The Settlement Agreement provides that class members may file claims "within 90 days of Final Approval of this Agreement." Settlement Agreement p. 10, Sec. II.C.3.a. "Final" is defined as the time after the court approves the settlement and all appeals have been exhausted. *Id.* p. 7-8, Sec. II.B.10. Yet the notice and claim form mislead class members by including an arbitrary date as the claim deadline.

First, the Notice violates the Settlement Agreement. The Notice provides:

> To ask for a payment, you must complete and submit a claim form. You can get a claim form at www.VeteransClass.com or by calling 1-888-288-9625. Please read the instructions carefully, fill out the claim form, attach the required documentation, and mail it postmarked no later than **November 27, 2009**

Detailed Settlement Notice, p. 5 (emphasis in original). It is unclear how the parties arrived at that arbitrary date, but the claim period could easily extend beyond that date, depending on the length of time the court takes to enter a judgment and the existence of any appeals. The notice misleads class members into believing that they cannot file a claim after November 27, 2009.

Second, the claim form similarly misleads class members by setting an arbitrary claim deadline. Not once, but twice, it tells class members that the claim form must be mailed and postmarked by **November 27, 2009**, putting the date in bold type.

### 3.4 Lack of proof of numerosity

The parties have provide no proof of the size of the class. Thus there is no evidence that "the class is so numerous that joinder of all members is impracticable" as required by FED. R. CIV. P. 23 (a)(1). In the absence of proof that the number of persons who actually fit the class definition – that is, suffered actual damages as a result of the theft – is so numerous that joinder of all members is impracticable, the Court should not certify the class.

### 4. Objections to the Settlement

The settlement is not fair, reasonable, or adequate, and Objectors object to the proposed settlement, for the following reasons.

### 4.1 Improper attempt to waive class members' right to object to the settlement

A class member has a right under both Rule 23 and due process to object to a class settlement. FED. R. CIV. P. 23 (e)(4)(A) ("Any class member may object to a proposed settlement"); *Devlin v. Scardelletti,* 536 U.S. 1 (2002)(class members may appeal a settlement without intervening). The settlement violates that right because the parties attempt to eliminate class members' right to object to the settlement:

> Any member of the Settlement Class who does not properly and timely *request exclusion* from the Settlement, shall waive and forfeit any and all rights the Class Member may have ... to object ... and shall be bound by all the terms of the Agreement and by all proceedings, orders and judgments in the Litigation.

Preliminary Approval Order p. 6, Para. 15 (emphasis added). Thus, the order attempts to provide that a class member who does not opt of the class waives the right to object to the settlement. That provision violates class members' right under both Rule 23 and due process to object to a class settlement.

### 4.2 The sworn declaration of U.S. veterans and their spouses should be sufficient to pay a claim

The parties made it unreasonably difficult for class members to make a claim by requiring them to provide receipts to make a claim rather than simply accepting their word, under oath: "Proper documentation" for claims under the settlement expressly prohibits a claim consisting solely of a personal declaration or affidavit. Settlement Agreement, p. 10. Sec. II.C.3.c. It is unclear why Class Counsel, who represent the class members, and the Government for whom these veterans have served, would not trust the sworn declaration of veterans. As the court is well aware, most individuals do not keep receipts for their purchases. Thus, many class members will lose their rights under the settlement but receive no compensation.

The provision in the settlement that the sworn declaration of a class member is not good enough for a claim is not fair, reasonable, or adequate.

### 4.3 Improper prohibition on class counsel's zealous representation of the class

On its face, the Settlement Agreement *requires inadequate representation of the class.* Class counsel has a duty to adequately and zealously protect the interests of the class. FED. R. CIV. P. 23 (g)(4). As shown above, Settlement Agreement p. 24, Sec. II.J.3.a. prohibits adequate representation of the class. A Settlement that prevents class members from communicating *at all* with their own attorneys is not fair, reasonable, and adequate.

### 4.4 Improper class definition

As set out above, the class definition is vague and ambiguous. Objector raises this issue both because certification is inappropriate and because the failure to properly define the class will affect the recovery to individual class members. For instance, if the ambiguity permits persons to receive claims that they should not receive, it will affect legitimate class members either by reducing their *pro rata* share recovery or reducing the *cy pres* payments.

## 5. Objections to Attorneys' Fees

Objectors object to the anticipated request for attorneys' fees by class counsel. The Settlement Agreement provides that Class Counsel will request up to $5 million in fees and $500,000 in costs. Settlement Agreement p. 14, Sec. II.E. It further provides that Class Counsel will file their request four weeks prior to the fairness hearing, which is also the date the objections must be filed. *Id.* Thus, class members are deprived of the opportunity to review the application before filing these objections. Objector objects to the lack of opportunity to review the fee request before the objection deadline.

Wherefore, Objector prays that the Court deny certification of the proposed settlement class, disapprove the proposed settlement, deny the requested fees to Class Counsel, and grant Objector such other and further relief as to which Objector may be entitled.

_____
Tere Lawyer
c/o JEFFREY L. WEINSTEIN, P.C.
518 East Tyler Street
Athens, TX  75751
903/677-5333
903/677-3657 – facsimile

_____
JEFFREY L. WEINSTEIN
JEFFREY L. WEINSTEIN, P.C.
Texas State Bar No. 21096450
518 East Tyler Street
Athens, TX  75751
903/677-5333
903/677-3657 – facsimile
*As a class member, and alternatively subject to Court Approval Pro Hac Vice*

<u>**Objection – Page 9**</u>

## CERTIFICATE OF SERVICE

A copy of the foregoing Objection to Proposed Settlement etc. was on this 26 day of June, 2009, delivered to the following:

Clerk of the Court
United States District Court for the
District of Columbia
333 Constitution Ave.
Washington, DC 20001

Jeffrey S. Goldenberg, Esq.
Murdock Goldenberg Schneider
& Groh, LPA
35 East Seventh St., Suite 600
Cincinnati, OH 45202

Eric Womack, Esq.
Department of Justice
PO Box 883
Washington, DC 20044

_____
Jeffrey Weinstein

**Objection – Page 10**