UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| In Re: DEPARTMENT OF VETERANS AFFAIRS (VA) DATA THEFT LITIGATION | : : : : : |
| This Document Relates To: ALL CASES | : : : : |

Misc. Action No. 06-0506 (JR)
MDL Docket No. 1796

### ORDER AND FINAL JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

WHEREAS, the Plaintiffs Paul Hackett, Matthew Page, Michael Rosato, Murry Moskowitz, Bruce Ouellette, Charles L. Clark, James E. Malone, John Rowan, and Barry Jackson (collectively, "Plaintiffs") and Defendants the United States Department of Veterans Affairs, the Secretary of Veterans Affairs, the Deputy Secretary of Veterans Affairs, and John Doe, an employee of the United States Department of Veterans Affairs in their official capacities (collectively, the "Defendants") have moved for an order granting final approval to this Class Action Settlement ("Settlement") which received preliminary approval on February 11, 2009;

WHEREAS, the Parties appeared by their attorneys of record at a Fairness Hearing on July 28, 2009, after an opportunity having been given to all Class Members to be heard in accordance with the Court's Preliminary Approval Order, and having given due consideration to the Parties' Settlement Agreement, including all attached exhibits and related materials, the Motion, all other papers filed in support, all objections to the Settlement, the complete record in this case, the arguments at the July 28, 2009 hearing, and all other materials relevant to this

EXHIBIT 1

matter including the Affidavit of the Settlement Administrator and the Affidavit of Cameron Azari, Esq. on Implementation and Adequacy of Settlement Notice Program;

WHEREAS, the Court is satisfied that the terms and conditions set forth in the Settlement Agreement were the result of good faith, arm's length settlement negotiations between competent and experienced counsel for both Plaintiffs and Defendants.

NOW, THEREFORE, IT IS ORDERED THAT:

1. This Order incorporates by reference the definitions in the Settlement Agreement, and all terms as used in this Order shall have the same meanings as set forth in the Settlement Agreement.

2. For purposes of this litigation, the Court has subject matter and personal jurisdiction over the Parties, including all Class Members.

3. The Settlement Agreement previously provided to the Court is adopted by the Court and made part of this Order as if set out in full herein.

4. Pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3), the Court confirms its previous certification, and for purposes of effectuating the Settlement, grants final approval to the Class defined as follows:

> All veterans, spouses of veterans, and military personnel who incurred actual damages as a direct result of the theft of electronic equipment containing personal information from the home of a VA employee on May 3, 2006 during the Recovery Period.

5. Pursuant to Federal Rule of Civil Procedure 23, and for purposes of settlement only, the Court makes the following findings of fact and conclusions of law:

   a. The settlement Class is sufficiently definite;

   b. The settlement Class is so numerous that joinder of all Class Members is impracticable;

    c. There are questions of law and/or fact common within the Class;

    d. Plaintiffs' claims are typical of the claims of the Class Members;

    e. Plaintiffs and their Counsel have and will fairly and adequately represent and protect the interests of the settlement Class;

    f. Plaintiffs' interests do not conflict with the interests of the settlement Class in the maintenance of this action;

    g. The questions of law and/or fact common to the settlement Class predominate over the questions affecting only individual Class Members; and

    h. Certification of the settlement Class is superior to other available methods for the fair and efficient adjudication of this controversy.

6. The Settlement Agreement and the terms contained therein are hereby finally approved as fair, reasonable and adequate.

7. John Murdock and Jeffrey Goldenberg, Murdock, Goldenberg, Schneider & Groh, LPA, 35 East Seventh Street, Suite 600, Cincinnati, Ohio 45202; Douglas Rosinski and Donald Cockrill, Ogletree, Deakins, Nash, Smoak & Stewart, P.C, 1320 Main Street, Suite 600, Columbia, S.C. 29201; Marc Mezibov, 401 East Court Street, Cincinnati, Ohio 45202; Gary E. Mason, The Mason Law Firm, L.L.P., 1225 19th Street, N.W., Suite 500, Washington D.C. 20036; and Mark Smilow, Weiss & Lurie, The French Building, 551 Fifth Avenue, Suite 1600, New York, New York 10176 are approved as Class Counsel, subject to this Court's February 28, 2007 Order Granting Plaintiffs' Motion to Appoint Counsel.

8. The Parties have provided notice in a manner consistent with the Order Granting Motion For Preliminary Approval of Class Action Settlement as set forth in the Notice Plan, Exhibit 1 to the Settlement Agreement previously provided to the Court. The Notice Plan, as

implemented, satisfied the requirements of due process and was the best notice practicable under the circumstances. The Notice Plan was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the action, the terms of the settlement, and their right to appear or object to or exclude themselves from the settlement. Further, the notice was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice. The Defendants notified the appropriate federal officials pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. Further, in light of the purposes of the Act, the Court reiterates its prior finding that notification to state officials is unnecessary. The Defendant's notification complies fully with its obligations under CAFA.

9. Class Counsel retained Hilsoft Notifications to disseminate the Notice Plan in accordance with the terms of the Settlement Agreement and the Court's Order Granting Motion For Preliminary Approval of Class Action Settlement. It is apparent from the Affidavit of Cameron Azari, Esq. (as well as the Affidavit of the Settlement Administrator) that the Notice Plan was properly implemented and was effective.

10. In order to participate fully in the Settlement Distribution, Class Members must submit a timely claim form postmarked no later than November 27, 2009.

11. The determination of the proper amount of the payment to a claimant for a recoverable loss is the sole responsibility of the Claims Administrator. No party to this Settlement Agreement shall be deemed in default of its obligations due to a dispute between a claimant and the Claims Administrator, including disputes over the amount of a payment or the return of a payment as a result of the death or unavailability of a Class Member. If a Class Member believes that a determination made by the Claims Administrator requires correction, the

Class Member may seek correction pursuant to the process set forth in Section C(4) of the Settlement Agreement. That process shall be the sole and exclusive means by which a Class Member can seek correction.

