IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IN RE: DEPARTMENT OF VETERANS AFFAIRS (VA) DATA THEFT LITIGATION ) ) ) ) ) | Misc. Action No. 06-0506 (JR) MDL Docket No. 1796 |
| This Document Relates to: ALL CASES ) ) ) ) | |

**OBJECTIONS TO EVIDENCE REGARDING PAST REPRESENTATIONS BY OBJECTOR TERE LAWYER'S ATTORNEY**

Come Now Tere Lawyer and Jeffrey Weinstein, ("Objectors"), and file these Objections to the admission into evidence or consideration of the documents attached to "PLAINTIFFS' RESPONSE TO OBJECTIONS FILED BY TERE LAWYER AND JEFFREY L. WEINSTEIN," Doc. 65, and would show as follows.

Exhibits 1 -10 attached to Plaintiffs' Doc. 65 are pleadings and documents related to alleged conduct by Objector Tere Lawyer's attorney, Jeffrey Weinstein, in other cases wherein he did not represent Objector. Mr. Weinstein did not represent Ms. Lawyer in those cases. See affidavit previously filed in this cause as Doc. 71-2. These allegations and documents are completely irrelevant to whether the settlement is just, reasonable, and adequate.

Due process and Rule 23 clearly mandate that Objectors have the right to object to the settlement:

> Any class member may object to a proposed settlement, voluntary dismissal, or compromise that requires court approval under Rule 23(e)(1)(A).

Fed. R. Civ. P. 23 (e)(4)(A). Due process also requires that objectors be able to be heard before the Court enters judgment adjudicating their rights. Class Counsel would have the court deny Objector Tere Lawyer her rights solely because of alleged motivations by her attorney *in a completely different case while representing a different client.* Class Counsel has not cited, and cannot cite, any case that would support such a meritless position.

**Page 1**

The alleged evidence of past misconduct by Mr. Weinstein is inadmissible for several additional reasons. It is unfathomable that a party like Objector Tere Lawyer should be penalized for alleged conduct by her attorney *in another case while representing another client*. Indeed, the Rules of Evidence render that alleged conduct irrelevant and inadmissible, and Objectors object to the admission or consideration of those Exhibits, for the following reasons:

- The Court is charged with the duty to determine whether the settlement is fair, reasonable, and adequate. Fed. R. Civ. Proc. 23 (e)(1)C. Alleged conduct by counsel in previous cases does not change the analysis of whether *the terms of the settlement are fair, reasonable, and adequate*. Even if all of the allegations regarding Mr. Weinstein were true, which they are not, those facts would not have any tendency to make the existence of any fact that is of consequence to the determination of whether the settlement is fair, reasonable, and adequate more probable or less probable than it would be without the evidence, so the allegations are not relevant. As such, the evidence is inadmissible. Fed. R. Evid. 402.

- The written allegations by opposing counsel in other cases are hearsay and not admissible under Fed. R. Evid. 802. No exception to the hearsay rule applies.

- It would be a denial of Tere Lawyer's due process rights to consider the written allegations by opposing counsel in other cases because she is unable to cross examine the witnesses and was unable to challenge the witness in the previous case because she was not a party in that case.

- Character evidence like this – alleged evidence that counsel were unethical in a previous case as evidence that they have been or will be unethical in this case – is not admissible. Fed. R. Evid. 404 (a).

- Evidence regarding alleged previous instances of misconduct are not admissible. Fed. R. Evid. 608 (b).

- The allegations regarding Jeffrey Weinstein's statements in a previous case are not only contested, but they pertain to settlement negotiations and are not admissible. Fed R. Evid. 408 (a)(2).

Wherefore, Objectors pray that the Court not admit or consider Exhibits 1 -10 attached to Plaintiffs' Doc. 65, and related arguments by class counsel, and grant Objectors such other and further relief as to which they may be entitled.

Respectfully submitted,

/s/ ~~Tom Dunlap~~
Thomas K. Dunlap
USDC DC Bar No. 471319
**DUNLAP, GRUBB & WEAVER, P.L.L.C.**
1200 G Street NW, Suite 800
Washington, D.C. 20005
203/316-8558
202/318-0242 – facsimile
tdunlap@dglegal.com

Jeffrey L. Weinstein
Texas State Bar No. 21096450
**JEFFREY L. WEINSTEIN, P.C.**
518 East Tyler Street
Athens, Texas 75751
903/677-5333
903/677-3657 – facsimile
Jeff@LonghornLawyer.com
Subject to Court Approval Pro Hac Vice

**CERTIFICATE OF SERVICE**

A copy of the foregoing was served by ~~ECF~~ hand delivery on the following on July ~~27~~ 28, 2009:

Clerk of the Court
United States District Court for the
District of Columbia
333 Constitution Avenue
Washington, DC 20001

Jeffrey S. Goldenberg, Esq.
Murdock Goldenberg Schneider & Groh, LPA
35 East Seventh Street, Suite 600
Cincinnati, Ohio 45202

Eric Womack, Esq.
Department of Justice
P. O. Box 883
Washington, D.C. 20044

/s/ ~~Tom Dunlap~~
Tom Dunlap