IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DISTRICT OF COLUMBIA

IN RE: DEPARTMENT OF ) 
VETERANS AFFAIRS (VA) ) Misc. Action No. 06-0506 (JR)
DATA THEFT LITIGATION ) MDL Docket No. 1796
) 
)
This Document Relates to: ALL CASES )
)

## OBJECTOR TERE LAWYER'S
## OBJECTION TO CLASS COUNSEL'S REQUEST FOR ATTORNEYS' FEES

Thomas M. Dunlap, DC Bar # 471319
David Ludwig, DC Bar # 975891
DUNLAP, GRUBB & WEAVER, PLLC
1200 G Street, NW, Suite 800
Washington, D.C. 20005
Tel: 202-316-8558
Fax: 202-318-0242

JEFFREY L. WEINSTEIN
JEFFREY L. WEINSTEIN, P.C.
518 East Tyler Street
Athens, TX 75751
903/677-5333
903/677-3657 – facsimile
*Pro hac vice*

ATTORNEYS FOR OBJECTORS

**RECEIVED**
AUG 1 0 2009
Clerk, U.S. District and
Bankruptcy Courts

## I. Introduction

Tere Lawyer ("objector") files this objection to class counsel's request for attorneys' fees. As an initial matter, objector objects to the fee request in its entirety because it was not filed on time. In the alternative, objector contends the court should only award Class Counsel a percentage of the claims *actually paid* to class members.

This settlement represents the very abuses that critics raise about class action settlements: class action attorneys walk away with more money than the class members. According to Class Counsel, only 2100 claims have been filed, and some of those are fraudulent, and several will not be paid because they lack any documentation. Fairness Hearing Tr. at 11. Based on Plaintiffs' numbers, ***only ½ of 1% of the class will receive any payment under this settlement***! Although the maximum claim amount is $1500, it is reasonable to believe that many legitimate claims will be for substantially less. Thus, most likely the claims actually paid to class members will be substantially less than that – probably less than $ 1 million given that many claims will be for the minimum amount. Yet, the attorneys ask to walk away with $5 million. And as the court rightfully noted, the cy pres recipients have nothing to do with privacy protection. *Id.* at 25.

## II. Untimely request for attorneys' fees

The settlement agreement clearly and unequivocally required Class Counsel to file a fee petition at least four weeks before the fairness hearing:

> No later than four (4) weeks prior to the Fairness hearing, Class Counsel shall file
> a petition for fair and reasonable attorneys fees costs to be approved by the Court.

Settlement Agreement p. 14, Sec. II.E. The court's preliminary approval order adopted that requirement by reference as if set out in full in the order. Doc. 54, Preliminary Approval Order, p. 2. Rule 23 (h)(1) requires that "A claim for an award must be made by motion under Rule

1

54(d)(2), subject to the provisions of this subdivision (h), at a time the court sets." Thus, Class Counsel was required to file their petition for fees on or before June 30, 2009.

Objector raised an objection to this provision because the fee petition would not be filed until the time objections to the settlement were due. Nevertheless, Class Counsel was aware of the June 30th deadline both from their agreement to the settlement and from the objection, but did not even come close to complying with the deadline. The fee request papers, Documents 61 and 62, were not filed until July 16, 2009, less than two weeks before the fairness hearing. Class Counsel never sought leave to file a late fee petition, nor did they even attempt to show any basis for their failure to file a timely fee request.

Rule 23 (h) provides that class members be given a reasonable opportunity to object to the request for fees. Late-filed requests for attorneys fees must be denied. *See*, *Montgomery & Assocs. v. Commodity Future Trading Comm'n*, 816 F.2d 783 (D.C. Cir. 1987) ("Montgomery claims that Thomson McKinnon's motion was not timely filed. We agree. ... The motion [for attorneys' fees] is Denied."). Thus, the court should deny the request for fees here.