12. The Court has determined that full opportunity has been given to the Class Members to opt out of the Settlement, object to the terms of the Settlement or to Class Counsels' request for attorneys' fees and expenses, and otherwise participate in the Final Approval Hearing on July 28, 2009. The Court has considered all of the objections to the Settlement that were submitted by Class Members as well as Class Counsel's response to those objections and has determined that none of the objections warrants disapproval of the Settlement Agreement and/or Plaintiffs' request for attorneys' fees and expenses.

13. Specifically as to the objections filed by Tere Lawyer (and her counsel, Jeffrey Weinstein), the Court concludes that definition of the settlement Class is ascertainable and precise enough to satisfy Rule 23; will not require "mini trials" to determine membership; and will not require the Court to address the issue of liability as to each Class Member. The Court further concludes as to these objections that: Class Counsel provided adequate representation to the Class and appropriately communicated with the Class; the Notice previously approved by this Court was not misleading and the November 27, 2009 postmark deadline for claims is not arbitrary; there is an adequate showing in the record to establish numerosity, including but not limited to Exhibit 9 to Plaintiffs' Motion for Preliminary Approval; there was no improper attempt to waive Class Members' rights to object to the settlement and Class Members were in fact free to object or opt out as demonstrated by those who chose such an option; the documentation requirement to establish a Valid Claim is appropriate and reasonable and is a proper safeguard against fraudulent claims; and Ms.

Lawyer and her counsel were afforded an adequate opportunity to object to any attorneys fee award.

14. The Court has carefully considered all the materials before it and has made its independent judgment that (1) Plaintiffs and Class Members face significant risks if this litigation were to proceed; (2) the possibility of a greater ultimate recovery is speculative and any such recovery would only occur after considerable delay; (3) the terms of the settlement provide substantial and meaningful benefits to the Class; (4) the Settlement is the product of vigorous, highly contested litigation that included meaning investigation into the facts and circumstances surrounding the May 3, 2006 theft of computer equipment; (5) the settlement occurred after the litigation was substantially developed, including rulings by this Court on two dispositive motions; (6) the settlement negotiations were extensive, arms-length, under the direction of Magistrate Judge Kay, and without any collusion; (7) the reaction by the Class has been overwhelmingly in favor of the Settlement; and (8) experienced Class Counsel support the settlement which includes a cy pres component directing remaining settlement funds to two worthy veterans charitable causes. Accordingly, having considered the foregoing as well as the small number of opt outs and objections, the costs and risks and delays of continued litigation verses the benefits provided by the settlement, and based on this Court's knowledge of this action, the Court finds and concludes that the settlement is in the best interests of the Class and is fair, reasonable and adequate to all Class Members and enters judgment in accordance with the Settlement Agreement.

15. The settlement and the terms of the Settlement Agreement are accordingly granted final approval and are confirmed as fair, reasonable and adequate and are binding upon all Class Members who have not timely opted out.

16. The Parties are hereby directed to proceed with and complete the implementation of the settlement, including the payment of Valid Claims and allocating any remaining funds in the Settlement Account (after payment of attorneys fees, expenses, administration costs, and incentive awards) to the Veterans Cy Pres Beneficiaries.

17. The Court dismisses on the merits with prejudice all claims presently before it and orders the release of all Class Members' claims pursuant to section J.2 of the Settlement.

18. Those Class Members who requested exclusion and who are listed on Exhibit 1 to the Affidavit of the Settlement Administrator are hereby excluded from this settlement.

19. The Court, having considered the request of Class Counsel for an award of attorneys' fees and reimbursement of expenses, hereby grants the request and awards Class Counsel attorneys' fees in the amount of $5,000,000 (25% of the Settlement Amount). Specifically, the Court concludes that a 25% fee is fair and reasonable under the factors set forth in *Cohen v. Warner Chilcott Public Ltd Co.*, 522 F. Supp. 2d 105, 122 (D.D.C. 2007). The Court also grants Class Counsels' request for expense reimbursement equal to the amount of their reasonable expenses incurred in prosecuting this action and in implementing this settlement. To date, the Court approves reimbursement totaling $112,729.57. Any additional expenses incurred related to implementing this settlement, shall be submitted to this Court by Class Counsel for review and consideration. The Court also approves the aggregate requested incentive award of $18,000.00 to be shared equally by each Class Representative.

20. Pursuant to Rule 7 of the Federal Rules of Civil procedure, in a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal. *See In re Cardizem CD Antitrust Litigation*, 391 F.3d 812 (6th Cir. 2004); *In re Nasdaq Market-Makers Antitrust Litig.*, 187

F.R.D. 124 (S.D.N.Y. 1999). In light of the Court's ruling regarding the adequacy of the relief afforded by this settlement, the reaction of the Class, the size of the Class, the cy pres beneficiaries, and the estimated costs associated with any appeal as outlined by Class Counsel, the Court orders that any appeal of this Order by an objector must be accompanied by a bond of $442,000.00. Such bond must be filed no later than the same date as the notice of appeal.

21. All Parties are bound by this Final Order and Judgment and by the Settlement Agreement.

22. Without affecting the finality of this Final Order and Judgment, the Court reserves continuing and exclusive jurisdiction over the Parties and their counsel, including all Class Members with respect to the execution, consummation, administration, implementation, effectuation and enforcement of the terms of the Settlement Agreement and this Order, including the entry of any additional orders as may be necessary and appropriate.

IT IS SO ORDERED.

DATED: _____, 2009

_____
The Honorable James Robertson
United States District Judge