Class Counsel may claim that their requested fees and expenses were in the notice. However, as an initial matter, the settlement required a fee petition, not notice that a fee petition would be filed. More importantly, the notice merely provided that:

> Class Counsel *will ask* the Court for attorneys' fees of *up to* 25% of the settlement fund, plus reimbursement of costs and expenses.

Notice, p. 7 (emphasis added). That clearly provides that, at some future time ("will ask") Class Counsel will request a fee that will be up to, but not necessarily be, 25%. For instance, the settlement agreement, p. 14, provides that costs may be "up to" $500,000, but Class Counsel only incurred and requested expenses of $112,000. Doc. 62, p. 8. Thus, while the notice disclosed what Class Counsel *may* ask for, it does not constitute a fee petition.

2

Since class counsel failed to timely request fees, the court should deny the request. *See, Montgomery & Assocs. v. Commodity Future Trading Comm'n*, 816 F.2d 783 (D.C. Cir. 1987).

### III. Fees should be based on a percentage of claims actually paid to class members

The purpose and goal of the percentage-of-the-fund method of awarding attorneys' fees is to align the interests of the attorneys with the interests of the class members:

> Courts have a duty to ensure that claims for attorneys' fees are reasonable. The D.C. Circuit has joined other circuits in "concluding that a percentage-of-the-fund method is the appropriate mechanism for determining the attorney fees award in common fund cases." Proponents find the percentage-of-recovery method attractive "because it directly aligns the interests of the Class and its counsel and it provides a powerful incentive for the efficient prosecution and early resolution of litigation, which clearly benefits both litigants and the judicial system."

*In re Lorazepam & Clorazepate Antitrust Litigation*, 2003 WL 22037741, 7 (D. D.C. 2003)(citations omitted). To effectively align the interests of the class and its counsel, however, the percentage should be based on the recovery actually received by the class. Thus, the court should limit fees to 25% of the amount actually received by class members.

The interests of the class are in maximizing payments *to class members*. Thus, the percentage-of-the-fund calculation should be based on a percentage of the payments actually made to class members. This will encourage class counsel to do the best job possible to maximize the money that goes to class members.

This case represents an excellent example for why fees should be based on the actual amount paid to class members. Rather than take the sworn declaration of class members for claims, class counsel imposed an additional and often difficult requirement to supply "documentation." As shown by objector, that represents a significant hurdle to class member claims. The claim rate bears that out. According to Class Counsel, there are approximately 400,000 class members. Prelim. App. Mem., Doc. 53-23. Yet only 2100 claims have been made – **representing a paltry**

3

**½ of 1% of the class members!** – and Class Counsel says many of those may be denied as fraudulent or lacking the required documentation. Fairness Hearing Tr. at 11-14.

Allowing Class Counsel to base their fees on hypothetical claims rather than actual benefits to class members leads to many "troubling consequences," as Justice O'Connor has noted:

> We had no occasion in *Boeing [Co. v. Van Gemert*, 444 U.S. 472 (1980)]* to address whether there must at least be some rational connection between the fee award and the amount of the actual distribution to the class. The approval of attorney's fees absent any such inquiry could have several troubling consequences. Arrangements such as that at issue here decouple class counsel's financial incentives from those of the class, increasing the risk that the actual distribution will be misallocated between attorney's fees and the plaintiffs' recovery.

*International Precious Metals Corp. v. Waters*, 530 U.S. 1223 (2000)(Statement of Justice O'CONNOR respecting the denial of the petition for a writ of certiorari.). Similarly here, setting the fees as a percentage of the total fund, rather than "the amount of the actual distribution to the class" would "decouple class counsel's financial incentives from those of the class, increasing the risk that the actual distribution will be misallocated between attorney's fees and the plaintiffs' recovery." Here that misallocation is evident from the fact that class members will receive probably less than $1 million and class counsel will receive $5 million.

The Fifth Circuit has also addressed this issue. In *Strong v. BellSouth Telecommunications, Inc.*, 137 F.3d 844, 852 (5th Cir. 1998) that court held:

> [Class Counsel] argue that *Boeing Co. v. Van Gemart*, 444 U.S. 472, 100 S.Ct. 745, 62 L.Ed.2d 676 (1980), mandates that we reverse the district court for considering the actual rather than potential awards claimed. ... [We] conclude that the district court acted within its discretion in considering the actual claims awarded.

*Id.* at 851-52. The most detailed analysis of the issue, however, is in the district court's opinion in *In re TJX Companies Retail Sec. Breach Litigation*,584 F.Supp.2d 395 (D. Mass. 2008).

4

Referring to another settlement that, like this one, required "documentation" for claims, the court opined:

> [T]he consumer had to produce a receipt, email shipping confirmation, packing invoice, or credit card or bank statement demonstrating they purchased the offending product. Common sense indicates that, given that [the purchases at issue] constitute a relatively small-scale purchase, an average consumer is unlikely to keep this documentation for years. ... ***The notion that consumers would still retain these details of a relatively trivial purchase years after the occurrence borders on the ludicrous.***

*Id.* at 404 -405, n. 15 (emphasis added). Similarly here, Class Counsel's agreement to require class members to produce documentation years after the actual expenses were incurred "borders on the ludicrous" and should lead the court to set fees as a percentage of the claims actually made. The *TJX Companies* court went on to make an impassioned plea to limit fees to the claims actually made:

> At bottom, class action litigation should benefit the individuals who have been harmed. To be sure, class action lawsuits have a valuable deterrent role to play, and there is therapeutic and punitive value in requiring defendants to pay for wrongful conduct, regardless of to whom those monies are transferred. But these considerations ought not cause courts complacently to abide an institution that fails efficiently and effectively to deliver relief into the hands of those in whose name it was established-the class. ...
>
> Simply put, the class action vehicle is broken. While it may not instantaneously or completely resolve the problems that currently inhere in this type of litigation, tying the award of attorneys' fees to claims made by class members is one step that judges can take toward repair. This approach will not only encourage more realistic settlement negotiations and agreements, but also will drive class counsel to devise ways to improve how class action suits and settlements operate. ... Class counsel will have an incentive to pay attention to the needs and desires of the class and to "think outside the box" to devise better notice programs, settlement terms, and claim procedures, all to the benefit of the consumers who have been harmed.

*Id.* at 406

5

In a case like this, where Class Counsel agreed to a claims process that has substantially reduced the ability of class members to receive benefits, Class Counsel's fee should be tied to the actual benefits paid to class members.

Wherefore, objector requests that the court deny the request for attorneys' fees or, in the alternative, base fees on a percentage of the claims actually made.

Respectfully submitted,

/s/ Jeffrey L. Weinstein
JEFFREY L. WEINSTEIN
JEFFREY L. WEINSTEIN, P.C.
518 East Tyler Street
Athens, TX 75751
903/677-5333
903/677-3657 – facsimile
*Pro hac vice*

Thomas M. Dunlap, DC Bar # 471319
David Ludwig, DC Bar # 975891
DUNLAP, GRUBB & WEAVER, PLLC
1200 G Street, NW, Suite 800
Washington, D.C. 20005
Tel: 202-316-8558
Fax: 202-318-0242
tdunlap@dglegal.com
dludwig@dglegal.com

**ATTORNEYS FOR OBJECTOR**

## CERTIFICATE OF SERVICE

I hereby certify that this 7th day of August, 2009, a true and correct copy of the foregoing was filed with the Court and sent via U.S. First Class Mail, postage prepaid, to the following:

Jeffrey S. Goldenberg, Esq.
Murdock Goldenberg Schneider
& Groh, LPA
35 East Seventh St., Suite 600
Cincinnati, OH 45202

Eric Womack, Esq.
Department of Justice
PO Box 883
Washington, DC 20044

Jeffrey Weinstein